IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **SAMUEL RANDLES,** *et al.* § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | Civil Action No. 4:25-cv-01422-O-BP |
| § | |
| **JIMMY BLACKLOCK,** *et al.*, § | |
| § | |
| **Defendants.** § | |

## ORDER

On December 17, 2025, the *pro se* plaintiffs filed a complaint against the defendants. ECF No. 1. Because they paid the filing fee, the plaintiffs are now responsible for serving the defendants with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If they do not serve the defendants within 90 days after the filing of the complaint, the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l) requires the plaintiffs to file proof of service with the Court unless the defendants waive service. This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If the plaintiffs do not file a valid return of service or otherwise show that they properly served the defendants, the Court may dismiss this case.

The Court also cautions the plaintiffs that they themselves cannot serve the summons and complaint on the defendants. "Any person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added).

If she has not already done so, the Clerk of the Court shall send a summons form for the defendants and a copy of Fed. R. Civ. P. 4 to the plaintiffs.

It is so **ORDERED** on December 19, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE