# RULES OF CIVIL PROCEDURE

## FOR THE

## UNITED STATES DISTRICT COURTS [1]

**Effective September 16, 1938, as amended to December 1, 2019**

TITLE I. SCOPE OF RULES; FORM OF ACTION

### Rule 1. Scope and Purpose

These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949; Feb. 28, 1966, eff. July 1, 1966; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007; Apr. 29, 2015, eff. Dec. 1, 2015.)

### Rule 2. One Form of Action

There is one form of action—the civil action.

(As amended Apr. 30, 2007, eff. Dec. 1, 2007.)

TITLE II. COMMENCING AN ACTION; SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS

### Rule 3. Commencing an Action

A civil action is commenced by filing a complaint with the court.

(As amended Apr. 30, 2007, eff. Dec. 1, 2007.)

### Rule 4. Summons

(a) CONTENTS; AMENDMENTS.
   (1) *Contents.* A summons must:
      (A) name the court and the parties;
      (B) be directed to the defendant;
      (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
      (D) state the time within which the defendant must appear and defend;
      (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
      (F) be signed by the clerk; and
      (G) bear the court's seal.

---

[1] Title amended December 29, 1948, effective October 20, 1949.

    (2) *Amendments.* The court may permit a summons to be amended.

(b) ISSUANCE. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.

(c) SERVICE.

    (1) *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

    (2) *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint.

    (3) *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916.

(d) WAIVING SERVICE.

    (1) *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:

        (A) be in writing and be addressed:

            (i) to the individual defendant; or

            (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

        (B) name the court where the complaint was filed;

        (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

        (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

        (E) state the date when the request is sent;

        (F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

        (G) be sent by first-class mail or other reliable means.

    (2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

        (A) the expenses later incurred in making service; and

        (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

(3) *Time to Answer After a Waiver*. A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or until 90 days after it was sent to the defendant outside any judicial district of the United States.

(4) *Results of Filing a Waiver*. When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.

(5) *Jurisdiction and Venue Not Waived*. Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

(e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

(f) SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

(g) SERVING A MINOR OR AN INCOMPETENT PERSON. A minor or an incompetent person in a judicial district of the United States

**Rule 4**   FEDERAL RULES OF CIVIL PROCEDURE   4

must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made. A minor or an incompetent person who is not within any judicial district of the United States must be served in the manner prescribed by Rule 4(f)(2)(A), (f)(2)(B), or (f)(3).

(h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

   (1) in a judicial district of the United States:

     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

   (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

(i) SERVING THE UNITED STATES AND ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES.

   (1) *United States.* To serve the United States, a party must:

     (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

     (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

     (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

     (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

   (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

   (3) *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

   (4) *Extending Time.* The court must allow a party a reasonable time to cure its failure to:

(A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

(B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

(j) SERVING A FOREIGN, STATE, OR LOCAL GOVERNMENT.

(1) *Foreign State.* A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608.

(2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

(k) TERRITORIAL LIMITS OF EFFECTIVE SERVICE.

(1) *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:

(A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;

(B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or

(C) when authorized by a federal statute.

(2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

(*l*) PROVING SERVICE.

(1) *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

(2) *Service Outside the United States.* Service not within any judicial district of the United States must be proved as follows:

(A) if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or

(B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.

(3) *Validity of Service; Amending Proof.* Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

(m) TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its

**Rule 4**       FEDERAL RULES OF CIVIL PROCEDURE        6

own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

(n) ASSERTING JURISDICTION OVER PROPERTY OR ASSETS.

    (1) *Federal Law*. The court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule.

    (2) *State Law*. On a showing that personal jurisdiction over a defendant cannot be obtained in the district where the action is brought by reasonable efforts to serve a summons under this rule, the court may assert jurisdiction over the defendant's assets found in the district. Jurisdiction is acquired by seizing the assets under the circumstances and in the manner provided by state law in that district.

(As amended Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Apr. 29, 1980, eff. Aug. 1, 1980; Pub. L. 97–462, §2, Jan. 12, 1983, 96 Stat. 2527, eff. Feb. 26, 1983; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007; Apr. 29, 2015, eff. Dec. 1, 2015; Apr. 28, 2016, eff. Dec. 1, 2016; Apr. 27, 2017, eff. Dec. 1, 2017.)

RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS.

(Caption)

To (*name the defendant or—if the defendant is a corporation, partnership, or association—name an officer or agent authorized to receive service*):

WHY ARE YOU GETTING THIS?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within (*give at least 30 days or at least 60 days if the defendant is outside any judicial district of the United States*) from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

WHAT HAPPENS NEXT?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

| 7 | FEDERAL RULES OF CIVIL PROCEDURE | **Rule 4** |

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:_____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

RULE 4 WAIVER OF THE SERVICE OF SUMMONS.

(Caption)

To (*name the plaintiff's attorney or the unrepresented plaintiff*):

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:_____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

**Rule 4.1** FEDERAL RULES OF CIVIL PROCEDURE 8

(Attach the following)

DUTY TO AVOID UNNECESSARY EXPENSES
OF SERVING A SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

''Good cause'' does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**Rule 4.1. Serving Other Process**

(a) IN GENERAL. Process—other than a summons under Rule 4 or a subpoena under Rule 45—must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose. It may be served anywhere within the territorial limits of the state where the district court is located and, if authorized by a federal statute, beyond those limits. Proof of service must be made under Rule 4(*l*).

(b) ENFORCING ORDERS: COMMITTING FOR CIVIL CONTEMPT. An order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district. Any other order in a civil-contempt proceeding may be served only in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued.

(As added Apr. 22, 1993, eff. Dec. 1, 1993; amended Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 5. Serving and Filing Pleadings and Other Papers**

(a) SERVICE: WHEN REQUIRED.
  (1) *In General.* Unless these rules provide otherwise, each of the following papers must be served on every party:
    (A) an order stating that service is required;
    (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;
    (C) a discovery paper required to be served on a party, unless the court orders otherwise;
    (D) a written motion, except one that may be heard ex parte; and