IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Samuel Randles, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4-25CV1422-0 |
| Jimmy Blacklock, et. al. | ) ) ) |
| Defendants, | ) ) |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Samuel Randles, Kaitlan Ross, Patrick Wayne Tuter, and Conghua Yan move for a preliminary injunction under *Fed. R. Civ. P. 65* to halt Defendants' ongoing Chapter 74 assignment and notice practices exposing Plaintiffs to conflicted or unlawfully constituted tribunals through deprivation Plaintiffs of the *Tex. Gov't Code § 74.053* objection entitlement and Texas Rule of Civil Procedure 145's indigent litigant's entitlement to access open court, without timely, written, docketed adequate notice and compliant process. The requested relief is strictly prospective and administrative. It does not seek reversal, vacatur, or interference with any state-court ruling. A separate brief in support is filed contemporaneously.

This motion is supported by Plaintiffs' Complaint ("Compl"), the accompanying Brief in Support, the declarations and exhibits filed with this motion, and the authorities cited therein.

I. **REQUESTED RELIEF**

1.    Consistent with the First Amended Complaint's REQUEST FOR INJUNCTIVE RELIEF, and only to prevent recurrence of the specific pre-deprivation mechanisms pleaded in Counts I–III (and, as to Plaintiff Yan, Counts VI–VII), Plaintiffs request narrowly tailored prospective injunctive relief. The requested injunction is not a command to revise, vacate, or supervise any state-court merits ruling; it is a prohibition on future administrative assignment/notice/conflict and clerk-processing practices that create the pleaded deprivations before a judicial act occurs. Scope

(primary request + pleaded alternatives). Plaintiffs request region-wide relief as the primary remedy, i.e., relief that binds the Chapter 74 assigning/notice authorities within the Eighth, Eleventh, and First Administrative Judicial Regions, and binds the Tarrant County District Clerk's Office county-wide as to Rule 145 processing, as applied to any present or future proceeding involving Plaintiffs within those jurisdictions. In the alternative, if the Court concludes a narrower scope is sufficient, Plaintiffs expressly request the same prohibitions be entered at any one or more of the following narrower levels (as the Court deems appropriate): (a) court-level (limited to the specific district courts in which Plaintiffs' matters are pending, including the 325th and 360th District Court as to Terry/Grimaldi); (b) county-level (limited to the county clerk operations at issue, including Tarrant County as to Wilder/Tarrant County); and/or (c) case-specific (limited to the identified cause numbers involving each Plaintiff). Accordingly, Plaintiffs request an order prohibiting Defendants from the following in any present or future proceeding involving Plaintiffs:

1) **Mandatory written assignment order and timely notice (Tex. Gov't Code §§ 74.053, 74.056)**: Defendants Evans, Brown, and Wheless shall ensure that no visiting-judge assignment is effective—and no visiting judge may take any judicial act—unless a written Chapter 74 assignment order (a) identifies the assigned judge, the judge's status (retired/senior/former), the case number, and the specific matters assigned; (b) states the statutory basis; (c) is signed and includes an accurate signature date/time, with the signing and filing metadata preserved in the clerk's file or e-filing system; and (d) is filed and docketed in the case before any hearing or ruling and served on the parties with sufficient time to permit meaningful exercise of the § 74.053 objection right. The assignment order may not bear a signature date/time earlier than the date/time it is filed and docketed and the assignment order shall identify the date/time the assignment request was submitted and docketed (if any).

2) **Enforcement of the § 74.053 objection right**: Upon a timely *§ 74.053* objection, the assigned visiting judge is immediately disqualified and must take no further action except to transfer the matter. Any noticed hearing must be reset before a lawfully assigned judge after written notice. No assigned judge may deny, overrule, or "rule on" a *§ 74.053* objection (as alleged in Tuter's case), and any subsequent assignment must be made only after compliance with Item 1 and with time for

Plaintiffs to exercise the strike right. Defendants Catterton, Harris, Dean, and Cooks are further enjoined from accepting or exercising any assignment in any Plaintiffs' proceeding unless and until the prerequisites in Items 1, 3, and 4 are satisfied.

3) **No assignment/presiding with undisclosed disqualifying financial conflict**: Defendant Blacklock (through OCA) and Defendants Evans, Brown, and Wheless shall not assign, approve, or permit any judge to accept or exercise Chapter 74 assignment authority in any Plaintiffs' proceeding during any period in which the judge maintains an active fee-generating mediation/ADR practice or other disqualifying financial interest, unless the relationship/interest is disclosed in writing on the public record and the conflict is addressed through the State's recusal/disqualification process before any further judicial act.

4) **Spouse-mediator conflict**: Defendant Blacklock (through OCA) and Defendants Evans, Brown, and Wheless shall not assign, approve, or permit any judge to preside in any Plaintiff's proceeding if the presiding judge or the judge's spouse previously served as a paid mediator in that same matter unless the relationship is disclosed in writing on the public record and the conflict is addressed through the recusal/disqualification process before any further judicial act.

5) **325th and 360th District Court administration (as applied to Plaintiffs)**: prohibit sub-delegation-through-staff and extra-record assignment/notice practices (Counts I–III; Yan's ongoing risk). Defendants Terry and Grimaldi shall not request, transmit, or implement visiting-judge assignments in proceedings involving any Plaintiff in the 325th and 360th District Court through informal, extra-record, or staff-driven mechanisms that bypass the filed-and-docketed written assignment order and timely notice prerequisites stated above. They shall not transmit "assignment/setting" notices that are not anchored to a filed-and-docketed assignment order and that do not provide readable, rule-compliant notice sufficient to permit exercise of *§ 74.053* rights, as applied to proceedings involving Plaintiffs.

6) **Rule 145 (as applied to Plaintiff Yan)**: Ensure that no clerk processing of a "contest" absent sworn-evidence predicate + rule-compliant notice (Counts VI–VII, Yan). Defendants Wilder and Tarrant County shall not initiate, accept, docket,

      process, or treat a submission as a Rule 145 "contest" against Plaintiff Yan (or any Plaintiff) unless the submission is accompanied by sworn evidence satisfying Rule 145's predicate requirement and is processed as an adversarial filing through ordinary channels (including ordinary fee assessment/reflection on the docket and ordinary service by the contestant absent a judge-signed order). Absent sworn evidence, the Clerk shall not issue (or facilitate issuance of) hearing notices predicated on the submission.

7) **Bond:** Pursuant to *Fed. R. Civ. P. 65(c)*, Plaintiffs request that any bond be set at $0 or a nominal amount, as no monetary loss will result to Defendants from compliance with existing legal requirements.

This injunction should apply only prospectively, to Defendants' challenged administrative assignment/notice practices and (as to Plaintiff Yan) the challenged Rule 145 contest-processing practices, and only to proceedings involving Plaintiffs. It does not require reopening, vacating, reversing, or reconsidering any ruling, and it does not stay or enjoin any state-court proceeding.

2. This preliminary injunction should remain in effect pending final disposition of this action on the merits or until further order of this Court.

3. The injunction should apply to any proceeding involving any Plaintiff in which Defendants Evans, Brown, or Wheless exercise administrative authority over visiting-judge assignments; in which Defendants Terry or Grimaldi participate in the challenged 325th and 360th District Court assignment/notice practices as applied to Plaintiffs; and (as to Plaintiff Yan) in which Defendant Wilder or Tarrant County engages in the challenged Rule 145 contest-processing practices.

**Scope Limits (What Plaintiffs Do Not Seek)**

4. This injunction is not intended to, and does not:

1) Require any state court to reopen, vacate, reverse, or reconsider any ruling;

2) Direct any state judge how to interpret or apply state law on the merits of any dispute;

3) Stay or enjoin any ongoing state-court proceeding;

4) Prevent Defendants from assigning visiting judges who satisfy the statutory eligibility requirements and constitutional prerequisites described above; or

5) Interfere with any state court's adjudicative authority or discretion in any matter.

## II.  CONCLUSION

5. For the foregoing reasons, all four preliminary injunction factors strongly support granting this Motion:

1) Plaintiffs are substantially likely to succeed on the merits of their clearly established constitutional claims;

2) Plaintiffs will suffer irreparable harm absent relief because the *§ 74.053* strike entitlement or the entitlement to a lawful, impartial tribunal are pre-deprivation protections or after Rule 145 indigent litigant's entitlement to access open court; that cannot be restored after a visiting judge acts;

3) The balance of equities strongly favors Plaintiffs, because Defendants need only comply with existing statutory and constitutional requirements while Plaintiffs face ongoing structural injury; and

4) The public interest supports transparent, lawful, and impartial judicial assignment procedures.

6. Plaintiffs respectfully request that this Court grant their Motion and enter a preliminary injunction consistent with the Requested Relief set out above, along with such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Samuel Randles*
Samuel Randles
5001 SH114E, Apt 1313,
Roanoke, Texas 76262
Telephone: (214) 250-6187
randles.sam@gmail.com

*/s/ Kaitlan Ross*
Kaitlan Ross
915 County Road 2719,

Goldthwaite, Texas 76844
Telephone: (512) 529-0294
Kaitlan.ross33@gmail.com

*/s/ Patrick Tuter*
Patrick Wayne Tuter
430 Christi Ln.
Princeton, Texas 75407
Telephone: (214) 497-6152
patrick762soldier@hotmail.com

*/s/ Conghua Yan*
Conghua Yan
arnold200@gmail.com
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
Telephone: (214) 228-1886

## CERTIFICATE OF CONFERENCE

Pursuant to *N.D. Tex. Local Civ. R. 7.1(b)*, Plaintiffs certify that this is the initial filing, there is no possible way to engage conference Defendants have not agreed to the requested relief.

## CERTIFICATE OF SERVICE

I certify that on January 9, 2026, I served a true and correct copy of this initial motion and any attachments on Defendants (or counsel of record) by USPS certified mail at their respective service addresses.

*/s/ Samuel Randles*
Samuel Randles

*/s/ Kaitlan Ross*
Kaitlan Ross

*/s/ Patrick Tuter*
Patrick Wayne Tuter

*/s/ Conghua Yan*
Conghua Yan
