Case 4:25-cv-01422-O    Document 12    Filed 01/09/26    Page 1 of 217    PageID 317

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| SAMUEL RANDLES, et all. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 4:25-cv-01422-O-BP |
| v. | § | |
| | § | |
| JIMMY BLACKLOCK, et al., | § | |
| | § | |
| Defendants. | § | |

APPENDIX IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

**Volume I – Samuel Randles**

**Exhibit A – Declaration of Sam Randles (28 U.S.C. § 1746)**

**DECLARATION OF SAMUEL RANDLES**

*(Pursuant to 28 U.S.C. § 1746)*

I, **Samuel Randles**, declare as follows:

1. I am over the age of eighteen and competent to make this declaration. I have personal knowledge of the matters stated herein and could testify competently thereto if called as a witness.

2. I am a party to the underlying proceedings and related matters referenced in this action. This declaration is made in support of Plaintiff's Appendix submitted in connection with the federal complaint filed in this Court.

3. The documents contained in the accompanying Appendix, including but not limited to court dockets, orders, filings, correspondence, public records, and other documentary materials, were obtained by me from official court files, government entities, public sources, counsel of record, or from my own records maintained in the ordinary course of events.

4. To the best of my knowledge and belief, each document attached as an exhibit to the Appendix is a true and correct copy of the original document as it existed at the time it was obtained.

5. Certain materials contained in the Appendix consist of statutes, court rules, judicial canons, public court records, and other matters subject to judicial notice. This declaration is not offered to establish the truth of the contents of such materials, but to authenticate their source and inclusion.

6. This declaration is made for the purpose of authenticating the exhibits contained in the Appendix and supporting the factual allegations, jurisdictional assertions, and procedural history set forth in the accompanying complaint and related filings.

7. Additional declarations by other plaintiffs or parties may be submitted separately to authenticate materials specific to their respective cases or experiences. This declaration is limited to the exhibits referenced herein and those within my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 3, 2026

*/s/ Samuel Randles*

Samuel Randles

**Volume I – Samuel Randles**

**Exhibit B – July 3, 2025 Trial Court Docket
(Cause No. 231-619733-17)**

*APP-003*

TARRANT COUNTY DISTRICT CLERK'S OFFICE
ALL TRANSACTIONS FOR A CASE

Cause Number: 231-619733-17    Date Filed: 05/31/2017

JENNIFER SCROGGINS RANDLES    v    SAMUEL CHRISTOPHER RANDLES
s

APPEALED Cause of Action: MODIFICATION-CUSTODY
Case Status····: PENDING

| # | Filemark | Description | | Fee Total |
|---|---|---|---|---|
| 1 | 05/31/2017 | ORIGINAL PETITION FOR DIVORCE | NUI | 340.00 |
| 2 | 05/31/2017 | PAYMENT RECEIVED TRANS #1 | Y | 340.00 |
| 3 | 07/26/2017 | FIRST AMENDED ORIGINAL PETITION FOR DIVORCE | UI | 0.00 |
| 4 | 07/26/2017 | SERVICE REQUEST FORM | UI | 0.00 |
| 5 | 07/26/2017 | SERVICE REQUEST FORM | UI | 0.00 |
| 6 | 07/26/2017 | COPIES - 1ST AMENDED PETITION | N | 6.00 |
| 7 | 07/26/2017 | PAYMENT RECEIVED TRANS #6 | Y | 6.00 |
| 8 | 07/26/2017 | Citation-ISSUED ON SAMUEL CHRISTOPHER RANDLES- | NUI | 8.00 |
| 9 | 07/26/2017 | PAYMENT RECEIVED TRANS #8 | Y | 8.00 |
| 10 | 07/26/2017 | T.R.O.-ISSUED ON SAMUEL CHRISTOPHER RANDLES. H | NUI | 8.00 |
| 11 | 07/26/2017 | PAYMENT RECEIVED TRANS #10 | Y | 8.00 |
| 12 | 07/27/2017 | TRO/ORDER SETTING HEARING (8-14-17 @8:30A) | UIM | 0.00 |
| 13 | 07/31/2017 | Citation Tr# 8 RET EXEC(SAMUEL CHRISTOPHER RAN | UI | 0.00 |
| 14 | 07/31/2017 | T.R.O. Tr# 10 RET EXEC(SAMUEL CHRISTOPHER RAND | UI | 0.00 |
| 15 | 07/31/2017 | DESIGNATION OF LEAD COUNSEL | UI | 0.00 |
| 16 | 08/03/2017 | ORIG COUNTERPETITION DISSOLUTION OF MARRIAGE/S | NUI | 70.00 |
| 17 | 08/03/2017 | PAYMENT RECEIVED TRANS #16 | Y | 70.00 |
| 18 | 08/03/2017 | SAMUEL RANDLE'S ORIG ANSWER | UI | 0.00 |
| 19 | 08/16/2017 | ASSOCIATE JUDGE'S REPORT | UIM | 0.00 |
| 20 | 08/21/2017 | PTNRE CERTIFICATE OF WRITTEN DISCOVERY | UI | 0.00 |
| 21 | 09/08/2017 | INCOME WITHHOLDING FOR SUPPORT (CC:C/S) | UIM | 0.00 |
| 22 | 09/12/2017 | PETITIONER'S CERT OF WRITTEN DISCOVERY | UI | 0.00 |
| 23 | 10/10/2017 | TEMPORARY ORDERS | UIM | 0.00 |
| 24 | 10/27/2017 | PTNR'S CERT OF WRITTEN DISCOVERY DIRECTED TO R | UI | 0.00 |
| 25 | 12/19/2017 | MEDIATED SETTLEMENT AGREEMENT | UI | 0.00 |
| 26 | 01/19/2018 | INCOME WITHHOLDING ORDER | UIM | 0.00 |
| 27 | 01/19/2018 | CHILD SUPPORT OFFICE RECORD OF SUPPORT | UIM | 0.00 |
| 28 | 01/19/2018 | AGREED FINAL DECREE | UIM | 0.00 |
| 29 | 01/19/2018 | BLUE CARD | UI | 0.00 |
| 30 | 01/19/2018 | DOCKET SHEET | UI | 0.00 |
| 31 | 01/19/2018 | AUSTIN FORM | UI | 0.00 |
| 32 | 01/19/2018 | *******************CASE CLOSED***************** | | 0.00 |
| 33 | 03/02/2018 | QDRO- AFTER 30 DAYS FROM JUDGMENT(SIGNED 2/22/ | NAU | 15.00 |
| 34 | 03/02/2018 | Costbill (Short) for $15 DAVID T KULESZ | I | 0.00 |
| 35 | 03/19/2018 | QDRO- AFTER 30 DAYS FROM JUDGMENT | N | 15.00 |
| 36 | 03/19/2018 | PAYMENT RECEIVED TRANS #35 | Y | 15.00 |
| 37 | 03/21/2018 | Adjustment for # 33 duplicate no money | NA | -15.00 |
| 38 | 01/10/2023 | PET FOR ENFORCEMENT OF POSSESSION OR ACCESS | NUI | 30.00 |
| 39 | 01/10/2023 | PAYMENT RECEIVED trans #38 | Y | 30.00 |
| 40 | 01/10/2023 | COPIES - SENT TO DP | N | 10.00 |
| 41 | 01/10/2023 | PAYMENT RECEIVED trans #40 | Y | 10.00 |
| 42 | 01/10/2023 | Citation-ISSUED ON SAMUEL CHRISTOPHER RANDLES- | NUI | 8.00 |
| 43 | 01/10/2023 | PAYMENT RECEIVED trans #42 | Y | 8.00 |
| 44 | 01/10/2023 | SHOW CAUSE-ISSUED ON SAMUEL CHRISTOPHER RANDLE | NUI | 8.00 |
| 45 | 01/10/2023 | PAYMENT RECEIVED trans #44 | Y | 8.00 |

APP-004

Cause Number: 231-619733-17    Date Filed: 05/31/2017

JENNIFER SCROGGINS RANDLES  | v |  SAMUEL CHRISTOPHER RANDLES
                            | s |

APPEALED Cause of Action: MODIFICATION-CUSTODY
Case Status····: PENDING

| # | Filemark | Description | | Fee Total |
|---|----------|-------------|---|-----------|
| 46 | 01/10/2023 | SERVICE REQUEST FORM - SENT TO DP | UI | 0.00 |
| 47 | 01/12/2023 | ORDER TO APPEAR- 2/21/23 @8:30AM | UIM | 0.00 |
| 48 | 02/13/2023 | SERVICE RETURN | UI | 0.00 |
| 49 | 02/13/2023 | SERVICE RETURN | UI | 0.00 |
| 50 | 02/13/2023 | Citation Tr# 42 RET EXEC(SAMUEL CHRISTOPHER RA | UI | 0.00 |
| 51 | 02/13/2023 | SHOW CAUSE Tr# 44 RET EXEC(SAMUEL CHRISTOPHER | UI | 0.00 |
| 52 | 02/16/2023 | ANSWER TO PETITION FOR ENFORCEMENT OF POSSESSI | UI | 0.00 |
| 53 | 05/16/2023 | RESETTING HRG 7/18/23  @1:30 PM | UIM | 0.00 |
| 54 | 07/06/2023 | PAPER RECORDS DESTROYED | | 0.00 |
| 55 | 09/01/2023 | ORD HOLDING RESPONDENT IN CONTEMPT | UIM | 0.00 |
| 56 | 04/29/2024 | NOTICE OF DISMISSAL WOP ON 06/27/2024 Image ID | UIM | 0.00 |
| 57 | 04/29/2024 | NOTICE OF DWOP DOCKET EMAILED ON 05/01/2024 | UI | 0.00 |
| 58 | 07/02/2024 | ORDER OF DISMISSAL FOR WOP Image ID 6663 | UIM | 0.00 |
| 59 | 07/02/2024 | ******************CASE CLOSED****************** | | 0.00 |
| 60 | 08/14/2024 | PETITION TO MODIFY PARENT-CHILD RELATIONSHIP | NUI | 95.00 |
| 61 | 08/14/2024 | PAYMENT RECEIVED trans #60 | Y | 50.00 |
| 62 | 08/14/2024 | PAYMENT PAID TO STATE trans #60 | Y | 45.00 |
| 63 | 08/14/2024 | Citation-ISSUED ON SAMUEL CHRISTOPHER RANDLES- | NUI | 8.00 |
| 64 | 08/14/2024 | PAYMENT RECEIVED trans #63 | Y | 8.00 |
| 65 | 08/14/2024 | (PROPOSED) TRO & NOTICE OF S/C HRG W/NOTICE OF | UI | 0.00 |
| 66 | 08/14/2024 | SVC REQ FORM-SEND TO DP WHEN TRO IS SET | UI | 0.00 |
| 67 | 08/14/2024 | T.R.O.-ISSUED ON SAMUEL CHRISTOPHER RANDLES. H | NUI | 8.00 |
| 68 | 08/14/2024 | PAYMENT RECEIVED trans #67 | Y | 8.00 |
| 69 | 08/15/2024 | (8/26/24 @ 8:30AM)TRO & NOTICE OF S/C HRG W/ | UIM | 0.00 |
| 70 | 08/15/2024 | SEE TN# 69TRO/ORD SET HRG FOR T O(SGN 8/14/24) | | 0.00 |
| 77 | 08/19/2024 | T.R.O. Tr# 67 RET EXEC(SAMUEL CHRISTOPHER RAND | UI | 0.00 |
| 78 | 08/19/2024 | Citation Tr# 63 RET EXEC(SAMUEL CHRISTOPHER RA | UI | 0.00 |
| 71 | 08/22/2024 | ATTY APPEAR | UI | 0.00 |
| 82 | 08/23/2024 | SUBPOENA ISSUED BY ATTY/LARRY LANCE EAGLE MOUN | UI | 0.00 |
| 83 | 08/23/2024 | SUBPOENA ISSUED BY ATTY/DARIUS FLOWERS GREENFI | UI | 0.00 |
| 72 | 08/29/2024 | AGREED ORD EXTND TRO-9/6/24 @ 9AM (SIGNED 8-26 | UIM | 0.00 |
| 73 | 09/10/2024 | ORD EXTEND TRO & NOTICE S/C HRG(9-20-24 @ 8:30 | UIM | 0.00 |
| 74 | 09/12/2024 | COUNTERPET TO MOD PCR | NUI | 80.00 |
| 75 | 09/12/2024 | PAYMENT RECEIVED trans #74 | Y | 35.00 |
| 76 | 09/12/2024 | PAYMENT PAID TO STATE trans #74 | Y | 45.00 |
| 79 | 09/12/2024 | SUBPOENA ON L LANCE BY ATTY PARMER/9-10-24 | UI | 0.00 |
| 80 | 09/12/2024 | SUBPOENA D FLOWERS BY ATTY PARMER/9-10-24 | UI | 0.00 |
| 81 | 09/13/2024 | SUBPOENA ON EAGLE MOUNTAIN-SAGINAW ISD PD BY A | UI | 0.00 |
| 84 | 09/19/2024 | SUBPOENA ON GREENVILLE ELEMENTARY BY ATTY FOUS | UI | 0.00 |
| 85 | 09/24/2024 | AJ'S RPT - RST 9/30/24 @1:30 PM (9/20/24) | UIM | 0.00 |
| 86 | 09/27/2024 | REQUEST FOR DE NOVO HEARING | UI | 0.00 |
| 87 | 09/27/2024 | RESP'S CERTFICATE OF WRITTEN DISCOVERY | UI | 0.00 |
| 88 | 09/27/2024 | PTNR'S CERT OF WRITTEN DISCOVERY | UI | 0.00 |
| 89 | 09/27/2024 | AJ'S REPORT (9/24/24) | UIM | 0.00 |
| 90 | 09/27/2024 | ORD FOR COMMUNITY SUPERVISED VISITATION (9/24/ | UIM | 0.00 |

```
JIMSGTM8          TARRANT COUNTY DISTRICT CLERK S OFFICE        Page:         3
                     ALL TRANSACTIONS FOR A CASE              Date: 07/03/2025
                                                             Time: 09:18
```

```
        Cause Number: 231-619733-17    Date Filed: 05/31/2017
   JENNIFER SCROGGINS RANDLES        | v |   SAMUEL CHRISTOPHER RANDLES
                                     | s |
 APPEALED Cause of Action: MODIFICATION-CUSTODY
        Case Status·····: PENDING
```

| # | Filemark | Description | Fee | Total |
|---|----------|-------------|-----|-------|
| 91 | 09/27/2024 | T#90 ORD FOR COMM SUPVSD VISIT (EMLD FCS) | I | 0.00 |
| 92 | 10/03/2024 | NOTICE OF COURT PROCEEDING \| 10/4/24 @9AM | UIM | 0.00 |
| 93 | 10/14/2024 | NTC OF CT PROCEEDING-11/25/24 @ 9:30AM (SIGNED | UIM | 0.00 |
| 94 | 10/17/2024 | 1ST AMENDED COUNTERPET TO MOD PCR | UI | 0.00 |
| 95 | 10/21/2024 | SUBPOENA ON L LANCE BY ATTY LETT/10-16-24 | UI | 0.00 |
| 96 | 10/21/2024 | SUBPOENA ON D FLOWERS BY ATTY LETT/10-16-24 | UI | 0.00 |
| 97 | 10/21/2024 | SUBPOENA ON GREENFIELD ELEMENTARY SCHOOL BY AT | UI | 0.00 |
| 98 | 10/21/2024 | SUBPOENA ON EAGLE MOUNTAIN-SAGINAW ISD PD BY | UI | 0.00 |
| 99 | 10/29/2024 | RESP'S CERTIFICATE OF WRITTEN DISCOVERY | UI | 0.00 |
| 100 | 11/11/2024 | MOT TO QUASH SUBPOENAS & FOR PROTECTIVE ORD RE | UI | 0.00 |
| 101 | 11/11/2024 | PTNR'S CERT OF WRITTEN DISCOVERY | UI | 0.00 |
| 102 | 11/15/2024 | SUBPOENA ON DON MANSFIELD BY ATTY LETT/11-14-2 | UI | 0.00 |
| 103 | 11/19/2024 | SUBPOENA ISSUED BY ATTY/LATRICE TATE FCS/EXECU | UI | 0.00 |
| 104 | 11/19/2024 | MOT TO COMPEL DISCOVERY & FOR SANCTIONS | UI | 0.00 |
| 105 | 11/19/2024 | CONFIRMATION LTR RE:HRG 11-25-24 @ 9AM | UI | 0.00 |
| 106 | 11/19/2024 | ORD FOR COMMUNITY SUPERVISED VISITATION | UIM | 0.00 |
| 107 | 11/20/2024 | SUBPOENA ISSUED BY ATTY/JENNIFER BLAKE BRIGHTE | UI | 0.00 |
| 108 | 11/21/2024 | 2ND AMND COUNTERPETITION TO MOD PCR | UI | 0.00 |
| 109 | 12/06/2024 | (PROP)NTC OF CT PROCEEDING | UI | 0.00 |
| 110 | 12/20/2024 | NTCP - 1-29-25 @ 10:30AM | UIM | 0.00 |
| 111 | 12/20/2024 | NTCP ON MOT TO COMPEL 1/9/25 @ 9AM | UIM | 0.00 |
| 112 | 12/27/2024 | VACATION LTR FROM ATTY JEFFRY FROST | UI | 0.00 |
| 113 | 01/08/2025 | SBPN/RTN - CUST OF REC, GREENFIELD ELEMNTRY SC | UI | 0.00 |
| 114 | 01/13/2025 | CONFIRM LTR/RE: HRG 1/29/25 @ 9AM | UI | 0.00 |
| 115 | 01/14/2025 | SUBPOENA ON L LANCE BY ATTY PARMER/1-13-25 | UI | 0.00 |
| 116 | 01/17/2025 | SUBPOENA ON L TATE BY ATTY PARMER/1-17-25 | UI | 0.00 |
| 117 | 01/17/2025 | SUBPOENA ON L TATE BY ATTY PARMER/1-17-25 | UI | 0.00 |
| 118 | 01/27/2025 | SBPN/RTN - OFFICER LANCE | UI | 0.00 |
| 119 | 01/27/2025 | SBPN/RTN - LARISSA HORTON | UI | 0.00 |
| 120 | 01/27/2025 | SBPN/RTN - DARIUS FLOWERS | UI | 0.00 |
| 121 | 01/27/2025 | SBPN/RTN - SCOTT HARMON | UI | 0.00 |
| 122 | 01/27/2025 | SBPN/RTN - KIMBERLY HARMON | UI | 0.00 |
| 123 | 01/29/2025 | DESIGNATION OF ATTY IN CHARGE - E. PARMER | UI | 0.00 |
| 124 | 02/12/2025 | MOTION FOR SUB OF COUNSEL | UI | 0.00 |
| 128 | 02/18/2025 | ORDER ON MOTION FOR SUBSTITUTION OF COUNSEL | UIM | 0.00 |
| 125 | 02/19/2025 | MOTION TO MODIFY TEMP ORDS | NUI | 95.00 |
| 126 | 02/19/2025 | PAYMENT RECEIVED trans #125 | Y | 50.00 |
| 127 | 02/19/2025 | PAYMENT PAID TO STATE trans #125 | Y | 45.00 |
| 129 | 02/20/2025 | MOTION FOR CONTINUANCE | UI | 0.00 |
| 130 | 02/20/2025 | (PROPOSED) ORDER ON MOTION FOR CONTINUANCE | UI | 0.00 |
| 131 | 02/25/2025 | NOT OF CRT PROC - 3/13/25 @8:30 AM | UIM | 0.00 |
| 132 | 02/27/2025 | NOTICE OF COURT PROCEEDING 3.13.25 @ 8:30AM | UIM | 0.00 |
| 133 | 02/28/2025 | ATTY RETURNED SUBPOENA | UI | 0.00 |
| 134 | 02/28/2025 | CERTIFICATE OF WRITTEN DISCOVERY | UI | 0.00 |
| 135 | 02/28/2025 | SPBN/RTN - LATRICE TATE | UI | 0.00 |

APP-006

```
JIMSGTM8              TARRANT COUNTY DISTRICT CLERK'S OFFICE        Page:      4
                        ALL TRANSACTIONS FOR A CASE               Date: 07/03/2025
                                                                  Time: 09:18
```

Cause Number: 231-619733-17    Date Filed: 05/31/2017

JENNIFER SCROGGINS RANDLES | v | SAMUEL CHRISTOPHER RANDLES
| s |

APPEALED Cause of Action: MODIFICATION-CUSTODY
Case Status····: PENDING

| # | Filemark | Description | | Fee Total |
|---|----------|-------------|---|-----------|
| 136 | 02/28/2025 | SBPN/RTN - DARIUS FLOWERS | UI | 0.00 |
| 137 | 02/28/2025 | SBPN/RTN - OFFICER LANCE | UI | 0.00 |
| 138 | 02/28/2025 | SBPN/RTN - LARISSA HORTON | UI | 0.00 |
| 139 | 03/03/2025 | MTN TO COMPEL COMP W/SBPN | UI | 0.00 |
| 140 | 03/06/2025 | AMND MTN TO COMPEL COMPL W/SBPN | UI | 0.00 |
| 141 | 03/11/2025 | SUBPOENA-AMANDA HIXON | UI | 0.00 |
| 142 | 03/11/2025 | SUBPOENA-SCOTT HARMON | UI | 0.00 |
| 143 | 03/11/2025 | SUBPONEA-KIMBERLY HARMON | UI | 0.00 |
| 144 | 03/11/2025 | SUBPOENA-JENNIFER BLAKE | UI | 0.00 |
| 145 | 03/11/2025 | NTC OF FILING OF BUSINESS RECS ACCOMPANIED BY | UI | 0.00 |
| 146 | 03/12/2025 | MOT TO QUASH SUBPOENAS/PO RE 3RD PARTY SUBPOEN | UI | 0.00 |
| 147 | 03/12/2025 | MOTION TO QUASH - KIMBERLY HARMON | UI | 0.00 |
| 148 | 03/12/2025 | MOTION TO QUASH - SCOTT HARMON | UI | 0.00 |
| 149 | 03/13/2025 | AJ'S REPORT RESET TO 5.5.25 @ 1:30PM | UIM | 0.00 |
| 150 | 04/14/2025 | (PROPOSED) ORD FOR WITHDRAWAL OF ATTY | UI | 0.00 |
| 151 | 04/14/2025 | MOTION FOR WITHDRAWAL OF ATTORNEY | UI | 0.00 |
| 152 | 04/17/2025 | ORD FOR W/D OF ATTY- ATTY FOUST (SGN 4-17-25) | UIM | 0.00 |
| 153 | 04/29/2025 | SBPN/RTN - MATTHEW MCKORN | UI | 0.00 |
| 154 | 04/30/2025 | NOT OF BUSINESS REC AFFIDAVIT | UI | 0.00 |
| 155 | 05/02/2025 | NOT OF BUSINESS REC AFFIDAVIT | UI | 0.00 |
| 156 | 05/08/2025 | AJ'S ORDER (5/6/25) | UIM | 0.00 |
| 157 | 05/08/2025 | CLARIFIED AJ'S REPORT SIGNED ON 5.7.25 | UIM | 0.00 |
| 158 | 05/12/2025 | MOTION TO SIGN TEMPORARY ORDERS | UI | 0.00 |
| 159 | 05/13/2025 | (PROP) NOT OF CRT PROCEEDING 5.22.25 @ 8:30AOM | UI | 0.00 |
| 160 | 05/15/2025 | MOTION TO MODIFY CHILD SUPPORT | NUI | 95.00 |
| 161 | 05/15/2025 | PAYMENT RECEIVED trans #160 | Y | 50.00 |
| 162 | 05/15/2025 | PAYMENT PAID TO STATE trans #160 | Y | 45.00 |
| 165 | 05/15/2025 | 2ND AMEND NTCP 6-4-25 @ 8:30AM ON MOT TO SGN T | UIM | 0.00 |
| 163 | 05/16/2025 | MOT TO SIGN ORD ON MOT TO QUASH SUBPOENA | UI | 0.00 |
| 164 | 05/16/2025 | (PROP)NTC OF CT PROCEEDING | UI | 0.00 |
| 166 | 05/16/2025 | AMND NOT OF COURT PROC - 6/4/25 @8:30 AM (5/14 | UIM | 0.00 |
| 167 | 05/23/2025 | NOTICE OF COURT PROCEEDING 6.4.25 @ 8:30AM | UIM | 0.00 |
| 168 | 05/28/2025 | SBPN/RTN - MATTHEW MCKORN | UI | 0.00 |
| 169 | 06/02/2025 | FCS NTC OF STATUS ON ORD FOR SUPERVISED VISITA | UI | 0.00 |
| 170 | 06/03/2025 | NTC OF BUSINESS RECS AFFIDAVIT | UI | 0.00 |
| 172 | 06/04/2025 | A/J'S REPORT TEMP ORD RESET 6-6-25@ 8:30AM | UIM | 0.00 |
| 173 | 06/04/2025 | ORD ON MOT TO QUASH & SUBPOENIA & FOR PROTECT | UIM | 0.00 |
| 174 | 06/04/2025 | ORD HOLDING RESP ON DIRECT CONTEMPT & ORD | UIM | 0.00 |
| 175 | 06/04/2025 | SEE TN # 172 A/J'S REPORT | | 0.00 |
| 171 | 06/05/2025 | TEMPORARY ORDERS SIGNED ON 6.4.25 | UIM | 0.00 |
| 176 | 06/09/2025 | ASSOCIATE JUDGE'S REPORT | UIM | 0.00 |
| 177 | 06/09/2025 | INCOME WITHHOLDING FOR SUPPORT (CC:C/S) | UIM | 0.00 |
| 179 | 06/09/2025 | INCOME WITHHOLDING FOR SUPPORT TR#177 SGND 6.6 | | 0.00 |
| 180 | 06/09/2025 | AJ'S REPORT TR# 176 SIGNED ON 6.6.25 | | 0.00 |
| 178 | 06/11/2025 | MOT TO SIGN TEMP ORD IN SUIT TO MOD C/S | UI | 0.00 |

```
                    TARRANT COUNTY DISTRICT CLERK'S OFFICE        Page:      5
JIMSGTM8                ALL TRANSACTIONS FOR A CASE               Date: 07/03/2025
                                                                 Time: 09:18
```

```
╔══════════════════════════════════════════════════════════════════════════════╗
║       Cause Number: 231-619733-17      Date Filed: 05/31/2017                  ║
║   JENNIFER SCROGGINS RANDLES        | v |    SAMUEL CHRISTOPHER RANDLES        ║
║                                     | s |                                      ║
║  APPEALED Cause of Action: MODIFICATION-CUSTODY                                ║
║        Case Status····: PENDING                                                ║
╠══════════════════════════════════════════════════════════════════════════════╣
```

| #   | Filemark   | Description                                     |     | Fee Total |
|-----|------------|-------------------------------------------------|-----|-----------|
| 181 | 06/12/2025 | ORDER OF RELEASE FROM JAIL SGN 6-6-25           | UIM | 0.00      |
| 182 | 06/12/2025 | NTCP ON MOT TO SGN TEMP ORD-6-20-25 @ 8:30AM    | UIM | 0.00      |
| 183 | 06/23/2025 | TEMPORARY ORDERS IN SUIT TO MODIFY CHILD SUPPO  | UIM | 0.00      |
| 184 | 06/30/2025 | *NTC OF APPEAL (JURISDICTION)                   | NI  | 35.00     |
| 185 | 06/30/2025 | PAYMENT RECEIVED trans #184                     | Y   | 35.00     |
| 186 | 06/30/2025 | *NTC OF APPEAL                                  | NI  | 35.00     |
| 187 | 06/30/2025 | PAYMENT RECEIVED trans #186                     | Y   | 35.00     |
| 188 | 07/01/2025 | *LTR (CT/APPEALS) 02-25-00314-CV                | I   | 0.00      |
| 189 | 07/01/2025 | *CLERK'S RECORD DUE 8/19/25                     |     | 0.00      |

```
Total Number Of Records Printed:     189
```

APP-008

APP-009

**Volume I – Samuel Randles**

**Exhibit C – Transfer Certificate
(August 8, 2025)**



Cause Number: 231-619733-17

JENNIFER SCROGGINS RANDLES          §      IN THE 231st

                                    §      JUDICIAL DISTRICT COURT
                  VS.
                                    §      TARRANT COUNTY, TEXAS
SAMUEL CHRISTOPHER RANDLES


                         TRANSFER CERTIFICATE


THE STATE OF TEXAS                          §
COUNTY OF                                   §

I, _____RAYSHAWN WALKER_____, in and for Tarrant
County, Texas do hereby certify that the following are true and correct
electronic copies of each final order, the order to transfer, bill of
costs, and any other documents requested, including previous transfer
certificates (if applicable), in the transfer of this cause to
Tarrant County, Texas:

INDEX

| File Date | Document |
|-----------|----------|
| 05/31/2017 | ORIGINAL PETITION FOR DIVORCE |
| 07/26/2017 | FIRST AMENDED ORIGINAL PETITION FOR DIVORCE |
| 07/26/2017 | SERVICE REQUEST FORM |
| 07/26/2017 | SERVICE REQUEST FORM |
| 07/26/2017 | Citation-ISSUED ON SAMUEL CHRISTOPHER RANDLES-On |
| 07/26/2017 | T.R.O.-ISSUED ON SAMUEL CHRISTOPHER RANDLES. H/R |
| 07/27/2017 | TRO/ORDER SETTING HEARING (8-14-17 @8:30A) |
| 07/31/2017 | Citation Tr# 8 RET EXEC(SAMUEL CHRISTOPHER RANDLES |
| 07/31/2017 | T.R.O. Tr# 10 RET EXEC(SAMUEL CHRISTOPHER RANDLES) |
| 07/31/2017 | DESIGNATION OF LEAD COUNSEL |
| 08/03/2017 | ORIG COUNTERPETITION DISSOLUTION OF MARRIAGE/SAPCR |
| 08/03/2017 | SAMUEL RANDLE'S ORIG ANSWER |
| 08/16/2017 | ASSOCIATE JUDGE'S REPORT |
| 08/21/2017 | PTNRE CERTIFICATE OF WRITTEN DISCOVERY |
| 09/08/2017 | INCOME WITHHOLDING FOR SUPPORT (CC:C/S) |
| 09/12/2017 | PETITIONER'S CERT OF WRITTEN DISCOVERY |
| 10/10/2017 | TEMPORARY ORDERS |
| 10/27/2017 | PTNR'S CERT OF WRITTEN DISCOVERY DIRECTED TO RESP |
| 12/19/2017 | MEDIATED SETTLEMENT AGREEMENT |
| 01/19/2018 | INCOME WITHHOLDING ORDER |
| 01/19/2018 | CHILD SUPPORT OFFICE RECORD OF SUPPORT |
| 01/19/2018 | AGREED FINAL DECREE |

*APP-010*

Copy from re:SearchTX

Page:    2

| | |
|---|---|
| 01/19/2018 | BLUE CARD |
| 01/19/2018 | DOCKET SHEET |
| 01/19/2018 | AUSTIN FORM |
| 03/02/2018 | QDRO- AFTER 30 DAYS FROM JUDGMENT(SIGNED 2/22/18) |
| 03/02/2018 | Costbill (Short) for $15 DAVID T KULESZ |
| 01/10/2023 | PET FOR ENFORCEMENT OF POSSESSION OR ACCESS |
| 01/10/2023 | Citation-ISSUED ON SAMUEL CHRISTOPHER RANDLES-On |
| 01/10/2023 | SHOW CAUSE-ISSUED ON SAMUEL CHRISTOPHER RANDLES. |
| 01/10/2023 | SERVICE REQUEST FORM - SENT TO DP |
| 01/12/2023 | ORDER TO APPEAR- 2/21/23 @8:30AM |
| 02/13/2023 | SERVICE RETURN |
| 02/13/2023 | SERVICE RETURN |
| 02/13/2023 | Citation Tr# 42 RET EXEC(SAMUEL CHRISTOPHER RANDLE |
| 02/13/2023 | SHOW CAUSE Tr# 44 RET EXEC(SAMUEL CHRISTOPHER RAND |
| 02/16/2023 | ANSWER TO PETITION FOR ENFORCEMENT OF POSSESSION |
| 05/16/2023 | RESETTING HRG 7/18/23  @1:30 PM |
| 09/01/2023 | ORD HOLDING RESPONDENT IN CONTEMPT |
| 04/29/2024 | NOTICE OF DISMISSAL WOP ON 06/27/2024 Image ID 661 |
| 04/29/2024 | NOTICE OF DWOP DOCKET EMAILED ON 05/01/2024 |
| 07/02/2024 | ORDER OF DISMISSAL FOR WOP Image ID 6663 |
| 08/14/2024 | PETITION TO MODIFY PARENT-CHILD RELATIONSHIP |
| 08/14/2024 | Citation-ISSUED ON SAMUEL CHRISTOPHER RANDLES-On |
| 08/14/2024 | (PROPOSED) TRO & NOTICE OF S/C HRG W/NOTICE OF |
| 08/14/2024 | SVC REQ FORM |
| 08/14/2024 | T.R.O.-ISSUED ON SAMUEL CHRISTOPHER RANDLES. H/R |
| 08/15/2024 | (8/26/24 @ 8:30AM)TRO & NOTICE OF S/C HRG W/ |
| 08/19/2024 | T.R.O. Tr# 67 RET EXEC(SAMUEL CHRISTOPHER RANDLES) |
| 08/19/2024 | Citation Tr# 63 RET EXEC(SAMUEL CHRISTOPHER RANDLE |
| 08/22/2024 | ATTY APPEAR |
| 08/23/2024 | SUBPOENA ISSUED BY ATTY/LARRY LANCE EAGLE MOUNTAIN |
| 08/23/2024 | SUBPOENA ISSUED BY ATTY/DARIUS FLOWERS GREENFIELD |
| 08/29/2024 | AGREED ORD EXTND TRO-9/6/24 @ 9AM (SIGNED 8-26-24) |
| 09/10/2024 | ORD EXTEND TRO & NOTICE S/C HRG(9-20-24 @ 8:30AM |
| 09/12/2024 | COUNTERPET TO MOD PCR |
| 09/12/2024 | SUBPOENA ON L LANCE BY ATTY PARMER/9-10-24 |
| 09/12/2024 | SUBPOENA D FLOWERS BY ATTY PARMER/9-10-24 |
| 09/13/2024 | SUBPOENA ON EAGLE MOUNTAIN-SAGINAW ISD PD BY ATTY |
| 09/19/2024 | SUBPOENA ON GREENVILLE ELEMENTARY BY ATTY FOUST/ |
| 09/24/2024 | AJ'S RPT - RST 9/30/24 @1:30 PM (9/20/24) |
| 09/27/2024 | REQUEST FOR DE NOVO HEARING |
| 09/27/2024 | RESP'S CERTFICATE OF WRITTEN DISCOVERY |
| 09/27/2024 | PTNR'S CERT OF WRITTEN DISCOVERY |
| 09/27/2024 | AJ'S REPORT (9/24/24) |
| 09/27/2024 | ORD FOR COMMUNITY SUPERVISED VISITATION (9/24/24) |
| 09/27/2024 | T#90 ORD FOR COMM SUPVSD VISIT (EMLD FCS) |
| 10/03/2024 | NOTICE OF COURT PROCEEDING │ 10/4/24 @9AM |
| 10/14/2024 | NTC OF CT PROCEEDING-11/25/24 @ 9:30AM (SIGNED |
| 10/17/2024 | 1ST AMENDED COUNTERPET TO MOD PCR |
| 10/21/2024 | SUBPOENA ON L LANCE BY ATTY LETT/10-16-24 |
| 10/21/2024 | SUBPOENA ON D FLOWERS BY ATTY LETT/10-16-24 |
| 10/21/2024 | SUBPOENA ON GREENFIELD ELEMENTARY SCHOOL BY ATTY |
| 10/21/2024 | SUBPOENA ON EAGLE MOUNTAIN-SAGINAW ISD PD BY |
| 10/29/2024 | RESP'S CERTIFICATE OF WRITTEN DISCOVERY |
| 11/11/2024 | MOT TO QUASH SUBPOENAS & FOR PROTECTIVE ORD RE |
| 11/11/2024 | PTNR'S CERT OF WRITTEN DISCOVERY |
| 11/15/2024 | SUBPOENA ON DON MANSFIELD BY ATTY LETT/11-14-24 |
| 11/19/2024 | SUBPOENA ISSUED BY ATTY/LATRICE TATE FCS/EXECUTED |

*APP-011*

Copy from re:SearchTX

| | |
|---|---|
| 11/19/2024 | MOT TO COMPEL DISCOVERY & FOR SANCTIONS |
| 11/19/2024 | CONFIRMATION LTR RE:HRG 11-25-24 @ 9AM |
| 11/19/2024 | ORD FOR COMMUNITY SUPERVISED VISITATION |
| 11/20/2024 | SUBPOENA ISSUED BY ATTY/JENNIFER BLAKE BRIGHTER |
| 11/21/2024 | 2ND AMND COUNTERPETITION TO MOD PCR |
| 12/06/2024 | (PROP)NTC OF CT PROCEEDING |
| 12/20/2024 | NTCP - 1-29-25 @ 10:30AM |
| 12/20/2024 | NTCP ON MOT TO COMPEL 1/9/25 @ 9AM |
| 12/27/2024 | VACATION LTR FROM ATTY JEFFRY FROST |
| 01/08/2025 | SBPN/RTN - CUST OF REC, GREENFIELD ELEMNTRY SCHOOL |
| 01/13/2025 | CONFIRM LTR/RE: HRG 1/29/25 @ 9AM |
| 01/14/2025 | SUBPOENA ON L LANCE BY ATTY PARMER/1-13-25 |
| 01/17/2025 | SUBPOENA ON L TATE BY ATTY PARMER/1-17-25 |
| 01/17/2025 | SUBPOENA ON L TATE BY ATTY PARMER/1-17-25 |
| 01/27/2025 | SBPN/RTN - OFFICER LANCE |
| 01/27/2025 | SBPN/RTN - LARISSA HORTON |
| 01/27/2025 | SBPN/RTN - DARIUS FLOWERS |
| 01/27/2025 | SBPN/RTN - SCOTT HARMON |
| 01/27/2025 | SBPN/RTN - KIMBERLY HARMON |
| 01/29/2025 | DESIGNATION OF ATTY IN CHARGE - E. PARMER |
| 02/12/2025 | MOTION FOR SUB OF COUNSEL |
| 02/18/2025 | ORDER ON MOTION FOR SUBSTITUTION OF COUNSEL |
| 02/19/2025 | MOTION TO MODIFY TEMP ORDS |
| 02/19/2025 | PAYMENT RECEIVED trans #125 |
| 02/19/2025 | PAYMENT PAID TO STATE trans #125 |
| 02/20/2025 | MOTION FOR CONTINUANCE |
| 02/20/2025 | (PROPOSED) ORDER ON MOTION FOR CONTINUANCE |
| 02/25/2025 | NOT OF CRT PROC - 3/13/25 @8:30 AM |
| 02/27/2025 | NOTICE OF COURT PROCEEDING 3.13.25 @ 8:30AM |
| 02/28/2025 | ATTY RETURNED SUBPOENA |
| 02/28/2025 | CERTIFICATE OF WRITTEN DISCOVERY |
| 02/28/2025 | SPBN/RTN - LATRICE TATE |
| 02/28/2025 | SBPN/RTN - DARIUS FLOWERS |
| 02/28/2025 | SBPN/RTN - OFFICER LANCE |
| 02/28/2025 | SBPN/RTN - LARISSA HORTON |
| 03/03/2025 | MTN TO COMPEL COMP W/SBPN |
| 03/06/2025 | AMND MTN TO COMPEL COMPL W/SBPN |
| 03/11/2025 | SUBPOENA-AMANDA HIXON |
| 03/11/2025 | SUBPOENA-SCOTT HARMON |
| 03/11/2025 | SUBPONEA-KIMBERLY HARMON |
| 03/11/2025 | SUBPOENA-JENNIFER BLAKE |
| 03/11/2025 | NTC OF FILING OF BUSINESS RECS ACCOMPANIED BY |
| 03/12/2025 | MOT TO QUASH SUBPOENAS/PO RE 3RD PARTY SUBPOENA |
| 03/12/2025 | MOTION TO QUASH - KIMBERLY HARMON |
| 03/12/2025 | MOTION TO QUASH - SCOTT HARMON |
| 03/13/2025 | AJ'S REPORT RESET TO 5.5.25 @ 1:30PM |
| 04/14/2025 | (PROPOSED) ORD FOR WITHDRAWAL OF ATTY |
| 04/14/2025 | MOTION FOR WITHDRAWAL OF ATTORNEY |
| 04/17/2025 | ORD FOR W/D OF ATTY- ATTY FOUST (SGN 4-17-25) |
| 04/29/2025 | SBPN/RTN - MATTHEW MCKORN |
| 04/30/2025 | NOT OF BUSINESS REC AFFIDAVIT |
| 05/02/2025 | NOT OF BUSINESS REC AFFIDAVIT |
| 05/08/2025 | AJ'S ORDER (5/6/25) |
| 05/08/2025 | CLARIFIED AJ'S REPORT SIGNED ON 5.7.25 |
| 05/12/2025 | MOTION TO SIGN TEMPORARY ORDERS |
| 05/13/2025 | (PROP) NOT OF CRT PROCEEDING 5.22.25 @ 8:30AOM |
| 05/15/2025 | MOTION TO MODIFY CHILD SUPPORT |

*APP-012*

Copy from re:SearchTX

```
05/15/2025    2ND AMEND NTCP 6-4-25 @ 8:30AM ON MOT TO SGN TEMP
05/16/2025    MOT TO SIGN ORD ON MOT TO QUASH SUBPOENA
05/16/2025    (PROP)NTC OF CT PROCEEDING
05/16/2025    AMND NOT OF COURT PROC - 6/4/25 @8:30 AM (5/14/25)
05/23/2025    NOTICE OF COURT PROCEEDING 6.4.25 @ 8:30AM
05/28/2025    SBPN/RTN - MATTHEW MCKORN
06/02/2025    FCS NTC OF STATUS ON ORD FOR SUPERVISED VISITATION
06/03/2025    NTC OF BUSINESS RECS AFFIDAVIT
06/04/2025    A/J'S REPORT TEMP ORD RESET 6-6-25@ 8:30AM
06/04/2025    ORD ON MOT TO QUASH & SUBPOENIA & FOR PROTECT
06/04/2025    ORD HOLDING RESP ON DIRECT CONTEMPT & ORD
06/05/2025    TEMPORARY ORDERS SIGNED ON 6.4.25
06/09/2025    ASSOCIATE JUDGE'S REPORT
06/09/2025    INCOME WITHHOLDING FOR SUPPORT (CC:C/S)
06/09/2025    INCOME WITHHOLDING FOR SUPPORT TR#177 SGND 6.6.25
06/09/2025    AJ'S REPORT TR# 176 SIGNED ON 6.6.25
06/11/2025    MOT TO SIGN TEMP ORD IN SUIT TO MOD C/S
06/12/2025    ORDER OF RELEASE FROM JAIL SGN 6-6-25
06/12/2025    NTCP ON MOT TO SGN TEMP ORD-6-20-25 @ 8:30AM
06/23/2025    TEMPORARY ORDERS IN SUIT TO MODIFY CHILD SUPPORT
06/30/2025    *NTC OF APPEAL (JURISDICTION)
06/30/2025    *NTC OF APPEAL
07/01/2025    *LTR (CT/APPEALS) 02-25-00314-CV
07/01/2025    *CLERK'S RECORD DUE 8/19/25
07/07/2025    *NOTICE OF APPEAL - TEMP ORD 6.4.25
07/07/2025    *NOTICE OF APPEAL - ORD ON MOT TO QUASH
07/08/2025    MOT TO ENFORCE POSSESSION/ACC/ MOT TO TERM SUP REQ
07/09/2025    MOT TO DISQUALIFY OPPOSING COUNSEL
07/11/2025    *APPELANT'S REQ FOR CLERK'S RECORD & DESIGNATION
07/11/2025    *LTR (CT/APPEALS) JURISDICTION 02-25-00314-CV
07/15/2025    OBJECT TO DELAY IN SCHEDULING HRG ON TIME-
07/21/2025    (PROP)NTC OF CT PROCEEDING
07/21/2025    (PROP)NTC OF CT PROCEEDING
07/21/2025    WRITTEN REQ FOR CT REPORTER
07/21/2025    MOT TO REASSIGN DISQUALIFICATION HRG TO A NEUTRAL
07/21/2025    CERT OF WRITTEN DISCOVERY
07/22/2025    ORDER OF RECUSAL (SGN7-21-25)
```

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, August 08, 2025.

Thomas A. Wilder
District Clerk, Tarrant County

By _____ Deputy

RAYSHAWN WALKER
RDWalker@TarrantCountytx.gov

APP-013

Copy from re:SearchTX

STATEMENT OF RECEIPT

Transfer received from Tarrant County, Texas, Cause No.231-619733-17 and filed into the _____ Court of _Tarrant County_____, Texas to Cause No. _____ on this the _____ day of _____, 20_____


TARRANT COUNTY, TEXAS

By: _____ Deputy

APP-014

Copy from re:SearchTX

APP-015

**Volume I – Samuel Randles**

**Exhibit D – January 1, 2026 Trial Court Docket
(Cause No. 322-619733-17)**

```
                    TARRANT COUNTY DISTRICT CLERK'S OFFICE      Page:    1
                       ALL TRANSACTIONS FOR A CASE             Date: 12/16/2025
                                                              Time: 10:51
-----------------------------------------------------------------------------
              Cause Number: 322-619733-17   Date Filed: 05/31/2017
     JENNIFER SCROGGINS RANDLES         v      SAMUEL CHRISTOPHER RANDLES
                                        s
          Cause of Action: MODIFICATION-CUSTODY
          Case Status....: PENDING, TRANSFERRED FROM ANOTHER DISTRICT COURT
-----------------------------------------------------------------------------
          Filemark   Description                               Fee Total
-----------------------------------------------------------------------------
1     05/31/2017 ORIGINAL PETITION FOR DIVORCE              NUI    340.00
2     05/31/2017 PAYMENT RECEIVED TRANS #1                   Y     340.00
6     07/26/2017 COPIES - 1ST AMENDED PETITION               N       6.00
7     07/26/2017 PAYMENT RECEIVED TRANS #6                   Y       6.00
8     07/26/2017 Citation-ISSUED ON SAMUEL CHRISTOPHER RANDLES-On  NUI  8.00
      07/26/2017 07/27/2017
9     07/26/2017 PAYMENT RECEIVED TRANS #8                   Y       8.00
10    07/26/2017 T.R.O.-ISSUED ON SAMUEL CHRISTOPHER RANDLES. H/R   NUI  8.00
      07/26/2017 08/14/2017 - 08:30-On 07/27/2017
11    07/26/2017 PAYMENT RECEIVED TRANS #10                  Y       8.00
16    08/03/2017 ORIG COUNTERPETITION DISSOLUTION OF MARRIAGE/SAPCR NUI 70.00
17    08/03/2017 PAYMENT RECEIVED TRANS #16                  Y      70.00
33    03/02/2018 QDRO- AFTER 30 DAYS FROM JUDGMENT(SIGNED 2/22/18) NUI 15.00
35    03/19/2018 QDRO- AFTER 30 DAYS FROM JUDGMENT           N      15.00
36    03/19/2018 PAYMENT RECEIVED TRANS #35                  Y      15.00
37    03/21/2018 Adjustment for # 33 duplicate no money      NA     -15.00
38    01/10/2023 PET FOR ENFORCEMENT OF POSSESSION OR ACCESS NUI    30.00
39    01/10/2023 PAYMENT RECEIVED trans #38                  Y      30.00
40    01/10/2023 COPIES - SENT TO DP                         N      10.00
41    01/10/2023 PAYMENT RECEIVED trans #40                  Y      10.00
42    01/10/2023 Citation-ISSUED ON SAMUEL CHRISTOPHER RANDLES-On  NUI  8.00
      01/10/2023 01/10/2023
43    01/10/2023 PAYMENT RECEIVED trans #42                  Y       8.00
44    01/10/2023 SHOW CAUSE-ISSUED ON SAMUEL CHRISTOPHER RANDLES.  NUI  8.00
      01/10/2023 H/R 02/21/2023 - 08:30-On 01/12/2023
45    01/10/2023 PAYMENT RECEIVED trans #44                  Y       8.00
60    08/14/2024 PETITION TO MODIFY PARENT-CHILD RELATIONSHIP NUI   95.00
61    08/14/2024 PAYMENT RECEIVED trans #60                  Y      50.00
62    08/14/2024 PAYMENT PAID TO STATE trans #60             Y      45.00
63    08/14/2024 Citation-ISSUED ON SAMUEL CHRISTOPHER RANDLES-On  NUI  8.00
      08/14/2024 08/14/2024
64    08/14/2024 PAYMENT RECEIVED trans #63                  Y       8.00
67    08/14/2024 T.R.O.-ISSUED ON SAMUEL CHRISTOPHER RANDLES. H/R  NUI  8.00
      08/14/2024 08/26/2024 - 08:30-On 08/14/2024
68    08/14/2024 PAYMENT RECEIVED trans #67                  Y       8.00
74    09/12/2024 COUNTERPET TO MOD PCR                       NUI    80.00
75    09/12/2024 PAYMENT RECEIVED trans #74                  Y      35.00
76    09/12/2024 PAYMENT PAID TO STATE trans #74             Y      45.00
```

APP-016

```
125   02/19/2025 MOTION TO MODIFY TEMP ORDS                     NUI     95.00
126   02/19/2025 PAYMENT RECEIVED trans #125                    Y       50.00
127   02/19/2025 PAYMENT PAID TO STATE trans #125               Y       45.00
160   05/15/2025 MOTION TO MODIFY CHILD SUPPORT                 NUI     95.00
161   05/15/2025 PAYMENT RECEIVED trans #160                    Y       50.00
162   05/15/2025 PAYMENT PAID TO STATE trans #160               Y       45.00
184   06/30/2025 *NTC OF APPEAL (JURISDICTION)                  NI      35.00
185   06/30/2025 PAYMENT RECEIVED trans #184                    Y       35.00
186   06/30/2025 *NTC OF APPEAL                                 NI      35.00
187   06/30/2025 PAYMENT RECEIVED trans #186                    Y       35.00
190   07/03/2025 COPIES - ELECTRONIC (1-10 PAGES)               N       28.00
191   07/03/2025 PAYMENT RECEIVED trans #190                    Y       28.00
192   07/03/2025 COPIES - ELECTRONIC (11 PAGES OR MORE)         N       10.50
193   07/03/2025 PAYMENT RECEIVED trans #192                    Y       10.50
194   07/07/2025 *NOTICE OF APPEAL - TEMP ORD 6.4.25            NI      35.00
195   07/07/2025 PAYMENT RECEIVED trans #194                    Y       35.00
196   07/07/2025 *NOTICE OF APPEAL - ORD ON MOT TO QUASH        NI      35.00
197   07/07/2025 PAYMENT RECEIVED trans #196                    Y       35.00
198   07/08/2025 MOT TO ENFORCE POSSESSION/ACC/ MOT TO TERM SUP REQ NUI 95.00
---------------------------------------------------------------------------
               TARRANT COUNTY DISTRICT CLERK'S OFFICE          Page:    2
                 ALL TRANSACTIONS FOR A CASE                   Date: 12/16/2025
                                                               Time: 10:51
---------------------------------------------------------------------------
           Cause Number: 322-619733-17   Date Filed: 05/31/2017
     JENNIFER SCROGGINS RANDLES        v     SAMUEL CHRISTOPHER RANDLES
                                       s
       Cause of Action: MODIFICATION-CUSTODY
       Case Status....: PENDING, TRANSFERRED FROM ANOTHER DISTRICT COURT
---------------------------------------------------------------------------
       Filemark   Description                                     Fee Total
---------------------------------------------------------------------------
199   07/08/2025 PAYMENT RECEIVED trans #198                    Y       50.00
200   07/08/2025 PAYMENT PAID TO STATE trans #198               Y       45.00
202   07/10/2025 COPIES - ELECTRONIC (1-10 PAGES)               N       10.00
203   07/10/2025 PAYMENT RECEIVED trans #202                    Y       10.00
204   07/10/2025 COPIES - ELECTRONIC (11 PAGES OR MORE)         N        7.60
205   07/10/2025 PAYMENT RECEIVED trans #204                    Y        7.60
215   07/24/2025 CERTIFY AND SEAL COPY FEE                      N        5.00
216   07/24/2025 CERTIFY AND SEAL COPY FEE                      N        5.00
217   07/24/2025 CERTIFY AND SEAL COPY FEE                      N        5.00
218   07/24/2025 CERTIFY AND SEAL COPY FEE                      N        5.00
219   07/24/2025 CERTIFY AND SEAL COPY FEE                      N        5.00
220   07/24/2025 CERTIFY AND SEAL COPY FEE                      N        5.00
221   07/24/2025 CERTIFY AND SEAL COPY FEE                      N        5.00
222   07/24/2025 CERTIFY AND SEAL COPY FEE                      N        5.00
223   07/24/2025 CERTIFY AND SEAL COPY FEE                      N        5.00
224   07/24/2025 CERTIFY AND SEAL COPY FEE                      N        5.00
225   07/24/2025 CERTIFY AND SEAL COPY FEE                      N        5.00
226   07/24/2025 CERTIFY AND SEAL COPY FEE                      N        5.00
```

```
227   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
228   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
229   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
230   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
231   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
232   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
233   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
234   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
235   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
236   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
237   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
238   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
239   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
240   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
241   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
242   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
243   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
244   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
245   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
246   07/24/2025 CERTIFY AND SEAL COPY FEE              N        5.00
247   07/24/2025 PAYMENT RECEIVED trans #246           Y        5.00
248   07/24/2025 PAYMENT RECEIVED trans #245           Y        5.00
249   07/24/2025 PAYMENT RECEIVED trans #244           Y        5.00
250   07/24/2025 PAYMENT RECEIVED trans #243           Y        5.00
251   07/24/2025 PAYMENT RECEIVED trans #242           Y        5.00
252   07/24/2025 PAYMENT RECEIVED trans #241           Y        5.00
253   07/24/2025 PAYMENT RECEIVED trans #240           Y        5.00
254   07/24/2025 PAYMENT RECEIVED trans #239           Y        5.00
255   07/24/2025 PAYMENT RECEIVED trans #238           Y        5.00
256   07/24/2025 PAYMENT RECEIVED trans #237           Y        5.00
257   07/24/2025 PAYMENT RECEIVED trans #236           Y        5.00
258   07/24/2025 PAYMENT RECEIVED trans #235           Y        5.00
259   07/24/2025 PAYMENT RECEIVED trans #234           Y        5.00
260   07/24/2025 PAYMENT RECEIVED trans #233           Y        5.00
261   07/24/2025 PAYMENT RECEIVED trans #232           Y        5.00
262   07/24/2025 PAYMENT RECEIVED trans #231           Y        5.00
263   07/24/2025 PAYMENT RECEIVED trans #230           Y        5.00
264   07/24/2025 PAYMENT RECEIVED trans #229           Y        5.00
265   07/24/2025 PAYMENT RECEIVED trans #228           Y        5.00
-----------------------------------------------------------------------
            TARRANT COUNTY DISTRICT CLERK'S OFFICE      Page:    3
            ALL TRANSACTIONS FOR A CASE                 Date: 12/16/2025
                                                        Time: 10:51
-----------------------------------------------------------------------
        Cause Number: 322-619733-17   Date Filed: 05/31/2017
   JENNIFER SCROGGINS RANDLES          v     SAMUEL CHRISTOPHER RANDLES
                                       s
     Cause of Action: MODIFICATION-CUSTODY
     Case Status....: PENDING, TRANSFERRED FROM ANOTHER DISTRICT COURT
-----------------------------------------------------------------------
```

APP-018

| Filemark | Description | | Fee | Total |
|---|---|---|---|---|
| 266 | 07/24/2025 PAYMENT RECEIVED trans #227 | Y | | 5.00 |
| 267 | 07/24/2025 PAYMENT RECEIVED trans #226 | Y | | 5.00 |
| 268 | 07/24/2025 PAYMENT RECEIVED trans #225 | Y | | 5.00 |
| 269 | 07/24/2025 PAYMENT RECEIVED trans #224 | Y | | 5.00 |
| 270 | 07/24/2025 PAYMENT RECEIVED trans #223 | Y | | 5.00 |
| 271 | 07/24/2025 PAYMENT RECEIVED trans #222 | Y | | 5.00 |
| 272 | 07/24/2025 PAYMENT RECEIVED trans #221 | Y | | 5.00 |
| 273 | 07/24/2025 PAYMENT RECEIVED trans #220 | Y | | 5.00 |
| 274 | 07/24/2025 PAYMENT RECEIVED trans #219 | Y | | 5.00 |
| 275 | 07/24/2025 PAYMENT RECEIVED trans #218 | Y | | 5.00 |
| 276 | 07/24/2025 PAYMENT RECEIVED trans #217 | Y | | 5.00 |
| 277 | 07/24/2025 PAYMENT RECEIVED trans #216 | Y | | 5.00 |
| 278 | 07/24/2025 PAYMENT RECEIVED trans #215 | Y | | 5.00 |
| 279 | 07/24/2025 COPIES - ELECTRONIC (1-10 PAGES) | N | | 32.00 |
| 280 | 07/24/2025 PAYMENT RECEIVED trans #279 | Y | | 32.00 |
| 281 | 07/24/2025 COPIES - ELECTRONIC (11 PAGES OR MORE) | N | | 19.20 |
| 282 | 07/24/2025 PAYMENT RECEIVED trans #281 | Y | | 19.20 |
| 285 | 08/08/2025 TRANSFER COURT# 231 TO COURT# 322 | | | 0.00 |
| 286 | 08/08/2025 MOTION TO VACATE PRIOR TEMP ORDS AND DECLARITORY 08/08/2025 FINDINGS | UI | | 0.00 |
| 287 | 08/08/2025 TRANSFER CERTIFICATE | UI | | 0.00 |
| 288 | 08/08/2025 ***(5/31/17)ORIGINAL PETITION FOR DIVORCE | UI | | 0.00 |
| 289 | 08/08/2025 ***(7/26/17)FIRST AMENDED ORIGINAL PETITION FOR DI | UI | | 0.00 |
| 290 | 08/08/2025 ***(7-26-17)SERVICE REQUEST FORM | UI | | 0.00 |
| 291 | 08/08/2025 ***(7-26-17)SERVICE REQUEST FORM | UI | | 0.00 |
| 292 | 08/08/2025 ***(7-26-17)CITATION-TRANS #8 | UI | | 0.00 |
| 293 | 08/08/2025 ***(7-26-17)TRO-TRANS #10 | UI | | 0.00 |
| 294 | 08/08/2025 ***(8/14/17)TRO AND OSH FOR TEMP ORD 8/14/17 @830A | UIM | | 0.00 |
| 295 | 08/08/2025 ***(7-31-17)CITATION RETURN-TRANS #8 | UI | | 0.00 |
| 296 | 08/08/2025 ***(7-31-17)TRO RETURN-TRANS #10 | UI | | 0.00 |
| 297 | 08/08/2025 ***(7-31-17)DESIGNATOIN OF LEAD COUNSEL | UI | | 0.00 |
| 298 | 08/08/2025 ***(8-31-17)ORIGINAL COUNTERPETITION FOR DISS MAR | UI | | 0.00 |
| 299 | 08/08/2025 ***(8-3-17)SAMUEL RANDLES ORIGINAL ANSWER | UI | | 0.00 |
| 300 | 08/08/2025 ***(8/14/17)AJ'S REPORT | UIM | | 0.00 |
| 301 | 08/08/2025 ***(9-12-17)PTNR CERT OF WRITTEN OF DISCOV DIRECTE | UI | | 0.00 |
| 302 | 08/08/2025 ***(9/8/17)INCOME WITHHOLING FOR SUPPORT | UIM | | 0.00 |
| 303 | 08/08/2025 ***(10-27-17)PTNR CERT OF WRITTEN DISCOVERY DIRECT | UI | | 0.00 |
| 304 | 08/08/2025 ***(10/10/17)TEMP ORDS | UIM | | 0.00 |
| 305 | 08/08/2025 ***(10-27-17)PTNR CERT WRITTEN DISCOVERY DIRECT TO | UI | | 0.00 |
| 306 | 08/08/2025 ***(12-19-17)MEDIATED SETTLEMENT AGREEMENT | UI | | 0.00 |
| 307 | 08/08/2025 ***(1/19/18)INCOME WITHHOLDING FOR SUPPORT | UIM | | 0.00 |
| 308 | 08/08/2025 ***(1/19/18)TARRANT COUNTY CHILD SUPPORT OFFICE RO | UIM | | 0.00 |
| 309 | 08/08/2025 ***(1-19-18)AGREED FINAL DECREE OF DIVORCE SIGN 1/ | UIM | | 0.00 |
| 310 | 08/08/2025 ***(1-19-18)BLUE CARD | UI | | 0.00 |
| 311 | 08/08/2025 ***(1-19-17)DOCKET SHEET | UI | | 0.00 |
| 312 | 08/08/2025 ***(1/19/18) AUSTIN FORM | UI | | 0.00 |
| 313 | 08/08/2025 ***(3/2/18)QDRO AFT 30 DAYS FRM JDGMNT (SGND 2-22- 08/08/2025 18) | UIM | | 0.00 |

314   08/08/2025 ***(3-2-18) COSTBILL                              UI        0.00
315   08/08/2025 ***(1/10/23) PET FOR ENFORCE POSS OR ACCESS       UI        0.00
316   08/08/2025 ***(1-10-23)CITATION-TRANS #42                    UI        0.00
317   08/08/2025 ***(1-10-23)SHOW CAUSE-TRANS #44                  UI        0.00
318   08/08/2025 ***(1/10/23) SERVICE REQUEST FORM                 UI        0.00
319   08/08/2025 ***(1/12/23)OTA SET 2/21/23 @830AM                UIM       0.00
320   08/08/2025 ***(2/13/23)CITATION RETURN EXEC-TRANS #42        UI        0.00
321   08/08/2025 ***(2/13/23) DUP CITATION RETURN EXEC-TRANS #42   UI        0.00
322   08/08/2025 ***(2/13/23)SHOW CAUSE RETURN EXEC-TRANS #44      UI        0.00
--------------------------------------------------------------------------------
                TARRANT COUNTY DISTRICT CLERK'S OFFICE          Page:    4
                  ALL TRANSACTIONS FOR A CASE                   Date: 12/16/2025
                                                                Time: 10:51
--------------------------------------------------------------------------------
            Cause Number: 322-619733-17   Date Filed: 05/31/2017
     JENNIFER SCROGGINS RANDLES          v     SAMUEL CHRISTOPHER RANDLES
                                         s
        Cause of Action: MODIFICATION-CUSTODY
        Case Status....: PENDING, TRANSFERRED FROM ANOTHER DISTRICT COURT
--------------------------------------------------------------------------------
          Filemark   Description                                    Fee Total
--------------------------------------------------------------------------------
323   08/08/2025 ***(2/16/23)ANSWER TO PET FOR ENFORCE POSS OR ACCE UI      0.00
324   08/08/2025 ***(5/16/23) RESETTING HEARING 7/18/23 @130PM      UIM     0.00
325   08/08/2025 ***(9/1/23)ORDER HOLDING RESP IN CONTEMPT          UIM     0.00
326   08/08/2025 ***TRANSFER CERTIFICATE***                         UI      0.00
327   08/08/2025 ***(4/29/24)NOT DISMISS WOP                        UI      0.00
328   08/08/2025 ***(5/8/24) NOTICE OF DWOP EMAILED                 UI      0.00
329   08/08/2025 ***(7/2/24) ORDER OF DISMISSAL FOR WOP             UIM     0.00
330   08/08/2025 ***(8/14/24) PET TO MOD PCR                        UI      0.00
331   08/08/2025 ***CITATION-TRANS #63                              UI      0.00
332   08/08/2025 ***(8/14/24) (PROP) TRO AND NOT S/C NOH TEMP ORD   UI      0.00
333   08/08/2025 ***(8/14/24) SERVICE REQUEST FORM                  UI      0.00
334   08/08/2025 ***(8-14-24)TRO-TRANS #67                          UI      0.00
335   08/08/2025 ***(8/15/24) TRO AND NOT S/C HEARING WITH NOT OF   UI      0.00
      08/08/2025 HEARING FOR TEMP ORDS
336   08/08/2025 ***(8/14/25) TRO RETURN EXEC-TRANS #67             UI      0.00
337   08/08/2025 ***(8/14/24)CITATION RETURN EXEC-TRANS #63         UI      0.00
338   08/08/2025 ***(8/22/24) ATTNY APPR                            UI      0.00
339   08/08/2025 ***(8/23/24) SUBPOENA-LARRY LANCE EAGLE MOUNTAIN   UI      0.00
340   08/08/2025 ***(8/23/24)SUBPOENA-DARIUS FLOWERS                UI      0.00
341   08/08/2025 ***(8/29/24) AGREED ORD EXTEND TRO AND NOT S/C     UIM     0.00
342   08/08/2025 ***(9/10/24) ORD EXT TRO AND NOT/SC 9/20/24@830AM  UIM     0.00
343   08/08/2025 ***(9/12/24) COUNTERPETITION TO MOD THE PCR        UI      0.00
344   08/08/2025 ***(9/12/24) SUBPOENA-LARRY LANCE EAGLE MOUNTAIN   UI      0.00
345   08/08/2025 ***(9/12/24)SUBPOENA-DARIUS FLOWERS                UI      0.00
346   08/08/2025 ***(9/13/24) SUBPOENA-EAGLE MOUNTAIN SAG ISD PD    UI      0.00
347   08/08/2025 ***(9/19/24) SUBPOENA-GREENVILLE ELM SCHOOL        UI      0.00
348   08/08/2025 ***(9/20/24) AJ'S REPORT                           UIM     0.00
349   08/08/2025 ***(9/27/24) REQ FOR DENOVO HEARING                UI      0.00

| | Filemark | Description | | Fee Total |
|---|---|---|---|---|
| 350 | 08/08/2025 | ***(9/27/24) RESP CERT OF WRITTEN DISCOV | UI | 0.00 |
| 351 | 08/08/2025 | ***(9/27/24)PTNR CERT OF WRITTEN DISCOVERY | UI | 0.00 |
| 352 | 08/08/2025 | ***(9/24/24) AJ'S REPORT | UIM | 0.00 |
| 353 | 08/08/2025 | ***(9/24/24) ORDER FOR COMMUNITY SUPER VISIT | UIM | 0.00 |
| 354 | 08/08/2025 | ***(9-30-24)ORD FOR COMM SUP VISIT EMAILED | UI | 0.00 |
| 355 | 08/08/2025 | ***(10/1/24) NOCP FOR 10/4/24@9AM | UIM | 0.00 |
| 356 | 08/08/2025 | ***(10/11/24) NOCP FOR 11/25/24 @930AM | UIM | 0.00 |
| 357 | 08/08/2025 | ***(10/17/24) FIRST AMENDED COUNTERPET MOD PCR | UI | 0.00 |
| 358 | 08/08/2025 | ***(10/21/24)SUBPOENA-LARRY LANCE | UI | 0.00 |
| 359 | 08/08/2025 | ***(10/21/24)SUBPOENA-DARUIS FLOWERS | UI | 0.00 |
| 360 | 08/08/2025 | ***(10/21/24)SUBPOENA-GREEN FIELD ELM | UI | 0.00 |
| 361 | 08/08/2025 | ***(10/21/24) SUBPOENA-EAGLE MOUNT SAG ISD PD | UI | 0.00 |
| 362 | 08/08/2025 | ***(10/29/24) RSP CERT OF WRITTEN DISCOV | UI | 0.00 |
| 363 | 08/08/2025 | ***(11/11/24) MOT TO QUASH SUB FOR PO | UI | 0.00 |
| 364 | 08/08/2025 | ***(11/11/24) PTNR CERT OF WRITTEN DISCOV | UI | 0.00 |
| 365 | 08/08/2025 | ***(11/15/24)SUBPOENA-DON MANSFIELD FCS | UI | 0.00 |
| 366 | 08/08/2025 | ***(11/19/24) SUBPOENA-LATRICE TATE | UI | 0.00 |
| 367 | 08/08/2025 | ***(11/19/24) MOTION TO COMPEL DISCOVERY AND SANCT | UI | 0.00 |
| 368 | 08/08/2025 | ***(11/19/24)CONFIRMATION LETTER | UI | 0.00 |
| 369 | 08/08/2025 | ***(11/19/24) ORDER FOR COMMUNITY SUP VISIT | UIM | 0.00 |
| 370 | 08/08/2025 | ***(11/20/24)SUBPOENA-JENNIFER BLAKE | UI | 0.00 |
| 371 | 08/08/2025 | ***TRANSFER CERTIFICATE | UI | 0.00 |
| 372 | 08/08/2025 | ***(11/21/24)SECOND AMENDED COUNTER MOD PCR | UI | 0.00 |
| 373 | 08/08/2025 | ***(12/6/24) (PROP) NOCP | UI | 0.00 |
| 374 | 08/08/2025 | ***(12/20/24) NOCP 1/29/25 @1030AM | UIM | 0.00 |
| 375 | 08/08/2025 | ***(12/20/24) NOCP 1/9/25 @9AM | UIM | 0.00 |
| 376 | 08/08/2025 | ***(12/27/24) ATTNY VACA LETTER | UI | 0.00 |
| 377 | 08/08/2025 | ***(1/8/25) SUBPOENA-GREENFIELD ELM | UI | 0.00 |
| 378 | 08/08/2025 | ***(1/13/25)CONFIRMATION LETTER | UI | 0.00 |

```
                TARRANT COUNTY DISTRICT CLERK'S OFFICE       Page:    5
                    ALL TRANSACTIONS FOR A CASE           Date: 12/16/2025
                                                          Time: 10:51
```

Cause Number: 322-619733-17   Date Filed: 05/31/2017
JENNIFER SCROGGINS RANDLES        v    SAMUEL CHRISTOPHER RANDLES
                                  s
Cause of Action: MODIFICATION-CUSTODY
Case Status....: PENDING, TRANSFERRED FROM ANOTHER DISTRICT COURT

| | Filemark | Description | | Fee Total |
|---|---|---|---|---|
| 379 | 08/08/2025 | ***(1/17/25)SUBPOENA-LATRICE TATE | UI | 0.00 |
| 380 | 08/08/2025 | ***(1/17/25) SUBPOENA-LATRICE TATE | UI | 0.00 |
| 381 | 08/08/2025 | ***(1/27/25) SUBPOENA-OFFICER LANCE | UI | 0.00 |
| 382 | 08/08/2025 | ***(1/27/25)SUBPOENA-LARISSA HORTON | UIM | 0.00 |
| 383 | 08/08/2025 | ***(1/27/25) SUBPOENA-DARUIS FLOWERS | UI | 0.00 |
| 384 | 08/08/2025 | ***(1/27/25)SUBPOENA-KIMBERLY HARMON | UI | 0.00 |
| 385 | 08/08/2025 | ***(1/27/25)SUBPOENA-SCOTT HARMON | UI | 0.00 |
| 386 | 08/08/2025 | ***(1/29/25) DESIGNATION OF ATTNY IN CHARGE | UI | 0.00 |

APP-021

```
387   08/08/2025 ***(2/12/25) MOTION FOR SUB OF COUNSEL          UI    0.00
388   08/08/2025 ***(2/13/25) ORDER ON MOTION FOR SUB OF COUNSEL UIM   0.00
389   08/08/2025 ***(2/19/25) MOT TO MOD TEMP ORDS               UI    0.00
390   08/08/2025 ***(2/20/25) MOT FOR CONTINUANCE                UI    0.00
391   08/08/2025 ***(2/20/25) (PROP) ORD ON MOT FOR CONTINUANCE  UI    0.00
392   08/08/2025 ***(2/25/25)NOCP 3/13/25 @830AM                 UIM   0.00
393   08/08/2025 ***(2/27/25) NOCP 3/13/25 @830AM                UIM   0.00
394   08/08/2025 ***(2/28/25)SUBPOENA-STEPHANIE DE LA CRUZ       UI    0.00
395   08/08/2025 ***(2/28/25)CERT OF WRITTEN DISCOVERY           UI    0.00
396   08/08/2025 ***(2/28/25)SUBPOENA-LATRICE TATE               UI    0.00
397   08/08/2025 ***(2/28/25)SUBPOENA-DARIUS FLOWERS             UI    0.00
398   08/08/2025 ***(2/28/25)SUBPOENA-OFFICER LANCE              UI    0.00
399   08/08/2025 ***(2/28/25) SUBPOENA-LARISSA HORTON            UI    0.00
400   08/08/2025 ***(3/3/25) MOTION TO COMPEL COMPLIANCE WITH SUBP UI  0.00
401   08/08/2025 ***(3/6/25)AMEND MOT TO COMPEL COMPLIANCE W/SUBP UI   0.00
402   08/08/2025 ***(3/11/25)SUBPOENA-AMANDA HIXON               UI    0.00
403   08/08/2025 ***(3/11/25)SUBPOENA-SCOTT HARMON               UI    0.00
404   08/08/2025 ***(3/11/25)SUBPOENA-KIMBERLY HARMON            UI    0.00
405   08/08/2025 ***(3/11/25)SUBPOENA-JENNIFER BLAKE             UI    0.00
406   08/08/2025 ***(3/11/25)NOT OF FILING BUSINESS RECORDS      UI    0.00
407   08/08/2025 ***(3/12/25)MOTION TO QUASH SUB AN FOR PO       UI    0.00
408   08/08/2025 ***(3/12/25)MOTION TO QUASH                     UI    0.00
409   08/08/2025 ***TRANSFER CERTIFICATE***                      UI    0.00
410   08/08/2025 ***(3/12/25)MOTION TO QUASH                     UI    0.00
411   08/08/2025 ***(3/13/25)AJ'S REPORT                         UIM   0.00
412   08/08/2025 ***(4/14/25) ORDER FOR W/D OF ATTNY             UIM   0.00
413   08/08/2025 ***(4/14/25)MOT FOR W/D OF ATTNY                UI    0.00
414   08/08/2025 ***(4/17/25)ORDER FOR W/D OF ATTNY              UIM   0.00
415   08/08/2025 ***(4/29/25)SUBPOENA-MATTHEW MCKORN             UI    0.00
416   08/08/2025 ***(4/30/25)NOT OF BUSINESS RECORDS AFFD        UI    0.00
417   08/08/2025 ***(5/2/25) NOT OF BUSINESS RECORDS AFFD        UIM   0.00
418   08/08/2025 ***(5/8/25) AJ'S REPORT                         UIM   0.00
419   08/08/2025 ***(5/8/25) CLARIFIED AJ'S REPORT               UIM   0.00
420   08/08/2025 ***(5/12/25)MOT TO SIGN TEMP ORDS               UI    0.00
421   08/08/2025 ***(5/13/25) (PROP)NOCP                         UI    0.00
422   08/08/2025 ***(5/15/25) MOT TO MOD CHILD SUPPORT           UI    0.00
423   08/08/2025 ***(5/15/25)SECOND AMENDED NOCP 6/4/25 @830AM   UIM   0.00
424   08/08/2025 ***(5/16/25)MOT TO SIGN ORD MOT QUASH SUBP AND PO UI  0.00
425   08/08/2025 ***(5/16/25)(PROP)NOCP ON MOT TO SIGN MOT QUASH UI    0.00
426   08/08/2025 ***(6/16/25)AMENDED NOCP 6/4/25 @830AM          UIM   0.00
427   08/08/2025 ***(5/23/25) NOCP ON MOT TO SIGN 6/4/25 @830AM  UIM   0.00
428   08/08/2025 ***(5/28/25) SUBPOENA-MATTHEW MCKORN            UI    0.00
429   08/08/2025 ***(6/2/25)FCS NOT OF STATUS ON ORD SUP VISIT   UIM   0.00
430   08/08/2025 ***(6/3/25)NOT OF BUSINESS RECORDS AFFD         UI    0.00
431   08/08/2025 ***(6/4/25) AJ'S REPORT                         UIM   0.00
432   08/08/2025 ***(6/4/25)ORDER ON MOT TO QUASH AND PO         UIM   0.00
433   08/08/2025 ***(6/4/25)ORDER HOLDING RESP IN DIRECT CONTEMPT & UIM 0.00
      08/08/2025 ORDERING COMMITMENT
434   08/08/2025 ***(6/4/25)TEMP ORDS                            UIM   0.00
------------------------------------------------------------------------
```

```
                    TARRANT COUNTY DISTRICT CLERK'S OFFICE        Page:    6
                         ALL TRANSACTIONS FOR A CASE             Date: 12/16/2025
                                                                 Time: 10:51
-----------------------------------------------------------------------------
               Cause Number: 322-619733-17   Date Filed: 05/31/2017
       JENNIFER SCROGGINS RANDLES        v      SAMUEL CHRISTOPHER RANDLES
                                         s
          Cause of Action: MODIFICATION-CUSTODY
          Case Status....: PENDING, TRANSFERRED FROM ANOTHER DISTRICT COURT
-----------------------------------------------------------------------------
          Filemark   Description                                  Fee Total
-----------------------------------------------------------------------------
435   08/08/2025 ***(6/6/25) AJ'S REPORT                       UIM    0.00
436   08/08/2025 ***(6/6/25)INCOME WITHHOLDING FOR SUPPORT     UIM    0.00
437   08/08/2025 ***(6/11/25)MOT TO SIGN TEMP ORDS IN SUIT MOD C/S  UI    0.00
438   08/08/2025 ***(6/06/25) ORDER OF RELEASE FROM JAIL       UIM    0.00
439   08/08/2025 ***(6/11/25)NOCP 6/20/25@830AM                UIM    0.00
440   08/08/2025 ***(6/20/25) TEMP ORDS IN SUIT MOD C/S        UIM    0.00
441   08/08/2025 ***(6/30/25)NOTICE OF APPEAL//TO APPEALS      UI     0.00
442   08/08/2025 ***(6/30/25)NOTICE OF APPEAL//TO APPEALS      UI     0.00
443   08/08/2025 ***(7/1/25)COURT OF APPEALS                   UI     0.00
444   08/08/2025 ***(7/7/25)NOT OF APPEAL//TO APPEALS          UI     0.00
445   08/08/2025 ***(7/7/25)NOT OF APPEAL//TO APPEALS          UI     0.00
446   08/08/2025 ***(7/8/25)MOT TO ENFORCE POSS AND ACCESS AND MOT  UI    0.00
      08/08/2025 TO TERM UNLAWFUL SUPERVISION REQ
447   08/08/2025 ***(7/9/25)MOT TO DISQUALIFY OPPOSING COUNSEL  UI    0.00
448   08/08/2025 ***(7/11/25)APPELLANT REQ FOR CLERKS REC AND ITEMS UI  0.00
      08/08/2025 TO BE INCLUDED
449   08/08/2025 ***(7/11/25)COURT OF APPEALS                  UI     0.00
450   08/08/2025 ***(7/15/25)OBJECT TO DELAY IN SCHEDILING HEARING  UI  0.00
451   08/08/2025 ***(7/21/25)(PROP) NOCP                       UI     0.00
452   08/08/2025 ***(7/21/25)(PROP) NOCP                       UI     0.00
453   08/08/2025 ***(7/21/25) WRITTEN REQ FOR COURT REPORTER   UI     0.00
454   08/08/2025 ***(7/21/25) MOT TO REASSIGN DISQUALIFICATION HEAR UI  0.00
      08/08/2025 TO NEUTRAL JUDGE
455   08/08/2025 ***(7/21/) CERT OF WRITTEN DISCOV             UI     0.00
456   08/08/2025 ***(7/21/25)ORDER FOR RECUSAL                 UIM    0.00
457   08/08/2025 ***(7/24/25)ORDER OF TRANSFER DUE TO RECUSAL  UIM    0.00
458   08/12/2025 ***(8/12/25) NOT OF OBJECTOIN TO SCHEDULING DELAY UI  0.00
      08/12/2025 AMD UNEQUAL ACCESS TO COURT
459   08/12/2025 ***(7/1/25) CLERKS RECORD DUE 8/19/25                0.00
460   08/13/2025 ORDER OF VOLUNTARY RECUSAL (TO TK)            UIM    0.00
461   08/13/2025 LETTER NOTICE OF FILING ORDER OF VOLUNTARY RECUSAL UIM 0.00
462   08/14/2025 *JDG & OPIN (CT/APPEALS) DWOJ                 UI     0.00
463   08/26/2025 COPIES - ELECTRONIC (1-10 PAGES)              N      1.00
464   08/26/2025 PAYMENT RECEIVED trans #463                   Y      1.00
465   08/26/2025 NTC OF VOID SVC & MOT TO VACATE TRO           UI     0.00
466   09/04/2025 *CT/APPEALS (ORIG PROC) PET/MAND FILED        I      0.00
547   09/04/2025 ORDER OF ASSIGNMENT BY THE PRESIDING JUDGE    I      0.00
467   09/05/2025 *CT/APPEALS (ORIG PROC) PET/MAND DENIED       I      0.00
```

```
468   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
469   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
470   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
471   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
472   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
473   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
474   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
475   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
476   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
477   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
478   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
479   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
480   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
481   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
482   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
483   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
484   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
485   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
486   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
```

---

```
                TARRANT COUNTY DISTRICT CLERK'S OFFICE        Page:    7
                   ALL TRANSACTIONS FOR A CASE               Date: 12/16/2025
                                                             Time: 10:51
```

---

```
         Cause Number: 322-619733-17   Date Filed: 05/31/2017
    JENNIFER SCROGGINS RANDLES         v      SAMUEL CHRISTOPHER RANDLES
                                       s
       Cause of Action: MODIFICATION-CUSTODY
       Case Status....: PENDING, TRANSFERRED FROM ANOTHER DISTRICT COURT
```

---

```
       Filemark   Description                                 Fee Total
```

---

```
487   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
488   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
489   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
490   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
491   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
492   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
493   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
494   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
495   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
496   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
497   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
498   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
499   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
500   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
501   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
502   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
503   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
504   09/10/2025 CERTIFY AND SEAL COPY FEE                        N      5.00
```

```
505  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
506  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
507  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
508  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
509  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
510  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
511  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
512  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
513  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
514  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
515  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
516  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
517  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
518  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
519  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
520  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
521  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
522  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
523  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
524  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
525  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
526  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
527  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
528  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
529  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
530  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
531  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
532  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
533  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
534  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
535  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
536  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
537  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
538  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
539  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
540  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
541  09/10/2025 CERTIFY AND SEAL COPY FEE                          N      5.00
542  09/10/2025 COPIES - ELECTRONIC (1-10 PAGES)                   N     74.00
543  09/10/2025 COPIES - ELECTRONIC (11 PAGES OR MORE)             N      8.70
--------------------------------------------------------------------------------
                 TARRANT COUNTY DISTRICT CLERK'S OFFICE       Page:   8
                 ALL TRANSACTIONS FOR A CASE                  Date: 12/16/2025
                                                              Time: 10:51
--------------------------------------------------------------------------------
         Cause Number: 322-619733-17   Date Filed: 05/31/2017
   JENNIFER SCROGGINS RANDLES          v     SAMUEL CHRISTOPHER RANDLES
                                       s
        Cause of Action: MODIFICATION-CUSTODY
        Case Status....: PENDING, TRANSFERRED FROM ANOTHER DISTRICT COURT
--------------------------------------------------------------------------------
```

APP-025

| Filemark | Description | | Fee | Total |
|---|---|---|---|---|
| 544 | 09/10/2025 PAYMENT RECEIVED-SAMUEL CHRISTOPHER RANDLES | Y | | 432.70 |
| 545 | 09/11/2025 ORD OF ASSIGNMENT BY THE PRESIDING JDG (9/4/25) | UIM | | 0.00 |
| 546 | 09/15/2025 MOT FOR EXTENSION OF TIME TO OBJECT AND NOT TEXAS | UI | | 0.00 |
| | 09/15/2025 RULE OF JUDICIAL ADMIN RULE 12 REQUEST | | | |
| 548 | 09/18/2025 OBJ TO ASSGNMNT OF JDG WILLIAM "BILL" HARRIS & NOT | UI | | 0.00 |
| | 09/18/2025 OF MOTION TO RECUSE | | | |
| 549 | 09/18/2025 MOT TO RECUSE JDG WILLIAM "BILL" HARRIS & NOT OF | UI | | 0.00 |
| | 09/18/2025 OBJ TO ASSIGNMENT | | | |
| 550 | 09/19/2025 MTN TO RECUSE JDG WILLIAM "BILL" HARRIS AND NOT OF | UI | | 0.00 |
| | 09/19/2025 OBJECTION TO ASSIGNMENT (TO TA/TK) | | | |
| 551 | 09/23/2025 LETTER RULING-JUDGE HARRIS | UIM | | 0.00 |
| 552 | 09/24/2025 *CT/APPEALS (ORIC PROC) MTN/LEAVE DENIED | UI | | 0.00 |
| 553 | 09/24/2025 *CT/APPEALS (ORIG PROC) MTN/LEAVE DENIED | UI | | 0.00 |
| 554 | 09/26/2025 ORDER DENYING MTN FOR EXTENSION OF TIME TO OBJECT | UIM | | 0.00 |
| | 09/26/2025 AND NOTCE OF TX RULE OF JUDICIAL ADMINISTRATION RU | | | |
| | 09/26/2025 LE 12 REQUEST | | | |
| 555 | 10/02/2025 *CT/APPEALS (ORIG PROC) MTN/RECONSIDERATION DENIED | UI | | 0.00 |
| 556 | 10/02/2025 *CT/APPEALS (ORIG PROC) MTN/REHEARING DENIED | UI | | 0.00 |
| 558 | 10/02/2025 EMAILED TRANS # 556 | UI | | 0.00 |
| 559 | 10/14/2025 ORDR/DENIED RE:(2) MTN TO RECUSE FLD 9-18 & 9-19 | UIM | | 0.00 |
| 560 | 10/14/2025 ORD GRANTING IN PART AND DENYING IN PART OBJ TO | UIM | | 0.00 |
| | 10/14/2025 ASSIGNMENT OF JUDGE WILLIAM "BILL" HARRIS AND NOT | | | |
| | 10/14/2025 OF MTN TO RECUSE | | | |
| | 10/14/2025 FILED  9-18-25 @10:15AM | | | |
| 557 | 10/21/2025 MTN TO VACATE VOID CONTEMPT ORDER FOR LACK OF | UI | | 0.00 |
| | 10/21/2025 JURISDICTION, DENIAL OF COUNSEL AND RETALIATION | | | |
| 561 | 11/24/2025 ORDER OF ASSIGNMENT BY THE PRESIDING JUDGE | UIM | | 0.00 |
| 562 | 12/01/2025 PRE-OBJECTION TO ASSGNMNT OF JDG D ROBINSON AND | UI | | 0.00 |
| | 12/01/2025 NOT OF NON-SERVICE AND EXPARTE COMMUNICATIONS | | | |

Total Number Of Records Printed:   403

APP-026

APP-027

**Volume I – Samuel Randles**

**Exhibit E – Order Holding Respondent in Direct Contempt
(June 4, 2025)**

231-619733-17

FILED
TARRANT COUNTY
6/4/2025 2:52 PM
THOMAS A. WILDER
DISTRICT CLERK

**NO. 231-619733-17**

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| ███ABBOTT RANDLES | § | |
| AND | § | 231ST JUDICIAL DISTRICT |
| ███ TENNESSEE RANDLES | § | |
| | § | |
| CHILDREN | § | TARRANT COUNTY, TEXAS |

### Order Holding Respondent in Direct Contempt
### And Ordering Commitment

On the 4th day of June 4, 2025 the Respondent, Samuel Christopher Randles, caused a disturbance when this case was called for trial by repeatedly interrupting the Court, and refusing to comply with repeated instructions from the Court, in spite of many warnings from the Court. The Respondent, Samuel Christopher Randles, failed to respond to direction and cease his disruption and delay of the orderly proceedings of the trial and is therefore held in direct contempt and his punishment is assessed at 10 days in the Tarrant County jail.

You are hereby authorized and ordered to take the body of Samuel Christopher Randles and keep him safely in the county jail of Tarrant County, Texas until he has served 10 days or until further order the Court, whichever occurs first.

SIGNED on _____June 4, 2025_____.

_____
DISTRICT JUDGE *Randy Catterton*

SIGNED on _____June 4, 2025_____.

_____
ASSOCIATE JUDGE

Page **1** of **1**

APP-028

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101620516
Filing Code Description: No Fee Documents
Filing Description:
Status as of 6/6/2025 11:30 AM CST

Associated Case Party: JENNIFERSCROGGINSRANDLES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elizabeth Parmer | | office@betsyparmer.com | 6/4/2025 2:52:38 PM | SENT |
| Angela Ecord | | angela@robinsonandsmartpc.com | 6/4/2025 2:52:38 PM | SENT |
| Tarrah Lett | | office@betsyparmer.com | 6/4/2025 2:52:38 PM | SENT |
| Laurie Robinson | 17098850 | lrobinson@robinsonandsmartpc.com | 6/4/2025 2:52:38 PM | SENT |

Associated Case Party: SAMUELCHRISTOPHERRANDLES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Geric Tipsword | | geric.tipsword@tipswordlaw.com | 6/4/2025 2:52:38 PM | SENT |
| Jeffrey Foust | | FILINGS@THEFOUSTFIRM.COM | 6/4/2025 2:52:38 PM | SENT |
| Samuel Randles | | randles.sam@gmail.com | 6/4/2025 2:52:38 PM | SENT |

Associated Case Party: ATTORNEY GENERAL OF TEXAS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Attorney General Of Texas | | csd-legal-914@texasattorneygeneral.gov | 6/4/2025 2:52:38 PM | SENT |

Associated Case Party: FAMILY COURT SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Family Court Services | | fcs@tarrantcountytx.gov | 6/4/2025 2:52:38 PM | SENT |

Case Contacts

*APP-029*

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101620516
Filing Code Description: No Fee Documents
Filing Description:
Status as of 6/6/2025 11:30 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kim Mullins | | Kim@leasorcrass.com | 6/4/2025 2:52:38 PM | SENT |
| Tina Sweeden | | tina@leasorcrass.com | 6/4/2025 2:52:38 PM | SENT |
| Stacy Alford | | stacy@leasorcrass.com | 6/4/2025 2:52:38 PM | SENT |
| Desiree Griffin | | desiree@leasorcrass.com | 6/4/2025 2:52:38 PM | SENT |
| Mark Cochran | | mark@mscochranlaw.com | 6/4/2025 2:52:38 PM | SENT |
| Victoria Williams | | victoria@mscochranlaw.com | 6/4/2025 2:52:38 PM | SENT |
| Chris  Green | | cg64143@gmail.com | 6/4/2025 2:52:38 PM | SENT |

APP-031

**Volume I – Samuel Randles**

**Exhibit F – Order of Release from Jail
(June 6, 2025)**

231-619733-17

FILED
TARRANT COUNTY
6/12/2025 10:21 AM
THOMAS A. WILDER
DISTRICT CLERK

NO. 231-619733-17

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE 231st JUDICIAL |
| Foy Abbott Randles and Rowan Tennessee Randles | § | DISTRICT COURT |
| | § | TARRANT COUNTY, TEXAS |

ORDER OF RELEASE FROM JAIL

IT IS ORDERED Respondent, RANDIES, SAMUEL C., CID Number ███████, Social Security Number ███████ and date of birth ███████ shall be released from the Tarrant County Jail.

(USE NEXT PARAGRAPH IF RESPONDENT IS ORDERED TO APPEAR IN COURT)

IT IS ORDERED Respondent, _____, shall appear before the Associate Judge (or Judge) of the _____ Court located on the _____ floor of the Family Law Center, 200 East Weatherford Street, Fort Worth, Texas on _____, 20____, at ____ ___.m., for a hearing on the _____ filed on _____, 20____.

(USE NEXT PARAGRAPH IF RESPONDENT IS ORDERED TO REPORT TO COMMUNITY SUPERVISION)

IT IS ORDERED Respondent, _____, shall report to the Community Supervision Unit, Second Floor, Family Law Center, 200 East Weatherford Street, Fort Worth, Texas on _____, 20____, at ____ ___.m., to be briefed and processed by the Community Supervision Counselor.

IT IS ORDERED failure of _____ to appear at the date and time herein ordered shall result in the issuance of Capias for _____ arrest.

SIGNED this the 6 day of June, 2025.

JUDGE PRESIDING
Kevin J. Schmidt
231st Associate Judge

231st District Court Judge

ASSOCIATE JUDGE
DATE: _____, 20____

APPROVED AS TO FORM:

ADDRESS: _____
_____
PHONE: _____
FAX NO: _____
BAR CARD NO. _____

*APP-032*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101929958
Filing Code Description: No Fee Documents
Filing Description:
Status as of 6/13/2025 1:25 PM CST

Associated Case Party: JENNIFERSCROGGINSRANDLES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Laurie Robinson | 17098850 | lrobinson@robinsonandsmartpc.com | 6/12/2025 10:21:02 AM | SENT |
| Elizabeth Parmer | | office@betsyparmer.com | 6/12/2025 10:21:02 AM | SENT |
| Angela Ecord | | angela@robinsonandsmartpc.com | 6/12/2025 10:21:02 AM | SENT |
| Tarrah Lett | | office@betsyparmer.com | 6/12/2025 10:21:02 AM | SENT |

Associated Case Party: SAMUELCHRISTOPHERRANDLES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Geric Tipsword | | geric.tipsword@tipswordlaw.com | 6/12/2025 10:21:02 AM | SENT |
| Jeffrey Foust | | FILINGS@THEFOUSTFIRM.COM | 6/12/2025 10:21:02 AM | SENT |
| Samuel Randles | | randles.sam@gmail.com | 6/12/2025 10:21:02 AM | SENT |

Associated Case Party: ATTORNEY GENERAL OF TEXAS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Attorney General Of Texas | | csd-legal-914@texasattorneygeneral.gov | 6/12/2025 10:21:02 AM | SENT |

Associated Case Party: FAMILY COURT SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Family Court Services | | fcs@tarrantcountytx.gov | 6/12/2025 10:21:02 AM | SENT |

Case Contacts

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 101929958
Filing Code Description: No Fee Documents
Filing Description:
Status as of 6/13/2025 1:25 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kim Mullins | | Kim@leasorcrass.com | 6/12/2025 10:21:02 AM | SENT |
| Tina Sweeden | | tina@leasorcrass.com | 6/12/2025 10:21:02 AM | SENT |
| Stacy Alford | | stacy@leasorcrass.com | 6/12/2025 10:21:02 AM | SENT |
| Desiree Griffin | | desiree@leasorcrass.com | 6/12/2025 10:21:02 AM | SENT |
| Mark Cochran | | mark@mscochranlaw.com | 6/12/2025 10:21:02 AM | SENT |
| Victoria Williams | | victoria@mscochranlaw.com | 6/12/2025 10:21:02 AM | SENT |
| Chris  Green | | cg64143@gmail.com | 6/12/2025 10:21:02 AM | SENT |

*APP-034*

APP-035

**Volume I – Samuel Randles**

**Exhibit G – Email Correspondence
(Lindsey Baker Harris Assignment – Cause No. 322-619733-17, September 11, 2025)**



Sam Randles <randles.sam@gmail.com>

## Randles 322-619733-17

1 message

**Lindsey K. Baker** <LKBaker@tarrantcountytx.gov>                Thu, Sep 11, 2025 at 11:51 AM
To: "randles.sam@gmail.com" <randles.sam@gmail.com>, Laurie Robinson <lrobinson@robinsonandsmartpc.com>, Angela Ecord <angelaecord@robinsonandsmartpc.com>, Stacy Alford <alfordlaw@charter.net>, CSD-Legal-914 <csd-legal-914@oag.texas.gov>, "CSD-LEGAL-914@TEXASATTORNEYGENERAL.GOV" <csd-legal-914@texasattorneygeneral.gov>
Cc: "Tegan B. Allison" <TBAllison@tarrantcountytx.gov>

Attached is an Order of Assignment by the Presiding Judge. Honorable William Harris, Senior Judge of the 233rd has been assigned to preside over the case.

The Auxiliary Coordinator, Ms. Tegan Allsion, is the person of contact to set matters for this case. Her email is Tballison@tarrantcountytx.gov.



322nd Court Coordinator

Tarrant County Family Law Center

200 E. Weatherford, 4th floor

Fort Worth, Texas 76196

Phone: (817) 884-1597

📄 **Randles-Order of Assignment.pdf**
461K

APP-037

**Volume II - Patrick Tuter**

**Exhibit A – Declaration of Patrick Tuter (28 U.S.C. § 1746)**

**DECLARATION OF PATRICK WAYNE TUTER**

*(Pursuant to 28 U.S.C. § 1746)*

I, **Patrick Wayne Tuter**, declare as follows:

1. I am over the age of eighteen and competent to make this declaration. I have personal knowledge of the matters stated herein and could testify competently thereto if called as a witness.

2. I am a party to the underlying proceedings and related matters referenced in this action. This declaration is made in support of Plaintiff's Appendix submitted in connection with the federal complaint filed in this Court.

3. The documents contained in the accompanying Appendix, including but not limited to court dockets, orders, filings, correspondence, public records, and other documentary materials, were obtained by me from official court files, government entities, public sources, counsel of record, or from my own records maintained in the ordinary course of events.

4. To the best of my knowledge and belief, each document attached as an exhibit to the Appendix is a true and correct copy of the original document as it existed at the time it was obtained.

5. Certain materials contained in the Appendix consist of statutes, court rules, judicial canons, public court records, and other matters subject to judicial notice. This declaration is not offered to establish the truth of the contents of such materials, but to authenticate their source and inclusion.

6. This declaration is made for the purpose of authenticating the exhibits contained in the Appendix and supporting the factual allegations, jurisdictional assertions, and procedural history set forth in the accompanying complaint and related filings.

7. Additional declarations by other plaintiffs or parties may be submitted separately to authenticate materials specific to their respective cases or experiences. This declaration is limited to the exhibits referenced herein and those within my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 3, 2026

*/s/ Patrick Wayne Tuter*

Patrick Wayne Tuter

**Volume II - Patrick Tuter**

**Exhibit B – State Commission on Judicial Conduct Ruling
(Roach matter; reference to spouse Laura Roach)**

The parties participated in a trial de novo on May 29, 2018, at which Judge Roach was the only witness. *See* Tex. Gov't Code Ann. § 33.034(e)(2). Having considered the parties' evidence and arguments, the court of review issues this timely decision. *See id.* § 33.034(h); *see also* Tex. R. Rem'l/Ret. Judg. 9(d) (West 2018) (specifying that decision by special court of review "may include dismissal, affirmation of the Commission's decision, imposition of a lesser or greater sanction, or order to the Commission to file formal proceedings").

We conclude that Judge Roach willfully violated Canons 2B and 4D(1) of the Code of Judicial Conduct and article V, section 1-a(6)(A) of the Texas Constitution as alleged in Charges I and II by lending the prestige of his office and exploiting his position as a judge to further the private interests of himself and his wife. The appropriate sanction for this conduct is a public admonition.

We find Judge Roach not guilty insofar as Charge II alleges that he engaged in activities involving him in frequent transactions with persons likely to come before his court. We find Judge Roach not guilty of violating article V, section 1-a(6)(A) of the Texas Constitution as alleged in Charge III.

### BACKGROUND

John Roach, Jr. has served as the presiding judge of the 296th District Court of Collin County since 2007. His wife, Laura Roach, is an attorney who devotes

APP-041

**Volume II - Patrick Tuter**

**Exhibit C – Mediation Receipt**
**(June 2, 2022)**

**From:** Chelsey Ragsdale <cragsdale@mccathernlaw.com>
**Date:** Thursday, June 2, 2022 at 9:44 AM
**To:** Shmyla Alam <shmyla.alam@cokerlegal.com>, Matt Finn <matt.finn@cokerlegal.com>
**Subject:** McCathern Receipt - Full Day Mediation - P. Tuter

Please see the below receipt for your client. Thank you!

---

McCathern PLLC
3710 Rawlins St Ste 1600
Dallas,, TX, 75219
2147412662

Date: 6/2/2022 9:40:19 AM (Local Time)

Transaction ID: 2049884117

Ref ID: Patrick Tuter/mediation

Purchase Order #:

Account #: ************8155

Auth:536985

Amount: $1,400.00

Signature:

I, Patrick Tuter, agree to pay the above amount according to the card issuer agreement. (Merchant agreement if credit voucher)

Thank You!

---

## Chelsey Ragsdale

*Certified Paralegal*

One Cowboys Way, Suite 175

Frisco, Texas 75034

**p:** 214.741.2662 | **f:** 214.741.4717
cragsdale@mccathernlaw.com



This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521 and may be legally privileged. This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this communication in error, please notify McCathern, PLLC immediately by telephone 214.741.2662 and destroy the original message. Messages sent to and from us may be monitored.

**Volume II - Patrick Tuter**

**Exhibit D – Clerk's Record (2CR)**
**Order Assigning Judge Kim Cooks to Hear Motion to**
**Recuse Judge Roach**
**(December 12, 2024)**

Filed: 12/12/2024 9:44 AM
Michael Gould
District Clerk
Collin County, Texas
By Elizabeth Anderson Deputy
Envelope ID: 95234301

CAUSE NO. 296-50864-2022

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE | § | IN THE DISTRICT COURT |
| ASHLEY NICOLE TUTER AND PATRICK WAYNE TUTER, | § | 296TH JUDICIAL DISTRICT |
| AND IN THE INTEREST OF CHILDREN | § | COLLIN COUNTY, TEXAS |

### ORDER ASSIGNING JUDGE KIM COOKS TO HEAR FATHER'S SECOND MOTION TO RECUSE JUDGE JOHN ROACH

On December 10, 2024, the Father filed his second motion to recuse Judge John Roach (the Father's first motion to recuse was summarily denied by Judge Ray Wheless.), In addition, the Father also seeks the recusal of Judge Ray Wheless, Regional Presiding Judge for the First Administrative Judicial Region.

T.R.C.P. 18a (g)(1) provides the following: "…If a party files a motion to recuse or disqualify the regional presiding judge, the regional presiding judge may still assign a judge to rule on the original, referred motion."

Pursuant to Rule 18a(g)(1), I hereby assign the Honorable Kim Cooks, Former Judge of the 255th District Court of Dallas County, Texas to hear and rule on the Father's second motion to recuse Judge John Roach filed by the Father on December 10, 2024. This hearing will be held on December 12, 2024 at 1:30 PM in the 296th District Court of Collin County, Texas as part of the pre-trial hearing in this case.

Signed this 11th day of December, 2024.

JUDGE RAY WHELESS
REGIONAL PRESIDING JUDGE,
FIRST ADMINISTRATIVE
JUDICIAL REGION OF TEXAS

**930**

APP-045

**Volume II - Patrick Tuter**

**Exhibit E – Clerk's Record (2CR) Objection to Judge Kim Cooks (December 12, 2024)**

Filed: 12/12/2024 3:26 PM
Michael Gould
District Clerk
Collin County, Texas
By Julie Wolfe Deputy
Envelope ID: 95261955

**NO. 296-50864-2022**

| | | |
|---|---|---|
| **IN THE MATTER OF** | § | **IN THE DISTRICT COURT** |
| **IN THE MARRIAGE OF** | § | |
| | § | |
| **ASHLEY NICOLE TUTER** | § | |
| **AND** | § | **296TH JUDICIAL COURT** |
| **PATRICK WAYNE TUTER** | § | |
| | § | |
| **AND IN THE INTEREST OF** | § | |
| ▊ **AND** | **COLLIN COUNTY, TEXAS** | |
| ▊ **CHILDREN** | | |

_____

### OBJECTION TO AN ILLEGAL HEARING/INTENT TO RECUSE ANY LOWER OR UNELECTED OR UNLECTABLE JUDGE

Comes now **Patrick Wayne Tuter**, Pro Se, representing himself. **Patrick Wayne Tuter** has just become aware of more Constitutional Rights violations.   Patrick Wayne Tuter files this OBJECTION TO AN ILLEGAL HEARING/INTENT TO RECUSE ANY LOWER OR UNELECTED/UNELECTABLE JUDGE and DEMANDS that the **1ST ADMINISTRATIVE JUDICIAL REGION**  IMMEDIATELY Cease and Desist with all hearings and any contested matters between the parties, UNTIL a full Criminal Investigation is completed by the OAG Criminal Division or similar agency. This is simply the law, and every person involved in attempting to set this illegal hearing shall be prosecuted.

#### STANDING INTENT TO RECUSE/DISQUALIFY

Associate Judges and Judges for Title IV-D cases are appointed and serve according to Chapter 201 of the Texas Family Code. In all situations where a case has been referred to an associate judge, a party may submit a written objection to the appointed associate judge hearing a trial on the merits.

Therefore, this Motion serves as a Standing Objection of any and all Associate and/or non-Elected and/or unelectable judges, in perpetuity. Respondent will not accept any judge who is not elected and electable (See TFC Section 20l.005 (b) & (c)).

Respondent shall Recuse/Disqualify any attempt to assign any judge who lacks accountability to the voters, as is his right.

Additionally, Respondent shall Recuse/Disqualify any lower court judge assigned to this matter, including Kim Cooks who is not qualified to sit in this matter.

II.

**932**

**APP-046**

This motion is filed at least 10 days before the date of the scheduled hearing or trial, or at the earliest practicable time before the beginning of the trial or other hearing as the judge was assigned to this case 10 or fewer days before the scheduled hearing or trial. The earliest practicable time is now as the 1st Administrative Region has openly violated Due Process by assigning a hearing with only hours-notice and without a formal Order.

Today's date is the EARLIEST PRACTICABLE TIME BEFORE THE BEGINNING OF TRIAL. Due to the continued violations by court actors that are compounding daily, the extreme abuse this defendant has experienced across all domains (lifetime damage that shall never dissipate), and the utter lawfare and illegal use of State resources, this defendant has only now been able to address even a portion of the insurmountable EVIDENCE within the underlying Cause.

III.

Wherefore, premises considered, Patrick Wayne Tuter prays that this Honorable Court grant said motion and that another judge be assigned to preside over this cause, as is mandated by the presence of Evidence in the attached Criminal Complaint.

Wherefore, premises considered, Patrick Wayne Tuter prays that this Honorable Court grant the ADDITIONAL REQUEST that 366th DISTRICT JUDGE TOM NOWACK be Ordered by the 1st AJR to exercise he duties as required by his Oath of office. NOWACK has failed to address the attached Criminal Complaint as is required by his Oath and position, in violation of law and the constitution. Judge Nowack will be in violation 30 days after he was presented this Criminal Complaint on **December 12, 2024**.

I declare that to the best of my knowledge and belief, the information herein is true, correct, and complete AND THAT I HAVE PERSONAL KNOWLEDGE OF THE EVENTS REPORTED HEREIN.

Executed this 12th day of December, 2024.

/s/Partick Wayne Tuter

Patrick Wayne Tuter-Pro Se
patrick762soldier@hotmail.com

**933**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 95261955
Filing Code Description: Notice
Filing Description: Notice Of Illegal Hearing
Status as of 12/13/2024 2:42 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kathryn FlowersSamler | | ksamler@gbafamilylaw.com | 12/12/2024 3:26:35 PM | SENT |
| Heather Ulliman | | hulliman@gbafamilylaw.com | 12/12/2024 3:26:35 PM | SENT |
| Patrick WayneTuter | | patrick762soldier@hotmail.com | 12/12/2024 3:26:35 PM | SENT |

APP-048

APP-049

**Volume II - Patrick Tuter**

**Exhibit F – Clerk's Record (1CR)**
**Motion for Recusal of Judge John Roach and Judge Ray Wheless**
**(December 10, 2024)**

<u>NO. 296-50864-2022</u>

| | | |
|---|---|---|
| **IN THE MATTER OF** | § | **IN THE DISTRICT COURT** |
| **IN THE MARRIAGE OF** | § | |
| | § | |
| **ASHLEY NICOLE TUTER** | § | |
| **AND** | § | **296TH JUDICIAL COURT** |
| **PATRICK WAYNE TUTER** | § | |
| | § | |
| **AND IN THE INTEREST OF** | § | |
| **A.G.T.   AND** | | **COLLIN COUNTY, TEXAS** |
| **A. K.T., CHILDREN** | | |

FILED 2024 DEC 10 PH 1:59 MICHAEL GOULD DISTRICT CLERK COLLIN COUNTY, TX BY_____ DEPUTY

---

### MOTION FOR RECUSAL

Comes now **Patrick Wayne Tuter**, Pro Se, representing himself. **Patrick Wayne Tuter** has just become aware of more Constitutional Rights violations. Patrick Wayne Tuter files this Motion for Recusal/Disqualification and moves the **Honorable District Judge Roach Jr** of the Collin County 296th recuse or disqualify himself *and* the **Honorable Ray Wheless First Administrative Judicial Region (1st AJR)** recuse or disqualify himself and objects to the **Honorable District Judge Roach Jr or the Honorable First Administrative Judge Ray Wheless** hearing any contested matters between the parties to these actions.

Pursuant to the United States Constitution Amendment XIV, the Texas Constitution Article 1 Section 19, Texas Rules of Civil Procedure 18a and 18b, and Texas Code of Judicial Conduct, Canon 3.B. (1), (4), (5), (6), (8), and (11), **Patrick Wayne Tuter** moves the **Honorable District Judge Roach Jr and the Honorable 1st AJR Ray Wheless** to be Disqualified based on the following grounds:

United States Constitution Amendment XIV (U.S. Const. XIV § 1) Grounds for Recusal/Disqualification for repeated violation of Due Process:

The 14th Amendment, Section 1 of the United States Constitution states:

> *All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; <u>nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws</u>.*

APP-050

Texas Constitution Article 1 Section 19 (Tx Const. 1 § 19) Grounds for Recusal/Disqualification for repeated violation of Due Process:

Article 1, Section 19 of the Texas Constitution states:

> *DEPRIVATION OF LIFE, LIBERTY, PROPERTY, ETC. BY DUE COURSE OF LAW. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.*

The **Supremacy Clause** of the Constitution Of The United States (Article VI clause 2) establishes that the Constitution, federal laws made pursuant to it, and treaties made under its authority, constitute the "supreme Law of the Land", and thus take priority over any conflicting state laws. Judges derive their authority from their Oath Of Office to uphold the Constitution Of The United States. If a judge violates the Fundamental Rights of litigants in his court, he violates his oath of office, and his rulings are void.

Texas Rules of Civil Procedure (TRCP) 18b (a) (b) Grounds for Disqualification due to refusal to Recuse:

(a) Grounds for Disqualification. A judge must disqualify in any proceeding in which:

(2) the judge knows that, individually or as a fiduciary, the <u>judge has an interest in the subject matter in controversy</u>; or

(b) Grounds for Recusal. A judge must recuse in any proceeding in which:

(1) the judge's impartiality <u>might reasonably be questioned</u>;

(2) the judge has <u>a personal bias or prejudice concerning the subject matter or a party</u>;

U. S. Supreme Court Grounds for Disqualification due to refusal to Recuse:

The U. S. Supreme Court delivered a definitive opinion in 1994 (Liteky v. U. S., 144 S. Ct. 1147), including:

(4) Judicial rulings, routine administration efforts, and ordinary admonishments are immune unless **(a) they are based on knowledge acquired outside judicial proceedings** or **(b) display a deep-seated and unequivocal antagonism that renders fair judgment impossible.** (p. 1158).

The essence of fair judging is an open mind. Justice Anthony Kennedy wrote:

> If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge <u>must be disqualified</u>. Indeed, in such circumstances, I should think that any judge who understands the judicial office and oath would be the first to insist that another judge hear the case. Liteky v. United States, 114 S.C. 1147, 1162 (1994)(Kennedy, J., concurring).

The Preamble of the Texas Code of Judicial Conduct states the same principle:

**819**

Our legal system is based on the principle that an independent, fair and competent judiciary will interpret and apply the laws that govern us.

The role of the judiciary is central to American concepts of justice and the rule of law. Intrinsic to all sections of this Code of Judicial Conduct are the precepts that judges, individually and collectively, must respect and honor the judicial office as a public trust and strive to enhance and maintain confidence in our legal system. The judge is an arbiter of facts and law for the resolution of disputes and a highly visible symbol of government under the rule of law.

Texas Code of Judicial Conduct (TCJC), Canon 3.B. (1), (4), (5), (6), (8), and (11) states:

(1) A judge shall hear and decide matters assigned to the judge except those in which disqualification is required or recusal is appropriate.

(4) A judge shall be patient, dignified and courteous to litigants, jurors, witnesses, lawyers and others with whom the judge deals in an official capacity, and should require similar conduct of lawyers, and of staff, court officials and others subject to the judge's direction and control.

(5) A judge shall perform judicial duties without bias or prejudice.

(6) A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, including but not limited to bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation or socioeconomic status, and shall not knowingly permit staff, court officials and others subject to the judge's direction and control to do so.

(8) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider *ex parte* communications or other communications made to the judge outside the presence of the parties between the judge and a party, an attorney, a guardian or attorney ad litem, an alternative dispute resolution neutral, or any other court appointee concerning the merits of a pending or impending judicial proceeding. A judge shall require compliance with this subsection by court personnel subject to the judge's direction and control.

(11) <u>A judge shall not disclose or use, for any purpose unrelated to judicial duties, nonpublic information acquired in a judicial capacity.</u> The discussions, votes, positions taken, and writings of appellate judges and court personnel about causes are confidences of the court and shall be revealed only through a court's judgment, a written opinion or in accordance with Supreme Court guidelines for a court approved history project.

According to *Bulloch v. United States, 763 F.2d 1115, 1121:*

> *In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."*

I.

**Patrick Tuter** (the Parent of the minor children/Pro Se) alleges these grounds for Recusal/Disqualification based on PERSONAL KNOWLEDGE that is supported by admissible evidence (*See* attached Affidavit/Criminal Complaint) or based on the specifically stated grounds for belief of the allegations, said grounds being:

**Honorable Judge Roach Jr. and Honorable Judge Ray Wheless Recusal/Disqualification**

JUDGE RAY WHELESS is aware of this case and previous complaints involving this case, including Due Process violations by the previous judge, LINDSEY WYNNE and did nothing about the fundamental rights violations. In JUDGE WHELESS'S ruling on 12-5-24, He states "The Father's remedy is to try the case and appeal any rulings he believes are not based upon the law and the evidence." If Fundamental Rights are being violated and the law is not being followed in the trial court, there will be no Due Process.

Therefore, the logic of forcing a litigant to go through a court that will not follow the law, violates the litigant's Constitutional Rights and Natural Law (*See* Blackstone) and the litigant must hope to restore his Fundamental Rights on appeal is unconstitutional and the mere suggestion of such a remedy is an overt violation of WHELESS' Oath; Fraud upon the Court has been committed by WHELESS.

**821**

WHELESS'S absolute disregard for the EVIDENCE presented to him in the form of a sworn **Criminal Affidavit/Criminal Complaint** that has been submitted in accordance with the Texas Constitution and Texas Code of Criminal Procedure (TCCP), as clearly delineated with said Affidavit, can only be explained by two (2) explanations: (1) Incompetence or (2) Corruption. This open and flagrant violation of his Oath removes the protections that Oath provides, as well as any jurisdiction. These *knowing and willing* violations by WHELESS must be referred to the Texas Attorney General (OAG; Criminal Division) as no local entity may investigate due to fiduciary and other conflicts. WHELESS has not only ignored his Oath to immediately report these violations he is aware of, but WHELESS has directly and intentionally violated these same protected Rights in an attempt to cover-up crimes (e.g., conspiracy, RICO, etc.)

Patrick Tuter is entitled by Federal Law to fundamentally fair proceedings as a matter of Due Process. *The courts have a non-discretionary duty to determine, given the context and facts of this specific case, precisely what process Patrick Tuter and his children are due for these proceedings to be fundamentally fair. If this analysis does not appear in the record, this court is clearly in violation of procedural due process.*

This case is under appeal in the 5th Court of Appeals. Continuing proceedings while Constitutional Liberty Interests are in question violates the Due Process clause. Pre-trial motions and questions for the court concerning Fundamental Interests were not answered as stated above. Patrick Tuter has a right to know "what process is due". Dismissing Patrick Tuter's complaints of Constitutional rights violations as "subjective conclusions" only shows personal bias against Patrick Tuter and his Fundamental Rights.

As listed below, severely restricting Patrick Tuter's Fundamental Parental Rights based on false allegations requires a response. Strict scrutiny, narrowly tailored and least restrictive means must be used when issuing a ruling. *One cannot dismiss false reports which resulted in fundamental parental rights and the children's fundamental rights being denied, and enforcing non-existent court orders as subjective.*

*NOTICE.*

> *Stary v. Ethridge, No. 01-21-00101-CV (Tex. App. Dec. 15, 2022)* is currently in front of SCOTX, and will likely be ruled that the corrupt tactics of Texas Family Courts are blatant constitutional violations; as argued here and within the attached Criminal Complaint. This soon to be released ruling will provide grounds for further Criminal Prosecution, which will take place

**822**

immediately upon the release of said ruling. Any court actor and/or other who further participates in the unconstitutional severing of the Parent/Child relationship has been Noticed via this document and the Criminal Complaint attached.

Courts MUST follow the law. Court transcripts on 2-13-24 are lost, Findings of fact are not sent to the appellate court at all and are past due. 9-17-24 court transcripts have been altered to add the Miranda warning that was NOT given at the hearing, nor was a jury trial offered. **This tampering with evidence is a crime and must be investigated by an independent 3rd party, specifically the Attorney General of the State of Texas Criminal Division** (or Federal law enforcement), it CANNOT LEGALLY be dismissed by any named party or any local authority.

Judge Roach's reasoning to side with Ashley Tuter requesting child support amounts that have never been based on income and Patrick Tuter could never pay, was "she's a single mother" showing bias and was also removed from the transcript. *Every point Patrick Tuter made in his appeal has been added to the record if he complained it was not there (miranda rights were added) or taken out as stated above. This is criminal to tamper with evidence.* The audio MUST be reviewed by a 3rd party.

Ashley Tuter has used the courts to alienate the children and deny Patrick Tuter's fundamental rights. The court has ignored her violations of state law in multiple false reports. Courts must follow the law and cannot violate the Fundamental Rights of another just because one party filed for divorce. The courts are then guilty of depriving Patrick Tuter of his rights with no conviction of a crime and based on false allegations alone.

These issues are under appeal and continuing to have hearings involving Fundamental Liberty Interests is a violation of Due Process as the court will only continue to deprive Patrick Tuter and his children of these rights. Laws are in place to ensure Due Process. If the laws are not followed, there is no Due Process.

Cannon 1-Judge Roach has ignored the law on Constitutional rights, Parental Rights and Texas Family Code and even calling the Respondent a jerk on June 19th 2024. Judge Roach has ignored Attorney General Opinion for all Texas courts in KP-0241 in 2019. Constitutional and Parental Rights are FUNDEMENTAL and must be given strict scrutiny. Court rulings must be *Narrowly Tailored* and use the LEAST RESTRICTIVE means.

**823**

Cannon 2 Upholding the Integrity and Independence of the judiciary-Judge Roach has personally profited off this case as Judge Wynne sends litigants to Laura Roach, Judge Roach's wife. The Respondent and Petitioner used Laura Roach for mediation.

Canon 3: Performing the Duties of Judicial Office Impartially and Diligently
Judge Roach has ignored the MULTIPLE and ongoing false reports of drug and alcohol abuse. Keeping the same unlawful standard of forcing litigants to expensive testing and counseling courses for which the Respondent does not qualify. False reports are not evidence. Even after the tests confirm the allegations are false, no restrictions are removed on the Respondents time with his children. Newell V Newell has already been decided. Judges must keep up to date with already decided case law and not violate litigants rights just because one party makes up false allegations.
 Judge Roach also ignored the blood tests, urine tests, VA Records, substance abuse evaluation results that confirmed no drug or alcohol abuse had occurred and this appeared punitive in nature. The mandated counselor that the Respondent went to for over a year wrote a letter to the court stating the same thing.
 (both are attached as Exhibits A and B and C).
June 19, 2024 CPS testified for the Respondent about the multiple false reports, including false allegations of sexual abuse. CPS testified the children are being coached to speak negatively about the Respondent yet love their father and enjoy time with him. CPS has seen more evidence than the Judges have in this case. Still Judge Roach ignores the investigations that clear me of all the false allegations.
This violates the Respondents Due Process rights and Family Code that False Reports MUST be considered when determining custody and which parent will facilitate a relationship between the children and the other parent.
Judge Roach has ignored parental the ongoing alienation from the Petitioner.

Cannon 3 Section-D. Disciplinary Responsibilities.

(2) A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action. A judge having knowledge that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct that raises a substantial question as to the lawyer's
honesty, trustworthiness or fitness as a lawyer in other respects shall inform the Office of the
General Counsel of the State Bar of Texas or take other appropriate action

Judge Roach ignored opposing counsel, Katy Samler's aggravated perjury to delay a September 3rd 2024 hearing in which she did not properly serve the Respondent. Katy Samler filed a motion for continuance and led the court to believe could not be in court on 9-3-24 due to a death in the family. The continuance was granted under penalty of Perjury that this was not for reasons of delay.

**824**

On 9-3-24 A Sheriff's investigation found that Katie Samler was in fact working at her law firm on the day she told the courts she could not be there.

On 9-17-24 Katy Samler stated for the record that this case has prevented her from working on other cases and "fee shifting" was illegally allowed. Yet Katy Samler was working on a different case per her excuse why she was in the office on 9-3-24. Judges may not ignore crimes in the court room.

Cannon 3-C. Administrative Responsibilities.

(1) A judge should diligently and promptly discharge the judge's administrative responsibilities

without bias or prejudice and maintain professional competence in judicial administration, and

should cooperate with other judges and court officials in the administration of court business.

Judge Wynne and Judge Roach delayed the Respondents trial in November 2023 for over a year without consulting either party. This led to more financial obligations for $8,000 a month in spousal and child support that the Respondent does not qualify for.

Cannon 3 section 2

9-17-24 The Respondent complained his Constitutional and Civil Rights were being violated. Judge Roach responded "what do you want me to do about it"? A judge must uphold the Fundamental, Constitutional and state rights of litigants. Judge Roach illegally found the Respondent guilty of contempt for not being able to pay the nearly $8,000 a month for which there are no orders for.

The Petitioner does not qualify for spousal support. She is employed full time and makes more than the Respondent. Every qualifier for spousal support states the person seeking support does not have the ability to earn income.

There are no court orders for the $5,000 a month and existing appellate decisions already confirm, orders that are not reduced to writing are not enforceable.

Judge Roach allowed "fee shifting" of $12,000 to the Respondent as "child support".

Appellate courts have already decided "fee shifting" is not in the best interest of the child and is not allowed for billed attorneys fees.

February 13, 2024 Judge Roach reduced the child support to $1,000 monthly. Since the beginning, child support has never been set on the Respondents actual income as required by law. This violates the Respondents Constitutional rights to Due Process. Ignoring the law and setting child support at whatever the judge wants, then telling the litigant to go out and make that much money is ILLEGAL. Not only does this violate the rules from the Attorney General, it has financially destroyed the Respondent and this amounts to cruel and unusual punishment.

The transcripts from 2-13-24 proving the Respondents case, were "lost". Maintaining records of hearings is mandatory and losing them is unacceptable. There are no court orders for which Judge Roach JAILED the Respondent. This violates the Respondents Due

Process rights, Fundamental Parental Rights and Constitutional rights against cruel and unusual punishment. This is a civil case for which no litigant should ever have to face jail. In the 9-17-24 hearing, court records show a jury trial was waived. The Respondent did NOT waive a jury trial.

The payment history from the Respondent to the Petitioner was not correct and the Petitioners records that showed "no payment", when a payment had been made according to the AG Child Support history was ignored. The amount Judge Roach said the Respondent now owes is $80,000 to $90,000. This is abuse of discretion and ignoring all legal requirements on setting child support. If income is not provable, the AG policy is minimum wage at 40 hrs per week.

On 9-17-24 When the Respondent complained about not being able to afford the now almost 3 years max child support for which he never qualified for, Judge Roach responded "she's a single mother" referring to the Petitioner. Judge Roach is ignoring that the Petitioner has made Felony false reports, is alienating the children from the Respondent which is child abuse and the law requires he use the least restrictive means for his rulings. Texas Family code even states the law is to ensure (Frequent and continuing contact between a parent and child). The Respondent is assumed to be a fit parent, has been cleared of every single allegation and there have been no findings otherwise.

**(b)**Grounds for Recusal. A judge must recuse in any proceeding in which: **(1)** the judge's impartiality might reasonably be questioned;**(2)** the judge has a personal bias or prejudice concerning the subject matter or a party.

Due to Judge Roach's Violations of State Law, Family Code, Attorney General Opinion (KP0241), Fundamental Parental Rights (Older than the courts themselves), and the Children's Constitutional rights in this case Judge Roach has proven he is not fair and impartial and therefore Recusal is the only option.

According to *Bulloch v. United States, 763 F.2d 1115, 1121:*

> In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function — thus where the impartial functions of the court have been directly corrupted."

JUDGE ROACH JR. has *"not performed [his] judicial function[s]"* and *"the impartial functions of the court have been directly corrupted"* by his actions. Both JUDGES ROACH AND JUDGE WYNNE are seemingly in collusion with the MOTHER via her counsel Katy Samler with Goranson Bain Ausley, other unnamed actors, have committed Fraud

**826**

Upon the Court including jailing the respondent, altering court records, assigning debt to the respondent as "child support" and illegal "fee shifting".

Pursuant to the United States Constitution Amendment XIV, the Texas Constitution Article 1 Section 19, the U. S Supreme Court, Texas Rules of Civil Procedure 18a and 18b, and Texas Code of Judicial Conduct, Canon 3.B. (1), (4), (5), (6), (8), and (11), it is requested that **Honorable District Judge John Roach Jr.** be Recused/Disqualified, and all rulings within the 296th be immediately set aside/overturned due to gross abuse of power and discretion, and violations of State and Federal law. Loss of transcripts from 2-13-24 mandate a motion to vacate.

Due to the filed criminal complaint on Judge Roach Jr exposing crimes including the other involved parties, and the fact that Mr. Tuter was illegally jailed for 3 weeks, Mr. Tuter believes he will face severe retaliation. Recusal is the only option to protect Mr. Tuter's Constitutional and Civil Rights. The affidavit of criminal complaint is attached as Exhibit E. Included with Exhibit E is the Attorney Generals Letter, Reinforcing already decided case law and the fundamental rights of parents.

It is also requested that **Honorable District Judge John Roach Jr.** be referred to the State Commission on Judicial Conduct for investigation and/or sanctions, and be referred to all oversight and law enforcement organizations that address violations of State and Federal law by sitting Judges.

It is additionally requested that 366th DISTRICT JUDGE TOM NOWACK be Ordered by the 1st AJR to exercise he duties as required by his Oath of office. NOWACK has failed to address the attached Criminal Complaint as is required by his Oath and position, in violation of law and the constitution. Judge Nowack will be in violation 30 days after he was presented this Criminal Complaint on 11-18-24.

II.

This motion is filed at least 10 days before the date of the scheduled hearing or trial, or at the earliest practicable time before the beginning of the trial or other hearing as the judge was assigned to this case 10 or fewer days before the scheduled hearing or trial.

Today's date is the EARLIEST PRACTICABLE TIME BEFORE THE BEGINNING OF TRIAL. Due to the continued violations by court actors that are compounding daily, the extreme abuse this defendant has experienced across all domains (lifetime damage that shall never dissipate), and the utter lawfare and illegal use of State resources, this defendant has only now been able to address even a portion of the insurmountable EVIDENCE within the underlying Cause.

III.

Wherefore, premises considered, Patrick Wayne Tuter prays that this Honorable Court grant said motion and that another judge be assigned to preside over this cause, as is mandated by the presence of Evidence in the attached Criminal Complaint.

Wherefore, premises considered, Patrick Wayne Tuter prays that this Honorable Court grant the ADDITIONAL REQUEST that 366th DISTRICT JUDGE TOM NOWACK be Ordered by the 1st AJR to exercise he duties as required by his Oath of office. NOWACK has failed to address the attached Criminal Complaint as is required by his Oath and

**827**

position, in violation of law and the constitution. Judge Nowack will be in violation 30 days after he was presented this Criminal Complaint on 11-18-24.

I declare that to the best of my knowledge and belief, the information herein is true, correct, and complete AND THAT I HAVE PERSONAL KNOWLEDGE OF THE EVENTS REPORTED HEREIN.

Executed this ~~18th~~ day of ~~November~~, 2024.
10            December

_____
Patrick Wayne Tuter-Pro Se

## VERIFICATION

My name is Patrick Wayne Tuter, and my address is 814 Northshore Dr. Garland Tx 75040, I declare under penalty of perjury that the forgoing is true and correct. I have read this entire Affidavit/Complaint. The facts and circumstances contained in this petition are true to the best of my knowledge and belief. I have PERSONAL KNOWLEDGE of the facts contained herein.

_____NAME

Patrick 7625soldiere@hotmail Individual/Parent of Minor Children; Pro Se

Executed in Dallas County , State of Texas, on the ~~18th~~ day of ~~November~~, 2024.
10            December

## NOTARY ACKNOWLEDGEMENT

**State of Texas**

**County of** DALLAS _____

**PATRICK WAYNE TUTER**, personally appeared before me, and being first duly sworn declared that he signed this application in the capacity designated, if any, and further states that he has read the above application and the statements therein contained are true.

ERIK BENJAMIN
Notary Public, State of Texas
My Commission Expires
October 16, 2027
NOTARY ID 134604034

(Personalized Seal)

_____
Notary Public's Signature

**828**                                                    APP-060

APP-061

12-10-2024

Date

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served via email in accordance with rule 21a of the Texas Rules of Civil Procedure on 12-10-2024.

SIGNATURE

Patrick Wayne Tuter-Pro Se

APP-062

**Volume II - Patrick Tuter**

**Exhibit G – Clerk's Record (1CR)**
**Docket Entries, Pages 12, 19, and 20**

*Notice of Filing of Business Records Affidavit for Lord and Settles, LLC*
Party: Petitioner  Tuter, Ashley Nicole

| | | |
|---|---|---|
| 06/27/2023 | | Motion |

*Patrick Wayne Tuter's Motion for Further Temporary Orders*
Party: Respondent  Tuter, Patrick Wayne

06/28/2023    *CANCELED*  **Jury Trial**

06/28/2023    *CANCELED*  **Temporary Orders Hearing**

06/28/2023    Notice of Hearing

07/03/2023    Notice of Hearing
*Notice of Jury Trial*

07/25/2023    Motion
*Petitioner's Motion to Modify and for Further Temporary Orders*

07/26/2023    Notice
*Notice of Court Proceeding*

07/28/2023    **Temporary Orders Hearing** (Judicial Officer: Wynne, Lindsey)
*both - 10 min/side*

07/28/2023    General Docket Entry
*Case called. Parties appeared with counsel. W/S, E/P. Request for CS modification denied. Respondent is enjoined from being at the marital residence with the exception of possession drop offs at the curb. Respondent is not to access the mailbox at the marital residence. Parties are ordered to communicate through AppClose. Respondent is ordered to pay spousal support in the amount of $5000 a month until final trial in addition to child support. OTBF.*

08/08/2023    Certificate of Deposition (Bill of Cost Form)
*Reporter's Certification Deposition Of Ashley Tuter April 11, 2023*
Party: Respondent  Tuter, Patrick Wayne

08/09/2023    Certificate of Deposition (Bill of Cost Form)
*Reporter's Certification Deposition of Patrick Wayne Tuter May 23rd, 2023*
Party: Petitioner  Tuter, Ashley Nicole

08/09/2023    Certificate of Deposition (Bill of Cost Form)
*Reporter's Certification Deposition of Patrick Tuter April 11. 2023*
Party: Petitioner  Tuter, Ashley Nicole

08/10/2023    Letter
*Re: Scheduling Order*
Party: Respondent  Tuter, Patrick Wayne

08/17/2023    Designation of
*Petitioner's Second Amended Designation of Experts*

09/13/2023    Administrative Order

| 11/12/2024 | Subpoena Return - Not DC Issued |
| | *Affidavit of Service - Subpoena Duces Tecum - Independent Bank Group, Inc.* |
| 11/12/2024 | Subpoena Return - Not DC Issued |
| | *Affidavit of Service - Subpoena Duces Tecum - Enterprise Holdings, Inc.* |
| 11/12/2024 | Objection |
| | *Dr. Monica Liles Schocken's Objections, Motion for Protective Order, and Motion to Quash Subpoena Duces Tecum* |
| 11/18/2024 | Correspondence |
| | *Property Field Release Receipt Princeton Police Department* |
| | Party:  Witness  City of Princeton Records Dept. |
| 11/18/2024 | Motion to Recuse |
| | *Motion For Recusal* |
| 11/18/2024 | Correspondence Sent by Court |
| | *re: PO Notice* |
| 11/18/2024 | Correspondence Sent by Court |
| | *re: PO Notice* |
| 11/19/2024 | Order to Recuse |
| | *Order of Referral on Motion to Recuse* |
| 11/21/2024 | *CANCELED*  **Protective Order Hearing** |
| 11/21/2024 | Notice |
| | *Notice of Business Records Affidavit (Enterprise Mobility)* |
| 11/21/2024 | Notice |
| | *Notice of Business Records Affidavit (Next Steps Worldwide)* |
| 12/02/2024 | Motion |
| | *Ashley Nicole Tuter's Motion in Limine* |
| 12/02/2024 | Notice |
| | *Notice of Business Records Affidavit (Independent Financial)* |
| 12/03/2024 | Motion for Continuance |
| | Party:  Respondent  Tuter, Patrick Wayne |
| 12/03/2024 | Exhibit |
| | Party:  Respondent  Tuter, Patrick Wayne |
| 12/04/2024 | Exhibit |
| | *Exhibit Fathers F24-6* |
| | Party:  Respondent  Tuter, Patrick Wayne |
| 12/05/2024 | |

APP 064

# DOCKET SHEET
## CASE NO. 296-50864-2022

Order Denied
*Order Summarily Denying Motion to Recuse*

12/06/2024    Amended Petition
*First Amended Petition for Divorce*

12/09/2024    Motion
*Patrick Wayne Tuter's Motion in Limine*
Party:  Respondent  Tuter, Patrick Wayne

12/09/2024    Respondent's
*Respondent's Parenting Plan*
Party:  Respondent  Tuter, Patrick Wayne

12/10/2024    Motion to Recuse
*Motion for Recusal*

12/10/2024    Order Denied
*Order of Referral on Motion to Recuse*

12/11/2024    Notice
*Notice of special Limited Appearance*
Party:  Respondent  Tuter, Patrick Wayne

12/12/2024    **Pre Trial** (Judicial Officer: Roach, John R., Jr.)
*& Mtn to Recuse (Cooks) Samler by Zoom*

12/12/2024    Motion
*Motion for Judicial Rulings on Substantive Right and What Process Respondent and Children are Due*
Party:  Respondent  Tuter, Patrick Wayne

12/12/2024    Order
*Order Assigning Judge Kim Cooks to Hear Father's Second Motion to Recuse Judge John Roach*

12/12/2024    Correspondence Sent by Court
*Email From Court Re: Motion to Recuse*

12/12/2024    Correspondence Received by Court
*Email Re: Recusal 12.11.2024*

12/12/2024    Deputy Reporter Statement
*Deputy Reporter Statement*

12/12/2024    Order Denied
*Order Denying Motion to Recuse the Honorable Judge John R. Roach Jr. and Judge Ray Wheless*

12/12/2024    Correspondence Received by Court
*fax/e-mail received by the court Re: Tuter*

12/12/2024

APP-065

**Volume II - Patrick Tuter**

**Exhibit H – Clerk's Record (1CR)
Contempt Order
(September 17, 2024)**

Filed: 9/17/2024 3:30 PM
Michael Gould
District Clerk
Collin County, Texas
By Robin Markey Deputy
Envelope ID: 92131519

### NO. 296-50864-2022

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| ASHLEY NICOLE TUTER | § | |
| AND | § | 296TH JUDICIAL DISTRICT |
| PATRICK WAYNE TUTER | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| ▓▓▓▓▓▓▓▓., CHILDREN | § | COLLIN COUNTY, TEXAS |

## ORDER HOLDING PATRICK WAYNE TUTER IN CONTEMPT

### 1.    *Date of Hearing*

On September 16, 2024, this Court heard *Ashley Nicole Tuter's First Amended Petition for Enforcement*, filed by Petitioner and Mother, Ashley Nicole Tuter.

### 2.    *Appearances*

Ashley Nicole Tuter, Petitioner and Mother, appeared in person and through his attorney of record, Kathryn Flowers Samler of GORANSON BAIN AUSLEY, PLLC, and announced ready.

Patrick Wayne Tuter, *Pro Se* Respondent, appeared in person and announced ready.

### 3.    *Conditions Precedent*

The Court finds that Patrick Wayne Tuter was duly and properly served with process of *Ashley Nicole Tuter's First Amended Petition for Enforcement* on Monday, August 26, 2024.

### 4.    *Jurisdiction*

The Court, after examining the record, finds that it has jurisdiction over the subject matter and the parties in this case. All persons entitled to citation were properly cited.

### 5.    *Record*

The record of testimony was duly reported by the court reporter for the 296TH Judicial District Court of Collin County, Texas

---

6.   **Jury**

A jury was waived, and all questions of fact and of law were submitted to the Court.

7.   **Children**

The following children are the subject of this suit:

Name:  Adalyn Grace Tuter ("A.G.T.")
Sex:  Female
Birth date:  May 21, 2015

Name:  Ansley Kate Tuter ("A.K.T")
Sex:  Female
Birth date:  March 30, 2017

8.   **Findings on Orders Being Enforced**

A.   **Violations 1-27:  Patrick Wayne Tuter's Violations of _Collin County Standing Order on Children, Property & Conduct of Parties_**

The Court finds that, on February 11, 2022, Ashley Nicole Tuter filed her _Original Petition for Divorce and Application for Temporary Restraining Order_, in cause number 468-50864-2022 in the 469th Judicial District Court of Collin County, Texas, which included the Collin County Standing Order on Children, Property & Conduct of Parties (hereinafter "**Standing Order**").  The Court finds that Patrick Wayne Tuter was served with a copy of the _Original Petition for Divorce and Application for Temporary Restraining Order_ which included the **Standing Order** on February 11, 2022 wherein Patrick Wayne Tuter was prohibited from certain acts and state in relevant part as follows:

1.   _SUITS FOR DISSOLUTION OF MARRIAGE_

_While a suit for dissolution of marriage is pending, it is ORDERED that each party is prohibited from:_

1.1   _Intentionally communicating in person or in any other manner, including by telephone or another electronic voice transmission, video chat, in writing, or electronic messaging, with the other party by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other party;_

~**Standing Order**, Page 1, Section 1.1

THE COURT FINDS that Patrick Wayne Tuter failed to comply with, and has violated the provisions of the **Standing Order** as follows:

| Violation No. | Date of Incident | Act | Violation | Finding |
|---|---|---|---|---|
| 1. | 11/17/2023 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 2. | 11/19/2023 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 3. | 11/21/2023 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 4. | 11/22/2023 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 5. | 11/23/2023 | App close | Respondent | Contempt finding |

| | | | | |
|---|---|---|---|---|
| | | message from Respondent to Petitioner | intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | under advisement. |
| 6. | 11/25/2023 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 7. | 11/28/2023 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 8. | 11/30/2023 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 9. | 12/01/2023 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent | Contempt finding under advisement. |

| | | | language or in a coarse or offensive manner, with intent to annoy or alarm the other. | |
|---|---|---|---|---|
| 10. | 12/03/2023 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 11. | 12/06/2023 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 12. | 12/08/2023 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 13. | 12/10/2023 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 14. | 12/19/2023 | App close | Respondent | Contempt finding |

| | | | | under advisement. |
|---|---|---|---|---|
| | | message from Respondent to Petitioner | intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | |
| 15. | 12/25/2023 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 16. | 12/30/2023 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 17. | 01/09/2024 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 18. | 01/10/2024 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent | Contempt finding under advisement. |

| | | | language or in a coarse or offensive manner, with intent to annoy or alarm the other. | |
|---|---|---|---|---|
| 19. | 01/20/2024 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 20. | 01/22/2024 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 21. | 02/04/2024 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 22. | 04/03/2024 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 23. | 04/04/2024 | App close | Respondent | Contempt finding |

| | | | | |
|---|---|---|---|---|
| | | message from Respondent to Petitioner | intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | under advisement. |
| 24. | 04/14/2024 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 25. | 04/24/2024 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 26. | 05/01/2024 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other. | Contempt finding under advisement. |
| 27. | 05/08/2024 | App close message from Respondent to Petitioner | Respondent intentionally communicated with Petitioner by use of vulgar, profane, obscene, or indecent | Contempt finding under advisement. |

| | | | language or in a coarse or offensive manner, with intent to annoy or alarm the other. | |
|---|---|---|---|---|

**B.   Violations 29-38, 56-67, 85-96, 97-129, 131-139, 141, 143-185, 199-225: Patrick Wayne Tuter's Violations of the Temporary Orders and February 13, 2024 Ruling by Hon. John Roach, Jr.**

The Court further finds that on August 5, 2022, the Court signed **Temporary Orders** in cause number 468-50864-2022 in the 469th Judicial District Court of Collin County, Texas, stating in relevant part as follows:

*Child Support*

*IT IS ORDERED that Patrick Wayne Tuter pay to Ashley Nicole Tuter for the support of Adalyn Grace Tuter and Ansley Kate Tuter two thousand three hundred dollars ($2,300.00) per month, with the first payment being due and payable on April 1, 2022 and a like payment being due and payable on the first day of each month thereafter until further order of this Court.*

*IT IS ORDERED that any employer of Patrick Wayne Tuter shall be ordered to withhold the child support payments ordered in this order from the disposable earnings of Patrick Wayne Tuter for the support of Adalyn Grace Tuter and Ansley Kate Tuter.*

*IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of Patrick Wayne Tuter by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this temporary order through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this temporary order, the balance due remains an obligation of Patrick Wayne Tuter, and it is hereby ORDERED that Patrick Wayne Tuter pay the balance due directly to the state disbursement unit as specified below.*

*On this date the Court authorized an Income Withholding for Support.*

*IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to Ashley Nicole Tuter for the support of the children. IT IS ORDERED that all payments shall be made payable to the Office of the Attorney General and include the ten-digit Office of the Attorney General case number (if available), the cause number of this suit, Patrick*

*Wayne Tuter's name as the name of the noncustodial parent (NCP), and Ashley Nicole Tuter's name as the name of the custodial parent (CP). Payment options are found on the Office of the Attorney General's website at https://www.texasattorneygeneral.gov/cs/payment-options-and-types.*

IT IS ORDERED *that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.*

IT IS FURTHER ORDERED *that Patrick Wayne Tuter shall notify this Court and Ashley Nicole Tuter by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment. This notice shall be given no later than seven days after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of Patrick Wayne Tuter and the name and address of Patrick Wayne Tuter's current employer, whenever that information becomes available.*

IT IS ORDERED *that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, Ashley Nicole Tuter, Patrick Wayne Tuter, or an attorney representing Ashley Nicole Tuter or Patrick Wayne Tuter, the clerk of this Court shall cause a certified copy of the Income Withholding for Support to be delivered to any employer."*

~**Temporary Orders**, Pages 8-10

...

*"Health Care Expenses*

### 3. Provision of Health-Care Coverage –

*Pursuant to section 154.182(b-1) of the Texas Family Code, Patrick Wayne Tuter is* ORDERED *to pay Ashley Nicole Tuter, as additional child support, the amount of three hundred thirty four dollars ($334.00) per month for the cost of health insurance, with the first installment being due and payable on April 1, 2022 and a like installment being due and payable on or before the first day of each month thereafter until the termination of current child support for all children under this order.*

IT IS FURTHER ORDERED *that all payments for the cost of health insurance shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791.* IT IS ORDERED *that all payments shall be made payable to the Office of the Attorney General and include the ten-digit Office of the Attorney General case number (if available), the cause number of this suit, Patrick Wayne Tuter's name as the name of the noncustodial parent (NCP), and Ashley Nicole Tuter's name as the name of the custodial parent (CP). Payment options are found on the Office of the Attorney*

*General's website at https://www.texasattorneygeneral.gov/cs/payment-options-and-types."*

...

**"5. Provision of Dental Coverage –**

*Pursuant to section 154.1825(d) of the Texas Family Code, Patrick Wayne Tuter is **ORDERED** to pay Ashley Nicole Tuter, as additional child support, the amount of forty dollars and seventy eight cents ($40.78) per month for the cost of dental insurance, with the first installment being due and payable on April 1, 2022 and a like installment being due and payable on or before the first day of each month thereafter until the termination of current child support for all children under this order.*

***IT IS FURTHER ORDERED** that all payments for the cost of dental insurance shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791. **IT IS ORDERED** that all payments shall be made payable to the Office of the Attorney General and include the ten-digit Office of the Attorney General case number (if available), the cause number of this suit, Patrick Wayne Tuter's name as the name of the noncustodial parent (NCP), and Ashley Nicole Tuter's name as the name of the custodial parent (CP). Payment options are found on the Office of the Attorney General's website at https://www.texasattorneygeneral.gov/cs/payment-options-and-types."*

...

**"6. Allocation of Unreimbursed Expenses –**

*Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the children that are not reimbursed by health insurance or dental insurance are allocated as follows: Ashley Nicole Tuter is **ORDERED** to pay 50 percent and Patrick Wayne Tuter is **ORDERED** to pay 50 percent of the unreimbursed health-care expenses if, at the time the expenses are incurred, Ashley Nicole Tuter is providing health insurance and Patrick Wayne Tuter is paying additional child support for the cost of health insurance and Ashley Nicole Tuter is providing dental insurance and Patrick Wayne Tuter is paying additional child support for the cost of dental insurance as ordered.*

*The conservator who incurs a health-care expense on behalf of a child is **ORDERED** to furnish to the other conservator all forms, receipts, bills, statements, and explanations of benefits reflecting the unreimbursed portion of the health-care expenses within thirty days after the incurring conservator receives them. If the incurring conservator furnishes to the nonincurring conservator the forms, receipts, bills, statements, and explanations of benefits reflecting the unreimbursed portion of*

---

*IMMO Tuter*
**ORDER HOLDING PATRICK WAYNE TUTER IN CONTEMPT**                    **PAGE 11 OF 30**

*the health-care expenses within thirty days after the incurring conservator receives them, the nonincurring conservator is **ORDERED** to pay the nonincurring conservator's percentage of the unreimbursed portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring conservator for any advance payment exceeding the incurring conservator's percentage of the unreimbursed portion of the health-care expenses within thirty days after the nonincurring conservator receives the forms, receipts, bills, statements, and/or explanations of benefits. If the incurring conservator fails to furnish to the nonincurring conservator the forms, receipts, bills, statements, and explanations of benefits reflecting the unreimbursed portion of the health-care expenses within thirty days after the incurring conservator receives them, the nonincurring conservator is **ORDERED** to pay the nonincurring conservator's percentage of the unreimbursed portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring conservator for any advance payment exceeding the incurring conservator's percentage of the unreimbursed portion of the health-care expenses within 120 days after the nonincurring conservator receives the forms, receipts, bills, statements, and/or explanations of benefits."*

...

*"11. WARNING—*

*A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR DENTAL INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE OR DENTAL INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OR DENTAL EXPENSES OF THE CHILDREN, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE OR DENTAL INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS, DENTAL INSURANCE PREMIUMS, OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILDREN."*

*~ **Temporary Orders,** Pages 10-19*

*And further warns as follows:*

*"WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS."*

*~ **Temporary Orders,** Page 21*

...

*TEMPORARY INJUNCTIONS*

*The Court finds that, based on the public policy considerations stated in section 153.001 of the Texas Family Code, it is in the best interests of the children that the following temporary injunction be issued and related orders be entered.*

*IT IS ORDERED that the parties and their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are temporarily enjoined from:*

*1. Disturbing the peace of the children or of another party*

*...*

~ **Temporary Orders,** *Pages 19-20*

The Court finds that on September 13, 2023, a Administrative Transfer Order was entered, ordering the case transferred to the 296th Judicial District Court.

The Court further finds that on February 13, 2024, the Honorable Judge Roach considered Patrick Wayne Tuter's Motion for Further Temporary Orders and reduced Patrick Wayne Tuter's temporary child support obligation to one thousand dollars ($1,000.00) per month beginning March 1, 2024, with a like payment due and payable on the first day of each month thereafter until further order of the Court. The Court finds that this ruling (referred to herein as **Hon. John Roach, Jr.'s Temporary Ruling**) was made in open court in the presence of Patrick Wayne Tuter and counsel for Patrick Wayne Tuter.

The Court finds that Patrick Wayne Tuter failed to comply with, and has violated the provisions of the August 5, 2022 **Temporary Orders** and the **Hon. John Roach, Jr.'s Temporary Ruling** of February 13, 2024 related to **child support** as follows:

| Violation No. | Date Due | Date Paid | Amount Due | Amount Paid | Amount Currently Owed | Finding |
|---|---|---|---|---|---|---|
| 35. | 03/01/2024 | 03/08/2024 ($497.00) | $1,000.00 | $497.00 | $503.00 | Contempt finding under advisement. |
| 36. | 04/01/2024 | 04/08/2024 | $1,000.00 | $497.00 | $503.00 | Contempt finding |

| Violation No. | Date Due | Date Paid | Amount Due | Amount Paid | Amount Currently Owed | Finding |
|---|---|---|---|---|---|---|
| | | ($497.00) | | | | under advisement. |
| 37. | 05/01/2024 | 05/07/2024 ($297.00) | $1,000.00 | $297.00 | $703.00 | Contempt finding under advisement. |
| 38. | 08/01/2024 | 08/08/2024 | $1,000.00 | $147.00 | $853.00 | Contempt finding under advisement. |

THE COURT FINDS that Patrick Wayne Tuter failed to comply with, and has violated the provisions of the **Temporary Orders** related to **medical support** as follows:

| Violation No | Date Due | Date Paid | Amount Due | Amount Paid | Amount Owed | Finding |
|---|---|---|---|---|---|---|
| 56. | 09/01/2023 | N/A | $334.00 | $0.00 | $334.00 | X Found True ___ Found Not True ___ Dismissed |
| 57 | 10/01/2023 | N/A | $334.00 | $0.00 | $334.00 | X Found True ___ Found Not True ___ Dismissed |
| 58. | 11/01/2023 | N/A | $334.00 | $0.00 | $334.00 | X Found True ___ Found Not True ___ Dismissed |
| 59. | 12/01/2023 | N/A | $334.00 | $0.00 | $334.00 | X Found True ___ Found Not True ___ Dismissed |
| 60. | 01/01/2024 | N/A | $334.00 | $0.00 | $334.00 | X Found True ___ Found Not True ___ Dismissed |
| 61. | 02/01/2024 | N/A | $334.00 | $0.00 | $334.00 | Contempt finding under advisement. |
| 62. | 03/01/2024 | N/A | $334.00 | $0.00 | $334.00 | Contempt finding under advisement. |
| 63. | 04/01/2024 | N/A | $334.00 | $0.00 | $334.00 | Contempt finding under advisement. |
| 64. | 05/01/2024 | N/A | $334.00 | $0.00 | $334.00 | Contempt finding under advisement. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 65. | 06/01/2024 | N/A | $334.00 | $0.00 | $334.00 | Contempt finding under advisement. |
| 66. | 07/01/2024 | N/A | $334.00 | $0.00 | $334.00 | Contempt finding under advisement. |
| 67. | 08/01/2024 | N/A | $334.00 | $0.00 | $334.00 | Contempt finding under advisement. |

THE COURT FINDS that Patrick Wayne Tuter failed to comply with, and has violated the provisions of the **Temporary Orders** related to **dental support** as follows:

| Violation No. | Date Due | Date Paid | Amount Due | Amount Paid | Amount Owed | Finding |
|---|---|---|---|---|---|---|
| 85. | 09/01/2023 | N/A | $40.78 | $0.00 | $40.78 | X Found True ___ Found Not True ___ Dismissed |
| 86. | 10/01/2023 | N/A | $40.78 | $0.00 | $40.78 | X Found True ___ Found Not True ___ Dismissed |
| 87. | 11/01/2023 | N/A | $40.78 | $0.00 | $40.78 | X Found True ___ Found Not True ___ Dismissed |
| 88. | 12/01/2023 | N/A | $40.78 | $0.00 | $40.78 | X Found True ___ Found Not True ___ Dismissed |
| 89. | 01/01/2024 | N/A | $40.78 | $0.00 | $40.78 | X Found True ___ Found Not True ___ Dismissed |
| 90. | 02/01/2024 | N/A | $40.78 | $0.00 | $40.78 | Contempt finding under advisement. |
| 91. | 03/01/2024 | N/A | $40.78 | $0.00 | $40.78 | Contempt finding under advisement. |
| 92. | 04/01/2024 | N/A | $40.78 | $0.00 | $40.78 | Contempt finding under advisement. |
| 93. | 05/01/2024 | N/A | $40.78 | $0.00 | $40.78 | Contempt finding under advisement. |
| 94. | 06/01/2024 | N/A | $40.78 | $0.00 | $40.78 | Contempt finding under advisement. |
| 95. | 07/01/2024 | N/A | $40.78 | $0.00 | $40.78 | Contempt finding under advisement. |

| 96. | 08/01/2024 | N/A | | $40.78 | $0.00 | $40.78 | Contempt finding under advisement. |

THE COURT FINDS that Patrick Wayne Tuter failed to comply with, and has violated the provisions of the **Temporary Orders** related to **unreimbursed healthcare expenses** as follows:

| Violation No. | Payment Date | Date Paid | Description | Amount Due | Amount Paid | Amount Owed | Finding |
|---|---|---|---|---|---|---|---|
| 97. | 02/2022 | N/A | Adalyn vision appointment and glasses | $85.00 | $0.00 | $85.00 | Contempt finding under advisement. |
| 98. | 04/12/2022 | N/A | Counseling – Adalyn | $45.00 | $0.00 | $45.00 | Contempt finding under advisement. |
| 99. | 04/18/2022 | N/A | Counseling – Ansley and Adalyn | $95.00 | $0.00 | $95.00 | Contempt finding under advisement. |
| 100. | 04/27/2022 | N/A | Counseling – Ansley and Adalyn | $85.00 | $0.00 | $85.00 | Contempt finding under advisement. |
| 101. | 05/04/2022 | N/A | Counseling – Ansley and Adalyn | $90.00 | $0.00 | $90.00 | Contempt finding under advisement. |
| 102. | 05/18/2022 | N/A | Counseling – Ansley and Adalyn | $90.00 | $0.00 | $90.00 | Contempt finding under advisement. |
| 103. | 05/25/2022 | N/A | Counseling – Ansley and Adalyn | $90.00 | $0.00 | $90.00 | Contempt finding under advisement. |
| 104. | 06/2022 | N/A | Ansley Dental – Cavities | $106.20 | $0.00 | $106.20 | Contempt finding under advisement. |
| 105. | 06/15/2022 | N/A | Counseling - Adalyn | $16.50 | $0.00 | $16.50 | Contempt finding under advisement. |
| 106. | 06/22/2022 | N/A | Counseling – Ansley and Adalyn | $31.50 | $0.00 | $31.50 | Contempt finding under advisement. |
| 107. | 06/29/2022 | N/A | Counseling – Ansley and Adalyn | $31.50 | $0.00 | $31.50 | Contempt finding under advisement. |

| 108. | 07/2022 | N/A | Medical – Adalyn COVID | $25.00 | $0.00 | $25.00 | Contempt finding under advisement. |
|---|---|---|---|---|---|---|---|
| 109. | 07/06/2022 | N/A | Counseling – Ansley and Adalyn | $31.50 | $0.00 | $31.50 | Contempt finding under advisement. |
| 110. | 07/13/2022 | N/A | Counseling – Ansley and Adalyn | $31.50 | $0.00 | $31.50 | Contempt finding under advisement. |
| 111. | 07/20/2022 | N/A | Counseling – Ansley and Adalyn | $31.50 | $0.00 | $31.50 | Contempt finding under advisement. |
| 112. | 07/27/2022 | N/A | Counseling – Ansley and Adalyn | $31.50 | $0.00 | $31.50 | Contempt finding under advisement. |
| 113. | 08/2022 | N/A | Ansley Sick visits and Adalyn Foot | $45.00 | $0.00 | $45.00 | Contempt finding under advisement. |
| 114. | 08/15/2022 | N/A | Counseling – Adalyn | $16.50 | $0.00 | $16.50 | Contempt finding under advisement. |
| 115. | 08/22/2022 | N/A | Counseling – Ansley | $16.50 | $0.00 | $16.50 | Contempt finding under advisement. |
| 116. | 08/29/2022 | N/A | Counseling – Adalyn | $16.50 | $0.00 | $16.50 | Contempt finding under advisement. |
| 117. | 09/2022 | N/A | Adalyn Foot – Emergency Room Visit | $861.76 | $0.00 | $861.76 | Contempt finding under advisement. |
| 118. | 09/05/2022 | N/A | Counseling – Ansley and Adalyn | $31.50 | $0.00 | $31.50 | Contempt finding under advisement. |
| 119. | 09/12/2022 | N/A | Counseling - Adalyn | $16.50 | $0.00 | $16.50 | Contempt finding under advisement. |
| 120. | 09/19/2022 | N/A | Counseling – Ansley | $16.50 | $0.00 | $16.50 | Contempt finding under advisement. |
| 121. | 09/26/2022 | N/A | Counseling – Adalyn | $16.50 | $0.00 | $16.50 | Contempt finding under advisement. |

| 122. | 10/2022 | N/A | Medical – Ansley | $24.64 | $0.00 | $24.64 | Contempt finding under advisement. |
|------|---------|-----|------------------|--------|-------|--------|-------------------------------------|
| 123. | 11/28/2022 | N/A | Counseling – Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 124. | 12/2022 | N/A | Adalyn ER ($396.38 total) and Ansley Medical (strep - $8.64 total) | $202.51 | $0.00 | $202.51 | Contempt finding under advisement. |
| 125. | 12/05/2022 | N/A | Counseling - Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 126. | 12/12/2022 | N/A | Counseling Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 127. | 12/29/2022 | N/A | Counseling – Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 128. | 01/10/2023 | N/A | Counseling – Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 129. | 01/24/2023 | N/A | Counseling – Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 130. | INTENTIONALLY BLANK | | | | | | N/A |
| 131. | 04/03/2023 | N/A | Counseling – Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 132. | 04/17/2023 | N/A | Counseling – Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 133. | 05/08/2023 | N/A | Counseling – Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 134. | 05/22/2023 | N/A | Counseling – Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 135. | 06/2023 | N/A | Doctor Visits (Adalyn - $60 | $52.50 | $0.00 | $52.50 | Contempt finding under |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | total, Ansley $45.00) | | | | advisement. |
| 136. | 06/05/2023 | N/A | Counseling – Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 137. | 07/2023 | | Doctor visits (Adalyn- eye doctor and glasses and strep – ($379.06 total); Ansley – sore throat ($30 total) ) | $204.53 | $176.79 | $27.74 | Contempt finding under advisement. |
| 138. | 07/12/2023 | N/A | Counseling – Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 139. | 07/24/2023 | N/A | Counseling – Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 140. | | | **INTENTIONALLY BLANK** | | | | **N/A** |
| 141. | 08/21/2023 | N/A | Counseling – Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 142. | | | **INTENTIONALLY BLANK** | | | | **N/A** |
| 143. | 09/11/2023 | N/A | Counseling – Ansley | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 144. | 09/25/2023 | N/A | Counseling – Ansley | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 145. | 10/02/2023 | N/A | Counseling – Ansley | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 146. | 10/16/2023 | N/A | Counseling – Ansley and Adalyn | $30.50 | $0.00 | $30.50 | Contempt finding under advisement. |
| 147. | 10/23/2023 | N/A | Counseling – Ansley and Adalyn | $30.50 | $0.00 | $30.50 | Contempt finding under advisement. |
| 148. | 10/30/2023 | N/A | Counseling – Ansley | $15.00 | $0.00 | $15.00 | Contempt finding under |

| | | | | | | | advisement. |
|---|---|---|---|---|---|---|---|
| 149. | 11/05/2023 | N/A | Counseling – Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 150. | 11/13/2023 | N/A | Counseling – Adalyn | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 151. | 11/27/2023 | N/A | Counseling – Ansley and Adalyn | $30.50 | $0.00 | $30.50 | Contempt finding under advisement. |
| 152. | 12/04/2023 | N/A | Counseling – Adalyn | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 153. | 12/11/2023 | N/A | Counseling – Ansley and Adalyn | $30.50 | $0.00 | $30.50 | Contempt finding under advisement. |
| 154. | 12/18/2023 | N/A | Counseling – Ansley and Adalyn | $30.50 | $0.00 | $30.50 | Contempt finding under advisement. |
| 155. | 12/29/2023 | N/A | Counseling - Adalyn | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 156. | 01/2024 | N/A | Vision and Glasses – Ansley | $25.00 | $0.00 | $25.00 | Contempt finding under advisement. |
| 157. | 01/05/2024 | N/A | Counseling – Adalyn | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 158. | 01/08/2024 | N/A | Counseling – Ansley and Adalyn | $30.50 | $0.00 | $30.50 | Contempt finding under advisement. |
| 159. | 01/15/2024 | N/A | Counseling – Adalyn | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 160. | 01/22/2024 | N/A | Counseling – Ansley and Adalyn | $30.50 | $0.00 | $30.50 | Contempt finding under advisement. |
| 161. | 01/29/2024 | N/A | Counseling – Adalyn | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 162. | 02/2024 | N/A | Medical visits for Ansley (rash, steroid, | $20.72 | $0.00 | $20.72 | Contempt finding under advisement. |

| | | | epi pen) | | | | |
|---|---|---|---|---|---|---|---|
| 163. | 02/05/2024 | N/A | Counseling – Ansley and Adalyn | $30.50 | $0.00 | $30.50 | Contempt finding under advisement. |
| 164. | 02/12/2024 | N/A | Counseling – Adalyn | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 165. | 02/19/2024 | N/A | Counseling – Ansley and Adalyn | $30.50 | $0.00 | $30.50 | Contempt finding under advisement. |
| 166. | 02/26/2024 | N/A | Counseling – Adalyn | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 167. | 03/2024 | N/A | Medical Visits – Adalyn ($75 total); Ansley ($135 total) | $105.00 | $0.00 | $105.00 | Contempt finding under advisement. |
| 168. | 03/04/2024 | N/A | Counseling Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 169. | 03/15/2024 | N/A | Counseling – Ansley | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 170. | 03/18/2024 | N/A | Counseling – Ansley and Adalyn | $30.50 | $0.00 | $30.50 | Contempt finding under advisement. |
| 171. | 03/25/2024 | N/A | Counseling – Ansley | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 172. | 04/01/2024 | N/A | Counseling – Ansley and Adalyn | $30.50 | $0.00 | $30.50 | Contempt finding under advisement. |
| 173. | 04/15/2024 | N/A | Counseling – Ansley and Adalyn | $30.50 | $0.00 | $30.50 | Contempt finding under advisement. |
| 174. | 04/29/2024 | N/A | Counseling – Ansley and Adalyn | $30.50 | $0.00 | $30.50 | Contempt finding under advisement. |
| 175. | 05/2024 | N/A | Dental and Vision Appts – Adalyn ($64.40 total); and Ansley – | $53.74 | $0.00 | $53.74 | Contempt finding under advisement. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | bloodwork ($43.08 total) | | | | |
| 176. | 05/06/2024 | N/A | Counseling - Ansley | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 177. | 05/13/2024 | N/A | Counseling – Ansley | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 178. | 05/17/2024 | N/A | Counseling – Adalyn | $15.50 | $0.00 | $15.50 | Contempt finding under advisement. |
| 179. | 05/20/2024 | N/A | Counseling – Ansley | $15.00 | $0.00 | $15.00 | Contempt finding under advisement. |
| 180. | 05/29/2024 | N/A | Counseling – Ansley and Adalyn | $30.50 | $0.00 | $30.50 | Contempt finding under advisement. |
| 181. | 06/2024 | N/A | Adalyn – Glasses ($140 total), Scottish Rite ($80 total actually paid), Ear Infection ($30 total), Teledoc ($12 total), Medications and drops ($30 total) | $146.00 | $0.00 | $146.00 | Contempt finding under advisement. |
| 182. | 06/03/2024 | N/A | Counseling – Ansley | $30.00 | $0.00 | $30.00 | Contempt finding under advisement. |
| 183. | 06/12/2024 | N/A | Counseling – Ansley and Adalyn | $61.00 | $0.00 | $61.00 | Contempt finding under advisement. |
| 184. | 07/2024 | N/A | | $50.00 | $0.00 | $50.00 | Contempt finding under advisement. |
| 185. | 07/09/2024 | N/A | Counseling – Adalyn | $31.00 | $0.00 | $31.00 | Contempt finding under advisement. |

THE COURT FINDS that Patrick Wayne Tuter failed to comply with, and has violated the provisions of the **Temporary Orders** related to **Temporary Injunctions** as follows:

| Violation No. | Date of Incident | Act | Temporary Injunction Violation | Finding |
|---|---|---|---|---|
| 199. | 11/17/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 200. | 11/19/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 201. | 11/21/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 202. | 11/22/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 203. | 11/23/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 204. | 11/25/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 205. | 11/28/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 206. | 11/30/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 207. | 12/01/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 208. | 12/03/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of | Contempt finding under advisement. |

| | | | another party. | |
|---|---|---|---|---|
| 209. | 12/06/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 210. | 12/08/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 211. | 12/10/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 212. | 12/19/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 213. | 12/25/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 214. | 12/30/2023 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 215. | 01/09/2024 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 216. | 01/10/2024 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 217. | 01/20/2024 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 218. | 01/22/2024 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 219. | 02/04/2024 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |

| 220. | 04/03/2024 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
|------|-----------|-----|-----|-----|
| 221. | 04/04/2024 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 222. | 04/14/2024 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 223. | 04/24/2024 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 224. | 05/01/2024 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |
| 225. | 05/08/2024 | App close message from Respondent to Petitioner | Disturbing the peace of the children or of another party. | Contempt finding under advisement. |

**C.    Violations 186-198:  Patrick Wayne Tuter's Violations of July 28, 2023 Ruling on Spousal Support By Honorable Lindsey Wynne**

On July 28, 2023, the 468th Judicial District Court heard Patrick Wayne Tuter's Motion for Further Temporary Orders and Petitioner's Motion to Modify and for Further Temporary Orders and, in addition to making a ruling in open Court in the presence of both parties and their attorneys, entered a General Docket Entry **(July 28, 2023 Ruling on Spousal Support by Honorable Lindsey Wynne)** which states as follows:

"*07/28/2023        General Docket Entry*
*Case called. Parties appeared with counsel. W/S, E/P. Request for CS modification denied. Respondent is enjoined from being at the marital residence with the exception of possession drop offs at the curb. Respondent is not to access the mailbox at the marital residence. Parties are ordered to communicate through AppClose. Respondent is ordered to*

*pay spousal support in the amount of $5000 a month until final trial in addition to child support. OTBF."*

THE COURT FINDS that Patrick Wayne Tuter failed to comply with, and has violated the provisions of the **(July 28, 2023 Ruling on Spousal Support by Honorable Lindsey Wynne** related to **spousal support** as follows:

| Violation No. | Date Due | Date Paid | Amount Due | Amount Paid | Amount Owed | Finding |
|---|---|---|---|---|---|---|
| 186. | 08/01/2023 | N/A | $5,000.00 | $0.00 | $5,000.00 | Contempt finding under advisement. |
| 187. | 09/01/2023 | N/A | $5,000.00 | $0.00 | $5,000.00 | Contempt finding under advisement. |
| 188. | 10/01/2023 | N/A | $5,000.00 | $0.00 | $5,000.00 | Contempt finding under advisement. |
| 189. | 11/01/2023 | N/A | $5,000.00 | $0.00 | $5,000.00 | Contempt finding under advisement. |
| 190. | 12/01/2023 | N/A | $5,000.00 | $0.00 | $5,000.00 | Contempt finding under advisement. |
| 191. | 01/01/2024 | N/A | $5,000.00 | $0.00 | $5,000.00 | Contempt finding under advisement. |
| 192. | 02/01/2024 | N/A | $5,000.00 | $0.00 | $5,000.00 | Contempt finding under advisement. |
| 193. | 03/01/2024 | N/A | $5,000.00 | $0.00 | $5,000.00 | Contempt finding under advisement. |
| 194. | 04/01/2024 | N/A | $5,000.00 | $0.00 | $5,000.00 | Contempt finding under advisement. |
| 195. | 05/01/2024 | N/A | $5,000.00 | $0.00 | $5,000.00 | Contempt finding under advisement. |
| 196. | 06/01/2024 | N/A | $5,000.00 | $0.00 | $5,000.00 | Contempt finding under advisement. |
| 197. | 07/01/2024 | N/A | $5,000.00 | $0.00 | $5,000.00 | Contempt finding under advisement. |
| 198. | 08/01/2024 | N/A | $5,000.00 | $0.00 | $5,000.00 | Contempt finding under advisement. |

9.    **Relief Granted**

IT IS ADJUDGED that Patrick Wayne Tuter in contempt for violations 56, 57, 58, 59, 60, 85, 86, 87, 88, and 89 as outlined herein.

THE COURT FINDS that Patrick Wayne Tuter is intentionally underemployed and was able to pay the amounts ordered in violations 56, 57, 58, 59, 60, 85, 86, 87, 88, and 89 in the amounts and on the date ordered as set out above, and that Patrick Wayne Tuter is

guilty of a separate act of contempt for violations 56, 57, 58, 59, 60, 85, 86, 87, 88, and 89 as outlined herein, and any accrued interest in the amount ordered.

**10.   _Criminal Contempt_**

IT IS ORDERED that punishment for violations 56, 57, 58, 59, 60, 85, 86, 87, 88, and 89 above is confinement in county jail of Collin County, Texas for a period of 180 days for each separate violation enumerated above.

THE COURT ORDERS that the Sheriff of Collin County, Constable, or any other law enforcement officer in the State of Texas to immediately arrest Patrick Wayne Tuter and commit him to the Collin County Jail for each act of contempt.

IT IS ORDERED that each period of confinement assessed in this order shall run and be satisfied concurrently so that Patrick Wayne Tuter's commitment to the county jail of Collin County, Texas shall be and hereby fixed for a total period of 180 days confinement in the Collin County Jail, commencing upon the date of commitment and continuing thereafter until March 15, 2025, subject to any periods of further incarceration for civil contempt as may be ordered herein.

IT IS FURTHER ORDERED that Patrick Wayne Tuter shall not be given good conduct time credit for time spent in the Collin County Jail.

**11.   _Civil Contempt_**

The Court takes under advisement it's decision on civil contempt.

**12.   _Obligations of Patrick Wayne Tuter_:**

IT IS ORDERED that Patrick Wayne Tuter shall:

a.   Pay the child support judgment of **$12,874.00**, including any interest, to Ashley Nicole Tuter by cash, cashier's check, or money order on or before _December 31_, 2024 at GORANSON BAIN AUSLEY, PLLC, 7160 North Dallas Parkway, Suite 650, Plano, Texas 75024.

b.   Pay the medical child support judgment of **$4,008.00**, including any interest, to Ashley Nicole Tuter by cash, cashier's check, or money order on or before _December 31_, 2024 at GORANSON BAIN AUSLEY, PLLC, 7160 North Dallas Parkway, Suite 650, Plano, Texas 75024

c.   Pay the dental child support judgment of **$489.36**, including any interest, to Ashley Nicole Tuter by cash, cashier's check, or money order on or before on or before _December 31_, 2024 at GORANSON BAIN AUSLEY, PLLC, 7160 North Dallas Parkway, Suite 650, Plano, Texas 75024.

d.    Pay the unreimbursed medical expenses judgment of **$3,109.32** including any interest, to Ashley Nicole Tuter by cash, cashier's check, or money order on or before December 3 1, 2024 at GORANSON BAIN AUSLEY, PLLC, 7160 North Dallas Parkway, Suite 650, Plano, Texas 75024

e.    Pay the spousal support judgment of **$65,000.00** including any interest, to Ashley Nicole Tuter by cash, cashier's check or money order o on or before December 31, 2024 at GORANSON BAIN AUSLEY, PLLC, 7160 North Dallas Parkway, Suite 650, Plano, Texas 75024.

f.    Pay the attorney's fee judgment of **$6,000.00**, by cashier's check or money order, to GORANSON BAIN AUSLEY, PLLC, 7160 North Dallas Parkway, Suite 650, Plano, Texas 75024 on or before December 31, 2024 at GORANSON BAIN AUSLEY, PLLC, 7160 North Dallas Parkway, Suite 650, Plano, Texas 75024

### 13.    *COMMITMENT*

It is, therefore, ORDERED that the Sheriff of Collin County, Texas take into custody and commit to the jail of Collin County, Texas, Patrick Wayne Tuter, who is to be confined in the county jail of Collin County, Texas, in accordance with this contempt order or until Patrick Wayne Tuter is otherwise legally discharged.

### 14.    *Confirmation of Child Support, Medical Support, Dental Support, Unreimbursed Medical Support, Spousal Support & Judgment*

THE COURT FINDS that Patrick Wayne Tuter has failed to make child support, medical support, dental support, and unreimbursed medical support payments as ordered. THE COURT FURTHER FINDS AND CONFIRMS that Patrick Wayne Tuter is in arrears for child support, medical support, dental support, and unreimbursed medical support payments in the amount of **$20,480.68**. THE COURT FURTHER FINDS that Patrick Wayne Tuter been in arrears for an amount due for more than 30 days.

IT IS THEREFORE ORDERED that judgment is awarded to Ashley Nicole Tuter in the cumulative amount of **$20,480.68**, enforceable as child support and any means available for enforcement of a judgment for debt, with interest at 6 percent per year after the date the Order is signed until paid in full. This judgment may also be enforced by any means available for the enforcement of child support, including contempt. IT IS ORDERED that this judgment shall be considered a domestic support obligation as defined in the UNITED STATES BANKRUPTCY CODE under 11 U.S.C §101(14A).

Patrick Wayne Tuter is therefore ORDERED to pay the child support, medical support, dental support, and unreimbursed medical support payments in the amount of **$20,480.68**, by 5:00 p.m. on December 31, 2024 at GORANSON BAIN AUSLEY, PLLC, 7160 North Dallas Parkway, Suite 650, Plano, Texas 75024.

The Court finds that Patrick Wayne Tuter has failed to make spousal support payments as ordered. THE COURT FINDS AND CONFIRMS that Patrick Wayne Tuter is in arrears for spousal support in the amount of **$65,000.00**. THE COURT FURTHER FINDS that Patrick Wayne Tuter has been in arrears for an amount due for more than 30 days.

IT IS THEREFORE ORDERED that judgment is awarded to Ashley Nicole Tuter in the amount of **$65,000.00** for spousal support, enforceable as any means enforceable as a judgment for debt, with interest at 6 percent per year after the date this Order is signed until paid in full.

Patrick Wayne Tuter is therefore ORDERED to pay the spousal support arrearage in the amount of **$65,000.00** by 5:00 p.m. on December 31, 2024 at GORANSON BAIN AUSLEY, PLLC, 7160 North Dallas Parkway, Suite 650, Plano, Texas 75024.

**14.    _Payment of Attorney's Fee & Costs for this Proceeding_**

IT IS, THEREFORE, FURTHER ORDERED, that Ashley Nicole Tuter is entitled to a judgment for attorney's fees and expenses incurred in this matter in the amount of **$6,000.00**, which is hereby rendered against Patrick Wayne Tuter and in favor of Ashley Nicole Tuter for which let execution issue if not timely paid. Patrick Wayne Tuter is ORDERED to pay the sum of **$6,000.00**, directly to Ashley Nicole Tuter's attorney of record, Kathryn Flowers Samler of GORANSON BAIN AUSLEY, PLLC, 7160 North Dallas Parkway, Suite 650, Plano, Texas 75024 by December 31, 2024 The attorney may enforce this Order for fees, expenses, and costs in the attorney's own name.

THE COURT FINDS AND IT IS THEREFORE ORDERED that Patrick Wayne Tuter l is ORDERED to pay, as child support, attorney's fees and costs of **$6,000.00** to GORANSON BAIN AUSLEY, PLLC, 7160 North Dallas Parkway, Suite 650, Plano, Texas 75024, by **3:00 p.m. on** December 31, **2024**. Judgment is hereby granted against Patrick Wayne Tuter the amount of **$6,000.00**, and in favor of GORANSON BAIN AUSLEY, PLLC which shall bear interest at 6% per annum compounded annually from the date the judgment is due until paid, for which let execution issue. Ashley Nichole Tuter, GORANSON BAIN AUSLEY, PLLC, or any attorney employed therefrom may enforce this judgment in their own name as child support (including contempt), and also by any means available for the enforcement of a judgment for debt. THE COURT FURTHER FINDS AND IT IS ORDERED that this judgment shall be considered a domestic support obligation as defined in the UNITED STATES BANKRUPTCY CODE under 11 U.S.C. § 101(14A). The Court further authorizes the issuance of an Order to Withhold Income for Costs and Attorney's Fees.

Payments made by Patrick Wayne Tuter pursuant to the civil contempt provisions of this order shall be credited towards satisfaction of the separate judgments enumerated above.

It is further ORDERED that this Order shall in now way alter, abate, or modify any prior Order of this Court.

It is ORDERED that any and all writs and other process necessary for the enforcement and execution of this Order shall be issued as many times and as often as necessary.

16.    *Date of Judgment*

Signed on _____ 9-17-24 _____.

JUDGE PRESIDING

APP-097

**Volume III - Kaitlan Ross**

**Exhibit A – Declaration of Kaitlan Ross (28 U.S.C. § 1746)**

**DECLARATION OF KAITLAN ROSS**

*(Pursuant to 28 U.S.C. § 1746)*

I, **Kaitlan Ross**, declare as follows:

1. I am over the age of eighteen and competent to make this declaration. I have personal knowledge of the matters stated herein and could testify competently thereto if called as a witness.

2. I am a party to the underlying proceedings and related matters referenced in this action. This declaration is made in support of Plaintiff's Appendix submitted in connection with the federal complaint filed in this Court.

3. The documents contained in the accompanying Appendix, including but not limited to court dockets, orders, filings, correspondence, public records, and other documentary materials, were obtained by me from official court files, government entities, public sources, counsel of record, or from my own records maintained in the ordinary course of events.

4. To the best of my knowledge and belief, each document attached as an exhibit to the Appendix is a true and correct copy of the original document as it existed at the time it was obtained.

5. Certain materials contained in the Appendix consist of statutes, court rules, judicial canons, public court records, and other matters subject to judicial notice. This declaration is not offered to establish the truth of the contents of such materials, but to authenticate their source and inclusion.

6. This declaration is made for the purpose of authenticating the exhibits contained in the Appendix and supporting the factual allegations, jurisdictional assertions, and procedural history set forth in the accompanying complaint and related filings.

7. Additional declarations by other plaintiffs or parties may be submitted separately to authenticate materials specific to their respective cases or experiences. This declaration is limited to the exhibits referenced herein and those within my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 3, 2026

*/s/ Kaitlan Ross*

Kaitlan Ross

APP-099

**Volume III - Kaitlan Ross**

**Exhibit B – Notice of Assignment**
**(Honorable Sherill Dean – March 13, 2023)**



# Eleventh Administrative Judicial Region of Texas

## Susan Brown
### Presiding Judge
*Rebecca Brite*
*Executive Assistant*

March 13, 2023

Scott Boates          Shane Kersh          Amy Rod
VIA EMAIL             VIA EMAIL            VIA EMAIL

***NOTICE OF ASSIGNMENT***

The Honorable Sherill "Sheri" Y Dean, Senior District Judge, 309th Judicial District Court, has been assigned to Cause No. 18-E-0625; In the Interest of ███████ ██ █████ a child; 23rd Judicial District Court of Matagorda County, Texas.

*Enclosure*

*Phone 832-927-6600 • fax 832-927-6601*

# THE STATE OF TEXAS

## ELEVENTH ADMINISTRATIVE JUDICIAL REGION

## ORDER OF ASSIGNMENT BY THE PRESIDING JUDGE

Pursuant to Section 74.056, Texas Government Code, I hereby assign the Honorable **Sherill "Sheri" Y Dean**, Senior District Judge, 309th Judicial District Court, to the **23rd Judicial District Court** of **Matagorda** County, Texas.

This assignment begins the 13th day of March, 2023 and is for the primary purpose of hearing cases and disposing of any accumulated business requested by the court.

This assignment shall continue as may be necessary for the assigned Judge to dispose of any accumulated business and to complete trial of any case or cases begun during this assignment, and to pass on motions for new trial and all other matters growing out of accumulated business or cases heard before the Judge herein assigned, or until terminated by the Presiding Judge.

It is ordered that the Clerk of the Court to which this assignment is made, if it is reasonable and practicable, and if time permits, give notice of this assignment to each attorney representing a party to a case that is to be heard in whole or in part by the assigned Judge.

It is further ordered that the Clerk, upon receipt hereof, shall post a copy of this order in a prominent place in the public area of the Clerk's office. This posting shall constitute "Notice of Assignment" as required by Section 74.053, Texas Government Code.

Ordered this 13th of March, 2023.



*S Brown*

_____
Susan Brown, Presiding Judge
11th Administrative Judicial Region

Attest:

*Rebecca Britt*

_____
Executive Assistant
Assignment # 2964

APP-101

APP-102

**Volume III - Kaitlan Ross**

**Exhibit C – Order Holding Respondent in Contempt and
Commitment to County Jail
(May 20, 2024)**

NO. 18-E-0625

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| AARON LANCE MACH | § | |
| AND | § | 23RD JUDICIAL DISTRICT |
| KAITLAN ROSS | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| CHARLOTTE ELIZABETH ROSS- | § | MATAGORDA COUNTY, TEXAS |
| MACH, A CHILD | § | |

## ORDER HOLDING RESPONDENT IN CONTEMPT
## AND FOR COMMITMENT TO COUNTY JAIL

On May 20, 2024 the Court heard Movant's Motion for Enforcement of Possession or Access.

*Appearances*

Movant, Aaron Lance Mach, appeared physically in the courtroom. Respondent's attorney of record, Scott K. Boates, appeared physically in the courtroom and announced ready.

Respondent, Kaitlan Ross, appeared physically in the courtroom and announced ready.

*Jurisdiction*

The Court, after examining the record and the evidence and argument of counsel, finds that it has jurisdiction over the subject matter and the parties in this case. All persons entitled to citation were properly cited.

*Record*

The record of testimony was duly reported by the court reporter for the 23rd Judicial District Court.

*Jury*

The Court having found Respondent not entitled to a jury, all questions of fact and of law were submitted to the Court.

*Findings*

The Court finds that Respondent is guilty of separate violations of the order signed on August 1, 2023 in Cause No. 18-E-0625, styled "In the Interest of CHARLOTTE ELIZABETH ROSS-MACH, a Child," in the 23rd Judicial District Court of Matagorda County *and Attached us Exhibit A-MD*

The Court further finds that Respondent has failed to comply with and has violated the provisions of the order as follows:

Denied

Violation 1.    The child, Charlotte Ross-Mach, was not returned by Kaitlan Ross to Aaron Mach, primary parent, at 6:00 PM on Sunday, August 13, 2023;

Violation 2.    The child, Charlotte Ross-Mach, has been withheld by Kaitlan Ross.

Violation 3.    The child, Charlotte Ross- Mach, has not been relinquished to Aaron Mach by Kaitlan Ross in violation of the Order in Suit to Modify dated August 1, 2023.

The Court specifically finds that Respondent is in contempt for each separate violation enumerated above.

The Court further finds that on the day of this hearing Respondent had the ability to comply with the prior order of the Court.

The Court further finds that attorney's fees and costs of $ 5,000.00 should be assessed against Respondent.

*Relief Granted*

IT IS ADJUDGED that Respondent, Kaitlan Ross, is in contempt for each separate violation enumerated above.

*Criminal Contempt*

IT IS ORDERED that punishment for each separate violation is assessed at a fine of $ — 0 — and confinement in the county jail of Matagorda County, Texas, for a period of ~~180 Days.~~ 90 days

IT IS THEREFORE ORDERED that Respondent is committed to the county jail of Matagorda County, Texas, for a period of ~~180 Days~~ for each separate violation enumerated above. 90

IT IS ORDERED that each period of confinement assessed in this order shall run and be satisfied concurrently.

IT IS ORDERED that the sheriff of Matagorda County shall take custody of the Respondent and commit her to the Matagorda County jail to serve the sentence for criminal contempt as set forth above.

*Civil Contempt*

IT IS ORDERED that Respondent, Kaitlan Ross, shall be confined in the county jail of

*40 days*

Matagorda County, Texas, for a period not to exceed eighteen months, including time served for criminal contempt, or until Respondent has complied with the following orders, whichever occurs first. IT IS ORDERED that Respondent

1.    deliver Charlotte Elizabeth Mach Ross to Aaron Lance Mach.

IT IS ORDERED that the sheriff of Matagorda County shall take custody of Respondent and commit her to the Matagorda County jail until she has purged herself of her contempt pursuant to the terms set out above.

*Attorney's Fees*

IT IS ORDERED that judgment is awarded to Scott M. Brown & Associates in the amount of $ 5,000.00 for reasonable attorney's fees, expenses, and costs, with interest at 3 percent per year compounded annually from the date the judgment is signed until paid. The judgment, for which let execution issue, is awarded against Kaitlan Ross, Respondent, and Respondent is ORDERED to pay those fees, expenses, costs, and interest, by cash, cashier's check, or money order, directly to Scott M. Brown & Associates on or before 5:00 PM on Aug. 19, 2024. Scott M. Brown & Associates may enforce this judgment for fees, expenses, and costs in the attorney's own name by any means available for the enforcement of a judgment for debt. The Court finds that enforcement of the order is necessary to ensure the child's physical or emotional health or welfare. IT IS THEREFORE ORDERED that the attorney's fees and costs awarded herein may be enforced by any means available for the enforcement of child support including contempt but not including income withholding.

*Costs*

IT IS ORDERED that costs of court of $ 179.00 are taxed against Respondent, and Kaitlan Ross, Respondent, is ORDERED to pay those costs, by cash, cashier's check, or money order, to Scott M. Brown & Associates at 121, E. Myrtle, Angleton, Texas on or before 5:00 PM on Aug. 19, 2024.

*Issuance of Process*

IT IS ORDERED that all writs and other process necessary for the enforcement of this order be issued.

*Relief Not Granted*

All relief requested and not expressly granted is denied.

SIGNED on 5/20/2024.

FILED

at 7:12 o'clock P. M.

JUDGE PRESIDING

MAY 20 2024

JANICE L. HAWTHORNE
Clerk of District Court Matagorda Co., Texas
By_____ DEPUTY

*Exhibit A*

## CAUSE NO. 18-E-0625

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| CHARLOTTE E. ROSS-MACH, | § | 23RD JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | MATAGORDA COUNTY, TEXAS |

## ORDER IN SUIT TO MODIFY THE PARENT-CHILD RELATIONSHIP

On **June 12-21, 2023**, a jury heard this case.

### Appearances

Petitioner, **KAITLAN ROSS**, appeared in person and through her attorney of record, SHANE ALSTON KERSH, Kersh Law Firm, P.C.

Respondent, **AARON MACH**, appeared in person and through his attorney of record, SCOTT K. BOATES, Scott M. Brown & Associates.

The Amicus Attorney appointed by the Court, AMY J. ROD, Paul Webb, P.C., appeared in person.

### Jurisdiction

The Court, after examining the record, and hearing the evidence and argument of counsel, finds that all necessary prerequisites of the law have been legally satisfied and that this Court has jurisdiction of this case and of all the parties. All persons entitled to citation were properly cited.

### Record

The record of testimony was made by COURTNEY MOGFORD.

### Child

The following orders are for the safety and welfare and in the best interest of the following Child:

Name:
**CHARLOTTE
E. ROSS-MACH**
Sex:                          Female
Birth date:              11/10/2018
Home state:           Texas

*Findings*

The Court finds that modification of the ***Order Adjudicating Parentage*** dated December 18, 2020, is in the best interests of the child, and is GRANTED.

*Conservatorship*

IT IS ORDERED that A A R O N  M A C H  a n d  KAITLAN ROSS are appointed Joint Managing Conservators of the child, Charlotte E. Ross-Mach.

*Rights & Duties at all Times*

IT IS ORDERED that, at all times, AARON MACH and KAITLAN ROSS, as parent joint managing conservators, shall have the following rights and duties:

1. the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

2. the right to confer with the other conservator to the extent possible before making a decision concerning the health, education, and welfare of the child;

3. the right of access to medical, dental, psychological, and educational records of the child;

4. the right to consult with a physician, dentist, or psychologist of the child;

5. the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6. the right to attend school activities, including school lunches, performances, and field trips;

7. the right to be designated on the child's records as a person to be notified in case of an emergency;

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9. the right to manage the estate of the child to the extent the estate has been created by the parent or the parent's family;

10. the DUTY to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child;

11. the DUTY to inform the other conservator of the child if the conservator resides with, for at least 30 days, or marries, or intends to marry a person who the conservator knows is registered as a sex offender under Chapter 62 of the Code of Criminal Procedure; or who is currently charged with an offense for which, on

Charlotte E. Ross-Mach – Final Order in Modification

2

conviction, the person would be required to register under that chapter. This required notice must be made as soon as practicable, but not later than the 40th day after the date the conservator of the child begins to reside with the person, or the 10th day after the date the marriage occurs, as appropriate. The notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged; and

12.    the DUTY to inform the other conservator of the child if the conservator:

    a.    establishes a residence with a person who the conservator knows is the subject of a final protective order sought by an individual other than the conservator that is in effect on the date the residence with the person is established. IT IS ORDERED that notice of this information shall be provided to the other conservator of the child as soon as practicable, but not later than the thirtieth day after the date the conservator establishes residence with the person who is the subject of the final protective order;

    b.    resides with, or allows unsupervised access to a child by, a person who is the subject of a final protective order sought by the conservator after the expiration of the 60-day period following the date the final protective order is issued. This required notice must be made as soon as practicable, but not later than the 90th day after the date the final protective order was issued;

    c.    is the subject of a final protective order issued after the date of the order establishing conservatorship. This required notice must be made as soon as practicable, but not later than the 30th day after the date the final protective order was issued.

**WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE ANY OF THE NOTICES SET FORTH IN PARAGRAPHS 11, and 12.a.-c., ABOVE**

*Rights & Duties During Periods of Possession*

IT IS ORDERED that AARON MACH and KAITLAN ROSS, as parent joint managing conservators, and during their respective periods of possession, shall have the following rights and duties:

1.    the duty of care, control, protection, and reasonable discipline of the child;

2.    the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.    the right to consent for the child to medical and dental care not involving an invasive procedure; and

4.    the right to direct the moral and religious training of the child.

APP-108

*Right to Designate Primary Residence*

Based upon the finding of the jury, IT IS ORDERED that AARON MACH has the exclusive right to designate the primary residence of the child within Matagorda County, Texas and counties contiguous to Matagorda County, Texas.

*Additional Rights of AARON MACH*

IT IS ORDERED that AARON MACH has the following additional rights with respect to the child:

1.    the exclusive right to designate the primary residence of the child;

2.    the exclusive right to consent to medical, dental, and surgical treatment involving invasive procedures;

3.    the exclusive right to consent to psychiatric and psychological treatment of the child;

4.    the exclusive right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;

5.    the exclusive right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

6.    the exclusive right to consent to marriage and to enlistment in the armed forces of the United States;

7.    the exclusive right to make decisions concerning the child's education;

8.    the exclusive right to the services and earnings of the child, except as provided by section 264.0111 of the Texas Family Code;

9.    except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the exclusive right to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government;

10.    the exclusive right to apply for a passport for the child, to renew the child's passport, and to maintain possession of the child's passport; and

11.    the exclusive right to manage the estate of the child.

**IT IS FURTHER ORDERED** that AARON MACH has the exclusive right to designate the primary residence of the child shall be within Matagorda County, Texas and counties contiguous to Matagorda County, Texas and the parties shall not move or attempt to move such primary residence outside of Matagorda County, Texas and counties contiguous to Matagorda County, Texas without first obtaining modification of this restrictions by the Court of continuing

Charlotte E. Ross-Mach – Final Order in Modification                                         4

jurisdiction over this cause or by written agreement signed by both parties and filed with the Court of continuing jurisdiction.

*Possession & Access*

**IT IS ORDERED THAT KAITLIN ROSS IS ORDERED TO SURRENDER THE CHILD, CHARLOTTE E. ROSS-MACH, TO AARON MACH AT 6 P.M. ON JUNE 22, 2023, AND POSSESSION AND ACCESS FOR KAITLIN ROSS SHALL BEGIN AUGUST, 2023.**

1.     Modified Possession Order

IT IS FURTHER ORDERED that each conservator shall comply with all terms and conditions of this Possession Order. IT IS ORDERED that this Possession Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Possession Order. IT IS, THEREFORE, ORDERED:

(a)     Definitions

1.     In this Possession Order "school" means the elementary or secondary school in which the child is enrolled or, if the child is not enrolled in an elementary or secondary school, the public school district in which the child primarily resides.

2.     In this Possession Order "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

3.     In this Possession Order, the school year begins on August 1 of each year, and ends on the last day of the school term before summer break, as determined by the school in which the child is enrolled.

(b)     Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the child under the specified terms set out in this Order.

(c)     Modified Standard Possession Order Beginning August, 2023

Beginning the first period of possession in August, 2023, and each August thereafter, KAITLIN ROSS shall have the right to possession of the child as follows:

1a. Weekends Prior to School Beginning in August

In August, on weekends prior to the beginning of school, Kaityn Ross shall have the right to possession of the child beginning at 6:00 p.m., on the second and

Charlotte E. Ross-Mach – Final Order in Modification         5

fourth Friday of each month and ending at 6:00 p.m. on the following Sunday.

1b.  Weekends During the School Year

On weekends during the school year, beginning in August, KAITLIN ROSS shall have the right to possession of the child at 6:00 p.m., on the second and fourth Friday of each month and ending at 6:00 p.m. on the following Sunday.

2.    Weekend Possession Extended by a Holiday –

Except as otherwise expressly provided in this Possession Order, if a weekend period of possession by Kaitlan Aileen Ross begins on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Friday during the summer months when school is not in session, that weekend period of possession shall begin at 6:00 p.m. on the immediately preceding Thursday.

Except as otherwise expressly provided in this Possession Order, if a weekend period of possession by Kaitlan Aileen Ross ends on or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, that weekend period of possession shall end at 6:00 p.m. on that Monday.

Except as otherwise expressly provided in this Possession Order, if a weekend period of possession by Kaitlan Aileen Ross ends on or is immediately followed by a federal, state, or local holiday that falls on a Monday during the summer months when school is not in session, that weekend period of possession shall end at 6:00 P.M. on that Monday.

3.    Spring Vacation in Odd-Numbered Years - In odd-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 P.M. on the day before school resumes after that vacation.

4.    Modified Summer Possession by the Parties

Beginning on the first Monday following the child's dismissal from school for the summer break, the parties shall alternate weekly possession of the child until August 1 of each year, as follows:

Aaron Mach shall have possession of the child the first and third weeks of June and July, beginning at 6 p.m. on the Monday preceding the first and third Friday following the child's dismissal from school; and Kaitlyn Ross shall have possession of the child the second and fourth weeks of June and July, beginning at 6 p.m. on the Monday preceding the second and fourth Friday.

5.    Holidays

Notwithstanding the weekend and Thursday periods of possession of Kaitlan Aileen Ross, Aaron Lance Mach and Kaitlan Aileen Ross shall have the right to possession

Charlotte E. Ross-Mach – Final Order in Modification                                6

of the child as follows:

     1.     Christmas Holidays in Even-Numbered Years - In even-numbered years, Kaitlan Aileen Ross shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 28, and Aaron Lance Mach shall have the right to possession of the

child beginning at noon on December 28 and ending at 6:00 P.M. on the day before school resumes after that Christmas school vacation.

     2.     Christmas Holidays in Odd-Numbered Years - In odd-numbered years, Aaron Lance Mach shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 28, and Kaitlan Aileen Ross shall have the right to possession of the child beginning at noon on December 28 and ending at 6:00 P.M. on the day before school resumes after that Christmas school vacation.

     3.     Thanksgiving in Odd-Numbered Years - In odd-numbered years, Kaitlan Aileen Ross shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school before Thanksgiving and ending at 6:00 P.M. on the Sunday following Thanksgiving.

     4.     Thanksgiving in Even-Numbered Years - In even-numbered years, Aaron Lance Mach shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school before Thanksgiving and ending at 6:00 P.M. on the Sunday following Thanksgiving.

     5.     Child's Birthday - If a parent is not otherwise entitled under this Standard Possession Order to present possession of the child on the child's birthday, that parent shall have possession of the child beginning at 6:00 P.M. and ending at 8:00 P.M. on that day, provided that that parent picks up the child from the other parent's residence and returns the child to that same place.

     6.     Father's Day - Aaron Lance Mach shall have the right to possession of the child each year, beginning at 6:00 P.M. on the Friday preceding Father's Day and ending at 6:00 p.m. on Father's Day, provided that if Aaron Lance Mach is not otherwise entitled under this Standard Possession Order to present possession of the child, he shall pick up the child from Kaitlan Aileen Ross's residence and return the child to that same place.

     7.     Mother's Day - Kaitlan Aileen Ross shall have the right to possession of the child each year, beginning at 6:00 p.m. on the Friday preceding Mother's Day and ending at 6:00 p.m. on Mother's Day, provided that if Kaitlan Aileen Ross is not otherwise entitled under this Standard Possession Order to present possession of the child, she shall pick up the child from Aaron Lance Mach's residence and return the child to that same place.

(f)     Undesignated Periods of Possession

     Aaron Lance Mach shall have the right of possession of the child at all other times

APP-112

not specifically designated in this Standard Possession Order for Kaitlan Aileen Ross.

(g) General Terms and Conditions

Except as otherwise expressly provided in this Standard Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a parent and the child are as follows:

1. Surrender of Child by Aaron Lance Mach - Aaron Lance Mach is ORDERED to surrender the child to Kaitlan Aileen Ross at the beginning of each period of Kaitlan Aileen Ross's possession in the parking lot at the entrance of the H.E.B. food store, or, in the event of inclement weather, at the location of the shopping cart storage located within the entrance of the H.E.B. food store located at **2700 Seventh Street, Bay, City, Texas 77414.**

2. Return of Child by Kaitlan Aileen Ross - Kaitlan Aileen Ross is ORDERED to return the child to Aaron Lance Mach at the end of each period of Kaitlan Aileen Ross' possession in the parking lot at the entrance of the H.E.B. food store, or, in the event of inclement weather, at the location of the shopping cart storage located within the entrance of the H.E.B. food store located at **2700 Seventh Street, Bay, City, Texas 77414**

3. Surrender of Child by Kaitlan Aileen Ross - Kaitlan Aileen Ross is ORDERED to surrender the child to Aaron Lance Mach, if the child is in Kaitlan Aileen Ross's possession or subject to Kaitlan Aileen Ross's control, at the beginning of each period of Aaron Lance Mach's exclusive periods of possession, at the place designated in this Standard Possession Order.

4. Return of Child by Aaron Lance Mach - Aaron Lance Mach is ORDERED to return the child to Kaitlan Aileen Ross, if Kaitlan Aileen Ross is entitled to possession of the child, at the end of each of Aaron Lance Mach's exclusive periods of possession, at the place designated in this Standard Possession Order.

5. Personal Effects - Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession.

6. Designation of Competent Adult - Each conservator may designate any competent adult to pick up and return the child, as applicable. IT IS ORDERED that a conservator or a designated competent adult be present when the child is picked up or returned.

7. Inability to Exercise Possession - Each conservator is ORDERED to give notice to the person in possession of the child on each occasion that the conservator will be unable to exercise that conservator's right of possession for any specified period.

8. Written Notice - Written notice, including notice provided by electronic mail or facsimile or as otherwise authorized in this order, shall be deemed to have been timely made if received or, if applicable, postmarked before or at the time that notice is due. Each conservator is ORDERED to notify the other conservator of any change in the

Charlotte E. Ross-Mach – Final Order in Modification                                                        8

APP-113

conservator's electronic mail address or facsimile number within twenty-four hours after the change.

9.    Notice to School and Aaron Lance Mach – If Kaitlin Aileen Ross' time of possession of the child ends at the time school resumes and for any reason the child is not or will not be returned to school, Kaitlin Aileen Ross shall immediately notify the school and Aaron Lance Mach that the child will not be or has not been returned to school.

This concludes the Possession Order.

Duration

The periods of possession ordered above apply to the child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

*Noninterference with Possession*

Except as expressly provided herein, IT IS ORDERED that neither conservator shall take possession of the child during the other conservator's period of possession unless there is a prior written agreement signed by both conservators or in case of an emergency.

*Child Support*

IT IS ORDERED that KAITLIN AILEEN ROSS pay to AARON MACH for the support of CHARLOTTE ELIZABETH ROSS-MACH the sum of **ONE THOUSAND FOUR HUNDRED SEVENTY-TWO DOLLARS ($1,472.00)** per month, with the first payment being due and payable on **AUGUST 1, 2023** and a like payment being due and payable on the 1st day of each month thereafter until further order of this Court.

Withholding from Earnings

IT IS ORDERED that any employer of KAITLIN AILEEN ROSS shall be ordered to withhold the child support payments ordered in this order from the disposable earnings of KAITLIN AILEEN ROSS for the support of CHARLOTTE ELIZABETH ROSS-MACH.

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of KAITLIN AILEEN ROSS by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this order through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this order, the balance due remains an obligation of KAITLIN AILEEN ROSS, and it is hereby ORDERED that KAITLIN AILEEN ROSS pay the balance due directly as specified below.

On this date the Court signed an Income Withholding for Support.

Payment

Charlotte E. Ross-Mach – Final Order in Modification

9

IT IS ORDERED that, upon establishment of a child support account, all payments shall be made through the state disbursement unit at **Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791**, and thereafter promptly remitted to KAITLAN ROSS for the support of the child. IT IS ORDERED that all payments shall be made payable to the Office of the Attorney General and include the ten-digit Office of the Attorney General case number (if available), the cause number of this suit (No. 18-E-0625), KAITLIN AILEEN ROSS' name as the name of the noncustodial parent (NCP), and AARON LANCE MACH'S name as the name of the custodial parent (CP).

Payment options are found on the Office of the Attorney General's website at https://www.texasattorneygeneral.gov/cs/payment-options-and-types.

IT IS ORDERED that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.

### Change of Employment

IT IS FURTHER ORDERED that KAITLIN AILEEN ROSS shall notify this Court and AARON LANCE MACH by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment. This notice shall be given no later than seven days after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of KAITLIN AILEEN ROSS and the name and address of his current employer, whenever that information becomes available.

### Clerk's Duties

IT IS ORDERED that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, KAITLAN ROSS, AARON MACH, or an attorney representing KAITLAN ROSS or AARON MACH, the clerk of this Court shall cause a certified copy of the Income Withholding for Support to be delivered to any employer.

## Miscellaneous Child Support Provisions

### No Credit for Informal Payments

IT IS ORDERED that the child support as prescribed in this order shall be exclusively discharged in the manner ordered and that any direct payments made by AARON MACH to KAITLAN ROSS or any expenditures incurred by AARON MACH during AARON MACH's periods of possession of or access to the child, as prescribed in this order, for food, clothing, gifts, travel, shelter, or entertainment are deemed in addition to and not in lieu of the support ordered in this order.

## Medical and Dental Support

1.      IT IS ORDERED that Kaitlan Aileen Ross and Aaron Lance Mach shall each provide additional support for the child as set out in this order for as long as the Court may order Kaitlan Aileen Ross and Aaron Lance Mach to provide support for the child under sections 154.001 and 154.002 of the Texas Family Code. Beginning on the day Kaitlan Aileen Ross and Aaron Lance Mach's actual or potential obligation to support the child under sections 154.001 and 154.002 of the Family Code terminates, IT IS ORDERED that Kaitlan Aileen Ross and Aaron Lance Mach are discharged from these obligations, except for any failure by a parent to fully comply with these

APP-115

obligations before that date. IT IS FURTHER ORDERED that the additional child support payments for costs of health and dental insurance ordered below are payable through the state disbursement unit or as directed below.

2.      Definitions –

"Health Insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other private or public organization, other than medical assistance under chapter 32 of the Texas Human Resources Code.

"Reasonable cost" means the cost of health insurance coverage for a child that does not exceed 9 percent of Kaitlan Aileen Ross's annual resources, as described by section 154.062(b) of the Texas Family Code.

"Health-care expenses" include, without limitation, medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges but do not include expenses for travel to and from the provider or for nonprescription medication.

"Health-care expenses that are not reimbursed by insurance" ("unreimbursed expenses") include related copayments and deductibles.

3.      Findings on Availability of Health Insurance - Having considered the cost, accessibility, and quality of health insurance coverage available to the parties, the Court finds:

Health insurance is available or is in effect for the child through Aaron Lance Mach's employment or membership in a union, trade association, or other organization at a reasonable cost of $40.00 per month.

IT IS FURTHER FOUND that the following orders regarding health-care coverage are in the best interest of the child.

4.      Provision of Health-Care Coverage –

Aaron Lance Mach is ORDERED to maintain health insurance for the child as long as child support is payable for that child. Aaron Lance Mach is ORDERED-

a.      to provide to each conservator of the child the following information no later than the thirtieth day after the date the notice of the rendition of this order is received:

        i.      Aaron Lance Mach's Social Security number;

        ii.     the name and address of Aaron Lance Mach's employer;

        iii.    whether Aaron Lance Mach's employer is self-insured or has health insurance available;

Charlotte E. Ross-Mach – Final Order in Modification                                                      11

APP-116

    iv.    proof that health insurance has been provided for the child;

    v.    if Aaron Lance Mach's employer has health insurance available:

        (a)    the name of the health insurance carrier;
        (b)    the number of the policy;
        (c)    a copy of the policy;
        (d)    a schedule of benefits;
        (e)    a health insurance membership card;
        (f)    claim forms, and
        (g)    any other information necessary to submit a claim; and

    vi.    if Aaron Lance Mach's employer is self-insured:

        (a)    a copy of the schedule of benefits;
        (b)    a membership card;
        (c)    claim forms; and
        (d)    any other information necessary to submit a claim;

b.    to provide to each conservator of the child a copy of any renewals or changes to the health insurance coverage of the child and additional information regarding health insurance coverage of the child not later than the fifteenth day after Aaron Lance Mach receives or is provided with the renewal, change, or additional information;

c.    to notify each conservator of the child of any termination or lapse of the health insurance coverage of the child no later than the fifteenth day after the date of the termination or lapse;

d.    after termination or lapse of health insurance coverage, to notify each conservator of the child of the availability to Aaron Lance Mach of additional health insurance for the child not later than the fifteenth day after the date the insurance becomes available;

e.    after termination or lapse of health insurance coverage, to enroll the child in a health insurance plan that is available to Aaron Lance Mach at reasonable cost at the next available enrollment period.

Pursuant to section 1504.051 of the Texas Insurance Code, it is ORDERED that if Aaron Lance Mach is eligible for dependent health coverage but fails to apply to obtain coverage for the child, the insurer shall enroll the child on application of Kaitlan Aileen Ross or others as authorized by law.

Pursuant to section 154.182(b-1) of the Texas Family Code, Kaitlan Aileen Ross is ORDERED to pay Aaron Lance Mach, as child support, the amount of **Forty and 00/100 Dollars ($40.00) per month** for the cost of health insurance, with the first installment being due and payable on August 1, 203 and a like installment being due and payable on or before the 1st day of each month until the termination of current child support for Charlotte Elizabeth Ross-Mach.

IT IS FURTHER ORDERED that the Income Withholding Order for Support authorized in this order shall include the payments for the cost of health insurance ordered herein.

Charlotte E. Ross-Mach – Final Order in Modification         12

APP-117

IT IS FURTHER ORDERED that all payments for the cost of health insurance shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791. IT IS ORDERED that all payments shall be made payable to the Office of the Attorney General and include the ten-digit Office of the Attorney General case number (if available), the cause number of this suit, Kaitlan Aileen Ross's name as the name of the noncustodial parent (NCP), and Aaron Lance Mach's name as the name of the custodial parent (CP). Payment options are found on the Office of the Attorney General's website at www.texasattorneygeneral.gov/cs/payment-options-and-types.

IT IS ORDERED that the provisions of this order for payments for the cost of health insurance shall be an obligation of the estate of Kaitlan Aileen Ross and shall not terminate on her death.

5.    Provision of Dental Coverage –

As child support, Aaron Lance Mach is ORDERED to maintain dental insurance for the child as long as child support is payable for that child. Aaron Lance Mach is ORDERED-

a.    to provide to each conservator of the child the following information no later than the thirtieth day after the date the notice of the rendition of this order is received:

i.    Aaron Lance Mach's Social Security number;

ii.    the name and address of Aaron Lance Mach's employer;

iii.    whether Aaron Lance Mach's employer is self-insured or has dental insurance available;

iv.    proof that dental insurance has been provided for the child;

v.    if Aaron Lance Mach's employer has dental insurance available:

(a)    the name of the dental insurance carrier;
(b)    the number of the policy;
(c)    a copy of the policy;
(d)    a schedule of benefits;
(e)    a dental insurance membership card;
(f)    claim forms, and
(g)    any other information necessary to submit a claim; and

vi.    if Aaron Lance Mach's employer is self-insured:

(a)    a copy of the schedule of benefits;
(b)    a membership card;
(c)    claim forms; and
(d)    any other information necessary to submit a claim;

b.    to provide to each conservator of the child a copy of any renewals or changes to the dental insurance coverage of the child and additional information regarding dental insurance coverage

APP-118

of the child not later than the fifteenth day after Aaron Lance Mach receives or is provided with the renewal, change, or additional information;

c.    to notify each conservator of the child of any termination or lapse of the dental insurance coverage of the child no later than the fifteenth day after the date of the termination or lapse;

d.    after termination or lapse of dental insurance coverage, to notify each conservator of the child of the availability to Aaron Lance Mach of additional dental insurance for the child not later than the fifteenth day after the date the insurance becomes available;

e.    after termination or lapse of dental insurance coverage, to enroll the child in a dental insurance plan that is available to Aaron Lance Mach at reasonable cost at the next available enrollment period.

Pursuant to section 1504.051 of the Texas Insurance Code, it is ORDERED that if Aaron Lance Mach is eligible for dependent dental coverage but fails to apply to obtain coverage for the child, the insurer shall enroll the child on application of Kaitlan Aileen Ross or others as authorized by law.

IT IS FURTHER ORDERED that the Income Withholding Order for Support authorized in this order shall include the payments for the cost of dental insurance ordered herein.

IT IS FURTHER ORDERED that all payments for the cost of dental insurance shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791. IT IS ORDERED that all payments shall be made payable to the Office of the Attorney General and include the ten-digit Office of the Attorney General case number (if available), the cause number of this suit, Kaitlan Aileen Ross's name as the name of the noncustodial parent (NCP), and Aaron Lance Mach's name as the name of the custodial parent (CP). Payment options are found on the Office of the Attorney General's website at www.texasattorneygeneral.gov/cs/payment-options-and-types.

IT IS ORDERED that the provisions of this order for payments for the cost of dental insurance shall be an obligation of the estate of Kaitlan Aileen Ross and shall not terminate on her death.

6.    Allocation of Unreimbursed Expenses –

Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the child that are not reimbursed by health insurance are allocated as follows: Aaron Lance Mach is ORDERED to pay 50 percent and Kaitlan Aileen Ross is ORDERED to pay 50 percent of the unreimbursed health-care expenses if, at the time the expenses are incurred, Aaron Lance Mach is providing health insurance and Kaitlan Aileen Ross is paying additional child support for the cost of health insurance as ordered.

The conservator who incurs a health-care expense on behalf of the child is ORDERED to provide to the other conservator receipts, bills, statements, or explanations of benefits showing the uninsured portion of the health-care expenses within thirty days after the incurring conservator receives them. The nonincurring conservator is ORDERED to pay the non-incurring conservator's percentage

Charlotte E. Ross-Mach – Final Order in Modification

14

of the unreimbursed portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring conservator for any advance payment exceeding the incurring conservator's percentage of the unreimbursed portion of the health-care expenses within thirty days after the nonincurring conservator receives receipts, bills, statements, or explanations of benefits showing the unreimbursed portion of the health-care expense.

For the Court to hold the nonincurring conservator in civil or criminal contempt for failing to pay the nonincurring conservator's percentage of the unreimbursed portion of a health-care expense, the incurring conservator must prove beyond a reasonable doubt that the nonincurring conservator personally received receipts, bills, statements, or explanations of benefits reflecting the unreimbursed portion of the health-care expense no later than thirty days after the incurring conservator received them. Even if the incurring conservator fails to meet that burden of proof, the Court may award the incurring conservator a judgment in the nature of child support against the nonincurring conservator in the amount of the unreimbursed portion of the heath-care expense the nonincurring conservator was ordered but fail to pay.

7.      Secondary Coverage - IT IS ORDERED that if a conservator provides secondary health insurance coverage or dental insurance coverage for the child, the conservators shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the child and to ensure that the conservator who pays for health-care expenses for the child is reimbursed for the payment from both carriers to the fullest extent possible.

8.      Compliance with Insurance Company Requirements - Each conservator is ORDERED to conform to all requirements imposed by the terms and conditions of any policy of health or dental insurance covering the child in order to assure the maximum reimbursement or direct payment by any insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to any carrier, second opinions, and the like. Each conservator is ORDERED to use "preferred providers," or services within the health maintenance organization or preferred provider network, if applicable. Disallowance of the bill by an insurance company shall not excuse the obligation of a conservator to make payment. Excepting emergency health-care expenses incurred on behalf of the child, if a party incurs health-care expenses for the child using "out-of-network" health-care providers or services, or fails to follow the insurance company procedures or requirements, that conservator shall pay all such health-care expenses incurred absent (1) written agreement of the conservators allocating such health-care expenses or (2) further order of the Court.

9.      Claims - Except as provided in this paragraph, a conservator who is not carrying the health or dental insurance policy covering the child is ORDERED to provide to the party carrying the policy, within fifteen days of receiving them, all forms, receipts, bills, and statements reflecting the health-care expenses the conservator not carrying the policy incurs on behalf of the child. In accordance with section 1204.251 and 1504.055(a) of the Texas Insurance Code, IT IS ORDERED that the conservator who is not carrying the health or dental insurance policy covering the child, at that conservator's option, or others as authorized by law, may file any claims for health-care expenses directly with the insurance carrier with and from whom coverage is provided for the benefit of the child and receive payments directly from the insurance company. Further, for the sole purpose of section 1204.251 of the Texas Insurance Code, Kaitlan Aileen Ross is designated the managing conservator or possessory conservator of the child.

APP-120

The conservator who is carrying the health or dental insurance policy covering the child is ORDERED to submit all forms required by the insurance company for payment or reimbursement of health-care expenses incurred by either party on behalf of the child to the insurance carrier within fifteen days of that party's receiving any form, receipt, bill, or statement reflecting the expenses.

10.    Constructive Trust for Payments Received - IT IS ORDERED that any insurance payments received by a conservator from the health or dental insurance carrier as reimbursement for health-care expenses incurred by or on behalf of the child shall belong to the conservator who paid those expenses. IT IS FURTHER ORDERED that the conservator receiving the insurance payments is designated a constructive trustee to receive any insurance checks or payments for health-care expenses paid by the other conservator, and the conservator carrying the policy shall endorse and forward the checks or payments, along with any explanation of benefits received, to the other conservator within three days of receiving them.

11.    WARNING - A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR DENTAL INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE OR DENTAL INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILD, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE OR DENTAL INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS, DENTAL INSURANCE PREMIUMS, OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILD.

*Coparenting Web Site Program*

IT IS ORDERED that Kaitlan Aileen Ross and Aaron Lance Mach each shall, within ten days after this order is signed by the Court, obtain at his or her sole expense a subscription to the *Our Family Wizard* program on the Internet Web site at ourfamilywizard.com. IT IS FURTHER ORDERED that Kaitlan Aileen Ross and Aaron Lance Mach each shall maintain that subscription in full force and effect for as long as the child is under the age of eighteen years and not otherwise emancipated.

IT IS ORDERED that Kaitlan Aileen Ross and Aaron Lance Mach shall each communicate through the *Our Family Wizard* program with regard to all communication regarding the child, except in the case of an emergency or other urgent matter.

IT IS ORDERED that Kaitlan Aileen Ross and Aaron Lance Mach each shall timely post all significant information concerning the health, education, and welfare of the child, including but not limited to the child's medical appointments, the child's schedule and activities, and request for reimbursement of uninsured health-care expenses, on the *Our Family Wizard* Internet Web site. However, IT IS ORDERED that neither party shall have any obligation to post on that Web site any information to which the other party already has access through other means, such as information available on the Web site of the child's school.

Charlotte E. Ross-Mach — Final Order in Modification                                          16

IT IS FURTHER ORDERED that Kaitlan Aileen Ross and Aaron Lance Mach shall each timely post on the *Our Family Wizard* Internet Web site a copy of any e-mail received by the party from the child's school or any health-care provider of the child, in the event that e-mail was not also forwarded by the school or health-care provider to the other party.

For purposes of this section of this order, "timely" means on learning of the event or activity, or if not immediately feasible under the circumstances, not later than twenty-four hours after learning of the event or activity.

By agreement, the parties may communicate in any manner other than using the *Our Family Wizard* program, but other methods of communication used by the parties shall be in addition to, and not in lieu of, using the *Our Family Wizard* program.

### *Termination of Orders on Marriage of Parties but Not on Death of Obligee*

The provisions of this order relating to current child support terminate on the marriage of AARON MACH to KAITLAN ROSS unless a nonparent or agency has been appointed conservator of the child under chapter 153 of the Texas Family Code. An obligation to pay child support under this order does not terminate on the death of KAITLAN ROSS but continues as an obligation for the child.

### *Required Information*

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

```
Name:        Kaitlan Aileen Ross
Social Security number:      xxx-xx-_____
Driver's license number:     xxxxx____    Issuing state:   Texas
Current residence address:   _____
Mailing address:             _____
Home telephone number:       _____
Name of employer:            _____
Address of employment:       _____
Work telephone number:       _____

Name:        Aaron Lance Mach
Social Security number:      xxx-xx-x979
Driver's license number:     xxxxx601     Issuing state:   Texas
Current residence address:   1629 PR 672, Bay City, TX 77414
Mailing address:             1629 PR 672, Bay City, TX 77414
Home telephone number:       979-241-2146
Name of employer:            _____
Address of employment:       _____
Work telephone number:       _____
```

*Required Notices*

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BEPUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at 111 E. Locust, Suite 500, Angleton, Texas 77515. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

**NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.**

APP-123

THE COURT MAY MODIFY THIS ORDER THAT PROVIDES FOR THE SUPPORT OF A CHILD, IF:

(1)    THE CIRCUMSTANCES OF THE CHILD OR A PERSON AFFECTED BY THE ORDER HAVE MATERIALLY AND SUBSTANTIALLY CHANGED; OR

(2)    IT HAS BEEN THREE YEARS SINCE THE ORDER WAS RENDERED OR LAST MODIFIED AND THE MONTHLY AMOUNT OF THE CHILD SUPPORT AWARD UNDER THE ORDER DIFFERS BY EITHER 20 PERCENT OR $100 FROM THE AMOUNT THAT WOULD BE AWARDED IN ACCORDANCE WITH THE CHILD SUPPORT GUIDELINES.

*Warnings*

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

*Attorney's Fees*

IT IS ORDERED that attorney's fees are to be borne by the party who incurred them.

*Amicus and Amicus Fees*

IT IS ORDERED that AMY ROD is DISCHARGED as Amicus Attorney.

IT IS FURTHER ORDERED that the fees of the Amicus attorney in the amount of **$22,850.00** are APPROVED; and, that AARON LANCE MACH and KAITLIN AILEEN ROSS shall each pay $11,425.00 to AMY ROD, same being one-half of the fees of the Amicus Attorney, due no later than 5 p.m. on September 1, 2023.

IT IS FURTHER ORDERED that AMY ROD is awarded a Judgment against AARON LANCE MACH in the amount of $11,425.00; and, that AMY ROD is awarded a Judgment against KAITLIN AILEEN ROSS in the amount of $11,425.00, which may be enforced in her own name against each party.

Charlotte E. Ross-Mach – Final Order in Modification                                      19

*Costs*

IT IS ORDERED that costs of court are to be borne by the party who incurred them.

*Resolution of Temporary Orders*

IT IS ORDERED AND DECREED that the Parties are discharged from all further liabilities and obligations imposed by the temporary order of this Court announced by the Court April 17, 2023 and signed on May 6, 2023.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Duration*

This Final Order shall continue in force until further order of this Court.

SIGNED on 08/01/2023 .

_____
Judge Presiding

FILED
at 3:41 o'clock P M.
AUG 1 2023
JANICE L. HAWTHORNE
Clerk of District Court Matagorda Co., Texas
By_____ KD DEPUTY

Charlotte E. Ross-Mach – Final Order in Modification

20

APP-125

APPROVED AS TO FORM ONLY:

**SCOTT M. BROWN & ASSOCIATES**

*/S/ SCOTT K. BOATES*

By:_____

    Scott K. Boates
    State Bar No. 02526500
    121 E. Myrtle
    Angleton, Texas 77515
    Telephone: (979) 849-8526
    Facsimile: (979) 848-1877
    E-Service: efile@smbattorney.com
    Attorneys for Aaron Mach

**Kersh Law Firm P.C.**

By:_____

    Shane A. Kersh
    9307 Broadway, Suite 210
    Pearland, TX 77584
    Tel: (713) 980-5291
    State Bar No. 24085411
    eservice@alstonkershlaw.com
    Attorney for Kaitlan Ross

**Paul Webb, PC**

By:_____

Amy Rod
State Bar No. 24027785
221 N. Houston Street
Wharton, Texas 77488
Telephone:  979/532-5331
Telecopier:  979/532-2902
Amicus Attorney

Charlotte E. Ross-Mach – Final Order in Modification      21

APP-127

**Volume III - Kaitlan Ross**

**Exhibit D – Docket Sheet**
**(Cause No. 23-F-0331; March 25, 2023)**

# CIVIL DOCKET

| Number of Case | Style of Case | Attorneys | Offense | File Date |
|---|---|---|---|---|
| 23-F-0331 | DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES VS. SHELBY MACH AND AARON MACH | KAY COOPER | CHILD PROTECTIVE SERVICES | 07/25/2023 |

| Date | Of | Order | Orders of Court |
|---|---|---|---|
| Month | Day | Year | |
| 8 | 23 | 23 | Mot. for Aid to Investigate CPS/Mr Boater & Shelby & Aaron Mach Appeared - Test. Taken Motion Denied |
| 8 | 30 | 23 | Order Denying Depts. Request for Temp. Order for required participation in services. |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

APP-129

**Volume III - Kaitlan Ross**

**Exhibit E – Order Denying Department's Request for Temporary Order for Required Participation in Services (August 30, 2023)**

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

CAUSE NO. 23-F-0331

| | | |
|---|---|---|
| **DEPARTMENT OF FAMILY** | § | **IN THE DISTRICT COURT OF** |
| **AND PROTECTIVE SERVICES** | § | |
| | § | |
| **V.** | § | **MATAGORDA COUNTY, TEXAS** |
| | § | |
| **SHELBY MACH AND** | § | |
| **AARON MACH** | § | |
| **RESPONDENTS** | § | **130TH JUDICIAL DISTRICT** |

## ORDER DENYING DEPARTMENT'S REQUEST FOR TEMPORARY ORDER FOR REQUIRED PARTICIPATION IN SERVICES

On August 24, 2023 , the Court heard the Department's request for *Temporary Order For Required Participation in Services* pursuant to § 264.203, Texas Family Code.

**1.     Appearances**

1.1.    The Department of Family and Protective Services ("the Department") appeared through **SHARON OSBORNE**, caseworker, and by attorney, **JENNIFER KIM CHAU** and announced ready.

1.2.    Respondent Step-Mother, **SHLEBY MACH** appeared through attorney of record, **SCOTT K. BOATS** and announced ready.

1.3.    Respondent Alleged Father, **AARON MACH**, father of **ALEXANDER MACH, CHARLOTTE ROSS MACH, CHARLOTTE ROSS MACH, AND WILLOW MACH** appeared through attorney of record **SCOTT K. BOATS** and announced ready.

**2.     Findings and Orders**

2.1.    **THE COURT HEREBY** denies the *Temporary Order For Required Participation in Services*.

2.2.    The Clerk of this Court is hereby directed to remove this cause from the Court's docket and send notice to all parties that this cause is hereby dismissed.

SIGNED this _30_ day of _August_ , 2023.

_____
JUDGE PRESIDING

Order Denying OTP
Page 1

23-F-0331 / 130th
Matagorda County

FILED
at _2:27_ o'clock _P_ M.

AUG 30 2023

JANICE L. HAWTHORNE
Clerk of District Court Matagorda Co., Texas
By_____ DEPUTY

*APP-130*

**Volume III - Kaitlan Ross**

**Exhibit F – Notice of Assignment
(Susan Brown; Honorable Sherill Dean – Cause No. 25-F-
0457, 23rd District Court)**

# Eleventh Administrative Judicial Region of Texas

## Susan Brown

### Presiding Judge

*Rebecca Brite*
*Executive Assistant*

December 1, 2025

Kaitlan Ross
VIA EMAIL

Scott Boates
VIA EMAIL

### *NOTICE OF ASSIGNMENT*

The Honorable Sherill "Sheri" Y. Dean, Senior District Judge, 309th Judicial District Court, has been assigned to Cause No. 25-F-0457; In the Interest of Charlotte Ross-Mach; 23rd Judicial District Court of Matagorda County, Texas.

*Enclosure*

# THE STATE OF TEXAS

## ELEVENTH ADMINISTRATIVE JUDICIAL REGION

### ORDER OF ASSIGNMENT BY THE PRESIDING JUDGE

Pursuant to Section 74.056, Texas Government Code, I hereby assign the Honorable **Sherill "Sheri" Y. Dean**, Senior District Judge, 309th Judicial District Court, to the **23rd Judicial District Court** of **Matagorda** County, Texas.

This assignment begins the 1st day of December, 2025 and is for the primary purpose of hearing cases and disposing of any accumulated business requested by the court.

This assignment shall continue as may be necessary for the assigned Judge to dispose of any accumulated business and to complete trial of any case or cases begun during this assignment, and to pass on motions for new trial and all other matters growing out of accumulated business or cases heard before the Judge herein assigned, or until terminated by the Presiding Judge.

It is ordered that the Clerk of the Court to which this assignment is made, if it is reasonable and practicable, and if time permits, give notice of this assignment to each attorney representing a party to a case that is to be heard in whole or in part by the assigned Judge.

It is further ordered that the Clerk, upon receipt hereof, shall post a copy of this order in a prominent place in the public area of the Clerk's office. This posting shall constitute "Notice of Assignment" as required by Section 74.053, Texas Government Code.

Ordered this 1st of December, 2025.



_Susan Brown_

Susan Brown, Presiding Judge
11th Administrative Judicial Region

Attest:

_Rebecca Britt_

Executive Assistant
Assignment # 4628

**Volume III - Kaitlan Ross**

**Exhibit G – Court Register**
**(Register of Actions – Cause No. 25-F-0457; November 20, 2025)**

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                    Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 25-F-0457

| In the Interest of ▉▉▉ ▉ ▉ a Child | § | | |
|---|---|---|---|
| | § | Case Type: | **Protective Order - No Divorce** |
| | § | Date Filed: | **11/20/2025** |
| | § | Location: | **23rd District Court** |
| | § | | |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| **Petitioner** | ROSS, KAITLAN | **Tiffany Vittur** |
| | | *Retained* |
| | | [281-435-1657](tel:)(W) |
| | | |
| | | ~~Pro Se~~ |
| | | |
| **Respondent** | MACH, AARON | **Scott K. Boates** |
| | | *Retained* |
| | | [713-664-4010](tel:)(W) |
| | | |
| **Respondent** | MACH, SHELBY | **Scott K. Boates** |
| | | *Retained* |
| | | [713-664-4010](tel:)(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 11/20/2025 | **New Case Filed (OCA)** |
| | *Transfer Certificate* |
| 11/20/2025 | **Other Filings** |
| 11/20/2025 | **Notice** |
| | *Letter to Judge* |
| 11/21/2025 | **Order on Motion to Transfer** |
| | *(Lampasas County)* |
| 12/01/2025 | **Transfer Order** |
| | *to 23rd District Court* |
| 12/04/2025 | **Order on Objection to Assignment of Judge** |
| 12/11/2025 | **Statement of Receipt of Transfer** |
| 12/16/2025 | **Notice of Hearing** |
| | *December 22, 2025 at 10:00 am* |
| 12/16/2025 | **Email to Party(ies) from 23rd Court Coordinator** |
| | *Notice of Hearing* |
| 12/16/2025 | **Motion to Withdrawal as Counsel** |
| | *Unopposed Motion for Withdrawal of Attorney* |
| 12/18/2025 | **Amended Petition** |
| | *1st anended Motion for Withdrawal of Attorney* |
| 12/18/2025 | **Order of Assignment by the Presiding Judge** |
| | *Roy B Ferguson* |
| 12/18/2025 | **Objection To Assigned Judge** |
| 12/18/2025 | **Supplement** |
| | *Respondent's Verified Supplement Regarding Lack Of Actual Notice Of Assignment* |
| 12/18/2025 | **Objection To Assigned Judge** |
| | *Notice of Objection to Assignment of Judge Sheri Y Dean* |
| 12/18/2025 | **Request** |
| | *Respondent's Request for Written Administrative Determination* |
| 12/18/2025 | **Objection** |
| | *Limited Objection Re. Potential Ex Parte Communication* |
| 12/18/2025 | **Notice** |

*Statutory Rebuttal Re. Interpretation of Subsection (f)*

12/18/2025 **Response**

*Kaitlan Ross's Emergency Response to Objection*

12/19/2025 **Motion**

*APP MOTION FOR IMMEDIATE TEMPORARY OR FINAL PROTECTIVE ORDERS BY DEFAULT AND FOR ANCILLARY CRIMINAL RELIEF*

12/19/2025 **Order on Objection to Assignment of Judge**

12/22/2025 **Order For Withdrawl of Attorney**

12/22/2025 **Answer**

*Special Exceptions, Motion to Strike and Motion to Dismiss Protective Order*

12/22/2025 **Email to Party(ies) from 23rd Court Coordinator**

*Order Denying Protective Order*

12/22/2025 **Order Denying Protective Order**

---

**FINANCIAL INFORMATION**

|  |  |
|---|---:|
| **Petitioner** ROSS, KAITLAN | |
| Total Financial Assessment | 350.00 |
| Total Payments and Credits | 0.00 |
| **Balance Due as of 12/23/2025** | **350.00** |
| | |
| 11/20/2025   Transaction Assessment | 350.00 |

APP-137

Volume IV – Conghua Yan

Exhibit A – Declaration of Conghua Yan (28 U.S.C. § 1746), executed Jan. 9, 2026

## DECLARATION OF CONGHUA YAN

I, Conghua Yan, declare as follows:

### I.   Competency and Personal Knowledge

1.   I am over 18 years of age and competent to make this declaration. Unless expressly stated otherwise, the facts stated below are within my personal knowledge. If called to testify, I could and would testify truthfully and competently to the matters stated in this declaration.

### II.   Background and Ongoing Proceedings

2.   I am a party in Cause No. 360-707596-21, pending in the 360th District Court of Tarrant County, Texas, which was previously filed and litigated under Cause No. 325-707596-21 in the 325th District Court of Tarrant County, Texas.

3.   The case involves post-divorce proceedings, including enforcement and/or modification matters.

4.   Additional hearings in this matter are scheduled and/or reasonably anticipated within the next twelve months.

5.   I am also the plaintiff in a federal civil RICO action, Case No. 4:23-cv-00758, pending in the United States District Court for the Northern District of Texas.

### III.   Rule 145 Contest and the November 6, 2024 Hearing

6.   On or about May 1, 2024, I filed a Statement of Inability to Afford Payment of Court Costs pursuant to Texas Rule of Civil Procedure 145.

7.   On October 7, 2024, I filed a Notice of Appeal. On October 16, 2024, I filed a Motion for New Trial and Request for Findings of Fact and Conclusions of Law disclosing my appellate grounds and constitutional challenges.

8.  On or about October 28, 2024, I received a notice filed by the 325th District Clerk Latoya Turner accompanied by a document that appeared to be a Texas Rule of Civil Procedure 145 contest signed by court reporter Kirk Moss (docket entry #602). The contest I received was not sworn. The docket reflects that Clerk Turner filed this instrument; Kirk Moss did not submit it through e-filing or in-person delivery.

9.  The unsworn contest I received contained a handwritten hearing date that was not clearly legible to me. The signature on hearing-setting portion of the contest appeared to be that of Court Coordinator Lisa Grimaldi. I have been litigating in Texas courts for five years. In my experience, every prior court order setting a hearing date in my cases has been signed by the presiding judge. I have never seen an unsworn pleading filed by the opposing party that includes what purports to be a court-authorized hearing setting.

10. Kirk Moss was not a named party in my case. Based on my understanding at the time and my review of clerk fee information available to the public, I understood that a third-party filing typically requires payment of a fee (which I understood to be about $80, including $35 pursuant to Tex. Loc. Gov't Code § 135.101, and $45 pursuant to Tex. Loc. Gov't Code § 135.151)). The contest I received reflected a "$0" or "no-fee" filing.

11. Because the hearing date was not clearly legible to me and for the reasons stated above, I did not understand that a hearing would proceed on November 6, 2024, and I did not appear.

12. On or about November 5, 2024, I received a USPS mailer from the 325th Court containing a duplicate copy of the filing. That same day, I emailed Court Coordinator Lisa Grimaldi to request clarification of the handwritten hearing date. I received an automated indication that the email was received/opened, but I did not receive a substantive response before November 6, 2024, or after.

13. On November 6, 2024, Judge Randy Catterton conducted proceedings in open court and signed an order denying my Statement of Inability to Afford Payment of Court Costs (Rule 145). That order appears on the docket on November 12 (docket entry #593). I did not attend because I lacked clear notice of the hearing date and time.

14. Before November 12, 2024, I did not receive any written notice identifying Judge Randy Catterton as assigned to my case, any information stating whether he was sitting as a retired, senior, or visiting judge, or any notice of my right to object under Texas Government Code § 74.053. As of the date of this declaration, I have reviewed the official court records available to me (including the docket and/or clerk file access I could obtain) for Cause No. 325-707596-21, and I have been unable to locate any written assignment order filed before November 6, 2024 authorizing Judge Catterton to act in my case.

15. Texas Rule of Civil Procedure 145 requires at least ten days' notice of a contest hearing. Based on the October 28, 2024 notice I received and the November 6, 2024 hearing date, the notice period was nine days. The notice I received listed the hearing date in handwriting that I could not read. Before the hearing, I requested clarification of the date, but I did not receive a response. As a result, I did not appear, and the court proceeded in my absence.

16. Based on my review of the hearing transcript for November 6, 2024, opposing counsel Erica Patino appeared at the hearing and made statements to the court concerning me. Before the hearing, I did not receive copies of any written communications or subpoena between opposing counsel and the court, the court coordinator Lisa Grimaldi, or the court reporter Kirk Moss relating to Erica Patino's appearance at that hearing.

17. To the best of my knowledge, Judge Cynthia Terry, the elected judge of the 325th District Court, was not absent, disabled, recused, or disqualified on November 6, 2024 or any date thereafter.

18. If the hearing had been set no earlier than November 7, 2024 (ten days after October 28, 2024), the hearing date would have been different from November 6, 2024. I did not receive any written assignment order before November 6, 2024, and I have not located any assignment order filed before that date in the records available to me. I do not have personal knowledge of who would have presided if the hearing had been set on a different date.

### IV.    January 2025 Chapter 74 Assignment and Date Discrepancy

19. On January 6, 2025, the Thirteenth Court of Appeals issued a corrected order (docket entry #627: "CORRECTED ORD (13TH COA) ABATEMENT -SUPPL CR DUE"). That order

states the November 6, 2024 Rule 145 order was vacated and directs the trial court to provide a new order containing written findings and conclusions.

20. On January 13, 2025, Court Coordinator Lisa Grimaldi requested that David Evans issue a Chapter 74 assignment appointing Judge Catterton to sit in the 325th District Court, citing the appellate court's order as the reason. On January 13, 2025, Judge Catterton signed an Order containing Findings of Fact and Conclusion of Law (docket entry #628).

21. To the best of my knowledge, on January 13, 2025, Presiding Judge Cynthia Terry instructed Ms. Grimaldi to request that David Evans issue the Chapter 74 assignment. Judge Cynthia Terry was not absent, disabled, recused, or disqualified on January 13, 2025.

22. I later obtained a copy of the assignment/appointment order signed by David Evans appointing Judge Catterton. The order is dated January 9, 2025 (docket entry #636).

23. The assignment request described above is dated January 13, 2025; the date on the assignment order precedes the date of the request by four days. I do not know why the dates differ.

24. As of the date of this declaration, I have not located any written request, email, or other record dated before January 13, 2025 showing that the Chapter 74 assignment was requested before that date.

25. Before February 6, 2025, I did not receive any written notice that Judge Catterton had been assigned to my case, any information stating whether he was acting as a retired, senior, or visiting judge, or any notice of my right to object under Texas Government Code § 74.053.

26. On February 6, 2025, I received notice of the assignment/appointment (docket entry #636). On February 11, 2025, I filed my first objection (docket entry #638). Judge Catterton denied my objection and referred it to David Evans (docket entry #640). As of the date of this declaration, I have not received a written order from David Evans granting or denying my objection.

## V.   Rule 12 Request for Assignment-Related Communications

27. I submitted a request pursuant to Texas Rule of Civil Procedure 12 seeking disclosure of communications between Presiding Judge Cynthia Terry, Court Coordinator Lisa Grimaldi, and David Evans regarding the January 2025 assignment order for Judge Catterton.

28. As of the date of this declaration, I have not received the requested communications or disclosures from David Evans, Cynthia Terry, or the Texas court system in response to my Rule 12 request.

29. Because I have not received those communications, I cannot state their contents or explain the reason for the date discrepancy described above.

## VI.   Sua Sponte Recusals and Record-Transfer / Docket-Access Issues

30. On May 7, 2025, I received notice (docket entry #403) that David Evans transferred my case to the 360th District Court and appointed the presiding judge of the 360th District Court to hear the matter. The notice stated that the reason for the transfer was Judge Cynthia Terry's sua sponte recusal. As of the date of this declaration, I have reviewed the records available to me and I have not located a written recusal order or a written transfer request signed by Judge Terry.

31. On June 10, 2025, I received notice (docket entry #678) that the judge of the 360th District Court recused herself sua sponte. I observed a written recusal order on the docket.

32. During the transfer process, on or about June 2, 2025 (docket entry #375), I obtained a transfer certificate issued by the District Clerk stating that all records had been transferred. After receiving that certificate, I observed that certain documents that I had previously been able to access through the 325th District Court's case file access were no longer available through the access I had.

33. After the transfer, when I reviewed the file available to me in the 360th District Court, it appeared that only part of the record from the 325th District Court had been transferred at that time; other documents that I previously accessed in the 325th file were not then available to me through the access I had.

34. After I reported this incident to the District Clerk, additional records later appeared in the 360th case file. I observed that some of the added records were not in chronological order. This made it more time-consuming for me to locate older filings. Based on the pattern of

missing records followed by out-of-order additions after I reported the problem, I understood that District Clerk Wilder had instructed his staff to purge or reorganize the filed records from the previous case docket in a manner that prejudiced my ability to access and review prior filings, including assignment-related documents necessary to verify judicial authority and exercise my statutory objection rights.

### VII. Second Chapter 74 Objection — Visiting Judge Judith Wells

35. On or about July 2, 2025, I received notice (docket entry #686) regarding the appointment of Visiting Judge Judith Wells. I filed an objection to that appointment. Because my earlier objection concerning Judge Randy Catterton remained pending at that time, my July 2, 2025 objection cited both Texas Government Code Chapter 74 and Texas Rule of Civil Procedure 18b as alternative grounds.

36. On or about July 3, 2025, the Order of Assignment appointing Visiting Judge Judith Wells was filed (docket entry #687).

37. On or about July 25, 2025, I received an Order of Termination that David Evans granted my second Chapter 74 objection regarding Visiting Judge Judith Wells (docket entry #705). As of the date of this declaration, I have not received a written order disposing of my first objection concerning Judge Catterton.

### VIII. Assignment of Bill Harris and RICO Connection

38. On July 25, 2025, I received notice that David Evans assigned Bill Harris as visiting judge in my case (docket entry #706).

39. Based on publicly available information I reviewed, I understood that Bill Harris has business interests in Tarrant County, including a mediation practice.

40. Based on information available to me at the time I filed my objection, I understood that opposing counsel Cody Martin had previously been a client of Bill Harris, and is likely to be his future client.

41. Based on information available to me at the time, I understood that Bill Harris and Lori DeAngelis are friends.

42. Lori DeAngelis is a member of the State Bar of Texas and is a named defendant in my federal civil RICO action, Case No. 4:23-cv-00758, pending in the United States District Court for the Northern District of Texas.

43. I do not have personal knowledge of what David Evans knew about Bill Harris's relationship with Lori DeAngelis at the time of the assignment, and I have not received any document addressing that issue.

## VII. Sanctions Proceedings

44. Based on the information above, I was concerned about impartiality. On October 6, 2025 (docket entry #734), I filed a verified objection concerning Bill Harris's assignment.

45. In that filing, I requested that the matter be heard after discovery. Judge Evans signed an order denying discovery relief and requested that opposing counsel file a motion for sanctions.

46. Opposing counsel filed a response to my motion and sought sanctions. An assignment order appointing Judge Wallace is dated October 24, 2025 (docket entry #468).

47. After the sanctions hearing, the court signed an order dated October 28, 2025 (docket entry #752) requiring me to pay approximately $6,000 in attorney's fees as sanctions.

48. The sanctions order was signed after my verified objection described above.

49. Judge Wallace was assigned by David Evans. Judge Wallace conducted the sanctions hearing and entered the sanctions ruling described above.

## VIII. Immediate and Ongoing Harm

50. Without prospective relief, I face immediate and ongoing harm in my pending case. I have hearings scheduled or anticipated within the next twelve months in Cause No. 360-707596-

21. Based on the pattern described above, I have no assurance that any future assigned judge will be disclosed in advance with adequate information to exercise my §74.053 objection right before that judge acts. The $6,000 sanctions I incurred after exercising my statutory objection rights demonstrate that attempting to protect my rights through the current system results in financial penalties rather than relief.

**Verification**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed on <u>January 9</u>, 2026, at Southlake, Texas.

<u>*/s/ Conghua Yan*</u>

Conghua Yan
arnold200@gmail.com
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
Telephone: (214) 228-1886

APP-146

Volume IV – Conghua Yan
Exhibit B – Statement of Inability to Afford Payment of Court
Costs or an Appeal Bond (Tex. R. Civ. P. 145), filed May 1,
2024

360-707596-21

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

Cause Number: 325 - 707596 - 21
*(The Clerk's office will fill in the Cause Number when you file this form)*

Plaintiff: CONGHUA YAN
*(Print first and last name of the person filing the lawsuit.)*

And

Defendant: FU YAN WANG
*(Print first and last name of the person being sued.)*

In the *(check one):*
325
Court Number
Tarrant
County

☑ District Court
☐ County Court / County Court at Law
☐ Justice Court
Texas

## Statement of Inability to Afford Payment of Court Costs or an Appeal Bond

**1. Your Information**

My full legal name is: Conghua ____ Yan    My date of birth is: ▉▉▉▉
First    Middle    Last    Month/Day/Year

My address is: *(Home)* _____
*(Mailing)* 2140 E. Southlake Blvd, L-439

My phone number: 214-228-1886 My email: ARNOLD200@gmail.com

**About my dependents:** "The people who depend on me financially are listed below.

| Name | Age | Relationship to Me |
|------|-----|--------------------|
| 1 ▉▉▉▉ N | ▉ | ▉▉▉▉ |
| 2 ▉▉▉▉ | | 0" |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |

**2. Are you represented by Legal Aid?**

☐ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as 'Exhibit: Legal Aid Certificate.

-or-

☐ I asked a legal-aid provider to represent me, and the provider determined that I am financially eligible for representation, but the provider could not take my case. I have attached documentation from legal aid stating this.

or-

☑ I am not represented by legal aid. I did not apply for representation by legal aid.

**3. Do you receive public benefits?**

☑ I do not receive needs-based public benefits. - or -

☐ I receive these **public benefits/government entitlements** that are based on indigency:
*(Check ALL boxes that apply and attach proof to this form, such as a copy of an eligibility form or check.)*
☐ Food stamps/SNAP    ☐ TANF ☐ Medicaid    ☐ CHIP ☐ SSI ☐ WIC ☐ AABD
☐ Public Housing or Section 8 Housing    ☐ Low-Income Energy Assistance ☐ Emergency Assistance
☐ Telephone Lifeline    ☐ Community Care via DADS    ☐ LIS in Medicare ("Extra Help")
☐ Needs-based VA Pension    ☐ Child Care Assistance under Child Care and Development Block Grant
☐ County Assistance, County Health Care, or General Assistance (GA)
☐ Other: _____

© Form Approved by the Supreme Court of Texas by order in Misc. Docket No. 16-9122
*Statement of Inability to Afford Payment of Court Costs*    Page 1 of 2

*APP-147*

**4. What is your monthly income and income sources?**

"I get this monthly income:

$ 6800 in monthly wages. I work as a IT _____ for U.S. Bank .
                                    *Your job title*              *Your employer*

$ _____ in monthly unemployment. I have been unemployed since *(date)* _____.

$ _____ in public benefits per month.

$ _____ from other people in my household each month: *(List only if other members contribute to your household income.)*

$ _____ from ☐ Retirement/Pension  ☐ Tips, bonuses  ☐ Disability  ☐ Worker's Comp
             ☐ Social Security  ☐ Military Housing  ☐ Dividends, interest, royalties
             ☐ Child/spousal support
             ☐ My spouse's income or income from another member of my household *(If available)*

$ _____ from other jobs/sources of income. *(Describe)* _____

$ _____ is my *total* **monthly** income.

**5. What is the value of your property?**

"My **property** includes:                        Value*

Cash                                          $ 0

Bank accounts, other financial assets
   1369                                       $ 0
   9027                                       $ 0
                                              $

Vehicles (cars, boats) *(make and year)*
   2010 GLK                                   $ 4000
                                              $
                                              $

Other property (like jewelry, stocks, land, another house, etc.)
                                              $ 0 B
                                              $ 0 0
                                              $

**Total value of property** → $ 4000

*The value is the amount the item would sell for less the amount you still owe on it, if anything.

**6. What are your monthly expenses?**

"My monthly expenses are:                      Amount

Rent/house payments/maintenance              $ 2000
Food and household supplies                  $ 1000
Utilities and telephone                      $ 400
Clothing and laundry                         $ 100
Medical and dental expenses                  $ 200
Insurance (life, health, auto, etc.)         $
School and child care                        $
Transportation, auto repair, gas             $ 300
Child / spousal support                      $ 1380
Wages withheld by court order
                                             $
Debt payments paid to: *(List)*              $
Other payment by court court order           $ 4278

**Total Monthly Expenses** → $ ~~9600~~   9600

**7. Are there debts or other facts explaining your financial situation?**

"My **debts** include: *(List debt and amount owed)* ▮▮▮▮▮ Credit debt

$ ▮▮▮ Attorney fee

*(If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts.")  Check here if you attach another page.* ☐

**8. Declaration**

I declare under penalty of perjury that the foregoing is true and correct. I further swear:

☑ I cannot afford to pay court costs.
☑ I cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision.

My name is  CONGHUA  YAN   . My date of birth is : 05/19/72

My address is 2160 E Southlake blvd. L-439         76092        USA
             *Street*                         *City*  *State*  *Zip Code*  *Country*

▶ _____ signed on 4/30/24 in Tarrant County, TX
*Signature*          *Month/Day/Year*  *county name*        *State*

© Form Approved by the Supreme Court of Texas by order in Misc. Docket No. 16-9122
*Statement of Inability to Afford Payment of Court Costs*                     Page 2 of 2

APP-149

Volume IV – Conghua Yan

Exhibit C – Tarrant County District Clerk "All Transactions for a Case" / Transaction Detail report (Cause No. 360-707596-21), run Oct. 16, 2025

```
                  TARRANT COUNTY DISTRICT CLERK'S OFFICE        Page:    1
                     ALL TRANSACTIONS FOR A CASE                Date: 10/16/2025
                                                                Time: 07:24
-------------------------------------------------------------------------------
                  Cause Number: 360-707596-21   Date Filed: 10/15/2021
         CONGHUA YAN                       v     FUYAN WANG
                                           s
         Cause of Action: MODIFICATION-CUSTODY
         Case Status....: PENDING, TRANSFERRED FROM ANOTHER DISTRICT COURT
-------------------------------------------------------------------------------
             Filemark   Description                             Fee  Total
-------------------------------------------------------------------------------
1      10/15/2021 ORIGINAL PETITION FOR DIVORCE                 NUI   345.00
2      10/15/2021 PAYMENT RECEIVED trans #1                     Y     345.00
3      10/15/2021 Citation-ISSUED ON FUYAN WANG-On 10/21/2021   NUI     8.00
4      10/15/2021 PAYMENT RECEIVED trans #3                     Y       8.00
5      10/15/2021 T.R.O.-ISSUED ON FUYAN WANG. H/R 11/01/2021 - NUI     8.00
       10/15/2021 08:30-On 10/21/2021
6      10/15/2021 PAYMENT RECEIVED trans #5                     Y       8.00
18     11/05/2021 FUYAN WANG'S ORIGINAL COUNTERPETITION FOR DIVORCE NUI 75.00
19     11/05/2021 PAYMENT RECEIVED trans #18                    Y      75.00
43     02/02/2022 CITATION                                      N       8.00
44     02/02/2022 PAYMENT RECEIVED trans #43                    Y       8.00
45     02/02/2022 FILING, PATERNITY OR VOLUNTARY PATERNITY SUIT NUI   401.00
53     02/28/2022 PAYMENT RECEIVED-CONGHUA YAN                  Y     401.00
70     03/22/2022 Subpoena-ISSUED ON FUYAN WANG C/O LESLIE STARR BAR NUI 8.00
       03/22/2022 ROWS-On 03/22/2022
71     03/22/2022 PAYMENT RECEIVED trans #70                    Y       8.00
74     03/23/2022 Subpoena-ISSUED ON FUYAN WANG-On 03/24/2022   NUI     8.00
75     03/23/2022 PAYMENT RECEIVED trans #74                    Y       8.00
81     04/13/2022 COPIES - PAPER OR CONVERTED                   N      44.00
82     04/13/2022 PAYMENT RECEIVED trans #81                    Y      44.00
89     04/26/2022 CERTIFIED COPIES - FAMILY                     N       3.00
90     04/26/2022 PAYMENT RECEIVED trans #89                    Y       3.00
91     04/26/2022 CERTIFY AND SEAL COPY FEE                     N       5.00
92     04/26/2022 PAYMENT RECEIVED trans #91                    Y       5.00
99     06/07/2022 CERTIFIED COPIES - FAMILY                     N       3.00
100    06/07/2022 PAYMENT RECEIVED trans #99                    Y       3.00
101    06/07/2022 CERTIFY AND SEAL COPY FEE                     N       5.00
102    06/07/2022 PAYMENT RECEIVED trans #101                   Y       5.00
103    06/16/2022 WRIT GARN-ISSUED ON US BANCORP-On 06/16/2022  NUI     8.00
       06/16/2022
104    06/16/2022 PAYMENT RECEIVED trans #103                   Y       8.00
114    07/12/2022 CERTIFIED COPIES - FAMILY                     N       3.00
115    07/12/2022 PAYMENT RECEIVED trans #114                   Y       3.00
116    07/12/2022 CERTIFY AND SEAL COPY FEE                     N       5.00
117    07/12/2022 PAYMENT RECEIVED trans #116                   Y       5.00
119    07/14/2022 WRIT GARN-ISSUED ON US BANK-On 07/14/2022     NUI     8.00
120    07/14/2022 PAYMENT RECEIVED trans #119                   Y       8.00
123    07/18/2022 COPIES - ELECTRONIC (1-10 PAGES)             N       3.00
```

```
124  07/18/2022 PAYMENT RECEIVED trans #123                          Y      3.00
125  07/18/2022 OVERPAYMENT                                          Y      3.00
127  07/19/2022 COPIES - ELECTRONIC (1-10 PAGES)                     N      1.00
128  07/19/2022 PAYMENT RECEIVED trans #127                          Y      1.00
131  07/26/2022 ADJ-REFUND PAYMENT ID#100247480960 OVERPAYMENT       YA    -3.00
134  09/02/2022 MOTION FOR CONTEMPT                                  NUI   15.00
135  09/02/2022 PAYMENT RECEIVED trans #134                          Y     15.00
136  09/02/2022 MOTION FOR CONTEMPT                                  NUI   15.00
137  09/02/2022 PAYMENT RECEIVED trans #136                          Y     15.00
138  09/02/2022 MOTION FOR CONTEMPT                                  NUI   15.00
139  09/02/2022 PAYMENT RECEIVED trans #138                          Y     15.00
145  12/13/2022 COPIES - PAPER OR CONVERTED                          N     22.00
146  12/13/2022 PAYMENT RECEIVED trans #145                          Y     22.00
152  02/16/2023 MTN TO MOD TEMP ORD & MTN FOR ADDL TEMP ORD          NUI   30.00
153  02/16/2023 PAYMENT RECEIVED trans #152                          Y     30.00
170  05/08/2023 COPIES - PAPER OR CONVERTED                          N      3.00
171  05/08/2023 PAYMENT RECEIVED trans #170                          Y      3.00
186  11/16/2023 COPIES - PAPER OR CONVERTED                          N     38.00
187  11/16/2023 PAYMENT RECEIVED trans #186                          Y     38.00
--------------------------------------------------------------------------------
                  TARRANT COUNTY DISTRICT CLERK'S OFFICE       Page:    2
                    ALL TRANSACTIONS FOR A CASE                Date: 10/16/2025
                                                               Time: 07:24
--------------------------------------------------------------------------------
              Cause Number: 360-707596-21   Date Filed: 10/15/2021
     CONGHUA YAN                       v      FUYAN WANG
                                       s
     Cause of Action: MODIFICATION-CUSTODY
     Case Status....: PENDING, TRANSFERRED FROM ANOTHER DISTRICT COURT
--------------------------------------------------------------------------------
        Filemark   Description                                       Fee Total
--------------------------------------------------------------------------------
209  03/06/2024 UNOPPOSED MOT FOR CONTEMPT FOR FAILURE TO RESPOND  NUI   80.00
210  03/06/2024 PAYMENT RECEIVED trans #209                          Y     35.00
211  03/06/2024 PAYMENT PAID TO STATE TRANS #209                    Y     45.00
225  03/22/2024 Subpoena-ISSUED ON LESLIE BARROWS-On 03/22/2024    NUI    8.00
226  03/22/2024 Subpoena-ISSUED ON POLICE DETECTIVE MYLES JENKINS- NUI    8.00
              03/22/2024 On 03/22/2024
227  03/22/2024 Subpoena-ISSUED ON POLICE OFFICE TAYLOR MUELLER-On NUI    8.00
              03/22/2024  03/22/2024
228  03/22/2024 Subpoena-ISSUED ON DAISY XIN BARTLETT-On 03/22/202 NUI    8.00
              03/22/2024 4
229  03/22/2024 PAYMENT RECEIVED trans #228                          Y      8.00
230  03/22/2024 PAYMENT RECEIVED trans #227                          Y      8.00
231  03/22/2024 PAYMENT RECEIVED trans #226                          Y      8.00
232  03/22/2024 PAYMENT RECEIVED trans #225                          Y      8.00
243  04/09/2024 OPPOS EMERG MOT FOR TEMP ORD FOR ENF OF POSS OR    NUI   15.00
              04/09/2024 ACCESS AND CONTEMPT
244  04/09/2024 PAYMENT RECEIVED trans #243                          Y     15.00
250  04/29/2024 PET FOR WRIT OF HABEAS CORPUS                       NUI   80.00
```

```
251   04/29/2024 PAYMENT RECEIVED trans #250                        Y      35.00
252   04/29/2024 PAYMENT PAID TO STATE trans #250                   Y      45.00
263   06/10/2024 EMERGENCY MOT TO COMPEL/FOR CONTEMPT              NUI      80.00
273   09/09/2024 PETITION FOR WRIT OF HABEAD CORPUS                NUI      80.00
284   10/07/2024 Adjustment for # 43 service doc never issued       NA      -8.00
285   10/07/2024 *NOT OF APPEAL ($2314 CLERK'S REC/$5 SEAL)        NUI      35.00
302   10/29/2024 MOTION FOR NEW TRIAL                              NUI      80.00
303   11/01/2024 CERTIFIED COPIES - ELECTRONIC                      N       1.00
312   12/03/2024 CLERK'S RECORD                                     N      14.00
313   12/03/2024 CERTIFY AND SEAL COPY FEE                          N       5.00
321   12/11/2024 COPIES - ELECTRONIC (1-10 PAGES)                   N       1.00
322   12/11/2024 PAYMENT RECEIVED trans #321                        Y       1.00
323   12/11/2024 COPIES - ELECTRONIC (11 PAGES OR MORE)             N       0.40
324   12/11/2024 PAYMENT RECEIVED trans #323                        Y       0.40
331   01/17/2025 CLERK'S RECORD                                     N      10.00
332   01/17/2025 CERTIFY AND SEAL COPY FEE                          N       5.00
337   02/03/2025 EMERG MOT TO ENFRC MORTGAGE PAYMENT PRESERVE PROP NAU      95.00
      02/03/2025 & SEEK OTHER RELIEF
338   02/03/2025 PAYMENT RECEIVED trans #337                       YA      50.00
339   02/03/2025 PAYMENT PAID TO STATE trans #337                  YA      45.00
363   05/02/2025 CERTIFY AND SEAL COPY FEE                          N       5.00
364   05/02/2025 PAYMENT RECEIVED trans #363                        Y       5.00
365   05/02/2025 CERTIFIED COPIES - FAMILY                          N      67.00
366   05/02/2025 PAYMENT RECEIVED trans #365                        Y      67.00
374   05/30/2025 TRANSFER COURT# 325 TO COURT# 360                          0.00
375   06/02/2025 ***(06/02/25) TRANSFER CERTIFICATE***            UI       0.00
376   06/02/2025 ***(11/19/21) ORD ON PLAINTIFF'S TO SUB CNSL***  UIM      0.00
      06/02/2025 (WILLIAM A PIGG)
377   06/02/2025 ***(11/21/23) AFFIDAVIT OF SVC***                UI       0.00
378   06/02/2025 ***(11/19/21) (PROPOSED)ORD ON PLAINTIFF'S MOT TO UI      0.00
      06/02/2025 SUB CNSL (WILLIAM A PIGG)***
379   06/02/2025 ***(11/19/21) MOT TO SUB CNSL (WILLIAM A PIGG)*** UI      0.00
380   06/02/2025 ***(11/18/21) APPR OF CNSL (WILLIAM A PIGG)***   UI       0.00
381   06/02/2025 ***(11/12/21) NTC OF HRG***                      UIM      0.00
382   06/02/2025 ***(11/10/21) COURT SERVICES ORDER***            UIM      0.00
383   06/02/2025 ***(11/10/21) AJ'S REPORT***                     UIM      0.00
384   06/02/2025 ***(11/10/21) REQUEST FOR DE NOVO HRG***         UI       0.00
385   06/02/2025 ***(11/09/21) AJ'S REPORT***                     UIM      0.00
386   06/02/2025 ***(11/08/21) AJ'S REPORT***                     UIM      0.00
--------------------------------------------------------------------------------
                  TARRANT COUNTY DISTRICT CLERK'S OFFICE         Page:   3
                   ALL TRANSACTIONS FOR A CASE                   Date: 10/16/2025
                                                                Time: 07:24
--------------------------------------------------------------------------------
          Cause Number: 360-707596-21   Date Filed: 10/15/2021
      CONGHUA YAN                       v      FUYAN WANG
                                        s
      Cause of Action: MODIFICATION-CUSTODY
      Case Status....: PENDING, TRANSFERRED FROM ANOTHER DISTRICT COURT
--------------------------------------------------------------------------------
```

```
    Filemark   Description                                      Fee Total
------------------------------------------------------------------------------
387  06/02/2025 ***(11/08/21) RESP'S EXHIBIT LIST FOR TEMP ORDS   UI      0.00
388  06/02/2025 ***(11/08/21) NTC OF FILING OF BUSINESS RECORDS   UI      0.00
     06/02/2025 AFFIDAVIT (CHARIS COUNSELING)***
389  06/02/2025 ***(11/05/21) NTC OF HRG ON TEMP ORDS***          UI      0.00
390  06/02/2025 ***(11/05/21) FUYAN WANG'S ORIG COUNTERPETITION   UI      0.00
     06/02/2025 FOR DIVORCE***
391  06/02/2025 ***(11/04/21) 1ST AMENDED PETITION FOR DIVORCE*** UI      0.00
392  06/02/2025 ***(11/04/21) ORD ON MOT FOR SUB OF CNSL***       UIM     0.00
393  06/02/2025 ***(11/04/21) (PROPOSED)ORD ON MOT FOR SUB OF CNSL UI     0.00
     06/02/2025 ***
394  06/02/2025 ***(11/04/21) MOT SUB COUNSEL-ATTY LESLIE BARROW  UI      0.00
395  06/02/2025 ***(11/01/21) ORD RESETTING HRG 11/8/21 @ 3:30PM  UIM     0.00
396  06/02/2025 ***(11/01/21) RESP'S ORIG ANSW & REQ FOR DISCLOSUR UI     0.00
     06/02/2025 E***
397  06/02/2025 ***(10/26/21) T.R.O. TR# 5 RET EXEC(FUYAN WANG)   UI      0.00
398  06/02/2025 ***(10/26/21) CITATION TR# 3 RET EXEC(FUYAN WANG) UI      0.00
399  06/02/2025 ***(10/21/21) TRO & ORD SETTING HRG FOR TEMP ORDS* UIM    0.00
     06/02/2025 **
400  06/02/2025 ***(10/15/21) TRO ISSUED ON FUYAN WANG            UI      0.00
401  06/02/2025 ***(10/15/21) CITATION ISSUANCE ON FUYAN WANG     UI      0.00
402  06/02/2025 ***(10/15/21) ORIG PETITION FOR DIVORCE***        UI      0.00
403  06/02/2025 ***(05/07/25) ORDER OF TRANSFER DUE TO RECUSAL*** UIM     0.00
404  06/03/2025 ***(12/01/21) CERTIFICATE OF WRITTEN DISCOVERY*** UI      0.00
405  06/03/2025 ***(03/22/22) APPLICATION FOR SUBPOENA***         UI      0.00
406  06/03/2025 ***(03/21/22) NOH ON MOTION FOR PRETRIAL***       UIM     0.00
407  06/03/2025 ***(03/17/22) MOTION FOR PRETRIAL CONFERENCE***   UI      0.00
408  06/03/2025 ***(03/14/22) NOH ON MOT FOR INTERIM ATTY'S FEES  UIM     0.00
     06/03/2025 COSTS & EXPENSES***
409  06/03/2025 ***(03/09/22) SUBPOENA TO COMPEL PRODUCTION OF    UI      0.00
     06/03/2025 DOCUMENTS & TANGIBLE THINGS***
410  06/03/2025 ***(03/08/22) SUBPOENA TO COMPEL PRODUCTION OF    UI      0.00
     06/03/2025 DOCUMENTS & TANGIBLE THINGS
411  06/03/2025 ***(03/08/22) SUBPOENA TO COMPEL PRODUCTION OF    UI      0.00
     06/03/2025 DOCUMENTS AND TANGIBLE THINGS***
412  06/03/2025 ***(03/08/22) SUBPOENA TO COMPEL PRODUCTION OF    UI      0.00
     06/03/2025 DOCUMENTS AND TANGIBLE THINGS***
413  06/03/2025 ***(03/08/22) SUBPOENA TO COMPEL PRODUCTION OF    UI      0.00
     06/03/2025 DOCUMENTS AND TANGIBLE THINGS***
414  06/03/2025 ***(03/08/22) SUBPOENA TO COMPEL PRODUCTION OF    UI      0.00
     06/03/2025 DOCUMENTS AND TANGIBLE THINGS***
415  06/03/2025 ***(03/08/22) SUBPOENA TO COMPEL PRODUCTION OF    UI      0.00
     06/03/2025 DOCUMENTS AND TANGIBLE THINGS***
416  06/03/2025 ***(03/08/22) SUBPOENA DUCES TECUM***             UI      0.00
417  06/03/2025 ***(03/08/22) SUBPOENA TO COMPEL PRODUCTION OF    UI      0.00
     06/03/2025 DOUCMENTS & TANGIBLE THINGS***
418  06/03/2025 ***(03/03/22) MOTION FOR INTERIM ATTORNEY'S FEES  UI      0.00
     06/03/2025 COSTS & EXPENSES
419  06/03/2025 ***(03/01/22) CERTIFICATE OF DISCOVERY***         UI      0.00
```

```
420   06/03/2025 ***(02/15/22) (INCORRECT CASE)ORD RESETTING HRG   UIM      0.00
      06/03/2025 ***
421   06/03/2025 ***(02/15/22) ORDER FOR CONTINUANCE***            UIM      0.00
422   06/03/2025 ***(02/14/22) UNOPPOSED MOTION FOR CONTINUANCE*** UI       0.00
423   06/03/2025 ***(02/10/22) (PROPOSED)ORD FOR CONTINUANCE***    UI       0.00
424   06/03/2025 ***(02/10/22) UNOPPOSED MOT FOR CONTINUANCE***    UI       0.00
425   06/03/2025 ***(02/08/22) RESP'S ORIG ANSW TO PET'S ORIG PET  UI       0.00
      06/03/2025 TO ADJUDICATE PARENTAGE***
426   06/03/2025 ***(02/07/22) COSTBILL ($401)***                 UI       0.00
------------------------------------------------------------------------------
               TARRANT COUNTY DISTRICT CLERK'S OFFICE          Page:    4
                   ALL TRANSACTIONS FOR A CASE                Date: 10/16/2025
                                                              Time: 07:24
------------------------------------------------------------------------------
           Cause Number: 360-707596-21   Date Filed: 10/15/2021
      CONGHUA YAN                         v      FUYAN WANG
                                          s
      Cause of Action: MODIFICATION-CUSTODY
      Case Status....: PENDING, TRANSFERRED FROM ANOTHER DISTRICT COURT
------------------------------------------------------------------------------
      Filemark   Description                                     Fee Total
------------------------------------------------------------------------------
427   06/03/2025 ***(02/02/22) ORIG PET TO ADJUDICATE PARENTAGE*** UI       0.00
428   06/03/2025 ***(01/25/22) NTC OF FILING OF BUSINESS RECORDS   UI       0.00
      06/03/2025 AFFD***
429   06/03/2025 ***(01/25/22) NTC OF SUBPOENA REQUESTING PRODUCTIO UI      0.00
      06/03/2025 N FROM A NON-PARTY***
430   06/03/2025 ***(01/25/22) RULE 11 AGREEMENT***               UI       0.00
431   06/03/2025 ***(01/19/22) NTC OF DE NOVO HRG***              UIM      0.00
432   06/03/2025 ***(01/03/22) PET'S WRITTEN INTERROGATORIES TO RES UI     0.00
      06/03/2025 P***
433   06/03/2025 ***(12/31/21) PET'S REQ FOR INSPECTION & PRODUCTIO UI     0.00
      06/03/2025 N***
434   06/03/2025 ***(12/20/21) AFFD OF SVC***                     UI       0.00
435   06/04/2025 ***(03/22/22) SUBPOENA ISSUANCE ON FUYAN WANG     UI       0.00
436   06/04/2025 ***(06/22/22) REPORTER'S CERTIFICATION DEPOSITION UI      0.00
      06/04/2025 OF FW***
437   06/04/2025 ***(06/21/22) TEMPORARY ORDERS***                UI       0.00
438   06/04/2025 ***(06/21/22) SERVICE RETURN - WRIT OF GARNISHMENT UI     0.00
      06/04/2025 (US BANCORP) ON 06/17/2022
439   06/04/2025 ***(06/21/22) WRIT GARN TR# 103 RET EXEC(US BANCO³ UI     0.00
440   06/04/2025 ***(06/16/22) LTR CONFIRMING ADDRESS FOR SERVICE  UI       0.00
441   06/04/2025 ***(06/16/22) WRIT GARN-ISSUED ON US BANCORP      UI       0.00
      06/04/2025 (US BANCORP) ON 06/17/2022
442   06/04/2025 ***(06/06/22) SUBP TR# 70 RET OTHER ON 06/06/22   UI       0.00
443   06/04/2025 ***(05/26/22) ORD FOR GARNISHMENT OF US BANK 401K UIM      0.00
      06/04/2025 SAVINGS PLAN***
444   06/04/2025 ***(05/25/22) NTC OF INTENTION TO TAKE ORAL DEPOSI UI      0.00
      06/04/2025 TION OF CY***
445   06/04/2025 ***(05/13/22) NTC OF DEPOSITION ON ORAL EXAM***   UI       0.00
```

```
446   06/04/2025 ***(05/13/22) NTC OF INTENTION TO TAKE ORAL DEPOSI UI      0.00
      06/04/2025 TION OF CY***
447   06/04/2025 ***(04/26/22) ORD FOR GARNISHMENT OF US BANK 401K  UIM     0.00
      06/04/2025 SAVINGS PLAN***
448   06/04/2025 ***(04/22/22) 10 DAY LTR RE: PROP ORD***           UI      0.00
449   06/04/2025 ***(04/22/22) (PROP) ORD FOR GARNISHMENT OF US     UI      0.00
      06/04/2025 BANK 401(K)
450   06/04/2025 ***(04/18/22) SUBPOENA TR# 74 RET OTHER ON 4/18/22 UI      0.00
451   06/04/2025 ***(04/13/22) P-TRIAL SCHEDULING ORD***            UIM     0.00
452   06/04/2025 ***(04/13/22) AGRD ORD OF REFERRAL FOR MEDIATION** UIM     0.00
      06/04/2025 *
453   06/04/2025 ***(04/13/22) AJ'S REPORT***                       UIM     0.00
454   06/04/2025 ***(04/07/22) BUSINESS RECORDS AFFIDAVIT***        UI      0.00
455   06/04/2025 ***(04/07/22) AFFIDAVIT FOR BUSINESS RECORDS***    UI      0.00
456   06/04/2025 ***(03/29/22) NOTICE OF HEARING 4/13/22 @ 830AM    UIM     0.00
457   06/04/2025 ***(03/25/22) (PROPOSED)ORD FOR SANCTIONS AND      UI      0.00
      06/04/2025 COMPELLING DISCOVERY***
458   06/04/2025 ***(03/25/22) MOTION FOR SANCTIONS AND COMPELLING  UI      0.00
      06/04/2025 DISCOVERY***
459   06/04/2025 ***(03/24/22) DUPLICATE SUBPOENA-ISSUED ON FUYAN   UI      0.00
      06/04/2025 WANG ISSUED ON 3/23/22
460   06/04/2025 ***(03/23/22) APPLICATION FOR SUBPOENA***          UI      0.00
461   06/04/2025 ***(03/22/22) SUBP TO COMPEL PROD OF DOCS (T-      UI      0.00
      06/04/2025 MOBILE USA INC)
462   06/04/2025 ***(06/29/22) (PROPOSED)INCOME W/H ORD FOR SPT***  UI      0.00
463   06/04/2025 ***(03/15/23) SUBP/RTN - SOUTHLAKE POLICE DEPT     UI      0.00
      06/04/2025 *
464   06/04/2025 ***(03/10/23) NOCP ON MOT TO MOD TEMP ORDS & MOT   UIM     0.00
      06/04/2025 FOR ADDITIONAL TEMP ORDS***
----------------------------------------------------------------------------
                   TARRANT COUNTY DISTRICT CLERK'S OFFICE        Page:   5
                   ALL TRANSACTIONS FOR A CASE                   Date: 10/16/2025
                                                                 Time: 07:24
----------------------------------------------------------------------------
          Cause Number: 360-707596-21   Date Filed: 10/15/2021
   CONGHUA YAN                          v      FUYAN WANG
                                        s
       Cause of Action: MODIFICATION-CUSTODY
       Case Status....: PENDING, TRANSFERRED FROM ANOTHER DISTRICT COURT
----------------------------------------------------------------------------
       Filemark   Description                                    Fee Total
----------------------------------------------------------------------------
465   06/04/2025 ***(03/10/23) NOCP ON MOTION FOR PSYCHOLOGICAL    UI      0.00
      06/04/2025 EVALUATION & TESTING***
466   06/04/2025 ***(03/10/23) NOCP ON MOT FOR CUSTODY EVALUATION** UI     0.00
      06/04/2025 *
467   06/04/2025 ***(03/10/23) ATTY SUBPOENA RETURN***            UI      0.00
468   06/04/2025 ***(03/09/23) BUSINESS RECORDS AFFD***           UI      0.00
469   06/04/2025 ***(03/06/23) ENTRY OF APPEARANCE OF CO-COUNSEL*** UI     0.00
470   06/04/2025 ***(03/02/23) ENTRY OF APPEARANCE***             UI      0.00
```

```
471   06/04/2025 ***(02/16/23) 2ND AMENDED PET FOR DIVORCE***      UI      0.00
472   06/04/2025 ***(02/16/23) MOTION FOR CHILD CUSTODY EVALUATION* UI      0.00
      06/04/2025 **
473   06/04/2025 ***(02/16/23) MOTION FOR PSYCHOLOGIAL EVALUATION   UI      0.00
      06/04/2025 & TESTING***
474   06/04/2025 ***(02/16/23) MOT TO MOD TEMP ORDS AND MOTION FOR  UI      0.00
      06/04/2025 ADDITIONAL TEMP ORDS***
475   06/04/2025 ***(01/12/23) NOTICE OF ORDER***                  UI      0.00
476   06/04/2025 ***(01/12/23) ORDER ON MOT FOR W/D OF CNSL***      UIM     0.00
477   06/04/2025 ***(01/09/23) MOTION FOR W/D OF CNSL***           UI      0.00
478   06/04/2025 ***(01/03/23) (PROPOSED)ORD ON MOT FOR W/D OF CNSL UI      0.00
      06/04/2025 ***
479   06/04/2025 ***(01/03/23) MOTION FOR WITHDRAWAL OF COUNSEL***  UI      0.00
480   06/04/2025 ***(11/08/22) NTC OF APPR & DESIGNATION OF LEAD    UI      0.00
      06/04/2025 CNSL***
481   06/04/2025 ***(09/21/22) ORD FOR W/D OF ATTY***              UI      0.00
482   06/04/2025 ***(09/09/22) 10-DAY LETTER***                    UI      0.00
483   06/04/2025 ***(09/07/22) (PROPOSED)ORD FOR W/D OF ATTY***     UI      0.00
484   06/04/2025 ***(09/07/22) MOTION FOR W/D OF ATTY***           UI      0.00
485   06/04/2025 ***(09/02/22) MOTION FOR CONTEMPT***              UI      0.00
486   06/04/2025 ***(09/02/22) MOTION FOR CONTEMPT***              UI      0.00
487   06/04/2025 ***(09/02/22) MOTION FOR CONTEMPT***              UI      0.00
488   06/04/2025 ***(08/25/22) CERT/DEPO-CONGHUA YAN 6-20-22        UI      0.00
      06/04/2025 ($1069.25-RESP)
489   06/04/2025 ***(08/24/22) LTR FROM US BANK TO PTNR             UI      0.00
490   06/04/2025 ***(07/20/22) LTR TO PTNR FROM US BANK RE QDRO     UI      0.00
491   06/04/2025 ***(07/18/22) WRIT OF GARNISHMENT BEFORE JDGMNT*** UI      0.00
492   06/04/2025 ***(07/18/22) WRIT GARN TR# 119 RET EXEC(US BANK)  UI      0.00
493   06/04/2025 ***(07/14/22) WRIT GARN-ISSUED ON US BANK          UI      0.00
494   06/04/2025 ***(07/12/22) ORDER FOR GARNISHMENT OF US BANK     UIM     0.00
      06/04/2025 401(K) SAVINGS PLAN***
495   06/04/2025 ***(07/01/22) SUBP/RTN - WESTERN UNION FINANCIAL N UI      0.00
      06/04/2025 DOCUMENTS & TANGIBLE THINGS***
496   06/04/2025 ***(06/29/22) INCOME W/H ORD FOR SPT***            UIM     0.00
497   06/04/2025 ***(06/29/22) RECORD OF SUPPORT***                UI      0.00
498   06/04/2025 ***(03/15/23) 3RD AMENDED PETITION FOR DIVORCE***  UI      0.00
499   06/04/2025 ***(03/01/24) (PROPOSED)AGRD ORD ON MOT FOR W/D OF UI      0.00
      06/04/2025 CNSL***
500   06/04/2025 ***(02/26/24) PET'S 1ST SUPPLEMENTAL REQ'D P-TRIAL UI      0.00
      06/04/2025 DISCLOSURES***
501   06/04/2025 ***(02/26/24) PET'S REQUIRED P-TRIAL DISCLOSURES** UI      0.00
      06/04/2025 *
502   06/04/2025 ***(02/26/24) NTC OF COMPLETION OF CUSTODY         UI      0.00
      06/04/2025 EVALUATION REPORT***
503   06/04/2025 ***(02/22/24) NOCP ON MOT TO COMPEL DISCOVERY      UIM     0.00
      06/04/2025 RESPONSES & FOR SANCTIONS***
504   06/04/2025 ***(02/16/24) (PROP) NOT OF CT PROC ON MOT TO      UI      0.00
      06/04/2025 COMPEL DISC RESP AND FOR SANCTIONS
505   06/04/2025 ***(02/02/24) MOTION TO COMPEL DISCOVERY RESPONSES UI      0.00
      06/04/2025 AND FOR SANCTIONS***
```

```
506   06/04/2025 ***(01/08/24) RULE 11 AGREEMENT TO EXTEND DISCOVER UI       0.00
      06/04/2025 Y LETTER RESPONSE DEADLINE***
507   06/04/2025 ***(11/28/23) CY'S DESIGNATION OF EXPERT WITNESSES UI       0.00
      06/04/2025 ***
508   06/04/2025 ***(11/28/23) RESP'S DESIGNATION OF EXPERT WITNESS UI       0.00
      06/04/2025 ES***
509   06/04/2025 ***(11/14/23) CERT OF COMPLETION - FUYAN WANG        UI      0.00
510   06/04/2025 ***(09/29/23) SUPPLEMENTAL REPLY BRIEF ON APPLICA   UI      0.00
      06/04/2025 TION OF UPA & COMPARISON TO SAME-SEC PARENTAGE CAS
      06/04/2025 ES***
511   06/04/2025 ***(09/15/23) RESP TO SUPPLEMENTAL MOT FOR SUMMARY UI       0.00
      06/04/2025 JDGMNT***
512   06/04/2025 ***(08/29/23) SUPPLEMENTAL BRIEF ON APPLICATION OF UI       0.00
      06/04/2025 UPA & COMPARISON TO SAME-SEX PARENTAGE CASES***
513   06/04/2025 ***(08/10/23) AMENDED RESPONSE TO PET'S MOT FOR     UI      0.00
      06/04/2025 P-TRIAL TRADITIONAL SUMMARY JUDGEMENT TO DETERMINE
      06/04/2025  PARENTAGE OF RESP**
      06/04/2025 *
514   06/04/2025 ***(08/09/23) RESPONSE TO PET'S MOT FOR P-TRIAL     UI      0.00
      06/04/2025 TRADITIONAL SUMMARY JDGMNT TO DETERMINE PARENTAGE
      06/04/2025 OF RESP***
515   06/04/2025 ***(06/21/23) FUYAN WANG'S CERTIFICATE OF COMPLETI UI       0.00
      06/04/2025 ON***
516   06/04/2025 ***(06/08/23) MOT TO DIQUALIFY INTERPRETER & FOR    UI      0.00
      06/04/2025 APPOINTMENT OF CERTIFIED INTERPRETOR***
517   06/04/2025 ***(05/31/23) ORD FOR CHILD CUSTODY EVALUATION***   UIM     0.00
518   06/04/2025 ***(05/31/23) AGREED ORD REGARDING DE NOVO***       UIM     0.00
519   06/04/2025 ***(05/31/23) AMENDED P-TRIAL SCHED ORD***          UI      0.00
520   06/04/2025 ***(05/30/25) AGREED LETTER TO THE COURT            UI      0.00
521   06/04/2025 ***(05/17/23) NOCP ON PET'S REQ FOR HRG DE NOVO*** UIM      0.00
522   06/04/2025 ***(05/08/23) REQUEST FOR HRG DE NOVO***            UI      0.00
523   06/04/2025 ***(05/05/23) AJ'S REPORT***                        UIM     0.00
524   06/04/2025 ***(05/03/25) NOCP PET'S MOT FOR PARTIAL TRADITION UI       0.00
      06/04/2025 AL SUMMARY JDGMNT TO DETERMINE PARENTAGE OF RESP**
      06/04/2025 *
525   06/04/2025 ***(04/27/23) PET'S MOT FOR PARTIAL TRADITIONAL     UI      0.00
      06/04/2025 SUMMARY JDGMNT TO DETERMINE PARENTAGE OF RESP***
526   06/04/2025 ***(03/23/23) CONFIRMATION LETTER***                UI      0.00
527   06/05/2025 RECV REPT OF SALE & MOT FOR CONFMTN                 UI      0.00
528   06/09/2025 COPIES - ELECTRONIC (1-10 PAGES)                    N       1.00
529   06/09/2025 PAYMENT RECEIVED trans #528                         Y       1.00
530   06/09/2025 NOT OF HRG ON RECVR MOT TO VACT 6/12/25 @ 8:45|    UIM      0.00
      06/09/2025 (06/06/25)
531   06/09/2025 *POST CARD (SUP/CT) PET/MANDAMUS FILED               I       0.00
532   06/10/2025 ***(3/8/2024) RELEASE OF FCS CUSTODY EVALUATION     UI      0.00
      06/10/2025 REPORT FROM COURT
533   06/10/2025 ***(8/9/2024) *CT APPEALS (ORIG PROC) PET/MAND FID UI       0.00
534   06/10/2025 ***(6/26/24) NOT OF CT PROC 9/11/24 @ 9 AM          UIM     0.00
535   06/10/2025 ***(6/20/2024) (PROP) FINAL DECREE OF DIVORCE       UI      0.00
536   06/10/2025 ***(6/20/2024) MOTION TO SIGN FINAL DECREE OF       UI      0.00
```

```
        06/10/2025 DIVORCE
537     06/10/2025 ***(6/14/24) (PROP) REQ FOR CT OF INQUIRY        UI        0.00
538     06/10/2025 ***(6/14/2024) MOTION TO INITIATE COURT INQUIRY  UI        0.00
        06/10/2025 PROCEDURE
539     06/10/2025 ***(6/10/2024) EMERGENCY MOTION TO COMPEL AND FOR  UI       0.00
        06/10/2025 CONTEMPT
540     06/10/2025 ***(6/6/2024) EMERGENCY MTN FOR INJUNCTIVE AND     UI       0.00
        06/10/2025 DECLARATORY RELIEFT OF EQUAL ACCESS TO THE CASE DO
        06/10/2025 CKET
541     06/10/2025 ***(5/28/2024) (ATTACHED) EXHIBIT                 UI        0.00
542     06/10/2025 ***(5/28/2024) OPPOSED EMERGENCY MTN FOR VOIDING  UI        0.00
        06/10/2025 OR DECLARATORY OF WRIT AND CONTEMPT WITH SANCTIONS
543     06/10/2025 ***(5/16/2024) *POST CARD (SUP/CT) PET/MAND FILED  UI       0.00
        06/10/2025 FILED
544     06/10/2025 ***(5/16/2024) *CT APPEALS (ORIG PROC) PET/MAND   UI        0.00
        06/10/2025 DENIED
545     06/10/2025 ***(5/15/2024) *CT/APPEALS (ORIG PROC) PET/MAND   UI        0.00
        06/10/2025 FILED
546     06/10/2025 ***(5/8/2024) MATTERS RELATED TO VOID ORDERS      UI        0.00
547     06/10/2025 ***(5/6/2024) 2ND MTN TO VACATE PRIOR ORDERS AND  UI        0.00
        06/10/2025 JUDGMENT DUE TO EXTRINSIC FRAUD UPON THE COURT AND
        06/10/2025  SEEK SANCTIONS
548     06/10/2025 ***(5/1/2024) STATEMENT OF INABILITY TO AFFORD    UI        0.00
        06/10/2025 COST
549     06/10/2025 ***(4/29/2024) PETITION FOR CRIMINAL COMPLAINT    UI        0.00
550     06/10/2025 ***(4/29/2024) PETITIION FOR WRIT OF HABEAS CORPUS UI       0.00
551     06/10/2025 ***(4/26/2024) NOTICE OF PAST DUE FINDINGS OF FACT UI       0.00
        06/10/2025 AND CONCLUSIONS OF LAW
552     06/10/2025 ***(4/26/2024) (DUPLICATE) NOTICE OF PAST DUE     UI        0.00
        06/10/2025 FINDINGS OF FACT AND CONCLUSIONS OF LAW
553     06/10/2025 ***(4/26/2024) OPPOSED EMERGENCY 1ST AMENDED MTN  UI        0.00
        06/10/2025 FOR TEMP ORDER FOR ENFORCEMENT OF POSSESSION OR AC
        06/10/2025 CESS AND CONTEMPT
554     06/10/2025 ***(4/24/2024) EXHIBIT RECEIPT                    UI        0.00
555     06/10/2025 ***(4/16/2024) MTN FOR ENTRY OF ORDER FOR PTNR'S  UI        0.00
        06/10/2025 MOTION FOR PARTIAL TRADITIONAL SUMMARY JUDGMENT TO
        06/10/2025  DETERMINE PARENTAGE
        06/10/2025 of respondent
556     06/10/2025 ***(4/9/2024) OPPOSED EMERGNECY MTN FOR TEMP ORDER UI       0.00
        06/10/2025 FOR ENFORCEMENT OF POSSESSION OR ACCESS AND CONTEM
        06/10/2025 PT
557     06/10/2025 ***(4/4/2024) ORDER DENYING PTNR'S MTN TO VACATE  UIM       0.00
        06/10/2025 DUE TO FRAUD UPOPN THE COURT
558     06/10/2025 ***(4/4/2024) MOTION TO REQUEST FINDINGS OF FACT A UI       0.00
        06/10/2025 OF LAW
559     06/10/2025 ***(4/4/2024) MOTION TO REQUEST FINDINGS OF FACT  UI        0.00
        06/10/2025 AND CONCLUSIONS OF LAW
560     06/10/2025 ***(3/22/2024) ORDER GRANTING PTNR'S MTN TO COMPEL UI       0.00
        06/10/2025 DISCOVERY RESPONSES AND FOR SANCTIONS
561     06/10/2025 ***(3/26/2024) DUPLICATE SERVICE RETURN - SUBPOENA UI       0.00
```

```
562   06/10/2025 ***(3/26/2024) SERVICE RETURN - SUBPOENA        UI      0.00
563   06/10/2025 ***(3/26/2024) SERIVCE RETURN - SUBPOENA        UI      0.00
564   06/10/2025 ***(3/26/2024) PLAINTIFF'S JUDICAL NOTICE TO THE  UI    0.00
      06/10/2025 COURT PURSUANT TO TEXAS RULE OF EVIDENCE 201
565   06/10/2025 ***(3/22/2024) APPLICATION FOR SUBPOENA-DAISY BART UI   0.00
566   06/10/2025 ***(3/22/2024) APPLICATION FOR SUBPOENA- POLICE   UI    0.00
      06/10/2025 OFFICER T.M
567   06/10/2025 ***(3/22/2024) APPLICATION FOR SUBPOENA-POLICE    UI    0.00
      06/10/2025 DETECTIVE M.J
568   06/10/2025 ***(3/22/2024) APPLICATION FOR SUBPOENA-LESLIE    UI    0.00
      06/10/2025 BARROWS
569   06/10/2025 ***(3/22/2024) SUBPOENA ISSUED - DAISY BARLETT    UI    0.00
570   06/10/2025 ***(3/22/2025) SUBPOENA ISSUED - POLICE OFFICER   UI    0.00
      06/10/2025 TAYLOR MUELLER
571   06/10/2025 ***(3/22/2024) SUBPOENA ISSUED - POLICE DETECTIVE UI    0.00
      06/10/2025 MYLES JENKINS
572   06/10/2025 ***(3/22/2024) SUBPOENA-ISSUED ON LESLIE BARROWS  UI    0.00
      06/10/2025 LESLIE BARROWS-ON 03/22/2024
573   06/10/2025 ***(3/21/2024) RESP'S CERTIF OF WRITTEN DISC      UI    0.00
      06/10/2025 DIRECTED TO PTNR
574   06/10/2025 ***(3/20/2024) CERTIFICATE OF SERVICE             UI    0.00
575   06/10/2025 ***3/18/2024 (ATTACHED) PROP ORD GRANT PTNR'S MOT UI    0.00
      06/10/2025 TO VIDEO RECORDING DURING THE TRIAL
576   06/10/2025 ***(3/18/2024) NON-RESPONSIVE MOT TO ALLOW VIDEO  UI    0.00
      06/10/2025 RECORDING DURING THE TRIAL
577   06/10/2025 ***(3/18/2024) DUPLICATE CERT OF CONFERENCE       UI    0.00
578   06/10/2025 ***(3/18/2024) CERTIFICATE OF CONFERENCE          UI    0.00
579   06/10/2025 ***(3/18/2024) (ATTACHED) PROP ORD GRANT PTNR'S   UI    0.00
      06/10/2025 MOT TO FILE FIRST SUPPLEMENTAL PLEADING
580   06/10/2025 ***(3/18/2024) NON-RESPONSIVE MOT TO FILE FIRST   UI    0.00
      06/10/2025 SUPPLEMENTAL PLEADING
581   06/10/2025 ***(3/12/2024) RESP CERT OF WRIT DISC DRCTD TO PTR UI   0.00
582   06/10/2025 ***(3/12/2024) OPPOSED EMERG MOT TO VACATE PRIOR  UI    0.00
      06/10/2025 ORD DUE TO FRAUD
583   06/10/2025 ***(8/13/24) *CT APPEALS (ORIG PROC) PET/MAND     UI    0.00
      06/10/2025 DENIED
584   06/10/2025 ***(12/9/24) 12/9/2024 @10AM | NOT OF COURT PROCD UIM   0.00
      06/10/2025 (12/6/2024)
585   06/10/2025 ***(12/9/2024) MOTION FOR RECONSIDERATION         UI    0.00
586   06/10/2025 ***(12/9/2024) (PROP) ORD FOR MOT FOR NEW TRIAL   UI    0.00
587   06/10/2025 ***(12/4/2024) *LTR (CT APPEALS) TRANSFERRED TO   UI    0.00
      06/10/2025 CORPUS CHRISTI
588   06/10/2025 ***(12/4/24) BLANKET CONSENT TO THE FILING OF     UI    0.00
      06/10/2025 AMICUS CURIAE BRIEFS
589   06/10/2025 ***(12/2/2024) *1ST SUPPL CLERK'S RECORD-UPLOADED UI    0.00
      06/10/2025 ON 12/2/2024
590   06/10/2025 ***(12/2/2024) *LTR (CT APPEALS) SUPPL CR DUE     UI    0.00
      06/10/2025 12/5/2024
591   06/10/2025 ***(11/18/2024) EXHIBIT RECEIPT (ENVELOPE)        UI    0.00
592   06/10/2025 ***(11/15/2024) *POST CARD (SUP CT)PET/MAND DENIED UI   0.00
```

```
593   06/10/2025 ***(11/12/2024) ORDER REGARDING ABILITY TO AFFORD  UIM      0.00
      06/10/2025 COSTS
594   06/10/2025 ***(11/12/2024) PLANTIFFS PROP RQST FNDGS OF FACT  UI       0.00
      06/10/2025 AND CONCLUSIONS OF LAW
595   06/10/2025 ***(11/11/2024) PETITION FOR WRIT OF CERTIORARI    UI       0.00
596   06/10/2025 ***(11/04/2024) AUSTIN FORM                        UI       0.00
597   06/10/2025 ***(10/29/2024) DUPLICATE MOTION FOR NEW TRIAL     UI       0.00
598   06/10/2025 ***(10/31/2024) DESIGNATION TO REQUEST FOR THE     UI       0.00
      06/10/2025 PREPARATION OF CLERK'S RECORDS
599   06/10/2025 ***(10/28/2024) MOTION TO REQUEST FOR THE CLERK'S  UI       0.00
      06/10/2025 RECORD
600   06/10/2025 ***(10/28/2024) MOTION TO REQUEST FOR THE          UI       0.00
      06/10/2025 PREPARATION OF COURT REPORTER'S RECORDS
601   06/10/2025 ***(10/28/2024)NOTICE OF PAST DUE FINDINGS OF FACT UI       0.00
      06/10/2025 AND CONCLUSIONS OF LAW
602   06/10/2025 ***(10/28/2024) CONTEST OF AFF OF INABILITY TO     UI       0.00
      06/10/2025 PAY COURT COSTS
603   06/10/2025 ***(10/16/2024) MOTION FOR APPOINTMENT OF RECEIVER UI       0.00
604   06/10/2025 ***(10/14/2024) APPENDIX 1                         UI       0.00
605   06/10/2025 ***(10/14/2024) DUPLICATE EMERG NON-RESP MOT TO    UI       0.00
      06/10/2025 STAY/SUSPEND ENFORCEMENT OF DECREE PENDING APPEAL
      06/10/2025 AND OTHER PROCEEDING
      06/10/2025 S
606   06/10/2025 ***(10/14/2024) EMER NON-RESP MOT TO STAY/SUSPEND  UI       0.00
      06/10/2025 ENF OF DECREE PENDING APPEAL AND OTHER PROCEEDINGS
607   06/10/2025 ***(10/8/2024) *LTR (CT/APPEALS) 02-24-453         UI       0.00
608   06/10/2025 ***(10/7/2024) DUPLICATE *1ST AMND NOT OF APPEAL   UI       0.00
609   06/10/2025 ***(10/7/2024) *1ST AMND NOT OF APPEAL             UI       0.00
610   06/10/2025 ***(10/7/2024) EMAILED REPONSE                     UI       0.00
611   06/10/2025 ***(10/7/2024) MOTION TO REQUEST FINDINGS OF FACT  UI       0.00
      06/10/2025 & CONCLUSIONS
612   06/10/2025 ***(10/7/2024) NOTICE OF APPEAL                    UI       0.00
613   06/10/2025 ***(10/4/2024) *POST CARD (SUP/CT) MTN/REHEARING   UI       0.00
      06/10/2025 DENIED & MTN/EMERG RELIEF DISM
614   06/10/2025 ***(10/1/24) INCOME W/HLDG FOR SPPRT               UIM      0.00
      06/10/2025 SIGNED 9-30-24
615   06/10/2025 ***(10/1/2024) AMD INCOME W/HLDG FOR SPPRT (CC:C/S UIM      0.00
      06/10/2025 SIGNED 9-30-24
616   06/10/2025 ***(10/1/2024) FNL DECREE OF DIVORCE (SGD 9/30/24) UIM      0.00
617   06/10/2025 ***(9/18/2024) *POST CARD (SUP/CT) PET/MAND FILED  UI       0.00
618   06/10/2025 ***(9/17/2024) *MEMO OPIN (ORIG PROC) PET/MAND     UI       0.00
      06/10/2025 DENIED
619   06/10/2025 ***(9/17/2024) *LTR (ORIG/PROC) PET/MAND FILED     UI       0.00
620   06/10/2025 ***(9/9/24) PET FOR WRIT OF HABEAS CORPUS          UI       0.00
621   06/10/2025 ***(9/6/2024) RESPONSE & OBJECTION TO STRIKE MTN   UI       0.00
      06/10/2025 TO SIGN FINAL DEC OF DIVORCE
622   06/10/2025 ***(08/30/2024) *POST CARD (SUP/CT) PET/MAND DENIE UI       0.00
623   06/10/2025 ***(12/9/2024) 12/9/2024 @10AM | NOT OF COURT      UIM      0.00
      06/10/2025 PROCD'G ON MTN FOR NEW TRIAL
624   06/10/2025 ***(12/9/2024) ORDER ON MTN FOR APPT OF RECIEVER   UIM      0.00
```

```
        06/10/2025 SIGNED 12-9-24
625     06/10/2025 ***(12/16/2024) *LTR (13TH COA) 13-24-617 TRANSFER UI        0.00
        06/10/2025 IN
626     06/10/2025 ***(1/6/2025) *ORD (13TH COA) ABATEMENT-SUPPL CR   UI        0.00
        06/10/2025 DUE 1/21/25
627     06/10/2025 ***(1/6/2025) *CORRECTED ORD (13TH COA) ABATEMENT  UI        0.00
        06/10/2025 -SUPPL CR DUE
628     06/10/2025 ***(1/13/25) FINDINGS & ORDER|(01/13/25)           UIM       0.00
629     06/10/2025 ***(1/16/2025) 2ND SUPPL CLERK'S REC-UPLOADED ON   UI        0.00
        06/10/2025 01/16/2025
630     06/10/2025 ***(1/22/2025) SUPPLEMENTAL LTR FOR PETITION FOR   UI        0.00
        06/10/2025 RIT OF CERTIORI
631     06/10/2025 ***(1/23/2025) *LTR (13TH COA) APPEAL REINSTATED/   UI        0.00
        06/10/2025 FEES DUE
632     06/10/2025 ***(1/28/2025) *NO PAY MEMO SENT TO 13TH COA       UI        0.00
633     06/10/2025 ***(1/28/2025) DUPLICATE *NO PAY MEMO SENT TO 13TH UI        0.00
        06/10/2025 COA
634     06/10/2025 ***(1/30/2025) 8TH ADMIN ORDER OF ASSIGNMNT -      UIM       0.00
        06/10/2025 JUDGE RANDY CATTERTON
635     06/10/2025 ***(2/3/2025) EMERG MOT TO ENFRC MORTGAGE PYMT     UI        0.00
        06/10/2025 PRESERVE PROP & SEEK OTHER RELIEF
636     06/10/2025 ***(02/06/25) ORDER OF ASSIGNMENT BY THE PRESIDING UI        0.00
        06/10/2025 JUDGE
637     06/10/2025 ***(02/07/25) SERVE OF PETITION FOR REHEARING FROM UI        0.00
        06/10/2025 DENIAL
638     06/10/2025 ***(02/11/25) OBJCTN TO THE ASSIGNMNT ORDER        UI        0.00
639     06/10/2025 ***(02/24/25) REQ FOR HRNG ON EMRGNCY MTN/ENFORCE  UI        0.00
        06/10/2025 MORTGAGE
640     06/10/2025 ***(02/26/25) ORDER OF REFERRAL   (SGD 2/26/2025   UIM       0.00
641     06/10/2025 ***(02/26/25) OBJECTION AND MTN TO STRIKE/VACATE   UI        0.00
        06/10/2025 ORD OF REF
642     06/10/2025 ***(02/27/25) *JDG & OPIN (13TH COA) DISMISSED     UI        0.00
643     06/10/2025 ***(03/24/25) ORD SETTING HRNG | 03/28/25 @1030AM  UI        0.00
        06/10/2025 SGD 03/17/25
644     06/10/2025 ***(03/28/25) LETTER TO JUDGE TERRY FROM CONGHUA   UI        0.00
        06/10/2025 YAN
645     06/10/2025 ***(03/28/25) JUDGE TERRY RESPONDING TO AN EMAIL   UI        0.00
        06/10/2025 FROM C.YAN
646     06/10/2025 ***(03/28/25) APPEARANCE - CONGHUA YAN             UI        0.00
647     06/10/2025 ***(04/01/25) ORD FOR MTN FOR NEW TRIAL|DENIED|    UI        0.00
        06/10/2025 SGD 03/28/25
648     06/10/2025 ***(04/07/25) AFFDVT OF SVC (EXEC) |JERRY BROWN    UI        0.00
        06/10/2025 COR US BANK
649     06/10/2025 ***(04/10/25) NOT OF CRT PCDG ON EMRG MOT TO ENF   UI        0.00
        06/10/2025 MORT PYMNT
650     06/10/2025 ***(04/14/25) PET FOR WRIT OF MANDAMUS TO COMPEL   UI        0.00
        06/10/2025 325TH CT
651     06/10/2025 ***(04/22/25) RECEIPT OF EMAIL LETTER (4/21/25)    UI        0.00
652     06/10/2025 ***(04/23/25) AMND NOT OF CRT PRCDGS EMRGNCY MOT   UI        0.00
        06/10/2025 TO ENF MORT PAYMNT
```

| | | | | |
|---|---|---|---|---|
| 653 | 06/10/2025 ***(04/28/25) VERIFIED MTN TO DISQUALIFY ATTY CODY 06/10/2025 MARTIN | | UI | 0.00 |
| 654 | 06/10/2025 ***(04/28/25) ORD TERM ASSGNMNT ORD DATED 1/9/25 06/10/2025 (4/22/25) | | UI | 0.00 |
| 655 | 06/10/2025 ***(04/28/25) ORD OF REFERRAL (4/22/25) | | UI | 0.00 |
| 656 | 06/10/2025 ***(04/30/25) JUDGE LETTER (4/30/25) | | UI | 0.00 |
| 657 | 06/10/2025 ***(05/01/25) OATH OF RECEIVER \| MELISSA FAIN | | UI | 0.00 |
| 658 | 06/10/2025 ***(05/05/25) *MEMO OPIN (13TH COA) PET/MAND DWOJ | | UI | 0.00 |
| 659 | 06/10/2025 ***(05/05/25) *LTR (13TH COA) FILING FEES DUE | | UI | 0.00 |
| 660 | 06/10/2025 ***(05/06/25) *POST CARD (SUP/CT) PET/MAND FILED | | UI | 0.00 |
| 661 | 06/10/2025 ***(05/06/25) *POST CARD (SUP/CT) AMICUS BRIEF REC | | UI | 0.00 |
| 662 | 06/10/2025 ***(05/06/25) *POST CARD (CT/APPEALS) PET/MANDAMUS | | UI | 0.00 |
| 663 | 06/10/2025 ***(3/8/2022) SUBP TO COMPEL PRODUCTION OF 06/10/2025 DOCUMENTS & TANGIBLE | | UI | 0.00 |
| 664 | 06/10/2025 ***(6/6/2022) SUBPOENA TR# 70 RET OTHER ON 06/10/2025 06/06/2022 | | UI | 0.00 |
| 665 | 06/10/2025 ***(3/1/2024) MTN FOR W/D OF CNSL - DAVID W. WYNNE 06/10/2025 & ELIZABET BARR | | UI | 0.00 |
| 666 | 06/10/2025 ***(3/4/2024) RESPONDENT'S PROPOSED PARENTING PLAN | | UI | 0.00 |
| 667 | 06/10/2025 ***(3/4/2024) FUYAN WANG'S COUNTERPET FOR DIVORCE | | UI | 0.00 |
| 668 | 06/10/2025 ***(3/4/2024) PLAINTIFF'S JUDICIAL NOT TO THE CT | | UI | 0.00 |
| 669 | 06/10/2025 ***(3/4/2024) EXHIBIT 1 | | UI | 0.00 |
| 670 | 06/10/2025 ***(3/4/2024) APPEARANCE - CONGHUA YAN | | UI | 0.00 |
| 671 | 06/10/2025 ***(3/5/2024) AJ'S RPRT FOR PET'S MOT TO COMPEL 06/10/2025 FILED 2/2/24 | | UI | 0.00 |
| 672 | 06/10/2025 ***(3/5/2024) (PROP) ORD GRANTING PET'S MOT TO 06/10/2025 COMPEL DISC RESPONSE | | UI | 0.00 |
| 673 | 06/10/2025 ***(3/4/2024) AGREED ORDER ON MNT FOR W/D OF 06/10/2025 COUNSEL | | UI | 0.00 |
| 674 | 06/10/2025 ***(3/5/2024) PLAINTIFF'S JUDICIAL NOTICE TO THE 06/10/2025 COURT PURSUANT TO TEXAS RULE OF EVIDENCE 201 | | UI | 0.00 |
| 675 | 06/10/2025 ***(3/8/2024) PTNR'S PROPOSED PARENTING PLAN | | UI | 0.00 |
| 676 | 06/10/2025 ***(4/8/2024) RELEASE OF FCS CUSTODY EVAL REPORT 06/10/2025 FROM COURT | | UI | 0.00 |
| 677 | 06/10/2025 ***(4/1/2025) VERIFIED MTN TO DISQUALIFY THE 06/10/2025 PRESDING JUDGE OF 8TH ADMIN JUDICIAL REGION AND AT 06/10/2025 TY RANDY CATTERTON | | UI | 0.00 |
| 678 | 06/10/2025 ORDER OF RECUSAL | | UIM | 0.00 |
| 679 | 06/11/2025 *POST CARD (SUP/CT) MTN/EXT FILED | | I | 0.00 |
| 680 | 06/12/2025 *POST CARD (SUP/CT) MTN/EXT GRANTED (7/21/25) | | I | 0.00 |
| 681 | 06/24/2025 ORD SUMMARILY DENYING MOT TO DISQUALIFY PRESIDING 06/24/2025 JUDGE DAVID L EVANS (SGND 06/23/25( | | UIM | 0.00 |
| 682 | 06/26/2025 EMAIL FROM THE COURT COORDINATOR | | I | 0.00 |
| 683 | 06/27/2025 *POST CARD (SUP/CT) PET/MAND DENIED | | I | 0.00 |
| 684 | 06/27/2025 *POST CARD (SUP/CT) PET/MAND DENIED | | I | 0.00 |
| 685 | 06/30/2025 VERIFD MOT TO DISQUALIFY ATTY E PATINO | | UI | 0.00 |
| 686 | 07/02/2025 OBJECTN TO THE ASSIGN ORDER | | UI | 0.00 |
| 687 | 07/03/2025 ORD OF ASSIGN (JUDGE WELLS) SIGNED 6/25/25 | | UI | 0.00 |
| 692 | 07/06/2025 *POST CARD (SUP/CT) MTN/REHEARING FILED | | I | 0.00 |
| 693 | 07/06/2025 *POST CARD (SUP/CT) PET/REVIEW FILED | | I | 0.00 |

```
688   07/07/2025 VERIFIED 1ST AMD MOT TO DISQUALIFY ATTY C MARTIN   UI      0.00
689   07/07/2025 VERIFIED 1ST AMD MOT TO DISQUALIFY ATTY E PATINO   UI      0.00
690   07/07/2025 COPIES - ELECTRONIC (1-10 PAGES)                   N       1.00
691   07/07/2025 PAYMENT RECEIVED trans #690                        Y       1.00
694   07/09/2025 1ST AMD REC REPORT OF SALE & MOT/CONFIRMATION      UI      0.00
695   07/11/2025 *POST CARD (SUP/CT) PET/MAND DENIED                I       0.00
696   07/14/2025 RESP IN OPPOSITION TO RECIEVER'S FIRST AMENDED MOT UI      0.00
      07/14/2025 ION TO CONFIRM SALE AND REQ FOR VACATUR
697   07/14/2025 VERIFIED RULE 18A MOTION TO DISQUALIFY JUDGE WELLS UI      0.00
      07/14/2025 -(07-15-25 @ 1:30PM)
698   07/14/2025 *CT/APPEALS (ORIG PROC) PET/MAND FILED             I       0.00
699   07/14/2025 *POST CARD (SUP/CT) MTN/REHEARING FILED            I       0.00
700   07/15/2025 *CT/APPEALS (ORIG PROC) PET/MAND DENIED            I       0.00
701   07/23/2025 NOTICE OF INTENT TO SERVE SUBPOENA ON NONPARTY     UI      0.00
702   07/23/2025 SUBPOENA TO COMPEL PRODUCTION OF DOCUMENTS &       UI      0.00
      07/23/2025 TANGIBLE THINGS
703   07/23/2025 *POST CARD (SUP/CT) MTN/LEAVE GRANTED              I       0.00
704   07/23/2025 VERIFIED MOTION TO DISQUALIFY PRESIDING JUDGE      UI      0.00
      07/23/2025 DAVID EVANS DUE TO CONFLICT OF INTEREST
705   07/25/2025 ORDER TERMINATING ASSIGNMENT (SIGNED 7/25/25)      UIM     0.00
706   07/25/2025 ORDER OF ASSIGNMENT BY THE PRESIDING JUDGE (SIGNED UIM     0.00
      07/25/2025 7/24/25)
707   07/25/2025 ORD GRANT OBJ ASSIGN ORD JDG WELLS & ORD C.Y. SHOW UIM     0.00
      07/25/2025 CAUSE WHY HE SHOULD NOT BE SANCTIONED BY FILING A
      07/25/2025 FRIVOLOUS PLEADING
      07/25/2025 AND/OR MOTION (SGN 7/23/25)
708   07/25/2025 ORDER SUMM DENY VERIF RULE 18A MTN DQ JUDGE WELLS  UIM     0.00
      07/25/2025 (SGN 7/23/25)
710   07/25/2025 VRFD 1ST AMND MOT TO DISQ PRSDG JDG .EVANS DUE TO  UI      0.00
      07/25/2025 CNFLCT OF INTRST, & RECSL DUE TO BIAS
709   07/28/2025 VERFD 2ND AMND MOT TO DISQLFY ATTY C.MARTIN        UI      0.00
711   08/01/2025 RESPONSE TO SHOW CAUSE ORDER REGARDGING POTENTIAL  UI      0.00
      08/01/2025 SANCTIONS UNDER TEX CIVIL PRACTICE & REMEDIES CODE
      08/01/2025  CHAPTER 10
712   08/06/2025 SUBPOENA TO COMPEL PRODUCTION OF DOC & TANGIBLE    UI      0.00
      08/06/2025 THINGS
713   08/08/2025 *LTR (SUP/CT) RESPONSE DUE 8/25/25                 I       0.00
714   08/15/2025 *POST CARD (SUP/CT) MTN/REHEARING DENIED           I       0.00
715   08/19/2025 ORDER OF RECUSAL (SGD 5/2/2025)                    UIM     0.00
      08/19/2025 (ORIGINALLY SIGNED ON 5/2/2025 INTO 325TH, THEN TH
      08/19/2025 E CASE WAS TRANSFERR
      08/19/2025 to the 360th court on 06/02/2025.)
716   08/20/2025 *POST CARD (SUP/CT) AMD PET/REVIEW FILED           I       0.00
717   08/26/2025 ORDER OF REFERRAL|(08/21/25)                       UIM     0.00
718   09/15/2025 SECOND AMENDED RECEIVER'S REPORT OF SALE AND MOT   UI      0.00
      09/15/2025 FOR CONFIRMATION
719   09/17/2025 NOT OF HRNG ON RECEIVERS MTN TO VACATE - 9/23/25 @ UIM     0.00
      09/17/2025 9AM (9/16/25)
720   09/17/2025 NOH ON RECEIVER'S MTN TO CONF SALE - 9/23/25 @9AM  UIM     0.00
721   09/22/2025 VERIFIED MOTION TO CONTINUE HEARING DATE           UI      0.00
```

```
722   09/22/2025 (ATT) ORDER GRANTING MOT TO CONTINUE HRG DATE    UI     0.00
723   09/24/2025 NOT OF HRNG ON RCVR MTN TO CONFIRM SALE (9/23/25) UIM    0.00
724   09/26/2025 *POST CARD (SUP/CT) MTN/REHEARING DENIED; MTN/     I     0.00
      09/26/2025 LEAVE TO FILE REPLY GRANTED; MTN/DISM & MTN/LEAVE
      09/26/2025 DISM AS MOOT
725   09/26/2025 *POST CARD (SUP/CT) PET/REVIEW DENIED; MTN/STAY    I     0.00
      09/26/2025 DISM AS MOOT
726   09/29/2025 OPP EMERG MTN STAY REC ACT & CONT/ABATE APP HR PND UI    0.00
      09/29/2025 RULING, AND MOTION TO VACATE VOID RECEIVERSHIP
727   09/29/2025 (ATT)(PROP) ORD GRANT TEMP STAY CONT/ABATE & PRESR I     0.00
728   09/29/2025 (ATT)(PROP)ORDER SETTING SUBMISSION AND BREIFING   I     0.00
729   09/29/2025 (ATT)(PROP)ORD VACATE RECEIVER AS VOID/UNENFORCEAB I     0.00
      09/29/2025 AND GRANTING RELATED RELIEF
730   09/29/2025 ORDER SUMMARILY DENYING 1ST AMD MOT TO RECUSE OR   UIM   0.00
      09/29/2025 DISQUALIFY PRESIDING JUDGE DAVID L. EVANS
738   09/30/2025 EMAILED TRANS # 730                               I     0.00
731   10/02/2025 RESPONSE TO MOTION TO DISQUALIFY C.M.             UI    0.00
732   10/02/2025 RESP'S MOT TO STRIKE IMPROPER MATTER FROM PTNR'S  UI    0.00
      10/02/2025 VERIFIED SECOND AMD MOT TO DISQUALIFY C.M.
736   10/03/2025 ERIKA PATINO'S ORIG ANSWR TO VERIFIED FIRST AMENDE UI   0.00
      10/03/2025 D MOT TO DISQUALIFY ATTY ERIKA PATINO
733   10/06/2025 (PROP) ORD SET HRNG RECOGNIZING STAY; PRESERVATION UI   0.00
      10/06/2025 (LITIGATION HOLD) SHOW-CAUSE DISCLOSURES;SUBPOENA/
      10/06/2025 LIMITED DECLARATION
734   10/06/2025 PLANTIFFS VERIFIED MTN TO RECUSE/DISQUALIFY VISIT  UI   0.00
      10/06/2025 JDG BILL HARRIS UNDER TRCP 18A/18B;REQ FOR INTERIM
      10/06/2025  STAY;PRESERV (LITIG
      10/06/2025 ATION HOLD) ORDS; ORD TO SHOW CAUSE
735   10/06/2025 ORDER OF REFERRAL                                 UIM   0.00
737   10/08/2025 EMAILED TRANS # 735                               I     0.00
739   10/13/2025 *POST CARD (SUP/CT) MTN/REHEARING FILED           I     0.00
740   10/14/2025 ORD SET HRG ON RESUSAL 10.28.25 @ 2:00PM          UIM   0.00
      10/14/2025 SIGNED ON 10.14.25
-------------------------------------------------------------------------------
Total Number Of Records Printed:   458
```

APP-165

Volume IV – Conghua Yan

Exhibit D – Contest of Affidavit of Inability to Pay Costs (Rule 145 contest) and hearing setting (hearing Nov. 6, 2024 at 9:00 a.m.), filed Oct. 28, 2024 (Cause No. 325-707596-21; 325th Dist. Ct.)

325-707596-21

FILED
TARRANT COUNTY
10/28/2024 9:43 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 325-707596-21

| | | |
|---|---|---|
| IN THE MATTER OF | * | IN THE DISTRICT COURT |
| THE MARRIAGE OF | * | |
| | * | |
| CONGHUA YAN | * | 325TH JUDICIAL DISTRICT |
| AND | * | |
| FUYAN WANG | * | TARRANT COUNTY, TEXAS |

## CONTEST OF AFFIDAVIT OF INABILITY TO PAY COSTS

TO THE HONORABLE JUDGE OF SAID COURT:

Kirk W. Moss, the official court reporter for the above-referenced court in the above entitled and numbered cause, hereby contests the affidavit of inability to pay costs which alleges that Conghua Yan, Plaintiff, is unable to pay appeal costs in this case filed by Conghua Yan, Plaintiff. Kirk W. Moss moves the Court, pursuant to the provisions of Rule 20.1 of the Texas Rules of Appellate Procedure to set this matter for hearing and to take evidence and require Plaintiff to prove his alleged inability by competent evidence other than by the affidavit.

Wherefore, Kirk W. Moss prays that this matter be set for hearing and that the Court sustain this contest to the affidavit filed by Plaintiff and order Plaintiff to pay costs in advance as required by the Texas Rules of Appellate Procedure. In the alternative, Kirk W. Moss prays that the Court determine the amount of costs which Plaintiff can pay or give security for and order such payment or security.

Kirk W. Moss, CSR
Official Court Reporter
325th District Court
Tarrant County, Texas
200 E. Weatherford Street
Fort Worth, Texas 76196

This contest to affidavit of inability to pay costs is set for hearing at __9:00 a.m.__ on __November 6, 2024__, 2024 in the courtroom of the 325th District Court, 200 E. Weatherford Street, Fifth Floor, Fort Worth, Texas 76196.

District Judge/Court Coordinator

## CERTIFICATE OF SERVICE

I certify that a copy of this document was delivered to Conghua Yan via e-mail certified on _____ __10.28.24__ _____.

Kirk W. Moss, CSR

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 93622452
Filing Code Description: No Fee Documents
Filing Description:
Status as of 10/28/2024 9:59 AM CST

Associated Case Party: CONGHUAYAN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William Pigg | 24057009 | wapigg@pigglawfirm.com | 10/28/2024 9:43:07 AM | SENT |
| Angelia Rightmer | | angelia@owlawyers.com | 10/28/2024 9:43:07 AM | SENT |
| Patrick Clabby | | patrick@owlawyers.com | 10/28/2024 9:43:07 AM | SENT |
| Jennie Mathis | | jennie@AKCfamilylaw.com | 10/28/2024 9:43:07 AM | SENT |
| Candice Blalock | | candice@owlawyers.com | 10/28/2024 9:43:07 AM | SENT |
| David Wynne | | david@owlawyers.com | 10/28/2024 9:43:07 AM | SENT |
| Anita Cutrer | | anita@AKCfamilylaw.com | 10/28/2024 9:43:07 AM | SENT |
| Elizabeth Barr | | elizabeth@owlawyers.com | 10/28/2024 9:43:07 AM | SENT |

Associated Case Party: FUYANWANG

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Leslie StarrBarrows | | lbarrows@barrowsfirm.com | 10/28/2024 9:43:07 AM | SENT |
| Bert Pigg | | WAPIGG@pigglawfirm.com | 10/28/2024 9:43:07 AM | SENT |
| Sara Brandt | | sara@barrowsfirm.com | 10/28/2024 9:43:07 AM | SENT |
| Fuyan Wang | | fuyanwang200@gmail.com | 10/28/2024 9:43:07 AM | SENT |
| Conghua Yan | | arnold200@gmail.com | 10/28/2024 9:43:07 AM | SENT |
| Fuyan Wang | | NATHANYI.LAWOFFICE@GMAIL.COM | 10/28/2024 9:43:07 AM | SENT |
| Cody Martin | | cmartin@cwmartinlaw.com | 10/28/2024 9:43:07 AM | SENT |
| Samantha Ybarra | | samantha@barrowsfirm.com | 10/28/2024 9:43:07 AM | ERROR |
| BARROWS FIRM | | eservice@barrowsfirm.com | 10/28/2024 9:43:07 AM | ERROR |

Case Contacts

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 93622452
Filing Code Description: No Fee Documents
Filing Description:
Status as of 10/28/2024 9:59 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chris  Green | | cg64143@gmail.com | 10/28/2024 9:43:07 AM | SENT |
| Erika Patino | | patinoerika80@gmail.com | 10/28/2024 9:43:07 AM | SENT |
| Dawn Livingston | | dawnpatinolaw@gmail.com | 10/28/2024 9:43:07 AM | SENT |

Associated Case Party: FAMILY COURT SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| EMILIO SALAZAR | | FCS@TARRANTCOUNTYTX.GOV | 10/28/2024 9:43:07 AM | SENT |

APP-169

Volume IV – Conghua Yan

Exhibit E – Order Regarding Ability to Afford Costs (denying Rule 145 indigency), hearing Nov. 6, 2024; signed Nov. 12, 2024 (Hon. Randy Catterton, sitting for Hon. Cynthia Terry); filed Nov. 12, 2024

325-707596-21

FILED
TARRANT COUNTY
11/12/2024 3:54 PM
THOMAS A. WILDER
DISTRICT CLERK

CASE NO. 325-707596-21

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF | * * * * | IN THE DISTRICT COURT |
| CONGHUA YAN AND FUYAN WANG | * * * * | 325TH JUDICIAL DISTRICT |
| AND IN THE INTEREST OF ███████, A CHILD | * * | TARRANT COUNTY, TEXAS |

## ORDER REGARDING ABILITY TO AFFORD COSTS

ON THIS 6TH DAY OF NOVEMBER 2024 CAME TO BE CONSIDERED THE STATEMENT OF INABILITY TO PAY OF THE PETITOINER IN THE ABOVE-REFERENCED CAUSE. PETITIONER REQUESTED COURT TRANSCRIPTS. PETITONER DID NOT APPEAR. A RECORD WAS MADE BY TERESA ADCOCK, VISITING COURT REPORTER.

PETITIONER DOES NOT RECEIVE GOVERNMENT BENEFITS AND HAS INCOME IN EXCESS OF MONTHLY LIVING EXPENSES AND OBLIGATIONS. THE COURT FINDS THAT CONGHUA YAN IS NOT INDIGENT AND IS ABLE TO AFFORD THE COST OF COURT TRANSCRIPTS HE REQUESTED. THE COURT FINDS THAT THE PETITIONER'S SWORN STATEMENT OF INABILITY TO PAY COSTS IS DENIED.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED BY THE COURT THAT THE PETITIONER'S SWORN STATEMENT OF INABILITY TO AFFORD/PAY COSTS IS DENIED AND THAT PETITIONER SHALL PAY COSTS AND FEES ASSOCIATED WITH OBTAINING COURT TRANSCRIPTS.

SIGNED THIS __12__ DAY OF NOVEMBER 2024.

RANDY CATTERTON, JUDGE PRESIDING
FOR THE HONORABLE CYNTHIA TERRY
325TH DISTRICT COURT

**APP-170**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 94207270
Filing Code Description: No Fee Documents
Filing Description:
Status as of 11/14/2024 7:16 AM CST

Associated Case Party: CONGHUAYAN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William Pigg | 24057009 | wapigg@pigglawfirm.com | 11/12/2024 3:54:30 PM | SENT |
| Angelia Rightmer | | angelia@owlawyers.com | 11/12/2024 3:54:30 PM | SENT |
| Jennie Mathis | | jennie@AKCfamilylaw.com | 11/12/2024 3:54:30 PM | SENT |
| Candice Blalock | | candice@owlawyers.com | 11/12/2024 3:54:30 PM | SENT |
| David Wynne | | david@owlawyers.com | 11/12/2024 3:54:30 PM | SENT |
| Anita Cutrer | | anita@AKCfamilylaw.com | 11/12/2024 3:54:30 PM | SENT |
| Elizabeth Barr | | elizabeth@owlawyers.com | 11/12/2024 3:54:30 PM | SENT |
| Patrick Clabby | | patrick@owlawyers.com | 11/12/2024 3:54:30 PM | SENT |
| Conghua Yan | | arnold200@gmail.com | 11/12/2024 3:54:30 PM | SENT |

Associated Case Party: FUYANWANG

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Leslie StarrBarrows | | lbarrows@barrowsfirm.com | 11/12/2024 3:54:30 PM | SENT |
| Conghua Yan | | arnold200@gmail.com | 11/12/2024 3:54:30 PM | SENT |
| Cody Martin | | cmartin@cwmartinlaw.com | 11/12/2024 3:54:30 PM | SENT |
| Samantha Ybarra | | samantha@barrowsfirm.com | 11/12/2024 3:54:30 PM | ERROR |
| Bert Pigg | | WAPIGG@pigglawfirm.com | 11/12/2024 3:54:30 PM | SENT |
| Sara Brandt | | sara@barrowsfirm.com | 11/12/2024 3:54:30 PM | SENT |
| BARROWS FIRM | | eservice@barrowsfirm.com | 11/12/2024 3:54:30 PM | ERROR |
| Fuyan Wang | | fuyanwang200@gmail.com | 11/12/2024 3:54:30 PM | SENT |
| Fuyan Wang | | NATHANYI.LAWOFFICE@GMAIL.COM | 11/12/2024 3:54:30 PM | SENT |

Case Contacts

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 94207270
Filing Code Description: No Fee Documents
Filing Description:
Status as of 11/14/2024 7:16 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chris  Green | | cg64143@gmail.com | 11/12/2024 3:54:30 PM | SENT |
| Erika Patino | | patinoerika80@gmail.com | 11/12/2024 3:54:30 PM | SENT |
| Dawn Livingston | | dawnpatinolaw@gmail.com | 11/12/2024 3:54:30 PM | SENT |

Associated Case Party: FAMILY COURT SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| EMILIO SALAZAR | | FCS@TARRANTCOUNTYTX.GOV | 11/12/2024 3:54:30 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101844255
Filing Code Description: No Fee Documents
Filing Description:
Status as of 6/10/2025 4:15 PM CST

Associated Case Party: ATTORNEY GENERAL OF TEXAS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| ATTORNEY GENERAL OF TEXAS | | CSD-legal-914@oag.texas.gov | 6/10/2025 3:17:26 PM | SENT |

Associated Case Party: CONGHUAYAN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| CONGHUA YAN | | arnold200@gmail.com | 6/10/2025 3:17:26 PM | SENT |

Associated Case Party: FUYANWANG

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erika Patino Patino | | patinoerika80@gmail.com | 6/10/2025 3:17:26 PM | SENT |
| FUYAN WANG | | fuyanwang200@gmail.com | 6/10/2025 3:17:26 PM | SENT |

APP-174

Volume IV – Conghua Yan

Exhibit F – Eighth Administrative Judicial Region Request for Assignment (Judge Cynthia Terry requesting assignment of Hon. Randy Catterton), submitted Jan. 13, 2025 (Cause No. 325-707596-21)

# EIGHTH ADMINISTRATIVE JUDICIAL REGION
## REQUEST FOR ASSIGNMENT

**Requesting Judge:** Honorable Cynthia Terry

**Court:** 325th     **County:** Tarrant

**Reason for request: (check one)**
☐ Recusal: ☐ voluntary ☐ involuntary
☐ Disqualification: ☐ voluntary ☐ involuntary
☐ Attorney contempt
☐ Election contest
☐ Suit to remove locally elected official
☐ Assistance with heavy docket
☐ Vacation
☐ Illness (state below if illness is judge, family member or other)
☐ Education
☐ Personal emergency (state nature of emergency below)
☐ Assistance with COVID-19 related backlog
☑ Other (explain below)

**Additional information:** Compliance with CoA order require FOF 3 CoL

**Judge requested (excepting recusal and disqualification):** Catterton (Randy)

**Date(s) needed:** _____

---

*If assignment is requested for all matters:*

**Type of docket (criminal, civil, family, jury, non-jury):** _____

**Length of assignment:** ☐ One-half day    OR _____ day(s)

---

*If assignment is requested for specific case:*

**Cause number:** 325- 707596-21

**Style of case:** Yan vs Wong

**Nature of suit:** Divorce w/ child

**Estimate of time to try case:** ☐ One-half day   OR _____ day(s)

---

**Additional information or instructions:** _____

**Submitted by:** Lisa Grimaldi     **Date:** 1/13/25
**Phone:** 817-884-1587   **Email:** lkgrimaldi@tarrantcountytx.gov

**Please fax to Eighth Administrative Judicial Region at 817-884-1560 or e-mail to thkemp@tarrantcounty.com**

Revised September 2022

Yan Rule 12 #1
Page 7 of 8

APP-175

Volume IV – Conghua Yan
Exhibit G – Eighth Administrative Judicial Region Order of
Assignment by Presiding Judge (Hon. David L. Evans)
assigning Hon. Randy Catterton to the 325th Dist. Ct. in Cause
No. 325-707596-21; signed Jan. 9, 2025; filed Feb. 6, 2025

325-707596-21

FILED
TARRANT COUNTY
2/6/2025 9:49 AM
THOMAS A. WILDER
DISTRICT CLERK

# THE STATE OF TEXAS

## 8th ADMINISTRATIVE JUDICIAL REGION

## ORDER OF ASSIGNMENT BY THE PRESIDING JUDGE

Pursuant to Section 74.056, Texas Government Code, the undersigned Presiding Judge assigns the Honorable Randy Catterton, Senior Judge of the 231st District Court to the

### 325TH DISTRICT COURT, TARRANT COUNTY, TEXAS.

The judge is assigned to preside in Cause Number 325-707596-21, styled In the Matter of the Marriage of Conghua Yan and Fuyan Wang and in the Interest of ███████, a Child from this date until the undersigned Presiding Judge has terminated this assignment in writing. In addition, whenever the assigned judge is present in the county of assignment for a hearing in this cause, the judge is also assigned and empowered to hear at that time any other matters that are presented for hearing in other cases.

IT IS ORDERED that the clerk of the court to which this assignment is made, if it is reasonable and practicable, and if time permits, give notice of this assignment to each attorney representing a party to a case that is to be heard in whole or in part by the assigned judge.

IT IS FURTHER ORDERED that the clerk, upon receipt hereof, shall post a copy of this order in a public area of the clerk's office or courthouse so that attorneys and parties may be advised of this assignment.

SIGNED this 9th day of January, 2025.

DAVID L. EVANS, PRESIDING JUDGE
EIGHTH ADMINISTRATIVE JUDICIAL REGION OF TEXAS

cc:    Honorable Randy Catterton
       Honorable Cynthia Terry
       District Clerk, Tarrant County
       File

APP-177

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 97051431
Filing Code Description: No Fee Documents
Filing Description:
Status as of 2/6/2025 11:38 AM CST

Associated Case Party: CONGHUAYAN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William Pigg | 24057009 | wapigg@pigglawfirm.com | 2/6/2025 9:49:04 AM | SENT |
| Angelia Rightmer | | angelia@owlawyers.com | 2/6/2025 9:49:04 AM | SENT |
| Jennie Mathis | | jennie@AKCfamilylaw.com | 2/6/2025 9:49:04 AM | SENT |
| Candice Blalock | | candice@owlawyers.com | 2/6/2025 9:49:04 AM | SENT |
| David Wynne | | david@owlawyers.com | 2/6/2025 9:49:04 AM | SENT |
| Anita Cutrer | | anita@AKCfamilylaw.com | 2/6/2025 9:49:04 AM | SENT |
| Elizabeth Barr | | elizabeth@owlawyers.com | 2/6/2025 9:49:04 AM | SENT |
| Patrick Clabby | | patrick@owlawyers.com | 2/6/2025 9:49:04 AM | SENT |
| Conghua Yan | | arnold200@gmail.com | 2/6/2025 9:49:04 AM | SENT |

Associated Case Party: FUYANWANG

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Leslie StarrBarrows | | lbarrows@barrowsfirm.com | 2/6/2025 9:49:04 AM | SENT |
| Conghua Yan | | arnold200@gmail.com | 2/6/2025 9:49:04 AM | SENT |
| Cody Martin | | cmartin@cwmartinlaw.com | 2/6/2025 9:49:04 AM | SENT |
| Samantha Ybarra | | samantha@barrowsfirm.com | 2/6/2025 9:49:04 AM | SENT |
| Bert Pigg | | WAPIGG@pigglawfirm.com | 2/6/2025 9:49:04 AM | SENT |
| Sara Brandt | | sara@barrowsfirm.com | 2/6/2025 9:49:04 AM | SENT |
| BARROWS FIRM | | eservice@barrowsfirm.com | 2/6/2025 9:49:04 AM | ERROR |
| Fuyan Wang | | fuyanwang200@gmail.com | 2/6/2025 9:49:04 AM | SENT |
| Fuyan Wang | | NATHANYI.LAWOFFICE@GMAIL.COM | 2/6/2025 9:49:04 AM | SENT |

Case Contacts

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 97051431
Filing Code Description: No Fee Documents
Filing Description:
Status as of 2/6/2025 11:38 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chris  Green | | cg64143@gmail.com | 2/6/2025 9:49:04 AM | SENT |
| Erika Patino | | patinoerika80@gmail.com | 2/6/2025 9:49:04 AM | SENT |
| Dawn Livingston | | dawnpatinolaw@gmail.com | 2/6/2025 9:49:04 AM | SENT |

Associated Case Party: FAMILY COURT SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| EMILIO SALAZAR | | FCS@TARRANTCOUNTYTX.GOV | 2/6/2025 9:49:04 AM | SENT |

APP-180

Volume IV – Conghua Yan

Exhibit H – Findings and Order under Tex. R. Civ. P. 145 (Trial Ct. Cause No. 325-707596-21; COA Cause No. 13-24-00617-CV), signed Jan. 13, 2025 by Hon. Randy Catterton (sitting by assignment)

1

TRIAL COURT CAUSE NO. 325-707596-21
COURT OF APPEALS CAUSE NO. 13-24-00617-CV

CONGHUA YAN ) IN THE DISTRICT COURT
)
vs. ) TARRANT COUNTY, TEXAS
)
FUYAN WANG ) 325TH DISTRICT COURT

FINDINGS AND ORDER

The following findings and order are entered pursuant to Texas Rules of Civil Procedure Rule 145.

FINDINGS

1.    On or about May 1, 2024, Petitioner filed his statement of inability to afford payment of court costs or appeal bond.

2.    On or about October 28th, 2024, a contest of affidavit of inability to pay costs was filed by the official court reporter, Kirk W. Moss.

3.    On or about November 6th, 2024, an evidentiary hearing was scheduled and held in connection with the inability of the Petitioner to pay costs.

4.    Although duly notified of the hearing, Petitioner failed to appear and failed to present any evidence in support of his affidavit of inability to pay costs.

5.    Based upon the affidavit of inability to pay costs that was filed with the court Petitioner's

income at that time of filing was $6800 per month.

6.    At the trial of the case it was determined that Petitioner's income was $125,000 per month (sic).

7.    At the time of trial, Petitioner owned an interest in the parties residence with a value between 600,000 and $800,000 with a net equity of approximately $420,000.

8.    Mr. Yan also had a 401k with an estimated value of approximately $500,000.

Based upon the above findings, the Court finds that the Petitioner has the ability to afford costs in this cause, and Petitioner is ordered to pay all costs associated with this cause including costs of appeal.

"PETITIONER MAY CHALLENGE THIS ORDER BY FILING A *MOTION IN THE COURT OF APPEALS WITHIN 10 DAYS AFTER THE DATE THIS ORDER IS SIGNED.  SEE TEXAS RULE OF CIVIL PROCEDURE 145.*"  IT IS SO ORDERED.

Honorable Randy Catterton

1·13·25

Date

SITTING BY ASSIGNMENT

APP-183

Volume IV – Conghua Yan

Exhibit I – Objection to Assignment Order (Tex. Gov't Code § 74.053), filed Feb. 11, 2025 (Cause No. 325-707596-21)

FILED
TARRANT COUNTY
2/11/2025 9:45 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 325-707596-21

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | IN THE DISTRICT COURT |
| MARRIAGE OF | § | |
| | § | |
| CONGHUA YAN | § | |
| AND | § | 325TH JUDICIAL DISTRICT |
| FUYAN WANG | § | |
| | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| ███████████ A CHILD | § | TARRANT COUNTY, TEXAS |

## OBJECTION TO THE ASSIGNMENT ORDER

*TO THE HONORABLE JUDGE:*

COME NOW, Plaintiff Conghua Yan("Plaintiff") files this Objection to the Assignment Order, pursuant to Tex. Gov't Code § 74.053(b).

## BACKGROUND OF THE CASE

1. Plaintiff received actual notice of the assignment on February 6, 2025. According to the order, pursuant to Tex. Gov't Code § 74.056, Honorable Randy Catterton was assigned from 231st court to 325th court.

2. First of all, Plaintiff raised objection, pursuant to Tex. Gov't Code § 74.053(b).

3. Section 74.053 - Objection to Judge Assigned to A Trial Court

 **(b)** If a party to a civil case files a timely objection to the assignment, the judge **shall** not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

4. Secondly, Plaintiff raised objection, pursuant to Tex. Gov't Code § 25.0018.

5. Tex. Gov't Code § 25.0018 – Record

(a) When a retired or former judge is appointed as a visiting judge, the clerk **shall enter in the administrative file** as a part of the proceedings in the cause a record that gives the visiting judge's name and shows that:

(1) the judge of the court was disqualified, absent, or disabled to try the cause;

(2) the visiting judge was appointed; and

(3) the oath of office prescribed by law for a retired or former judge who is appointed as a visiting judge was duly administered to the visiting judge and filed with the regional presiding judge.

(b) "Administrative file" means a file kept by the court clerk for the court's administrative orders and assigned a cause number.

6. The court record does not indicate whether the judge was disqualified, absent, or disabled from presiding over the case, and it lacks the legally required oath of office for Randy Catterton.

7. The Plaintiff argues that the presiding judge is neither disqualified, absent, nor disabled as stated. Therefore, under Article V, Section 7(d)–(e) of the Texas Constitution, a district judge may not abandon their post and appoint a statutorily Tex. Gov't Code chapter 74 authorized replacement unless the judge is absent, disabled, or otherwise disqualified from presiding.

8. Tex. Gov't Code § 25.0018(3) requires a government record to establish that a particular action of being sworn in under oath. The plaintiff argues that Randy Catterton has not been sworn in under oath, as the absence of a statutory required court record constitutes a prima facie showing.

## CONCLUSION AND PRAYER FOR RELIEF

The Plaintiff requests this Court to grant his objection.

The Plaintiff further prays for such other and further relief, both general and specific, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

/s/ Conghua Yan

Conghua Yan
arnold200@gmail.com
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
Telephone: (214) 228-1886

APP-186

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsels of record on this 11th day of February, 2025.

*/s/ Conghua Yan*

Conghua Yan
arnold200@gmail.com
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
Telephone: (214) 228-1886

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 97266989
Filing Code Description: Answer/Contest/Response/Waiver
Filing Description: 2025 0210 Objection to the Assignment Order
Status as of 2/12/2025 10:06 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Fuyan Wang | | fuyanwang200@gmail.com | 2/11/2025 9:45:41 PM | SENT |
| Erika Patino | | patinoerika80@gmail.com | 2/11/2025 9:45:41 PM | SENT |
| Conghua Yan | | arnold200@gmail.com | 2/11/2025 9:45:41 PM | SENT |
| Cody Martin | | cmartin@cwmartinlaw.com | 2/11/2025 9:45:41 PM | SENT |

Volume IV – Conghua Yan

Exhibit J – Order of Referral re Objection to Assignment (Tex. Gov't Code § 74.053), signed Feb. 26, 2025 by Judge Randy Catterton (sitting by assignment), referring the objection to the Presiding Judge of the Eighth Administrative Judicial Region; filed Feb. 26, 2025 (Cause No. 325-707596-21)

TARRANT COUNTY
2/26/2025 1:24 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 325-707596-21

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| CONGHUA YAN | § | |
| AND | § | 325TH JUDICIAL DISTRICT |
| FUYAN WANG | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| ███████, A CHILD | § | TARRANT COUNTY, TEXAS |

## ORDER OF REFERRAL

On the 11th day of February, 2025, an "Objection to the Assignment Order" was filed by in the above styled and numbered cause. A copy of that Objection is attached to this Order. The Judge against whom the objection was filed declines to grant the objection and hereby refers this matter to the Presiding Judge of the Eighth Administrative Judicial Region to decide the Objection.

Signed this the __26__ day of ___FEBRUARY___ 2025.

Judge Randy Catterton,
Sitting by Assignment

Page 1 of 1

325-707596-21

FILED
TARRANT COUNTY
2/11/2025 9:45 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 325-707596-21

| | |
|---|---|
| IN THE MATTER OF THE | § IN THE DISTRICT COURT |
| MARRIAGE OF | § |
| | § |
| CONGHUA YAN | § |
| AND | § 325TH JUDICIAL DISTRICT |
| FUYAN WANG | § |
| | § |
| AND IN THE INTEREST OF | § |
| ▮▮▮▮▮▮▮▮ , A CHILD | § TARRANT COUNTY, TEXAS |

## OBJECTION TO THE ASSIGNMENT ORDER

*TO THE HONORABLE JUDGE:*

COME NOW, Plaintiff Conghua Yan("Plaintiff") files this Objection to the Assignment Order, pursuant to Tex. Gov't Code § 74.053(b).

### BACKGROUND OF THE CASE

1.     Plaintiff received actual notice of the assignment on February 6, 2025. According to the order, pursuant to Tex. Gov't Code § 74.056, Honorable Randy Catterton was assigned from 231st court to 325th court.

2.     First of all, Plaintiff raised objection, pursuant to Tex. Gov't Code § 74.053(b).

3.     Section 74.053 - Objection to Judge Assigned to A Trial Court

 (b) If a party to a civil case files a timely objection to the assignment, the judge **shall** not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

4.     Secondly, Plaintiff raised objection, pursuant to Tex. Gov't Code § 25.0018.

5.     Tex. Gov't Code § 25.0018 – Record

(a) When a retired or former judge is appointed as a visiting judge, the clerk **shall enter in the administrative file** as a part of the proceedings in the cause a record that gives the visiting judge's name and shows that:

(1) the judge of the court was disqualified, absent, or disabled to try the cause;

(2) the visiting judge was appointed; and

(3) the oath of office prescribed by law for a retired or former judge who is appointed as a visiting judge was duly administered to the visiting judge and filed with the regional presiding judge.

(b) "Administrative file" means a file kept by the court clerk for the court's administrative orders and assigned a cause number.

6.    The court record does not indicate whether the judge was disqualified, absent, or disabled from presiding over the case, and it lacks the legally required oath of office for Randy Catterton.

7.    The Plaintiff argues that the presiding judge is neither disqualified, absent, nor disabled as stated. Therefore, under Article V, Section 7(d)–(e) of the Texas Constitution, a district judge may not abandon their post and appoint a statutorily Tex. Gov't Code chapter 74 authorized replacement unless the judge is absent, disabled, or otherwise disqualified from presiding.

8.    Tex. Gov't Code § 25.0018(3) requires a government record to establish that a particular action of being sworn in under oath. The plaintiff argues that Randy Catterton has not been sworn in under oath, as the absence of a statutory required court record constitutes a prima facie showing.

## CONCLUSION AND PRAYER FOR RELIEF

The Plaintiff requests this Court to grant his objection.

The Plaintiff further prays for such other and further relief, both general and specific, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

/s/ Conghua Yan

Conghua Yan
arnold200@gmail.com
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
Telephone: (214) 228-1886

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsels of record on this 11th day of February, 2025.

_/s/ Conghua Yan_____

Conghua Yan
arnold200@gmail.com
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
Telephone: (214) 228-1886

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 97266989
Filing Code Description: Answer/Contest/Response/Waiver
Filing Description: 2025 0210 Objection to the Assignment Order
Status as of 2/12/2025 10:06 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Fuyan Wang | | fuyanwang200@gmail.com | 2/11/2025 9:45:41 PM | SENT |
| Erika Patino | | patinoerika80@gmail.com | 2/11/2025 9:45:41 PM | SENT |
| Conghua Yan | | arnold200@gmail.com | 2/11/2025 9:45:41 PM | SENT |
| Cody Martin | | cmartin@cwmartinlaw.com | 2/11/2025 9:45:41 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 97822633
Filing Code Description: No Fee Documents
Filing Description: Order
Status as of 2/26/2025 1:28 PM CST

Associated Case Party: CONGHUAYAN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William Pigg | 24057009 | wapigg@pigglawfirm.com | 2/26/2025 1:24:53 PM | SENT |
| Angelia Rightmer | | angelia@owlawyers.com | 2/26/2025 1:24:53 PM | SENT |
| Jennie Mathis | | jennie@AKCfamilylaw.com | 2/26/2025 1:24:53 PM | SENT |
| Candice Blalock | | candice@owlawyers.com | 2/26/2025 1:24:53 PM | SENT |
| David Wynne | | david@owlawyers.com | 2/26/2025 1:24:53 PM | SENT |
| Anita Cutrer | | anita@AKCfamilylaw.com | 2/26/2025 1:24:53 PM | SENT |
| Elizabeth Barr | | elizabeth@owlawyers.com | 2/26/2025 1:24:53 PM | SENT |
| Patrick Clabby | | patrick@owlawyers.com | 2/26/2025 1:24:53 PM | SENT |
| Conghua Yan | | arnold200@gmail.com | 2/26/2025 1:24:53 PM | SENT |

Associated Case Party: FUYANWANG

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Leslie StarrBarrows | | lbarrows@barrowsfirm.com | 2/26/2025 1:24:53 PM | SENT |
| Conghua Yan | | arnold200@gmail.com | 2/26/2025 1:24:53 PM | SENT |
| Cody Martin | | cmartin@cwmartinlaw.com | 2/26/2025 1:24:53 PM | SENT |
| Samantha Ybarra | | samantha@barrowsfirm.com | 2/26/2025 1:24:53 PM | ERROR |
| Bert Pigg | | WAPIGG@pigglawfirm.com | 2/26/2025 1:24:53 PM | SENT |
| Sara Brandt | | sara@barrowsfirm.com | 2/26/2025 1:24:53 PM | SENT |
| BARROWS FIRM | | eservice@barrowsfirm.com | 2/26/2025 1:24:53 PM | ERROR |
| Fuyan Wang | | fuyanwang200@gmail.com | 2/26/2025 1:24:53 PM | SENT |
| Fuyan Wang | | NATHANYI.LAWOFFICE@GMAIL.COM | 2/26/2025 1:24:53 PM | SENT |

Case Contacts

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 97822633
Filing Code Description: No Fee Documents
Filing Description: Order
Status as of 2/26/2025 1:28 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chris  Green | | cg64143@gmail.com | 2/26/2025 1:24:53 PM | SENT |
| Erika Patino | | patinoerika80@gmail.com | 2/26/2025 1:24:53 PM | SENT |
| Dawn Livingston | | dawnpatinolaw@gmail.com | 2/26/2025 1:24:53 PM | SENT |

Associated Case Party: FAMILY COURT SERVICES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| EMILIO SALAZAR | | FCS@TARRANTCOUNTYTX.GOV | 2/26/2025 1:24:53 PM | SENT |

*APP-196*

Volume IV – Conghua Yan

Exhibit K – Thirteenth Court of Appeals (13-24-00617-CV) clerk notice under Tex. R. App. P. 37.3(b) warning appeal is subject to dismissal for want of prosecution unless payment arrangements/proof of payment for clerk's record are provided within 10 days; dated Jan. 29, 2025 (Tr. Ct. No. 325-707596-21)



**CHIEF JUSTICE**
JAIME TIJERINA

**JUSTICES**
CLARISSA SILVA
LIONEL ARON PEÑA JR.
JON WEST
JENNY CRON
YSMAEL D. FONSECA

**CLERK**
KATHY S. MILLS

# Court of Appeals
## Thirteenth District of Texas

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
COURTHOUSE ANNEX III
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL)
956-318-2403 (FAX)

*www.txcourts.gov/13thcoa*

January 29, 2025

Conghua Yan
2140 E. Southlake Blvd., Suite L-439
Southlake, TX 76092

Re:     Cause No. 13-24-00617-CV
        Tr.Ct.No.  325-707596-21
Style:  In the Matter of the Marriage of Conghua Yan and Fuyan Wang and in the
        Interest of S.Y., a Child

Dear Sir/Madam:

The clerk's record in the above cause was originally due on January 28, 2025. The deputy district clerk, Eliana Rodriguez, has notified this Court that appellant has failed to make arrangements for payment of the clerk's record.  In accordance with TEX. R. APP. P. 37.3(b), notice is hereby given that unless arrangements to pay for the clerk's record and proof of payment is provided to this Court within ten days from the date of this letter, this appeal is subject to dismissal for want of prosecution.

Very truly yours,

Kathy S. Mills, Clerk

cc:     Hon. Cody W. Martin (DELIVERED VIA E-MAIL)
        Hon. Erika Patino (DELIVERED VIA E-MAIL)

*APP-197*

APP-198

Volume IV – Conghua Yan

Exhibit L – Thirteenth Court of Appeals Order of Abatement (13-24-00617-CV), delivered Jan. 6, 2025: vacates trial court's indigency denial for lack of Rule 145 detailed findings; orders written findings and supplemental clerk's record within 15 days; grants stay and abates appeal (Tr. Ct. No. 325-707596-21)



# NUMBER 13-24-00617-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE MATTER OF THE MARRIAGE OF CONGHUA YAN AND FUYAN WANG AND IN THE INTEREST OF S.Y., A CHILD

---

## ON APPEAL FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY, TEXAS

---

## ORDER OF ABATEMENT

### Before Chief Justice Tijerina and Justices West and Fonseca

On November 20, 2024, appellant Conghua Yan filed a motion to vacate the trial court's order denying his statement of inability to pay costs and a motion to stay the trial court's proceedings pending this Court's action.

The record reflects the trial court has previously determined indigency; however, the record reflects the trial court's order fails to comply with Texas Rules of Civil Procedure 145. *See* TEX. R. CIV. P. 145. Specifically, the trial court entered an order denying appellant's statement of inability to pay court costs and found that appellant was

*APP-199*

"not indigent and able to afford the costs of court transcripts he requested." If the trial court determines that an appellant can afford to pay court costs, the trial court's order must be "be supported by detailed findings that the declarant can afford to pay costs." *Id.* R. 145(f)(2). The order denying appellant's indigency does not contain detailed findings. *See id.*; *see also Rangel v. Rangel*, No. 04-23-00931-CV, 2024 WL 2165372, at *1 (Tex. App.—San Antonio May 15, 2024, no pet.) ("In its January 3, 2024 order, the trial court included detailed findings of fact supporting David's ability to afford to pay court costs.").

Accordingly, the trial court is directed to reduce to writing its findings of fact on its order that appellant can afford to pay court costs, and the trial court is further directed to have a supplemental clerk's record containing those findings filed with the Clerk of the Court within fifteen (15) days of the date of this order. *See id.* R. (g)(4) (requiring the court of appeals to rule on the motion at the earliest practicable time). Furthermore, the trial court's order must state "in conspicuous type" the following: "You may challenge this order by filing a motion in the court of appeals within 10 days after the date this order is signed. See Texas Rule of Civil Procedure 145." *Id.* R. 145(f)(4). We therefore grant appellant's motion vacating the trial court's order denying his statement of inability to pay costs, we grant appellant's motion to compel, and we grant his third motion staying the trial court's proceedings pending our resolution of his indigency challenge. This cause is hereby abated. This supplemental clerk's record shall be filed within fifteen (15) days of the date of this order. The appeal will be reinstated upon receipt of the foregoing materials and

2

APP-201

upon further order of this Court.

PER CURIAM

Delivered and filed on the
6th day of January, 2025.

3

APP-202

Volume IV – Conghua Yan

Exhibit M – Mediator List (dated Jun. 3, 2021) showing "CATTERTON, C. RANDY" listed as a mediator, with bar card 04016500 and certification date 12/13/2018

| Bar card | Bar state | Mediator name | Sec lang desc | Certify month | Control | eMail |
|---|---|---|---|---|---|---|
| NA | TX | Lindsey Reynolds | | 07 | 8/20/18 | reynoldsdisputeresolution@gmail.com |
| 16679500 | TX | REED, JAMES~W (BILL) | | | 8/21/18 | BILLREEDATTORNEY@YAHOO.COM |
| 24043122 | TX | MCEWAN, ROBERT~J | | | 8/21/18 | ROBERT@KOONSFULLER.COM |
| 00794726 | TX | TELLER, DONALD~E, JR | | | 8/31/18 | DTELLER@DTELLERLAW.COM |
| 17099850 | TX | Sean O'reilly | | | 9/14/18 | |
| 17098850 | TX | ROBINSON, LAURIE~D | | | 9/14/18 | LROBINSON@ROBINSONANDSMARTPC.COM |
| 07307850 | TX | FOSTER, STEPHANIE~A | | | 9/14/18 | INFO@SAF-LAW.COM |
| 15280800 | TX | O'NEAL, DALE | | | 9/14/18 | LAWYERONEAL@GMAIL.COM |
| 18925300 | TX | SPENCER, R.~KEITH | | | 9/19/18 | BGKEITH@GALYEN.COM |
| 24040964 | TX | DUFFER, LAUREN~GAYDOS | | | 9/27/18 | LAUREN@GAYDOSDUFFER.COM |
| 15280800 | TX | Craig Bradley | | | 10/9/18 | |
| 00798035 | TX | ARMSTRONG, BARBARA~A | | | 10/9/18 | ATTYBARMSTRONG@GMAIL.COM |
| 07993500 | TX | GLADSTONE, RICHARD~A | | | 10/9/18 | GLADLAW@SBCGLOBAL.NET |
| 00784697 | TX | BOLL, KAYE~LYNNE | | 12 | 11/1/18 | SLH@BOLLFAMILYLAW.COM |
| 00791299 | TX | CALDWELL, JENNIFER~MOREY | | | 11/19/18 | JENNIFER@JENNIFERMCALDWELL.COM |
| 04016500 | TX | CATTERTON, C~RANDY | | | 12/13/18 | |
| 05127350 | TX | CROSS, CAROLE~Q | | | 12/21/18 | CAROLE@CAROLECROSSLAW.COM |
| NA | TX | Jeca Williams | | 12 | 1/22/19 | jwilliams@creativeadservices.co |
| 09749700 | TX | HOCKETT, LORI~CHRISMAN | | | 2/14/19 | |
| 00793245 | TX | NAYLOR, KIMBERLY~M | | | 2/26/19 | KIM@NAYLORFAMLAW.COM |
| 24090821 | TX | CLASBY, MARK~R | | 06 | 5/24/19 | MARK@JODIMCSHANLAW.COM |
| NA | TX | Emily Norwood | | | 8/6/19 | norwood.mediation@gmail.com |
| NA | TX | Cassandra Willis | | | 9/12/19 | csuzctte26@aol.com |

APP-203

| Bar card | Bar state | Mediator name | Sec lang desc | Certify month | Control | eMail |
|---|---|---|---|---|---|---|
| 04894000 | TX | COURTNEY, ROBERT~D | | | 10/24/19 | FAMILYLAWBOB@SBCGLOBAL.NET |
| 07385000 | TX | FRANKS, JON~MICHAEL | | | 11/1/19 | GRAPEVINELAW@GALYEN.COM |
| 07981400 | TX | GIRAUD, SHARON~E | | 03 | 11/11/19 | SEGLAW@HOTMAIL.COM |
| 12918000 | TX | MANN, BOBBY~JOE | | | 11/20/19 | |
| 24041607 | TX | NWOKOYE, VIOLET | | 02 | 11/20/19 | VIOLET@NWOKOYELAW.COM |
| 14323480 | TX | MOORE, CHARLA~F | | | 11/20/19 | MOORELAW@MOOREFAMILYLAWFIRM.COM |
| 00790282 | TX | BEAMER, STEPHANIE~J | Spanish | 11 | 11/20/19 | STEPHANIE@BEAMERFAMILYLAW.COM |
| 09655500 | TX | HILL, TOM~E | | | 11/20/19 | TOM@GARDNERSMITHHILL.COM |
| 24051251 | TX | RIVERA, ELIZABETH | Spanish | 09 | 11/20/19 | LIZ@LIZRIVERALAW.COM |
| 09655500 | TX | Maryellen Hicks | | | 12/6/19 | |
| 24002314 | TX | CARROLL, NICOLE~R | | | 1/9/20 | NICOLE@JUSTICELAWDFW.COM |
| 24050448 | TX | COPELAND, THERESA~Y | | 01 | 1/9/20 | THERESA@THERESACOPELANDLAW.COM |
| 02032750 | TX | BEEBE, LISA~A | | | 1/15/20 | |
| 18526460 | TX | SMIEDT, DONNA~J | | | 1/23/20 | DJS@SMIEDTLAW.COM |
| 24073446 | TX | FOWLER, JANE | | 10 | 2/10/20 | JANE@JANEFOWLERLAW.COM |
| 19218350 | TX | STEWART, SHEILA | | | 2/19/20 | SHEILA.STEWART1@SBCGLOBAL.NET |
| 00784891 | TX | RYAN, ELAINE~K | | | 3/26/20 | ATTYEKRYAN@AOL.COM |
| 02046700 | TX | KOENIG, V SUE | | | 5/4/20 | |
| 24048808 | TX | SMITH, KATE | | | 7/24/20 | PARALEGAL@KATESMITHLAW.COM |
| 24063873 | TX | KURMES, MICHAEL~R | | 05 | 9/14/20 | KURMES@GMAIL.COM |
| 24087101 | TX | BEYER, KELLIE | | 04 | 9/21/20 | KELLIE.BLAISE87@GMAIL.COM |
| 10074900 | TX | HOWARD, MALIA~L. | | | 10/29/20 | MALIA.L.HOWARD@TRINITYMAS.COM |
| na | TX | Clytemnestra Moss-Parker | | 12 | 1/25/21 | cleamossparker@gmail.com |

Case 4:25-cv-01422-O     Document 12     Filed 01/09/26     Page 206 of 217     PageID 522

| Bar card | Bar state | Mediator name | Sec lang desc | Certify month | Control | eMail |
|---|---|---|---|---|---|---|
| 00793241 | TX | ALBRIGHT, CYNTHIA~TARI | | 11 | 2/12/21 | CYNTHIA.TARI@TARILAW.COM |
| 00798524 | TX | SPEARMAN, LORI~A | | | 2/12/21 | LORISPEARMAN@AOL.COM |
| NA | TX | Quiana Silas | | 02 | 2/22/21 | |
| NA | TX | Louise Oeri-Curry | | | 3/16/21 | Louiseoericurry@yahoo.com |
| 15323025 | TX | ORTH, CAROLE | | | 3/16/21 | CAROLEORTH@GMAIL.COM |
| 24064203 | TX | JACOBSON, JULIE | | 01 | 4/16/21 | JULIEJACOB3@SBCGLOBAL.NET |
| 02743000 | TX | BOWLAND, BOB | | | 5/5/21 | MEDIATIONS@ATT.NET |
| 24086322 | TX | LAIRD, LINDSEY | | | 5/14/21 | LAIRDFAMILYLAW@GMAIL.COM |
| 24043633 | TX | DIGBY, GREG~A | | | 5/18/21 | GDIGBY@GDIGBYLAW.COM |
| 24043633 | TX | Ralph Steele | | | 5/18/21 | |
| 16304500 | TX | PRICE, RICHARD~C | | | 5/20/21 | RCPRICE@FLASH.NET |

APP-205

Volume IV – Conghua Yan
Exhibit N – Screenshot of Facebook post by Mark Lane Law
Offices dated Feb. 5, 2019 stating "Great mediation with Judge
Randy Catterton ..." (evidence of mediation business promotion)

## Mark Lane Law Offices's Post

✕

**Mark Lane Law Offices**
February 5, 2019 · 🌐

Great mediation with Judge Randy Catterton and attorney John Clark.   Tough kid issues and property issues.   Great work!!!   Call me I can help!   www.marklanelaw.com

👍 5                                                                                                      1 share

| 🔲 **Like** | 🔲 **Comment** | 🔲 **Send** | 🔲 **Share** |

 Write a comment...











APP-209

Volume IV – Conghua Yan
Exhibit O – Compilation of screenshots of Facebook posts by
Bill Harris referencing mediation/private judging and mediation
activity (e.g., Apr. 20, 2021; Jan. 17 & 19, 2022; Feb. 9, 2022;
Dec. 19, 2022; Apr. 12 & 27, 2023; Jul 17, 2025)

9:43

## Bill Harris
Feb 9, 2022 · 🌐

Great, professional work today by Leslie Barrows and Kelly Decker in the settlement of a difficult post judgment case.

👍 Like          ⭕ Comment          ↗ Share

All 20      👍 17      ❤️ 3

Chris Ray

Tom Wilder
21 mutual friends                                    **Add friend**

Kayla Seeling

Jonathan Fox
1 mutual friend                                      **Add friend**

Ron Tarpey

Katherine A. Kinser

Micheal Schneider
1 mutual friend                                      **Add friend**

Mike McCurley
3 mutual friends                                     **Add friend**

Christy Mazurek
1 mutual friend                                      **Add friend**

9:40

# Bill Harris

## Bill Harris
Feb 9, 2022 · 🌐

Great, professional work today by Leslie Barrows and Kelly Decker in the settlement of a difficult post judgment case.

👍❤️ 20                                    1 comment

👍 Like          💬 Comment          ↪ Share

## Bill Harris
Feb 5, 2022 · 🌐

I just spoke to my former Bailiff and dear friend David Hess. For those that know David, he was overwhelmed by the prayers and kind wishes from so many that knew him based on my rather cryptic post last evening.... **See more**

🥰😢👍 160                        65 comments  1 share

👍 Like          💬 Comment          ↪ Share

## Bill Harris
Feb 4, 2022 · 🌐

David Hess was my court bailiff for most of my time as a sitting judge. David has suffered a great loss and needs the prayers of those that knew him and appreciated the way he always treated the lawyers and litigants of the 233rd.

😢😮😥 157                              111 comments

👤 **Add friend**          💬 **Message**          •••

🏠 Home      👥 Friends      ▶️ Reels      🏪 Marketplace   🔔 Notifications      ☰ Menu

3:52

**Bill Harris**
Jan 19, 2022 ·

Great work today by Cody Martin and Dennis Saumier in the settlement of a divorce case.

👍 9

| 👍 Like | 💬 Comment | ↗ Share |

**Bill Harris**
Jan 17, 2022 ·

Great work today by Jennifer Scherf and Nicole Ward in the settlement of a divorce/conservatorship case.

👍 10

| 👍 Like | 💬 Comment | ↗ Share |

**Bill Harris**
Jan 15, 2022 ·

Prayers for Rabbi Charlie and the other hostages at Congregation Beth Israel in Colleyville.

👍❤️😢 87                            24 comments

| 👍 Like | 💬 Comment | ↗ Share |

**Bill Harris**
Jan 13, 2022 · 

I remember when the Fort Worth Stock Show was

| 👤+ Add friend | 💬 Message | ⋯ |

| Home | Friends | Reels | Marketplace | Notifications | Menu |

APP-203

9:38



 **Bill Harris**

 **Bill Harris**
Apr 27, 2023 · 🌐                                  •••

Exceptional work today by Tawanna Cesare and Cody Martin in the resolution of a very complicated divorce case. Getting back to work from my extended absence and working with great lawyers is giving me such a much needed emotional boost. Sincere thanks to Tawanna and Cody.

 77                                  6 comments

👍 Like            💬 Comment            ↪ Share

 **Bill Harris**
Apr 12, 2023 · 🌐                                  •••

Impossible case resolved by exceptional work by Tarrah Lett and Daniel Clanton. It was great to celebrate my return to mediation after a 5 month inability with such great lawyers.

 56                                  8 comments

👍 Like            💬 Comment            ↪ Share

 **Bill Harris**
Dec 19, 2022 · 🌐                                  •••

It was great see so many dear friends at the 17th annual Christmas Holiday breakfast in the Lawyer's Lounge of the Tarrant County Family Law Center. Two complex surgeries with extensive, ongoing recovery

👤+ **Add friend**            💬 **Message**            •••

🏠          👥          🎬          🏬          🔔          ⬛
Home      Friends      Reels     Marketplace  Notifications    Menu

5:16 🖈

 

**Bill Harris**
Jul 17 · 🌐

•••

During a 4 day assignment to a District Court, I heard from several lawyers that they had been told I am no longer doing mediations. Nothing could be further from reality.

I am still actively accepting employment for mediation, arbitration and employment as a Private Judge under Texas Civil Practice and Remedies Section 151.

I look forward to any inquiries.

👍 Like          💬 Comment          ↪ Share

👍❤️ 90

---

All 90      👍 73      ❤️ 17

 **Dee Ann Rickman Henry**

 **Cynthia Favila Terry**
2 mutual friends                    **Add friend**

 **Renee Sanchez**
2 mutual friends                    **Add friend**

 **Coni Hogan Thomason**
1 mutual friend                     **Add friend**

 **Jennie Duke-Mathis**

 **Will Cook**

5:16

 **Bill Harris**
Jul 17 · 🌐

During a 4 day assignment to a District Court, I heard from several lawyers that they had been told I am no longer doing mediations. Nothing could be further from reality.

I am still actively accepting employment for mediation, arbitration and employment as a Private Judge under Texas Civil Practice and Remedies Section 151.

I look forward to any inquiries.

👍 Like          💬 Comment          ↪ Share

👍❤️ 90

All 90      👍 73      ❤️ 17

 Dee Ann Rickman Henry

 Cynthia Favila Terry
2 mutual friends                          **Add friend**

 Renee Sanchez
2 mutual friends                          **Add friend**

 Coni Hogan Thomason
1 mutual friend                           **Add friend**

 Jennie Duke-Mathis

 Will Cook

3:58

 **Bill Harris**
Apr 20, 2021 ·

It was great to spend some time at the Courthouse with my dear, longtime friend and colleague Judge Lori DeAngelis. It is a rewarding part of my career to see such a good friend come from a baby lawyer to a fine, respected judge. Many stories of old times and all that we have shared for many years.

👍 Like          💬 Comment          ↗ Share

 87

Most relevant ⌄

 **Sheila Stewart** · 4y
Love her.
Like    Reply

 **Joetta Keene** · 4y
I got law school stories on her if her head gets too big.
Like    Reply                                    3 😄👍

 **Dorene Goodson** · 4y
Lori is special.
Like    Reply                                    1 ❤

 **Betty Lynn Cade** · 4y
You're still my hero!  Whether you like it or not! 💙
Like    Reply                                    1 ❤

 **Matt Towson** · 4y
I was in the lawyer lounge from 1pm to 5pm.
Wish I knew you were there

 | Comment as Sam Randles

APP-216