IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SAMUEL RANDLES, *et al.*, § | |
|     *Plaintiffs*, § | |
| § | |
| v. § | Case No. 4:25-cv-01422-O-BP |
| § | |
| JIMMY BLACKLOCK, *et al.*, § | |
|     *Defendant*. § | |

**BRIEF FOR JUDGE RAY WHELESS'S MOTION TO DISMISS**

TO THE HONORABLE REED O'CONNOR:

NOW COMES Defendant Judge Ray Wheless, and files this Motion to Dismiss pursuant to FED. R. CIV. P. 12(b) (1) and (6).

**I.
INTRODUCTION**

This litigation combines multiple discreet lawsuits that have been combined to collaterally attack adverse state court orders in disparate family law cases across the State of Texas. (Doc. 9). Plaintiffs Samuel Randles, Kaitlan Ross, Patrick Tuter, and Conghua Yan ("Plaintiffs") filed this lawsuit against Judge Wheless, who is sued in his *official capacity only*. (Doc. 9, ¶ 23). Judge "Wheless is the Presiding Judge of the First Administrative Judicial Region of Texas." (Doc. 9, ¶ 23). Plaintiffs' claims are based solely on Judge Wheless' decisions presiding over a portion of Plaintiffs Tuter's state court case. (Doc. 9, ¶¶ 60, 62-63, 65, 108, and 155). Judge Wheless is not alleged to have been involved with any other Plaintiffs beside Plaintiffs Tuter. (Doc. 9). Plaintiffs claim that Judge Wheless violated their rights under the U.S. Constitution. (Doc 9, ¶¶ 159-223). Plaintiffs seek only equitable relief from Judge Wheless. (Doc 9, ¶¶ 224-31).

Plaintiffs' suit against Judge Wheless must be dismissed because:

1. Plaintiffs lack standing to bring claims against Judge Wheless;

2. Plaintiffs' claims are Barred by Eleventh Amendment Immunity;

3. Plaintiffs' claims are barred by the *Younger* abstention doctrine; and

4. Plaintiffs fail to state a claim upon which relief may be granted.

## II.
## STANDARD OF REVIEW

A complaint must be dismissed if the court lacks subject matter jurisdiction over the Plaintiffs' claim, FED. R. CIV. P. 12(b)(1), or if the Plaintiffs fails to state a claim upon which relief may be granted, FED. R. CIV. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as under rule 12(b)(6). *See Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). To avoid dismissal, a Plaintiffs must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the Plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## III.
## ARGUMENT AND AUTHORITIES

**A.     Plaintiffs lack Standing to Bring This Lawsuit**

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S.

149, 154-55 (1990). Standing requires Plaintiffs to demonstrate they have suffered an "injury in fact," that is "fairly traceable" to the defendant's conduct, and that will "likely … be redressed by a favorable decision." *Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).*

### 1. Patrick Tuter

#### a. No Justiciable Controversy

As an initial matter, Plaintiffs do not present a justiciable controversy with respect to Judge Wheless. "The case or controversy requirement of Article III of the Constitution requires a Plaintiffs to show that he and the defendants have adverse legal interests. The requirement of a justiciable controversy is not satisfied where a judge acts in [her] adjudicatory capacity." *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003). Plaintiff Tuter's claims against Judge Wheless are solely based on his actions in state court proceedings in his adjudicatory capacity. (Doc. 9). Plaintiffs allege Judge Wheless entered an order appointing a judge to consider and rule on a recusal matter, apparently did not respond to Plaintiff Tuter's document request and did not give Tuter as much notice of the order as Tuter would like. (Doc. 9, ¶¶ 62 and 155). What is clear is that any alleged acts were taken in Judges Wheless's adjudicatory capacity. As a matter of law, there is no justiciable controversy. *Bauer, 341 F.3d at 359.*

#### b. No Redressability

Further, redressability of alleged injuries is not available against Judge Wheless. Equitable relief is not available because no injunction or declaration would cure any alleged injury. Moreover, injunctive relief is inappropriate "because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *See LaBranche v. Becnel*, 559 F Fed. Appx. 290, 291 (5th Cir.2014). Additionally, as the Supreme Court recently reaffirmed, "If a state court errs in its rulings, too, the traditional remedy has been some form of appeal,

including to this Court, not the entry of an *ex ante* injunction…an injunction against a state court" or its 'machinery' 'would be a violation of the whole scheme of our Government.' " *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021), citing *Ex parte Young*, 209 U.S. 123, 159–160, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Finally, as Plaintiffs' claims all arise under 42 U.S.C. § 1983, as discussed *infra*, injunctive relief is unavailable by statute.

### 2. Other Plaintiffs

No other Plaintiffs identify any interaction with Judge Wheless, and do not identify any justiciable controversy. (Doc. 9). Further, no other Plaintiffs identify any alleged injury that is fairly traceable to the conduct alleged to have been performed by Judge Wheless. (Doc. 9).

Accordingly, Plaintiffs lack standing to bring claims against Judge Wheless.

### B.   Plaintiffs' Claims are barred by the Eleventh Amendment

The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or its officials, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121 (1984).

### 1. Entitlement to Sovereign Immunity

The First Administrative Judicial Region of Texas is a state entity created by statute. *See* GOV'T CODE § 74.042(b). As the Presiding Judge of the First Administrative Judicial Region of Texas (Doc. 9, ¶ 23), Judge Wheless is a state official. As such, Judge Wheless is entitled to Texas' sovereign immunity under the Eleventh Amendment.

### 2. Plaintiffs' Claims under 42 U.S.C. § 1983 are Barred By Sovereign Immunity

Plaintiffs' federal constitutional claims are barred by the Eleventh Amendment. *See, e.g., Fox v. Mississippi*, 551 Fed. Appx. 772, 774–75 (5th Cir.2014) (per curiam) (holding, inter alia, that Eleventh Amendment barred claims under §§ 1983 and 1985 against state, district that was agency of state, and individuals sued in their official capacities). "Congress did not abrogate the

states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981, 1983, and 1985." *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F.Supp. 1022, 1030 (S.D.Tex.1996). Plaintiffs' retrospective equitable relief is similarly barred by sovereign immunity. *See Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 288 (5th Cir.2015).

### 3. No Applicable Exception to Sovereign Immunity

No exception to Texas' sovereign immunity is presented, because Plaintiffs have not alleged that Judge Wheless is involved in any ongoing constitutional violation of their rights. *See Anderson v. Valdez*, 913 F.3d 472, 479 (5th Cir. 2019). Most of the Plaintiffs had no interaction with Judge Wheless, and there are no specific allegations regarding any particular ongoing actions Plaintiff Tuter suggests violate his rights. (Doc. 9). Plaintiff Tuter has already lost his attempts at recusal. (Doc. 9, ¶ 63). Any concern about the future is purely speculative, and prospective injunctive relief is not available to address a past injury or speculative future harm. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). Indeed, it is only Judge Wheless's past actions entering orders in the state court of which Plaintiffs complain. (Doc. 9). This is inadequate to present an exception to immunity under the Eleventh Amendment because "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

### C. The *Younger* Abstention Doctrine

Additionally, Plaintiffs' claims are barred by the *Younger* doctrine, which requires that a federal court abstain from enjoining a pending state court proceeding. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The Fifth Circuit has held that *Younger* requires federal courts to abstain where: (1) the dispute involves an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must

*Brief for Judge Ray Wheless' Motion to Dismiss*     5

be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir. 1996). *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016).

Plaintiffs admit that their state court proceedings are ongoing. (Doc. 9, ¶¶ 16-19, describing their state court actions as "pending"). If any of the state court judgments might be appealable, "the *Younger* doctrine requires that federal courts abstain when a state proceeding is pending and the state appellate procedure has not been exhausted." *DeSpain v. Johnston*, 731 F.2d 1171, 1177–78 (5th Cir. 1984). For the second prong, it is unquestioned that Plaintiff's allegations against the members of the judiciary, involving allegedly unlawful acts committed by them, implicate important state interests as a matter of law. *See, e.g., Burgess v. Cox*, No. 4:14-CV-466-ALM-CAN, 2015 WL 5578310, at *7 (E.D. Tex. July 30, 2015), *report and recommendation adopted*, No. 4:14-CV-466, 2015 WL 5579866 (E.D. Tex. Sept. 21, 2015) ("Plaintiff's allegations implicate important state interests, such as unlawful acts allegedly committed by its law enforcement officers, city officials, and judges"). Similarly, it is unquestioned that "family and child custody are important state interests as a matter of law." *Moore v. Sims*, 442 U.S. 415, 434 (1979) (recognizing that family and child custody matters satisfy the second prong of the *Younger* doctrine). Indeed, "[f]amily relations are a traditional area of state concern." *Id*. at 435; s*ee also Estate of Merkel v. Pollard*, 354 Fed. Appx. 88, 94 (5th Cir. 2009). Finally, as a matter of law, "Texas law is apparently as accommodating as the federal forum .... [A]bstention is appropriate unless state law *clearly bars the interposition of the constitutional claims*." *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) (emphasis added). This case meets each element of the *Younger* analysis, and as a result, unless Plaintiffs can demonstrate specific facts to fall within an exception, this Court is required to abstain from entertaining the lawsuit. Because Plaintiffs fail to do so, as a

matter of law, Judge Wheless is entitled to dismissal of Plaintiffs' lawsuit in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1).

### D.  Plaintiffs Fails to State a Claim for Which Relief May Be Granted

Plaintiffs have failed to state a claim against Judge Wheless. At most, Plaintiffs' allegations are purely conclusory and inadequate "to raise a right to relief above the speculative level" with respect to the State of Texas. *Twombly*, 550 U.S. at 570.

#### 1.  No Facts From Which the Court Could Infer Judge Wheless's Liability

Plaintiffs allege no specific facts from which this Court could infer liability on the part of Judge Wheless under any legal theory. A judge presiding over court proceedings is not a Constitutional violation, but the inherent power and duties of courts. *See* GOV'T CODE § 21.001.

To the extent that Plaintiffs complain of Judge Wheless depriving them of legal process, Plaintiffs admit that they were and are fully participating in the ongoing state court proceedings. (Doc. 9). Dissatisfaction with state court rulings and failed efforts to change judges in order to obtain favorable rulings is not the basis for a federal court action. Plaintiff Tuter knows this, since one of his previous attacks on the state court family law proceeding was a removal of the state action to federal court in which he "seems to believe that the state court's denial of his motions for recusals implicated his right to federal question jurisdiction..." but "the order denying Defendant's third motion for recusal did not make the case removable. Instead, the order summarily denied the motion to recuse and ordered that the case proceed to trial." *Tuter v. Tuter*, No. 4:25-CV-00075-ALM-AGD, 2025 WL 2600011, at *7 (E.D. Tex. Aug. 21, 2025), *report and recommendation adopted*, No. 4:25-CV-00075, 2025 WL 2601545 (E.D. Tex. Sept. 8, 2025).

Simply put, all of Plaintiffs' claims against Judge Wheless are purely conclusory assertions with no specific factual allegations to support them.

### 2. Plaintiffs' Equitable Relief is not Available

Plaintiffs "cannot obtain [any] requested [declaratory or injunctive] relief because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *LaBranche v. Becnel*, 559 Fed.Appx. at 291.  Further, Plaintiffs bring their claims under 42 U.S.C. § 1983 (Doc. 9, pp. 49-68), that statute, in pertinent part, reads:

> except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, <u>injunctive relief shall not he granted unless a declaratory decree was violated or declaratory relief was unavailable</u>.

42 U.S.C. § 1983) (emphasis added).  Plaintiffs have not demonstrated that a decree was violated or alleged facts to suggest that declaratory relief was unavailable.  Accordingly, this Court cannot issue an injunction to resolve matters in state court.

## IV.
## CONCLUSION

This Court should dismiss Plaintiffs' claims against Judge Wheless. Jurisdictional barriers prohibit Plaintiffs' suit, Judge Wheless has sovereign immunity to Plaintiffs' claims, and Plaintiffs fail to state a claim on which relief may be granted.

WHEREFORE, Defendant Judge Ray Wheless prays that Plaintiffs takes nothing by their suit.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA

Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ *Scot M. Graydon*
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

ATTORNEYS FOR DEFENDANT JUDGE RAY WHELESS

## CERTIFICATE OF SERVICE

      I certify that a copy of the above *Brief in Support of Judge Ray Wheless's Motion to Dismiss* was served on the **4th day of February, 2026**, upon all parties who have entered an appearance, using the CM/ECF system and upon the following individual by Certified Mail, Return Receipt Requested and via regular mail:

Samuel Randles
5001 SH114E, Apt 1313,
Roanoke, TX 76262
randles.sam@gmail.com
***Via Certified Mail No***
*9589 0710 5270 0480 2580 42*

Patrick Wayne Tuter
430 Christi Ln.
Princeton, Texas 75407
patrick762soldier@hotmail.com
***Via Certified Mail No.***
*9589 0710 520 0480 2580 59*

Kaitlan Ross
915 County Road 2719
Goldthwaite, Texas 76844
Kaitlan.ross33@gmail.com
***Via Certified Mail No***
*9589 0710 5270 0480 2580 66*

Conghua Yan
2140 E Southlake Blvd, Suite L-439,
Southlake, Texas 76092
arnold200@gmail.com
***Via Certified Mail No***
*9589 0710 5270 0480 2580 73*

***Pro Se Plaintiffs***

    /s/ Scot M. Graydon
    **SCOT M. GRAYDON**
    Assistant Attorney General