IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SAMUEL RANDLES, *et al.*, <br>    *Plaintiffs*, <br><br> v. <br><br> JIMMY BLACKLOCK, *et al.*, <br>    *Defendant.* | § <br> § <br> § <br> §     Case No. 4:25-cv-01422-O-BP <br> § <br> § <br> § |

**REPLY BRIEF FOR JUDGE RAY WHELESS'S MOTION TO DISMISS**

TO THE HONORABLE REED O'CONNOR:

NOW COMES Defendant Judge Ray Wheless, and files this Reply Brief in Support of his Motion to Dismiss pursuant to FED. R. CIV. P. 12(b) (1) and (6).

## I.
## INTRODUCTION

This litigation combines multiple discreet lawsuits that have been combined to collaterally attack adverse state court orders in disparate family law cases across the State of Texas. (Doc. 9). Plaintiffs Samuel Randles, Kaitlan Ross, Patrick Tuter, and Conghua Yan ("Plaintiffs") filed this lawsuit against Judge Wheless, "the Presiding Judge of the First Administrative Judicial Region of Texas." (Doc. 9, ¶ 23). Plaintiffs' claims are based solely on Judge Wheless' decisions in a portion of Plaintiffs Tuter's state court case. (Doc. 9, ¶¶ 60, 62-63, 65, 108, and 155).

Judge Wheless filed his Motion to Dismiss, demonstrating how Plaintiffs fail to establish standing, overcome immunity under the Eleventh Amendment, are barred by the *Younger* abstention doctrine, and fails to state a claim for relief against Judge Wheless which this Court could provide. (Docs. 15-16).

Plaintiffs filed a Response (Doc. 34), but the defects still require dismissal of this lawsuit.

# II.
# ARGUMENT AND AUTHORITIES

**A.     Plaintiffs lack Standing to Bring This Lawsuit**

Plaintiffs argue that they have established standing, but they have not. Indeed, three of the four admit that they have no injury traceable to the conduct of Judge Wheless, precluding standing to bring claims against him. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

**1.  Patrick Tuter**

**a.  No Justiciable Controversy**

Plaintiffs do not dispute that the claims brought against Judge Wheless are solely based on actions "where [Judge Wheless] acts in his adjudicatory capacity." *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003). In their Response, Plaintiffs misapply recent case law to suggest that the requirement of a justiciable controversy was foreclosed by *La Union del Pueblo Entero v. Nelson*. (Doc. 34, ¶ 11). However, the terms "justiciable controversy," "adverse legal interests," or "*Bauer v. Texas*" do not appear in that case, and the case does not involve any litigant trying to bring claims against a judge for acts in his/her adjudicatory capacity. *See La Union del Pueblo Entero v. Nelson*, 163 F.4th 239 (5th Cir. 2025).

Additionally, Plaintiffs cite *Whole Woman's Health v. Jackson* (Doc. 34, ¶¶ 15-16) but again misapply the case law. That case recognizes that judges apply the law and are not adverse to the litigants appearing before them. *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021). It is undisputed that Judge Wheless' alleged actions in this case, appointing a judge to consider Tuter's motion to recuse (Doc. 9, ¶ 62) was not an issue in which Judge Wheless advocated one way or the other, but applied the law by appointing a different judge to consider the motion and rule on it. Plaintiffs do not plausibly suggest that Judge Wheless had adverse interests to them. Moreover, *Whole Women's Health* makes it clear that Plaintiffs' federal lawsuit is

improper, even if Judge Wheless misapplied Chapter 74, as Plaintiffs suggest: "If a state court errs in its rulings, too, the traditional remedy has been some form of appeal, including to this Court, not the entry of an *ex ante* injunction…an injunction against a state court" or its 'machinery' 'would be a violation of the whole scheme of our Government.' " *Whole Woman's Health*, 142 S. Ct. at 532, citing *Ex parte Young*, 209 U.S. 123, 159–160, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

Plaintiffs' citation to *Reule v. Jackson* is similarly misrepresented. (Doc. 34, ¶ 16). That case clarifies: "[i]f the role is strictly adjudicatory, then no case or controversy exists. Relevant considerations include whether the judge initiated the proceedings that the plaintiff is challenging or was "a cause of the statute being enacted" and whether the challenged statutory scheme compels or allows for traditional judicial safeguards such as notice and a hearing." *Reule v. Jackson*, 114 F.4th 360, 365-66 (5th Cir. 2024) (internal citations omitted). It is undisputed that Judge Wheless did not "initiate the proceedings that the plaintiff is challenging" as he did not file Tuter's motion to recuse in the original lawsuit. Tuter is also not precluded from appealing an adverse decision in state court appellate system, which "allows for traditional judicial safeguards."

In short, the cases cited by Plaintiffs on this issue are either wholly irrelevant to the legal issue briefed by Judge Wheless or support Judge Wheless' position. As a matter of law, there is no justiciable controversy. *Bauer, 341 F.3d at 359.*

### b. No Redressability

There is no relief available that would redress any alleged injury. *See Lujan,* 504 U.S. at 560-61. Equitable relief is not available because no injunction or declaration would cure any alleged injury. No declaration regarding Judge Wheless' past assignment would cure any alleged injury. A declaration about speculative future actions is, at best, not ripe. Injunctive relief is unavailable "because federal courts have no authority to direct state courts or their judicial officers

in the performance of their duties." *See LaBranche v. Becnel*, 559 F Fed. Appx. 290, 291 (5th Cir.2014).  Any alleged incorrect decisions can and should be addressed on appeal in state court. *See Whole Woman's Health*, 142 S. Ct. at 532.  Finally, as Plaintiffs' claims all arise under 42 U.S.C. § 1983, as discussed *infra*, injunctive relief is unavailable by statute.

### 2. Other Plaintiffs

Plaintiffs do not dispute the fact that they have no standing to assert claims against Judge Wheless.  (Doc. 34).

**B.    Plaintiffs' Claims are barred by the Eleventh Amendment**

Plaintiffs suggest that the Eleventh Amendment does not bar their claims for injunctive relief because of the *Ex parte Young* exception. (Doc. 34, ¶¶ 42-52).  Their arguments fail because despite their suggestion (Doc. 34, ¶¶ 46-48), there is no "ongoing violation."  Plaintiff Tuter complains about Judge Wheless' actions related to Government Code § 74.053 and a recusal in state court on or about December 11, 2024. (Doc. 9, ¶¶ 62-63). There simply is no "ongoing violation" and ongoing LITIGATION does not meet the legal standard.  Any concern about a future violation of § 74.053 is purely speculative, and prospective injunctive relief is not available to address a past injury or speculative future harm.  *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015).

**C.    The *Younger* Abstention Doctrine**

Plaintiffs struggle to evade the application of the *Younger* doctrine, and ultimately fail to avoid it.  First, Plaintiffs suggest that the *Younger* doctrine does not apply because this case does not fall into one of the three "exceptional categories" of cases under the *Sprint* case. (Doc. 34, 54-58).  However, Plaintiffs ignore the third category identified in the *Sprint* case, situations like this one, where "federal courts should refrain from interfering with pending 'civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their

judicial functions.'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 70 (2013). Entering injunctions against state court judges to interfere with their "ability to perform their judicial functions" is EXACTLY what Plaintiffs are asking of this Court. (Doc. 9, ¶ 229). Not only does this case fall squarely into the third of *Sprint*'s three categories, but even post-*Sprint*, the Fifth Circuit continues to apply Younger when litigants ask the federal court to interfere with state proceedings. See *Daves v. Dallas County*, 64 F.4th 616, 623–33 (5th Cir. 2023) (requiring strict adherence to *Younger* when interference with state judicial proceedings is an issue); *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018). Plaintiffs argue that *Younger* should not apply because the state court action was not state-initiated (Doc. 34, ¶¶ 54-55), but that is not required for abstention. Plaintiffs plainly ask this Court to direct the state court judges in performance of their judicial duties.

Finally, Plaintiffs suggest that state court remedies are inadequate, but as a matter of law, that is not true. See *Moore v. Sims*, 442 U.S. 415, 425-26 (1979). Plaintiffs complain of discrete decisions by individual judges, and because the results are similar, opine that systemic issues are to blame because of the individual results they have received. Plaintiffs can appeal the decisions they don't like. If Plaintiff Tuter dislikes Judge Wheless' actions or decisions, that is what the appellate process is for.

Plaintiffs simply fail to distinguish this case from the requirements of *Younger* because this is an obvious example of a case the Court should abstain from entertaining.

**D.     Plaintiffs Fails to State a Claim for Which Relief May Be Granted**

Plaintiffs have failed to state a claim against Judge Wheless. At most, Plaintiffs' allegations are purely conclusory and inadequate "to raise a right to relief above the speculative level" with respect to the State of Texas. *Twombly*, 550 U.S. at 570.

### 1. No Facts From Which the Court Could Infer Judge Wheless's Liability

Plaintiffs reiterate the factual alleges involving Judge Wheless (Doc. 34, ¶¶ 67-69), but these facts do not plausibly present a claim for violation of due process.  Recusal attempts can be summarily denied without an oral hearing if they do not comply with the Rule regarding recusal.  *See* TEX. R. CIV. P. 18a(g)(3)(A).  Plaintiffs admit that they were and are fully participating in the ongoing state court proceedings.  (Doc. 9).  Plaintiff Tuter can appeal adverse judicial decisions.  Due process does not require Plaintiff to approve of a judicial decision or even immediate correction of a perceived judicial error.  Availability of appellate review of an error provides due process.  However, due process does not guarantee the outcome of Plaintiffs' choice.

### 2. Plaintiffs' Equitable Relief is not Available

Plaintiffs "cannot obtain [any] requested [declaratory or injunctive] relief because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *LaBranche v. Becnel*, 559 Fed.Appx. at 291.  Further, Plaintiffs bring their claims under 42 U.S.C. § 1983 (Doc. 9, pp. 49-68), that statute, in pertinent part, reads:

> except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, <u>injunctive relief shall not he granted unless a declaratory decree was violated or declaratory relief was unavailable</u>.

42 U.S.C. § 1983) (emphasis added).  Plaintiffs have not demonstrated that a decree was violated or alleged facts to suggest that declaratory relief was unavailable.  Accordingly, this Court cannot issue an injunction to resolve matters in state court.

## III.
## CONCLUSION

This Court should dismiss Plaintiffs' claims against Judge Wheless. Jurisdictional barriers prohibit Plaintiffs' suit, Judge Wheless has sovereign immunity to Plaintiffs' claims, and Plaintiffs fail to state a claim on which relief may be granted.

WHEREFORE, Defendant Judge Ray Wheless prays that Plaintiffs take nothing by their suit.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ Scot M. Graydon
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

*ATTORNEYS FOR DEFENDANT JUDGE RAY WHELESS*

## CERTIFICATE OF SERVICE

   I certify that a copy of the above *Reply Brief in Support of Judge Ray Wheless's Motion to Dismiss* was served on the **18th day of February, 2026**, upon all parties who have entered an appearance, using the CM/ECF system and upon the following individual by Certified Mail, Return Receipt Requested and via regular mail:

| | |
|---|---|
| Samuel Randles<br>5001 SH114E, Apt 1313,<br>Roanoke, TX 76262<br>randles.sam@gmail.com<br>***Via Certified Mail No***<br>9589 0710 5270 0480 2418 15 | Patrick Wayne Tuter<br>430 Christi Ln.<br>Princeton, Texas 75407<br>patrick762soldier@hotmail.com<br>***Via Certified Mail No.***<br>*9589 0710 520 0480 2581 65* |
| Kaitlan Ross<br>915 County Road 2719<br>Goldthwaite, Texas 76844<br>Kaitlan.ross33@gmail.com<br>***Via Certified Mail No***<br>9589 0710 5270 0480 2581 58 | Conghua Yan<br>2140 E Southlake Blvd, Suite L-439,<br>Southlake, Texas 76092<br>arnold200@gmail.com<br>***Via Certified Mail No***<br>9589 0710 5270 0480 2581 72 |

***Pro Se Plaintiffs***

                /s/ Scot M. Graydon
                **SCOT M. GRAYDON**
                Assistant Attorney General