IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **SAMUEL RANDLES,** *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> **JIMMY BLACKLOCK,** *et al.*, <br> *Defendant.* | § <br> § <br> § <br> §    Case No. 4:25-cv-01422-O-BP <br> § <br> § <br> § <br> § |

**REPLY BRIEF FOR JUDGE JOHN ROACH, JR.'S MOTION TO DISMISS**

TO THE HONORABLE REED O'CONNOR:

NOW COMES Defendant Judge John Roach, Jr., and files this Reply Brief in Support of his Motion to Dismiss pursuant to FED. R. CIV. P. 12(b) (1) and (6).

## I. INTRODUCTION

Plaintiffs Samuel Randles, Kaitlan Ross, Patrick Tuter, and Conghua Yan ("Plaintiffs") filed this lawsuit against Judge Roach, "the Presiding Judge of the First Administrative Judicial Region of Texas." (Doc. 9, ¶ 23). Plaintiffs' claims are based solely on Judge Roach' decisions in a portion of Plaintiffs Tuter's state court case. (Doc. 9, ¶¶ 60, 62-63, 65, 108, and 155).

Judge Roach filed his Motion to Dismiss, demonstrating how Plaintiffs fail to establish standing, overcome immunity under the Eleventh Amendment, are barred by the *Younger* abstention doctrine, and fails to state a claim for relief against Judge Roach which this Court could provide. (Docs. 25-26).

Plaintiffs filed a Response (Doc. 35), but the defects still require dismissal of this lawsuit.

The magistrate judge has already recommended dismissal of the lawsuit based on the arguments raised by Judge Roach. (Doc. 40).

# II.
# ARGUMENT AND AUTHORITIES

**A.     Plaintiffs lack Standing to Bring This Lawsuit**

Plaintiffs argue that they have established standing, but they have not. Indeed, three of the four admit that they have no injury traceable to the conduct of Judge Roach, precluding standing to bring claims against him. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

**1.   Patrick Tuter**

   **a.   No Justiciable Controversy**

The magistrate judge has already recommended dismissal of the lawsuit based on this issue. (Doc. 40, pp. 7-9). Plaintiffs do not dispute that the claims brought against Judge Roach are solely based on actions "where [Judge Roach] acts in his adjudicatory capacity." *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003). In their Response, Plaintiffs suggest that Judge Roach's judicial decisions were influenced by information given by parties to Judge Roach's wife during a mediation, with ZERO factual allegations making that plausible. (Doc. 35). Plaintiffs do not allege any facts to demonstrate that Judge Roach was even aware that his wife mediated a matter between the underlying parties, and they admit that the mediation occurred before Judge Roach was assigned to preside over the case. (Doc. 9, ¶¶ 59-60). There is nothing but pure speculation that Judge Roach was aware of anything that occurred during the mediation.

Additionally, Plaintiffs cite *Whole Woman's Health v. Jackson* (Doc. 35, ¶ 33) but misapply the case law. That case recognizes that judges apply the law and are not adverse to the litigants appearing before them. *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021). It is undisputed that Judge Roach' alleged actions in this case, presiding over Plaintiff Tuter's case, not recusing himself, and ordering Plaintiff Tuter held in contempt of court. (Doc. 9, ¶¶ 60-62). were not issues in which Judge Roach advocated one way or the other but applied the law to the facts

of the case before him. Plaintiffs' speculation and conclusory accusations do not plausibly suggest that Judge Roach had adverse interests to them. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005). Moreover, *Whole Women's Health* makes it clear that Plaintiffs' federal lawsuit is improper, even if Judge Roach misapplied the law, as Plaintiffs suggest: "If a state court errs in its rulings, too, the traditional remedy has been some form of appeal, including to this Court, not the entry of an *ex ante* injunction…an injunction against a state court" or its 'machinery' 'would be a violation of the whole scheme of our Government.' " *Whole Woman's Health*, 142 S. Ct. at 532, citing *Ex parte Young*, 209 U.S. 123, 159–160, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

In short, the argument and cases cited by Plaintiffs on this issue are either wholly irrelevant to the legal issue briefed by Judge Roach or support Judge Roach's position. As a matter of law, there is no justiciable controversy. *Bauer, 341 F.3d at 359.*

### b. No Redressability

There is no relief available that would redress any alleged injury. *See Lujan,* 504 U.S. at 560-61. Equitable relief is not available because no injunction or declaration would cure any alleged injury. No declaration regarding Judge Roach' past assignment would cure any alleged injury. A declaration about speculative future actions is, at best, not ripe. Injunctive relief is unavailable "because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *See LaBranche v. Becnel*, 559 F Fed. Appx. 290, 291 (5th Cir.2014). Any alleged incorrect decisions can and should be addressed on appeal in state court. *See Whole Woman's Health*, 142 S. Ct. at 532. Finally, as Plaintiffs' claims all arise under 42 U.S.C. § 1983, as discussed *infra*, injunctive relief is unavailable by statute.

### 2. Other Plaintiffs

Plaintiffs do not dispute the fact that they have no standing to assert claims against Judge Roach. (Doc. 35).

B.  **Plaintiffs' Claims are barred by the Eleventh Amendment**

Plaintiffs suggest that the Eleventh Amendment does not bar their claims for injunctive relief because of the *Ex parte Young* exception. (Doc. 35, ¶¶ 51-56). Their arguments fail because despite their suggestion (Doc. 35, ¶ 53), there is no "ongoing violation." Plaintiff Tuter complains about Judge Roach presiding over a case where he has not been recused. (Doc. 9). There simply is no "ongoing violation" and ongoing LITIGATION does not meet the legal standard. Any concern about a future violation of § 74.053 is purely speculative, and prospective injunctive relief is not available to address a past injury or speculative future harm. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015).

C.  **The *Younger* Abstention Doctrine**

Plaintiffs struggle to evade the application of the *Younger* doctrine and ultimately fail to avoid it. (Doc. 35, ¶¶ 57-72). The magistrate judge has already considered Plaintiff's arguments and rejected them. (Doc. 40, pp. 9-10). First (and third), Plaintiffs suggest that the *Younger* doctrine does not apply because this case does not fall into one of the three "exceptional categories" of cases under the *Sprint* case. (Doc. 35, ¶¶ 58-66). However, Plaintiffs ignore the third category identified in the *Sprint* case, situations like this one, where "federal courts should refrain from interfering with pending 'civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 70 (2013). Entering injunctions against state court judges to interfere with their "ability to perform their judicial functions" is EXACTLY what Plaintiffs are asking of this Court. (Doc. 9, ¶ 229). Not only does this case fall squarely into the third of *Sprint*'s three categories, but even post-*Sprint*, the Fifth Circuit continues to apply *Younger* when litigants ask the federal court to interfere with state proceedings. *See Daves v. Dallas County*, 64 F.4th 616, 623–33 (5th Cir. 2023)

(requiring strict adherence to *Younger* when interference with state judicial proceedings is an issue); *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018).  This disproves another of Plaintiffs' arguments.  Doc. 35, ¶ 60).  Plaintiffs plainly ask this Court to direct the state court judges in performance of their judicial duties.

Finally, Plaintiffs suggest that state court remedies are inadequate (Doc. 35, ¶¶ 67-72), but as a matter of law, that is not true.  *See Moore v. Sims*, 442 U.S. 415, 425-26 (1979).  Plaintiffs complain that Tuter has been unsuccessful in state court, but Tuter's lack of success does not mean that state court remedies are inadequate, it means Tuter has not met the legal requirements for a recusal or disqualification.

Plaintiffs' judicially admit that Tuter was unsuccessful in state court attempts to disqualify Judge Roach from the state court litigation, and are seeking federal review of the state court decisions on that subject (Doc. 35, ¶¶ 68-69), which would necessarily interfere with the ongoing state court litigation.  Plaintiffs simply fail to distinguish this case from the requirements of *Younger* because this is an obvious example of a case the Court should abstain from entertaining.

D.      **Plaintiffs Fails to State a Claim for Which Relief May Be Granted**

Plaintiffs have failed to state a claim against Judge Roach.  At most, Plaintiffs' allegations are purely conclusory and inadequate "to raise a right to relief above the speculative level" with respect to the State of Texas.  *Twombly*, 550 U.S. at 570.

   1. **No Facts From Which the Court Could Infer Judge Roach's Liability**

Plaintiffs reiterate the factual alleges involving Judge Roach (Doc. 35, ¶¶ 67-69), but these facts do not plausibly present a claim for violation of due process.  Recusal attempts can be summarily denied without an oral hearing if they do not comply with the Rule regarding recusal.  *See* TEX. R. CIV. P. 18a(g)(3)(A).  Plaintiffs admit that they were and are fully participating in the

ongoing state court proceedings. (Doc. 9). Plaintiff Tuter can appeal adverse judicial decisions. Due process does not require Plaintiff to approve of a judicial decision or even immediate correction of a perceived judicial error. Availability of appellate review of an error provides due process. However, due process does not guarantee the outcome of Plaintiffs' choice.

Plaintiffs argue that Tuter's payment of one half of a mediation fee to Judge Roach's wife should prejudice Judge Roach is nonsensical in light of the fact that Tuter's opponent in the litigation paid the other half of the mediation fee. No reason is ever presented to explain why Judge Roach would be biased FOR one party and AGAINST the other for making the EXACT SAME payments. Moreover, as discussed above, Plaintiffs do not allege any facts to demonstrate that Judge Roach was even aware that his wife mediated a matter between the underlying parties, and they admit that the mediation occurred before Judge Roach was assigned to preside over the case. (Doc. 9, ¶¶ 59-60).

### 2. Plaintiffs' Equitable Relief is not Available

Plaintiffs still "cannot obtain [any] requested [declaratory or injunctive] relief because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *LaBranche v. Becnel*, 559 Fed.Appx. at 291. Further, Plaintiffs bring their claims under 42 U.S.C. § 1983 (Doc. 9, pp. 49-68), that statute, in pertinent part, reads:

> except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983) (emphasis added). Plaintiffs have not demonstrated that a decree was violated or alleged facts to suggest that declaratory relief was unavailable. Accordingly, this Court cannot issue an injunction to resolve matters in state court.

## III.
## CONCLUSION

This Court should dismiss Plaintiffs' claims against Judge Roach. Jurisdictional barriers prohibit Plaintiffs' suit, Judge Roach has sovereign immunity to Plaintiffs' claims, and Plaintiffs fail to state a claim on which relief may be granted.

WHEREFORE, Defendant Judge John Roach, Jr. prays that Plaintiffs take nothing by their suit.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ Scot M. Graydon
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

*ATTORNEYS FOR DEFENDANT JUDGE JOHN ROACH, JR.*

## CERTIFICATE OF SERVICE

      I certify that a copy of the above *Reply Brief in Support of Judge John Roach, Jr.'s Motion to Dismiss* was served on the **20th day of February, 2026**, upon all parties who have entered an appearance, using the CM/ECF system and upon the following individual by Certified Mail, Return Receipt Requested and via regular mail:

Samuel Randles
5001 SH114E, Apt 1313,
Roanoke, TX 76262
randles.sam@gmail.com
*Via Certified Mail No*
7020 1290 0000 7439 1845

Patrick Wayne Tuter
430 Christi Ln.
Princeton, Texas 75407
patrick762soldier@hotmail.com
*Via Certified Mail No.*
*7020 1290 0000 7439 1869*

Kaitlan Ross
915 County Road 2719
Goldthwaite, Texas 76844
Kaitlan.ross33@gmail.com
*Via Certified Mail No*
7020 1290 0000 7439 1852

Conghua Yan
2140 E Southlake Blvd, Suite L-439,
Southlake, Texas 76092
arnold200@gmail.com
*Via Certified Mail No*
7020 1290 0000 7439 1876

*Pro Se Plaintiffs*

    /s/ Scot M. Graydon
    **SCOT M. GRAYDON**
    Assistant Attorney General