IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SAMUEL RANDLES, ET AL. § | |
| § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. 4:25-CV-1422-O |
| § | |
| JIMMY BLACKLOCK, ET AL. § | |
| § | |
| Defendants. § | |

**DEFENDANT TOM WILDER'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE REED O'CONNOR:

NOW COMES Defendant, Tom Wilder, Tarrant County District Clerk, and files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and respectfully shows this Court the following[1]:

**I.
Introduction**

This case arises out of the Plaintiffs' various complaints about the assignment of visiting district judges in several State Administrative Judicial Regions in Texas.[2] Conghua Yan ("Yan") is the only Plaintiff in this action who asserts a claim against Defendant Tom Wilder ("Wilder"), the Tarrant County District Clerk. Yan asserts that this pleading presents "a common federal question: whether the Fourteenth Amendment provides a remedy when litigants suffer a shared

---

[1] Defendant Tom Wilder is aware of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, issued on February 18, 2026, which recommends dismissing Plaintiffs' claims against all Defendants, and **Wilder has no objections to the Magistrate's recommendations**. ECF No. 40, p. 1. Because Defendant Wilder's response is due on February 23, 2026, which may predate any action taken by the District Court, Wilder files this Motion to Dismiss *subject to* the United States District Judge's adoption of the Magistrate's recommendations, in whole or in part.

[2] The Plaintiffs other than Conghua Yan initially filed suit on December 17, 2025. ECF No. 1. Conghua Yan joined in this action with the First Amended Complaint. ECF No. 9.

1

structural injury from a defective pre-deprivation tribunal-constitution process." ECF No. 9, at ¶ 4. However, the essence of Yan's complaint against Wilder is that the District Clerk allegedly facilitated an impermissible challenge to Yan's right to proceed *in forma pauperis* in state court litigation, and Yan asserts he was improperly deprived of his due process right to be deemed an indigent litigant.[3] ECF No. 9, at ¶ 50.

## II.
## Brief in Support of Motion to Dismiss

As set forth more fully in Defendant Tom Wilder's Brief in Support of Motion to Dismiss, this Court should dismiss Plaintiffs' Section 1983 constitutional claims against Tom Wilder on the following grounds:

(1) Plaintiffs do not have standing to assert claims against Wilder;

(2) Plaintiffs' claims should be dismissed pursuant to the *Younger* abstention doctrine;

(3) Plaintiffs' claims should be dismissed pursuant to the *Rooker-Feldman* doctrine;

(4) Plaintiffs' claims are barred by sovereign immunity and qualified immunity;

(5) Plaintiffs have not plausibly alleged a claim against Wilder upon which relief can be granted.

*See* Fed. R. Civ. P. 12(b)(1) & 12(b)(6).

## III.
## Conclusion

This Court should dismiss Plaintiffs' claims against Defendant Tom Wilder because Plaintiffs' lack of standing deprives this Court of jurisdiction; this Federal court should abstain from hearing such claims; Defendant Wilder has immunity from the claims; and Plaintiffs have failed to state a claim upon which relief can be granted.

---

[3] Yan also asserts a claim for equal protection of the law. ECF No. 9, at ¶ 11.

WHEREFORE, PREMISES CONSIDERED, Defendant Tom Wilder prays the Court to dismiss Plaintiffs' claims, and that they take nothing by this action.

Respectfully submitted,

/s/ Katherine E. Owens
**KATHERINE E. OWENS**
State Bar No. 24081683
**CRAIG M. PRICE**
State Bar No. 16284170
Assistant Criminal District Attorneys
PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
keowens@tarrantcountytx.gov
cmprice@tarrantcountytx.gov

**ATTORNEYS FOR DEFENDANT
TOM WILDER**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was electronically served upon the following parties in accordance who have appeared with the provisions of Rule 5, Fed. R. Civ. P., on February 23, 2025.

/s/ Katherine E. Owens
KATHERINE E. OWENS