IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SAMUEL RANDLES, ET AL., § | |
| § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. 4:25-CV-1422-O |
| § | |
| JIMMY BLACKLOCK, ET AL. § | |
| § | |
| Defendants. § | |

**DEFENDANT TOM WILDER'S BRIEF
IN SUPPORT OF MOTION TO DISMISS**

TO THE HONORABLE JUDGE REED O'CONNOR:

NOW COMES Defendant, Tom Wilder, Tarrant County District Clerk, and files this Brief in Support of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and respectfully shows this Court the following:

**I.
Introduction**

Conghua Yan ("Yan") is the only Plaintiff in this action who asserts a claim against Defendant Tom Wilder ("Wilder"), the Tarrant County District Clerk. ECF No. 9, ¶ 4. The essence of Yan's complaint against Wilder is that the District Clerk allegedly facilitated an impermissible challenge to Yan's right to proceed *in forma pauperis* in state court litigation, and Yan asserts he was improperly deprived of his due process right to be deemed an indigent litigant.[1] ECF No. 9, at ¶¶ 50, 96, 98 For the reasons stated herein, this Court should dismiss Plaintiffs' Section 1983 constitutional claims against Wilder on the following grounds: (1) Plaintiffs do not have standing

---

[1] Yan also asserts a claim for equal protection of the law. ECF No. 9, at ¶ 11.

1

to assert claims against Wilder; (2) Plaintiffs' claims should be dismissed pursuant to the *Younger* abstention doctrine; (3) Plaintiffs' claims should be dismissed pursuant to the *Rooker-Feldman* doctrine; (4) Plaintiffs' claims are barred by sovereign immunity and qualified immunity; and (5) Plaintiffs have not plausibly alleged a claim against Wilder. *See* Fed. R. Civ. P.  12(b)(1) & 12(b)(6).

## II.
## Standard of Review

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Alexander v. S. Health Partners, Inc.*, No. 3:22-CV-0395-X, 2023 WL 3961704, at * 8-9 (N.D. Tex. June 12, 2023). To demonstrate entitlement to relief, the complaint must plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Otherwise, a plaintiff fails to state a claim. *Id*.; Fed. R. Civ. P. 12(b)(6). *See also* ECF No. 9, p. 6 (standard for reviewing a *pro se* plaintiff's complaint).

## III.
## Brief in Support of Motion to Dismiss

### A. Plaintiff lacks standing.

As the party asserting jurisdiction, Plaintiffs bear the burden of proof for a 12(b)(1) motion to dismiss. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *King v. U.S. Dep't of Veterans Affs.*, 728 F.3d 410, 413 (5th Cir. 2013). To establish standing under Article III of the U.S. Constitution, a plaintiff must show that: (1) he has suffered an injury in fact; (2) the injury "likely

was caused or likely will be caused" by the defendant; and (3) the injury is likely to be "redressed by the requested judicial relief." *FDA v. All. For Hippocratic Med.*, 602 U.S. 367, 380 (2024); *Texas v. Yellen*, 105 F.4th 755, 763 (5th Cir. 2024).

To satisfy the causation element in standing, "the links in the chain of causation, must not be too speculative or too attenuated." *Pearson v. Shriners Hosp. for Children, Texas*, 133 F.4th 433, 446 (5th Cir. 2025) (quoting *Hippocratic Med.*, 602 U.S. at 383). "The chain is impermissibly speculative or attenuated when 'it is not sufficiently predictable how third parties would react to government action or cause downstream injury to plaintiffs.'" *Pearson*, 133 F.4th at 446 (quoting *Hippocratic Med.*, 602 U.S. at 383). *See also Murthy v. Missouri*, 603 U.S. 43, 57-58 (2024) (Supreme Court has "been reluctant to endorse standing theories that require guesswork as to how independent decisionmakers [*i.e., a trial judge*] will exercise their judgment.") (quoting *Clapper v. Amnesty*, 568 U.S. 398, 413 (2013)).

"Ripeness is a constitutional prerequisite to the exercise of jurisdiction." *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 922 (5th Cir. 2017) (citations omitted); *Samle v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or that may not occur at all. *Texas v. United States*, 523 U.S. 296, 300 (1998); *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 581 (1985).

The Complaint fails to assert any facts that would remotely evidence an actual ripe dispute between Yan and Wilder. Rather, Yan, having failed in his appeal of the court's finding that he was not indigent in Cause No. 360-707596-21 (previously pending as Cause No. 325-707596-21 – *see* ECF No. 9, at ¶19), seeks to collaterally attack the denial of his Tex. R. Civ. P. 145 Affidavit of Inability to Afford Payment of Court Costs, and he seeks to shift responsibility for the decision

3

regarding his affidavit from the trial court to District Clerk Wilder. ECF No. 9, at ¶¶ 83-95. As a result, Yan's claim against Wilder does not allow for redressability because the trial court – not Wilder – made the ultimate decision to deny Yan his indigency status. Therefore, there is no causal effect between Wilder and Yan's purported injury, and there is no ripe dispute between Yan and Wilder that will support Yan's standing. *Hippocratic Med.*, 602 U.S. at 383.

Additionally, Yan's claim for injunctive relief against Wilder is not ripe because there is no existing controversy between them that can be enjoined. *Clapper*, 568 U.S. at 409. Yan merely alleges that injunctive relief is necessary "to prevent the *imminent* deprivation" described in paragraphs VI and VII. *See* ECF No. 9, ¶ 227 (emphasis added). Yan only *anticipates* that his continuing appeal of Cause No 360-707596-21 will give rise to *future* instances of his claim that he is indigent pursuant to Rule 145, which he *assumes* will be challenged in a similar manner by Wilder. ECF No. 9, ¶¶ 227, 229(5). Conjecture and hypothesis are wholly insufficient to prove a certainly impending injury. *Seals v. McBee*, 907 F.3d 885, 888 (5th Cir. 2018) (per curiam) (Jones, J., dissenting from denial of mot. for reh'g *en banc*, joined by five justices).

Because Yan's purported injury is not ripe, he has failed to establish that he has standing to assert any claims against Defendant Wilder, and Yan's claims against Wilder should be dismissed for lack of jurisdiction. *Lujan*, 504 U.S. at 560; Fed. R. Civ. P. 12(b)(1).

**B. Court should apply the *Younger* abstention doctrine.**

If Plaintiffs do have standing to maintain this action, this Court should apply the *Younger* doctrine and abstain from exercising jurisdiction over Plaintiffs' claims. "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original) (citations omitted). However, under the abstention doctrine explained in *Younger v. Harris*, 401

U.S. 37 (1971) and its progeny, courts recognize "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72 (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367-68 (2013)). *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving **certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions**." *Id.* at 73 (internal quotation marks omitted) (quoting *New Orleans Pub. Serv.,* 491 U.S. at 367-68) (emphasis added). *See also Wightman v. Texas Supreme Court*, 84 F.3d 188, 189-90 (5th Cir. 1996).

The order on Yan's Rule 145 affidavit of indigency in his family court case is precisely the kind of subject matter that *Younger* held compels abstention by federal courts. *See* ECF No. 40, ¶¶ 9-10. *See also Exhibits "A" and "B."* Therefore, this Court should abstain from considering Yan's claims against Wilder pursuant to the *Younger* doctrine. *Sprint*, 571 U.S. at 73.

    **C. Alternatively, the Court should abstain due to the *Rooker-Feldman* doctrine.**

Alternatively, the *Rooker-Feldman* doctrine bars this Court's exercise of jurisdiction over the dispute. *See Nino v. JPMorgan Chase, N.A*., 2011 WL 5040454, at *2 (W.D. Tex. Oct. 24, 2011). Under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction to entertain a collateral attack on a state-court order. *Id*., at *2. Because Yan's claim flows from the state court's order denying his indigent status in his divorce case, Yan's claim here is inextricably intertwined with the state court order, and this Court should decline to exercise jurisdiction pursuant to the *Rooker-Feldman* doctrine. *Nino*, 2011 WL 5040454, at *2**.**

### D. Immunity bars Yan's claims.

Wilder is entitled to both sovereign immunity and qualified immunity from the claims asserted by Yan.

### 1. Eleventh Amendment immunity bars Yan's claims for monetary damages.

As stated in the Magistrate's Findings, Conclusions and Recommendations, ECF No. 40, pp. 4-5, the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas *or its officials*, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02, 121 (1984). *See also* ECF No. 16, pp. 4-5. Wilder, as the Tarrant County District Clerk, is a state official for the purposes of the Eleventh Amendment, and he is entitled to sovereign immunity under the Eleventh Amendment. *Dunn v. Smith*, No. 5:22-CV-00178-H, 2022 WL 3335675, at *2 (N.D. Tex. July 20, 2022) (quoting *United States v. Texas*, 566 F. Supp. 3d 605, 659 (W.D. Tex. 2021)). Therefore, Plaintiffs' claims against Wilder for monetary relief, asserted pursuant to 42 U.S.C. § 1983, are barred by the Eleventh Amendment. *See Fox v. Mississippi*, 551 Fed. App'x 772, 774-75 (5th Cir. 2014); *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D. Tex. 1996). *See also* ECF No. 9, p. 14 (Wilder entitled to sovereign immunity).

Yan has not plausibly alleged any ongoing violation of his constitutional rights that might except the application of the Eleventh Amendment's sovereign immunity for Wilder. *See* ECF No. 9, ¶¶ 226-27. *See Davis v. Tarrant Cty.*, 565 F.3d 214, 228 (5th Cir. 2009); *Anderson v. Valdez*, 913 F.3d 472, 479 (5th Cir. 2019). Yan also has failed to allege that Wilder's protection from sovereign immunity has been explicitly waived by any statute. ECF No. 9, *passim*. *Cox v. Texas*, 354 Fed. App'x 901, 902-03 (5th Cir. 2009) (per curiam). Therefore, Plaintiffs' claims are barred by sovereign immunity from the Eleventh Amendment. *Dunn*, 2022 WL 3335675, at *2.

## 2. Wilder is entitled to qualified immunity from Yan's claims for monetary damages.

Plaintiffs' claims against Wilder are further barred because Wilder is entitled to qualified immunity, the protection of which Wilder asserts herein. Public officials sued in their individual capacities are presumed to enjoy qualified immunity, which is immunity from the lawsuit itself, not merely from liability, and the issue should be decided in the earliest stage of litigation. *Hunter v. Bryan,* 502 U.S. 224, 227 (1991). Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

To determine a public official's entitlement to qualified immunity, the court must determine (1) whether a plaintiff has plausibly alleged a violation of a constitutional right, and if so (2) whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 244 (2009); *Anderson v. Creighton*, 483 U.S. 635, 637-41 (1987). "A constitutional right is clearly established for the purposes of section 1983 only if the law is clear enough such that 'a reasonable official would understand that what he is doing violates that right.'" *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir. 2010). "Unless existing precedent squarely governs the conduct at issue, an official will be entitled to qualified immunity." *Cope v. Cogdill*, 3 F.4th 198, 204 (5th Cir. 2021) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (*per curiam*)) (internal quotation marks omitted).

Yan has not met this demanding standard. First, Yan fails to plausibly allege that Wilder violated Yan's constitutional rights simply by invoking the letter of Rule 145 to seek a ruling on Yan's alleged indigency.[2] Wilder's actions in providing the state court with evidence that Yan is

---

[2] Tex. R. Civ. P. 145(e)(2) states that the court, "*on its own* may require the declarant to prove the inability to afford costs *when evidence comes before the court that the declarant may be able to afford costs* . . . ." Tex. R. Civ. P. 145(e)(2) (emphasis added). Yan complains that the District Clerk, represented by attorneys from the Tarrant County District Attorney's Office, improperly presented evidence to the trial court that Yan is not indigent, and that the trial

not indigent so the court could determine, on its own, that Yan did not satisfy Rule 145 does not impinge on Yan's due process right or his right to equal protection of the law. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 221, 226-27 (5th Cir. 2012).

Second, Yan does not identify any existing precedent which would show that his rights under these particular circumstances were so clearly established that all officials in Wilder's position would know immediately that adhering to Rule 145 violated Yan's constitutional rights. *Cope,* 3 F.4th at 205 (citing *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020)). There appears to be no cases similar to Yan's purported injury. As such, Wilder is entitled to qualified immunity from Yan's constitutional claims. *Iqbal*, 566 U.S. at 678; *Cope,* 3 F.4th at 205; Fed. R. Civ. P. 12(b)(6).

### E. Plaintiffs fail to state a claim upon which relief can be granted.

To avoid a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. "[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). *See also Twombly*, 550 U.S. at 555. The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

Yan claims that his interest in having his Affidavit of Indigency accepted pursuant to Rule 145 without a sworn challenge is a property right that is protected by due process. ECF No. 9, ¶¶

---

court then conducted a hearing and required Yan to prove his inability to afford costs for his appeal. ECF No. 9, at ¶¶ 221-22.

3, 6, 7, 9. The Due Process Clause of the Fourteenth Amendment encompasses both substantive and procedural due process. *See Kovac v. Wray*, 363 F. Supp. 3d 721, 749, 756 (N.D. Tex. 2019).

Yan refers to Wilder's actions as constituting a pre-deprivation of Yan's right to *procedural* due process.[3] ECF No. 9, ¶¶ 3, 11. *See Bowlby*, 681 F.3d at 221 (elements of whether due process was sufficient); *see also Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). However, Yan does not adequately allege how he was deprived of his constitutional right to due process through the Rule 145 affidavit of indigency procedure. He only suggests that the District Clerk improperly avoided relying on sworn testimony to effectively challenge Yan's indigency status. ECF No. 9, at ¶¶ 44, 50, 67-68, 76, 150, 211-12, 216. However, nothing in Rule 145 prohibits Wilder, or any other citizen, from presenting evidence to controvert Yan's indigent status to the trial court, which then could make a decision on whether Yan had established that he could not afford to pay the court costs. Tex. R. Civ. P. 145(e)(2). Therefore, Yan has not plausibly alleged that his due process right was denied, and Yan's claims against Wilder should be dismissed for failing to state a claim upon which relief can be granted. *Iqbal*, 566 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

To the extent that Yan invokes the equal protection clause of the Fourteenth Amendment, he fails to allege how he was discriminated against based on his race compared to someone else who was similarly situated. ECF No. 9, ¶¶ 11, 81, 208, 225(15). *See Bowlby*, 681 F.3d at 226-27. Yan alleges that Court Reporter Kirk Moss was treated differently than Yan, but, unlike Yan, Moss was invoking Rule 145 to challenge Yan's indigent status, which is permissible. Tex. R. Civ. P. 145(e)(1). Yan alleges no facts to establish that he and Moss were similarly situated. *See Bowlby*, 681 F.3d at 226-27. As a result, Yan's claim against Wilder based on the equal protection clause

---

[3] The Complaint also appears to allege a *substantive* due process claim, but not sufficiently enough to state a claim. ECF No. 9, ¶ 160. *See Iqbal*, 566 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

should be dismissed for failure to state a claim upon which relief can be granted. *Bowlby*, 681 F.3rd at 227; *Iqbal*, 566 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

### F. *Pro se* plaintiffs are not entitled to attorney's fees.

Yan cannot recover attorney's fees on conditional events, and the Court should dismiss this claim. ECF No. 9, at ¶ 244. *See Kay v. Ehrler*, 499 U.S. 432, 438 (1991); Fed. R. Civ. P. 12(b)(6).

## IV.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Tom Wilder, the Tarrant County District Clerk, prays that this Court grant this motion and dismiss Plaintiffs' claims against him and that Plaintiffs take nothing by this suit,

Respectfully submitted,

*/s/ Katherine E. Owens*
**KATHERINE E. OWENS**
State Bar No. 24081683
**CRAIG M. PRICE**
State Bar No. 16284170
Assistant Criminal District Attorneys

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
keowens@tarrantcountytx.gov
cmprice@tarrantcountytx.gov

**ATTORNEYS FOR DEFENDANT TOM WILDER**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was electronically served upon the following parties in accordance with the provisions of Rule 5, Fed. R. Civ. P., on February 23, 2025.


                                                     */s/ Katherine E. Owens*
                                                     KATHERINE E. OWENS