IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **SAMUEL RANDLES,** *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Case No. 4:25-cv-01422-O-BP |
| | § | |
| **JIMMY BLACKLOCK,** *et al.,* | § | |
| *Defendant.* | § | |

**BRIEF FOR TARRANT COUNTY JUDGES' MOTION TO DISMISS**

TO THE HONORABLE REED O'CONNOR:

NOW COME Defendants Judge Cynthia Favila Terry, Judge Crawford R. "Randy" Catterton, and Judge William Wren "Bill" Harris (collectively, the "Tarrant Judges") and file this Motion to Dismiss pursuant to FED. R. CIV. P. 12(b) (1) and (6).

# I.
# INTRODUCTION

This litigation is a fusion of multiple discreet lawsuits that have been combined to collaterally attack adverse state court orders in disparate family law cases across the State of Texas. (Doc. 9). Plaintiffs Samuel Randles, Kaitlan Ross, Patrick Tuter, and Conghua Yan ("Plaintiffs") filed this lawsuit against the Judge Catterton, who is sued in his *official capacity only* and Judges Terry and Harris, who are sued in *both individual and official capacities*. (Doc. 9, ¶¶ 24, 30, and 31) Judge Terry is the "Presiding Judge of the 325th District Court of Tarrant County, Texas" and Judge Catterton sat by assignment for Judge Terry on two dates with respect to Yan's state court case. (Doc. 9, ¶ 24, 84, and 85). Judges Harris and Catterton are judges assigned to preside over proceedings involving Randles in the 322nd District Court of Tarrant County, Texas. (Doc. 9, ¶¶ 16, 52, and 53). Plaintiff's claims are based solely on the Tarrant Judges' decisions presiding over a portion of Plaintiff Randles' and Yan's state court cases. (Doc. 9, ¶¶ 48-49, 53, 84-85, 91, and

102).  Plaintiffs claim that the Tarrant Judges violated their rights under the U.S. Constitution. (Doc 9, ¶¶ 159-223).  Plaintiffs seek equitable relief from the Tarrant Judges.  (Doc 9, ¶¶ 224-31). Plaintiffs also apparently seek monetary damages from Judge Catterton.  (Doc 9, ¶¶ 232-34).

Plaintiffs' suit against the Tarrant Judges must be dismissed because:

1. Plaintiffs lack standing to bring claims against the Tarrant Judges;

2. Plaintiffs' claims are Barred by Eleventh Amendment Immunity;

3. Plaintiffs' claims are barred by the *Younger* abstention doctrine; and

4. Plaintiffs fail to state a claim upon which relief may be granted.

## II.
## STANDARD OF REVIEW

A complaint must be dismissed if the court lacks subject matter jurisdiction over the Plaintiffs' claim, FED. R. CIV. P. 12(b)(1), or if the Plaintiffs fails to state a claim upon which relief may be granted, FED. R. CIV. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as under rule 12(b)(6). *See Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998).  To avoid dismissal, a Plaintiffs must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the Plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). "[C]onclusory allegations or legal conclusions masquerading

as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## III.
## ARGUMENT AND AUTHORITIES

**A.     Plaintiffs lack Standing to Bring This Lawsuit**

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Standing requires Plaintiffs to demonstrate they have suffered an "injury in fact," that is "fairly traceable" to the defendant's conduct, and that will "likely … be redressed by a favorable decision." *Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).*

   **1.  No Justiciable Controversy**

As an initial matter, Plaintiffs do not present a justiciable controversy with respect to the Tarrant Judges. "The case or controversy requirement of Article III of the Constitution requires a Plaintiffs to show that he and the defendants have adverse legal interests. The requirement of a justiciable controversy is not satisfied where a judge acts in [her] adjudicatory capacity." *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003). Plaintiffs' claims against the Tarrant Judges are solely based on their respective actions in state court proceedings in their adjudicatory capacities. (Doc. 9). Judge Harris was assigned to preside over Randles' and Yan's state cases for a time. (Doc. 9, ¶¶ 53 and 105). Judge Catterton was assigned to preside over Randles' and Yan's state cases for a time and entered orders in those cases. (Doc. 9, ¶¶ 48-49, 83, and 91). Judge Terry is alleged to have allowed Judge Catterton to preside over two of Plaintiff Yan's court dates. (Doc. 9, ¶¶ 84-85). What is clear is that any alleged acts were taken in the Tarrant Judges' adjudicatory capacity. The magistrate judge has already recognized this and recommended dismissal on this basis. (Doc. 40, pp. 7-9). As a matter of law, there is no justiciable controversy. *Bauer, 341 F.3d at 359.*

### 2. No Redressability

Further, redressability of alleged injuries is not available against the Tarrant Judges. Equitable relief is not available because no injunction or declaration would cure any alleged injury. Judge Terry has recused from Yan's case (Doc. 9, ¶ 102) and is not in position to provide any equitable relief. Moreover, injunctive relief is inappropriate "because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *See LaBranche v. Becnel*, 559 F Fed. Appx. 290, 291 (5th Cir.2014). "If a state court errs in its rulings, too, the traditional remedy has been some form of appeal, including to this Court, not the entry of an *ex ante* injunction…an injunction against a state court" or its 'machinery' 'would be a violation of the whole scheme of our Government.'" *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021), citing *Ex parte Young*, 209 U.S. 123, 159–160 (1908). Finally, as Plaintiffs' claims arise under 42 U.S.C. § 1983, as discussed *infra*, injunctive relief is unavailable by statute.

Accordingly, Plaintiffs lack standing to bring claims against the Tarrant Judges.

**B.     Plaintiffs' Claims are barred by the Eleventh Amendment**

The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or its officials, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121 (1984). The magistrate judge recognized this and recommended dismissal on this basis. (Doc. 40, pp. 11-12).

### 1. Entitlement to Sovereign Immunity

The 322nd and 325th District Courts of Tarrant County, Texas are arms of the state judiciary created by statute. *See* GOV'T CODE § 24.629 and § 24.633. As the Presiding Judges of those District Courts at the relevant times, the Tarrant Judges are state officials. As such, the Tarrant Judges are entitled to Texas' sovereign immunity under the Eleventh Amendment.

### 2. Plaintiffs' Claims under 42 U.S.C. § 1983 are Barred By Sovereign Immunity

Plaintiffs' federal constitutional claims are barred by the Eleventh Amendment. *See, e.g., Fox v. Mississippi*, 551 Fed. Appx. 772, 774–75 (5th Cir.2014) (per curiam) (holding, inter alia, that Eleventh Amendment barred claims under §§ 1983 and 1985 against state, district that was agency of state, and individuals sued in their official capacities). "Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981, 1983, and 1985." *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F.Supp. 1022, 1030 (S.D.Tex.1996). Plaintiffs' retrospective equitable relief is similarly barred by sovereign immunity. *See Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 288 (5th Cir.2015).

### 3. No Applicable Exception to Sovereign Immunity

No exception to Texas' sovereign immunity is presented, because Plaintiffs have not alleged that the Tarrant Judges are involved in any ongoing constitutional violation of their rights. *See Anderson v. Valdez*, 913 F.3d 472, 479 (5th Cir. 2019). Any concern about the future is purely speculative, and prospective injunctive relief is not available to address a past injury or speculative future harm. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). Indeed, it is only the Tarrant Judges' past actions entering orders in the state court of which Plaintiffs complain. (Doc. 9). Although Plaintiffs make a vague reference to *ultra vires* conduct by Judge Terry (Doc. 9, ¶ 173), they do not present any authority to suggest that her conduct was either in excess of her authority or failure to perform a purely ministerial act. This is inadequate to present an exception to immunity under the Eleventh Amendment because "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## C. The *Younger* Abstention Doctrine

Additionally, Plaintiffs' claims are barred by the *Younger* doctrine, which requires that a federal court abstain from enjoining a pending state court proceeding. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The Fifth Circuit has held that *Younger* requires federal courts to abstain where: (1) the dispute involves an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir. 1996). *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016).

The magistrate judge recognized this and recommended dismissal on this basis. (Doc. 40, pp. 11-12). Plaintiffs admit that their state court proceedings are ongoing. (Doc. 9, ¶¶ 16-19, describing their state court actions as "pending"). If any of the state court judgments might be appealable, "the *Younger* doctrine requires that federal courts abstain when a state proceeding is pending and the state appellate procedure has not been exhausted." *DeSpain v. Johnston*, 731 F.2d 1171, 1177–78 (5th Cir. 1984). For the second prong, it is unquestioned that Plaintiff's allegations against the members of the judiciary, involving allegedly unlawful acts committed by them, implicate important state interests as a matter of law. *See, e.g., Burgess v. Cox*, No. 4:14-CV-466-ALM-CAN, 2015 WL 5578310, at *7 (E.D. Tex. July 30, 2015), *report and recommendation adopted*, No. 4:14-CV-466, 2015 WL 5579866 (E.D. Tex. Sept. 21, 2015) ("Plaintiff's allegations implicate important state interests, such as unlawful acts allegedly committed by its law enforcement officers, city officials, and judges"). Similarly, it is unquestioned that "family and child custody are important state interests as a matter of law." *Moore v. Sims*, 442 U.S. 415, 434 (1979) (recognizing that family and child custody matters satisfy the second prong of the *Younger*

doctrine). Indeed, "[f]amily relations are a traditional area of state concern." *Id*. at 435; s*ee also Estate of Merkel v. Pollard*, 354 Fed. Appx. 88, 94 (5th Cir. 2009). Finally, as a matter of law, "Texas law is apparently as accommodating as the federal forum .... [A]bstention is appropriate unless state law *clearly bars the interposition of the constitutional claims*." *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) (emphasis added). This case meets each element of the *Younger* analysis, and as a result, unless Plaintiffs can demonstrate specific facts to fall within an exception, this Court is required to abstain from entertaining the lawsuit. Because Plaintiffs fail to do so, as a matter of law, the Tarrant Judges are entitled to dismissal of Plaintiffs' lawsuit in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1).

**D.    Plaintiffs Fails to State a Claim for Which Relief May Be Granted**

Plaintiffs have failed to state a claim against the Tarrant Judges. At most, Plaintiffs' allegations are purely conclusory and inadequate "to raise a right to relief above the speculative level" with respect to the State of Texas. *Twombly*, 550 U.S. at 570.

### 1. No Facts From Which the Court Could Infer the Tarrant Judges' Liability

Plaintiffs allege no specific facts from which this Court could infer liability on the part of the Tarrant Judges under any legal theory. A judge presiding over court proceedings is not a Constitutional violation, but the inherent power and duties of courts. *See* GOV'T CODE § 21.001. To the extent that Plaintiffs complain of deprivation of legal process, Plaintiffs admit that they were and are fully participating in the ongoing state court proceedings. (Doc. 9). Dissatisfaction with state court rulings is not the basis for federal court action.

### 2. Imunities from Suit

Additionally, the Tarrant Judges have both judicial and qualified immunity from Plaintiffs' claims. The magistrate judge recognized this and recommended dismissal on this basis. (Doc. 40,

pp. 12-17). "The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Hicks v. Bexar Cty.*, Tex., 973 F.Supp. 653, 667-72 (W.D. Tex. 1997), citing *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir.1990). Judges are immune from suit for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11–12, (1991).

Additionally, the Tarrant Judges may raise the defense of Qualified Immunity in a 12(b)(6) motion, and when they do so, they are "entitled to dismissal before the commencement of discovery," unless the plaintiff sufficiently alleges a violation of established law. *See Morgan v. Swanson*, 610 F.3d 877, 882 (5th Cir. 2010) (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity shields government officials performing discretionary functions "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The Tarrant Judges plead entitlement to qualified immunity and assert that they acted in good faith at all times relevant to this lawsuit.

"Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to show that the defense is not available." *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)).

Plaintiffs cannot abrogate either judicial or qualified immunity. Because of this, the Tarrant Judges are entitled to dismissal of the claims against them. *See* FED. R. CIV. P. 12(b)(6).

### 3. Plaintiffs' Equitable Relief is not Available

Plaintiffs "cannot obtain [any] requested [declaratory or injunctive] relief because federal courts have no authority to direct state courts or their judicial officers in the performance of their

duties." *LaBranche v. Becnel*, 559 Fed.Appx. at 291.  Further, Plaintiffs bring their claims under 42 U.S.C. § 1983 (Doc. 9, pp. 49-68), that statute, in pertinent part, reads:

> except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, <u>injunctive relief shall not he granted unless a declaratory decree was violated or declaratory relief was unavailable</u>.

42 U.S.C. § 1983) (emphasis added).  Plaintiffs have not demonstrated that a decree was violated or alleged facts to suggest that declaratory relief was unavailable.  Accordingly, this Court cannot issue an injunction to resolve matters in state court.

## IV. CONCLUSION

This Court should dismiss Plaintiffs' claims against the Tarrant Judges as the magistrate judge recognized.  (Doc. 40).  Jurisdictional barriers prohibit Plaintiffs' suit, the Tarrant Judges have sovereign, judicial, and qualified immunity to Plaintiffs' claims, and Plaintiffs fail to state a claim on which relief may be granted.

WHEREFORE, Defendants Judge Cynthia Favila Terry, Judge Crawford R. "Randy" Catterton, and Judge William Wren "Bill" Harris pray that Plaintiffs takes nothing by their suit.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ Scot M. Graydon
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

*ATTORNEYS FOR DEFENDANT JUDGE CYNTHIA FAVILA TERRY, JUDGE CRAWFORD R. "RANDY" CATTERTON, AND JUDGE WILLIAM WREN "BILL" HARRIS*

## CERTIFICATE OF SERVICE

I certify that a copy of the above *Brief in Support of Tarrant County Judges' Motion to Dismiss* was served on the **23rd day of February, 2026**, upon all parties who have entered an appearance, using the CM/ECF system and upon the following individual by Certified Mail, Return Receipt Requested and via regular mail:

Samuel Randles
5001 SH114E, Apt 1313,
Roanoke, TX 76262
randles.sam@gmail.com
***Via Certified Mail No***
*9589 0710 5270 0480 2418 39*

Patrick Wayne Tuter
430 Christi Ln.
Princeton, Texas 75407
patrick762soldier@hotmail.com
***Via Certified Mail No.***
*9589 0710 520 0480 2598 65*

Kaitlan Ross
915 County Road 2719
Goldthwaite, Texas 76844
Kaitlan.ross33@gmail.com
***Via Certified Mail No***
*9589 0710 5270 0480 2418 46*

Conghua Yan
2140 E Southlake Blvd, Suite L-439,
Southlake, Texas 76092
arnold200@gmail.com
***Via Certified Mail No***
*9589 0710 5270 0480 2598 72*

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General