IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SAMUEL RANDLES, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-1422-O |
| | § | |
| JIMMY BLACKLOCK, ET AL. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT KIRK MOSS'S BRIEF IN SUPPORT
OF MOTION TO DISMISS**

TO THE HONORABLE JUDGE REED O'CONNOR:

NOW COMES Defendant, Kirk Moss and files this Brief in Support of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and respectfully shows this Court the following:

## I.
## Introduction

This case arises out of the Plaintiffs' various complaints about the assignment of visiting district judges in several State Administrative Judicial Regions in Texas.[1] Conghua Yan ("Yan") is the only Plaintiff in this action who asserts a claim against Defendant Kirk Moss ("Moss"), the Official Court Reporter for the 325th District Court. Plaintiff Yan asserts that this pleading presents "a common federal question: whether the Fourteenth Amendment provides a remedy when litigants suffer a shared structural injury from a defective pre-deprivation tribunal-constitution process." ECF No. 9, ¶ 4. The essence of Yan's complaint against Moss is that the Court Reporter

---

[1] The Plaintiffs other than Conghua Yan initially filed suit on December 17, 2025. ECF No. 1. Conghua Yan joined in this action with the First Amended Complaint. ECF No. 9.

allegedly participated in an impermissible challenge to Yan's right to proceed *in forma pauperis* in state court litigation, and Yan asserts he was improperly deprived of his due process right to be deemed an indigent litigant.[2]   ECF No. 9, ¶¶ 3, 6, 9, 11, 42, 44, 96, 98. For the reasons stated herein, this Court should dismiss Plaintiffs' Section 1983 constitutional claims against Kirk Moss on the following grounds: (1) Plaintiffs do not have standing to assert claims against Moss; (2) Plaintiffs' claims should be dismissed pursuant to the *Younger* abstention doctrine; (3) Plaintiffs' claims should be dismissed pursuant to the *Rooker-Feldman* doctrine; (4) Plaintiffs' claims are barred by qualified immunity; and (5) Plaintiffs have not plausibly alleged a claim against Moss. *See* Fed. R. Civ. P.  12(b)(1) & 12(b)(6).

## II.
## Standard of Review

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Alexander v. S. Health Partners, Inc.*, No. 3:22-CV-0395-X, 2023 WL 3961704, at * 8-9 (N.D. Tex. June 12, 2023). To demonstrate entitlement to relief, the complaint must plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Otherwise, a plaintiff fails to state a claim. *Id.*; Fed. R. Civ. P. 12(b)(6). *See also* ECF No. 9, p. 6 (standard for reviewing a *pro se* plaintiff's complaint).

---

[2] Yan also asserts a claim for equal protection of the law. ECF No. 9, at ¶ 11.

**III.**
**Brief in Support of Motion to Dismiss.**

**A.  Plaintiffs lack standing.**

As the party asserting jurisdiction, Plaintiffs bear the burden of proof for a 12(b)(1) motion to dismiss. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *King v. U.S. Dep't of Veterans Affs.*, 728 F.3d 410, 413 (5th Cir. 2013). To establish standing under Article III of the U.S. Constitution, a plaintiff must show that: (1) he has suffered an injury in fact; (2) the injury "likely was caused or likely will be caused" by the defendant; and (3) the injury is likely to be "redressed by the requested judicial relief." *FDA v. All. For Hippocratic Med.*, 602 U.S. 367, 380 (2024); *Texas v. Yellen*, 105 F.4th 755, 763 (5th Cir. 2024).

To satisfy the causation element in standing, "the links in the chain of causation, must not be too speculative or too attenuated." *Pearson v. Shriners Hosp. for Children, Texas*, 133 F.4th 433, 446 (5th Cir. 2025) (quoting *Hippocratic Med.*, 602 U.S. at 383). "The chain is impermissibly speculative or attenuated when 'it is not sufficiently predictable how third parties would react to government action or cause downstream injury to plaintiffs.'" *Pearson*, 133 F.4th at 446 (quoting *Hippocratic Med.*, 602 U.S. at 383). *See also Murthy v. Missouri*, 603 U.S. 43, 57-58 (2024) (Supreme Court has "been reluctant to endorse standing theories that require guesswork as to how independent decisionmakers [*i.e., a trial judge*] will exercise their judgment.") (quoting *Clapper v. Amnesty*, 568 U.S. 398, 413 (2013)).

"Ripeness is a constitutional prerequisite to the exercise of jurisdiction." *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 922 (5th Cir. 2017) (citations omitted); *Samle v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or that may not occur at all. *Texas v.*

*United States*, 523 U.S. 296, 300 (1998); *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 581 (1985).

The Complaint fails to assert any facts that would remotely evidence an actual ripe dispute between Yan and Moss. Rather, Yan, having failed in his appeal of the court's finding that he was not indigent in Cause No. 360-707596-21 (previously pending as Cause No. 325-707596-21 – *see* ECF No. 9, at ¶19), seeks to collaterally attack the denial of his Tex. R. Civ. P. 145 Affidavit of Inability to Afford Payment of Court Costs, and he seeks to shift responsibility for the decision regarding his affidavit from the trial court to Moss. As a result, Yan's claim against Moss does not allow for redressability because the trial court – not Moss – made the ultimate decision to deny Yan his indigency status. Therefore, there is no causal effect between Moss and Yan's purported injury, and there is no ripe dispute between Yan and Moss that will support Yan's standing. *Hippocratic Med.*, 602 U.S. at 383.

Additionally, Yan's claim for injunctive relief against Moss is not ripe because there is no existing controversy between them that can be enjoined. *Clapper*, 568 U.S. at 409. Yan merely alleges that injunctive relief is necessary "to prevent the *imminent* deprivation" described in paragraphs VI and VII. *See* ECF No. 9, ¶ 227 (emphasis added). Yan only *anticipates* that his continuing appeal of Cause No 360-707596-21 will give rise to *future* instances of his claim that he is indigent pursuant to Rule 145, which he *assumes* will be challenged in a similar manner. ECF No. 9, ¶¶ 227, 229(5). Conjecture and hypothesis are wholly insufficient to prove a certainly impending injury. *Seals v. McBee*, 907 F.3d 885, 888 (5th Cir. 2018) (per curiam) (Jones, J., dissenting from denial of mot. for reh'g *en banc*, joined by five justices).

Because Yan's purported injury is not ripe, he has failed to establish that he has standing to assert any claims against Defendant Moss, and Yan's claims against Moss should be dismissed for lack of jurisdiction. *Lujan*, 504 U.S. at 560; Fed. R. Civ. P. 12(b)(1).

**B.  Court should apply the *Younger* abstention doctrine.**

If Plaintiffs do have standing to maintain this action, this Court should apply the *Younger* doctrine and abstain from exercising jurisdiction over Plaintiffs' claims. "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original) (citations omitted). However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, courts recognize "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72 (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367-68 (2013)). *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving **certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions**." *Id.* at 73 (internal quotation marks omitted) (quoting *New Orleans Pub. Serv.,* 491 U.S. at 367-68) (emphasis added). *See also Wightman v. Texas Supreme Court*, 84 F.3ᵈ 188, 189-90 (5th Cir. 1996).

The order on Yan's Rule 145 affidavit of indigency in his family court case is precisely the kind of subject matter that *Younger* held compels abstention by federal courts. *See* ECF No. 40, ¶¶ 9-10. Therefore, this Court should abstain from considering Yan's claims against Moss pursuant to the *Younger* doctrine.  *Sprint*, 571 U.S. at 73.

**C. Alternatively, the Court should abstain due to the *Rooker-Feldman* doctrine.**

Alternatively, the *Rooker-Feldman* doctrine bars this Court's exercise of jurisdiction over the dispute. *See Nino v. JPMorgan Chase, N.A*., 2011 WL 5040454, at *2 (W.D. Tex. Oct. 24, 2011). Under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction to entertain a collateral attack on a state-court order. *Id*., at *2. Because Yan's claim flows from the state court's order denying his indigent status in his divorce case, Yan's claim here is inextricably intertwined with the state court order, and this Court should decline to exercise jurisdiction pursuant to the *Rooker-Feldman* doctrine. *Nino*, 2011 WL 5040454, at *2**.

**D. Immunity bars Yan's claims.**

Moss is entitled to qualified immunity from the claims asserted by Yan.

Plaintiffs' claims against Moss are barred because Moss is entitled to qualified immunity, the protection of which Moss asserts herein. Public officials sued in their individual capacities are presumed to enjoy qualified immunity, which is immunity from the lawsuit itself, not merely from liability, and the issue should be decided in the earliest stage of litigation. *Hunter v. Bryan,* 502 U.S. 224, 227 (1991). Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

To determine a public official's entitlement to qualified immunity, the court must determine (1) whether a plaintiff has plausibly alleged a violation of a constitutional right, and if so (2) whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 244 (2009); *Anderson v. Creighton*, 483 U.S. 635, 637-41 (1987). "A constitutional right is clearly established for the purposes of section 1983 only if the law is clear enough such that 'a reasonable official would understand that what he is doing

violates that right.'" *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir. 2010). "Unless existing precedent squarely governs the conduct at issue, an official will be entitled to qualified immunity." *Cope v. Cogdill*, 3 F.4th 198, 204 (5th Cir. 2021) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (*per curiam*)) (internal quotation marks omitted).

Yan has not met this demanding standard. First, Yan fails to plausibly allege that Moss violated Yan's constitutional rights simply by invoking the letter of Rule 145 to challenge Yan's alleged indigency.[3] Moss's actions in asserting that Yan is not indigent so the court could determine that Yan did not satisfy Rule 145 does not impinge on Yan's due process right or his right to equal protection of the law. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 221, 226-27 (5th Cir. 2012).

Second, Yan does not identify any existing precedent which would show that his rights under these particular circumstances were so clearly established that all officials in Moss's position would know immediately that adhering to Rule 145 violated Yan's constitutional rights. *Cope,* 3 F.4th at 205 (citing *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020)). There appears to be no cases similar to Yan's purported injury. To the contrary, a court reporter is entitled to claim qualified immunity. *See Diggles v. Surratt*, No. 4:23-CV-78, 2023 WL 6963666, at *7 (S.D. Tex. Oct. 20, 2023). *See also* ECF No. 40, p. 15. As such, Moss is entitled to qualified immunity from Yan's constitutional claims. *Iqbal*, 566 U.S. at 678; *Cope,* 3 F.4th at 205; Fed. R. Civ. P. 12(b)(6).

### E.  Plaintiffs fail to state a claim upon which relief can be granted.

Plaintiffs' claims against Moss should be dismissed because they fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

---

[3] Tex. R. Civ. P. 145(e)(1) allows a court reporter to challenge a declarant's affidavit if inability to afford court costs.

To avoid a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. "[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). *See also Twombly*, 550 U.S. at 555. The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

Yan claims that his interest in having his Affidavit of Indigency accepted pursuant to Rule 145 is a property right that is protected by due process. ECF No. 9, ¶¶ 3, 6, 7, 9. The Due Process Clause of the Fourteenth Amendment encompasses both substantive and procedural due process. *See Kovac v. Wray*, 363 F. Supp. 3d 721, 749, 756 (N.D. Tex. 2019).

Yan refers to Moss's actions as constituting a pre-deprivation of Yan's right to *procedural* due process.[4] ECF No. 9, ¶¶ 3, 6, 9, 11, 42, 44, 96, 98. *See Bowlby*, 681 F.3d at 221 (elements for whether due process was sufficient); *see also Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). However, Yan does not adequately allege how he was deprived of his constitutional right to due process through the Rule 145 affidavit of indigency procedure. He only suggests that Moss improperly invoked the procedures of Rule 145 to deny him his status as being indigent. ECF No. 9, at ¶¶ 44, 50, 67-68, 69(1), 70(1), 70(3), 75(1), 79, 81(1), 81(2), 150, 204(2), 205, 210-12, 215-17, 219, 223, 242. However, nothing in Rule 145 prohibits Moss from challenging Yan's indigent status to the trial court, which then could determine whether Yan had established that he could not afford to pay the court costs. Tex. R. Civ. P. 145(e)(1). Therefore, Yan has not plausibly alleged

---

[4] The Complaint also appears to allege a *substantive* due process claim, but not sufficiently enough to state a claim. ECF No. 9, ¶ 160. *See Iqbal*, 566 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

that his due process right was denied, and Yan's claims against Moss should be dismissed for failing to state a claim upon which relief can be granted. *Iqbal*, 566 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

To the extent that Yan invokes the equal protection clause of the Fourteenth Amendment, he fails to allege how he was discriminated against based on his race compared to someone else who was similarly situated. ECF No. 9, ¶¶ 11, 81, 208, 225(15). *See Bowlby*, 681 F.3d at 226-27. Yan alleges that Court Reporter Kirk Moss was treated differently than Yan, but, unlike Yan, Moss was invoking Rule 145 to challenge Yan's indigent status, which is permissible. Tex. R. Civ. P. 145(e)(1). Yan alleges no facts to establish that he and Moss were similarly situated. *See Bowlby*, 681 F.3d at 226-27. As a result, Yan's claim against Moss based on the equal protection clause should be dismissed for failure to state a claim upon which relief can be granted. *Bowlby*, 681 F.3[rd] at 227; *Iqbal*, 566 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

**F.  *Pro se* plaintiffs are not entitled to attorney's fees.**

Yan cannot recover attorney's fees based on contingent events, and the Court should dismiss this claim. ECF No. 9, at ¶ 244. *See Kay v. Ehrler*, 499 U.S. 432, 438 (1991); Fed. R. Civ. P. 12(b)(6).

## IV. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Kirk Moss prays this Court to grant this motion and dismiss Plaintiffs' claims against him and that Plaintiffs take nothing by this suit.

Respectfully submitted,

*/s/ Katherine E. Owens*
**KATHERINE E. OWENS**
State Bar No. 24081683

**CRAIG M. PRICE**
State Bar No. 16284170
Assistant Criminal District Attorneys

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
keowens@tarrantcountytx.go
cmprice@tarrantcountytx.gov

**ATTORNEYS FOR DEFENDANT
KIRK MOSS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the above and foregoing document was electronically served upon the following parties in accordance with the provisions of Rule 5, Fed. R. Civ. P., on February 23, 2025.

*/s/ Katherine E. Owens*
KATHERINE E. OWENS