IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Samuel Randles, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-1422-O |
| | § | |
| JIMMY BLACKLOCK, ET AL. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT LISA GRIMALDI'S BRIEF
IN SUPPORT OF MOTION TO DISMISS**

TO THE HONORABLE JUDGE REED O'CONNOR:

NOW COMES Defendant Lisa Grimaldi and files this Brief in Support of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and respectfully shows this Court the following:

**I.**

**Introduction**

This case arises from the Plaintiffs' various complaints about the assignment of visiting district judges in several State Administrative Judicial Regions in Texas.[1] Conghua Yan ("Yan") is the only Plaintiff in this action who asserts a claim against Defendant Lisa Grimaldi ("Grimaldi"), the Official Court Coordinator of the 325th District Court in Tarrant County. Plaintiff Yan asserts that this pleading presents "a common federal question: whether the Fourteenth Amendment provides a remedy when litigants suffer a shared structural injury from a defective

---

[1] The Plaintiffs other than Conghua Yan initially filed suit on December 17, 2025. ECF No. 1. Conghua Yan joined in this action with the First Amended Complaint. ECF No. 9.

1

pre-deprivation tribunal-constitution process." ECF No. 9, ¶ 4. The essence of Yan's complaint against Grimaldi is that the Court Coordinator allegedly participated in a challenge to Yan's right to proceed *in forma pauperis* in state court litigation, and Yan asserts he was improperly deprived of his due process right to be deemed an indigent litigant. ECF No. 9, at ¶ 50. For the reasons stated herein, this Court should dismiss Plaintiffs' Section 1983 constitutional claims against Lisa Grimaldi on the following grounds: (1) Plaintiffs do not have standing to assert claims against Grimaldi; (2) Plaintiffs' claims should be dismissed pursuant to the *Younger* abstention doctrine; (3) Plaintiffs' claims should be dismissed pursuant to the *Rooker-Feldman* doctrine; (4) Plaintiffs' claims are barred by quasi-judicial immunity and qualified immunity; and (5) Plaintiffs have not plausibly alleged a claim against Grimaldi. *See* Fed. R. Civ. P. 12(b)(1) & 12(b)(6).

## II.

### Standard of Review

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Alexander v. S. Health Partners, Inc.*, No. 3:22-CV-0395-X, 2023 WL 3961704, at * 8-9 (N.D. Tex. June 12, 2023). To demonstrate entitlement to relief, the complaint must plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Otherwise, a plaintiff fails to state a claim. *Id.*; Fed. R. Civ. P. 12(b)(6). *See also* ECF No. 9, p. 6 (standard for reviewing a *pro se* plaintiff's complaint).

### III.

### Brief in Support of Motion to Dismiss

**A. Plaintiffs lack standing.**

As the party asserting jurisdiction, Plaintiffs bear the burden of proof for a 12(b)(1) motion to dismiss. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *King v. U.S. Dep't of Veterans Affs.*, 728 F.3d 410, 413 (5th Cir. 2013). To establish standing under Article III of the U.S. Constitution, a plaintiff must show that: (1) he has suffered an injury in fact; (2) the injury "likely was caused or likely will be caused" by the defendant; and (3) the injury is likely to be "redressed by the requested judicial relief." *FDA v. All. For Hippocratic Med.*, 602 U.S. 367, 380 (2024); *Texas v. Yellen*, 105 F.4th 755, 763 (5th Cir. 2024).

To satisfy the causation element in standing, "the links in the chain of causation, must not be too speculative or too attenuated." *Pearson v. Shriners Hosp. for Children, Texas*, 133 F.4th 433, 446 (5th Cir. 2025) (quoting *Hippocratic Med.*, 602 U.S. at 383). "The chain is impermissibly speculative or attenuated when 'it is not sufficiently predictable how third parties would react to government action or cause downstream injury to plaintiffs.'" *Pearson*, 133 F.4th at 446 (quoting *Hippocratic Med.*, 602 U.S. at 383). *See also Murthy v. Missouri*, 603 U.S. 43, 57-58 (2024) (Supreme Court has "been reluctant to endorse standing theories that require guesswork as to how independent decisionmakers [*i.e., a trial judge*] will exercise their judgment.") (quoting *Clapper v. Amnesty*, 568 U.S. 398, 413 (2013)).

"Ripeness is a constitutional prerequisite to the exercise of jurisdiction." *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 922 (5th Cir. 2017) (citations omitted); *Samle v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or that may not occur at all. *Texas v.*

*United States*, 523 U.S. 296, 300 (1998); *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 581 (1985).

The Complaint fails to assert any facts that would remotely evidence an actual ripe dispute between Yan and Grimaldi. Rather, Yan, having failed in his appeal of the court's finding that he was not indigent in Cause No. 360-707596-21 (previously pending as Cause No. 325-707596-21 – *see* ECF No. 9, at ¶19), seeks to collaterally attack the denial of his Tex. R. Civ. P. 145 Affidavit of Inability to Afford Payment of Court Costs, and he seeks to shift responsibility for the decision regarding his affidavit from the trial court to Grimaldi. As a result, Yan's claim against Grimaldi does not allow for redressability because the trial court – not Grimaldi – made the ultimate decision to deny Yan his indigency status. Therefore, there is no causal effect between Grimaldi and Yan's purported injury, and there is no ripe dispute between Yan and Grimaldi that will support Yan's standing. *Hippocratic Med.*, 602 U.S. at 383.

Additionally, Yan's claim for injunctive relief against Grimaldi is not ripe because there is no existing controversy between them that can be enjoined. *Clapper*, 568 U.S. at 409. Yan merely alleges that injunctive relief is necessary "to prevent the *imminent* deprivation" described in paragraphs VI and VII. *See* ECF No. 9, ¶ 227 (emphasis added). Yan only *anticipates* that his continuing appeal of Cause No 360-707596-21 will give rise to *future* instances of his claim that he is indigent pursuant to Rule 145, which he *assumes* will be challenged in a similar manner. ECF No. 9, ¶¶ 227, 229(1), (5) & (7). Conjecture and hypothesis are wholly insufficient to prove a certainly impending injury. *Seals v. McBee*, 907 F.3d 885, 888 (5th Cir. 2018) (per curiam) (Jones, J., dissenting from denial of mot. for reh'g *en banc*, joined by five justices).

4

Because Yan's purported injury is not ripe, he has failed to establish that he has standing to assert any claims against Defendant Grimaldi, and Yan's claims against Grimaldi should be dismissed for lack of jurisdiction. *Lujan*, 504 U.S. at 560; Fed. R. Civ. P. 12(b)(1).

### B. Court should apply the *Younger* abstention doctrine.

If Plaintiffs do have standing to maintain this action, this Court should apply the *Younger* doctrine and abstain from exercising jurisdiction over Plaintiffs' claims. "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original) (citations omitted). However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, courts recognize "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72 (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367-68 (2013)). *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving **certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions**." *Id.* at 73 (internal quotation marks omitted) (quoting *New Orleans Pub. Serv.,* 491 U.S. at 367-68) (emphasis added). *See also Wightman v. Texas Supreme Court*, 84 F.3d 188, 189-90 (5th Cir. 1996).

The order on Yan's Rule 145 affidavit of indigency in his family court case is precisely the kind of subject matter that *Younger* held compels abstention by federal courts. *See* ECF No. 40, ¶¶ 9-10. Therefore, this Court should abstain from considering Yan's claims against Grimaldi pursuant to the *Younger* doctrine. *Sprint*, 571 U.S. at 73.

### C. Alternatively, the Court should abstain due to the *Rooker-Feldman* doctrine.

Alternatively, the *Rooker-Feldman* doctrine bars this Court's exercise of jurisdiction over the dispute. *See Nino v. JPMorgan Chase, N.A.*, 2011 WL 5040454, at *2 (W.D. Tex. Oct. 24, 2011). Under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction to entertain a collateral attack on a state-court order. *Id.*, at *2. Because Yan's claim flows from the state court's order denying his indigent status in his divorce case, Yan's claim here is inextricably intertwined with the state court order, and this Court should decline to exercise jurisdiction pursuant to the *Rooker-Feldman* doctrine. *Nino*, 2011 WL 5040454, at *2.

### D. Immunity bars Yan's claims.

Grimaldi is entitled to both quasi-judicial immunity and qualified immunity from the claims asserted by Yan.

#### 1. Quasi-judicial immunity bars Yan's claims for monetary damages.

As stated in the Magistrate's Findings, Conclusions and Recommendations, court coordinators like Grimaldi sued in their "individual capacity are barred by quasi-judicial immunity and qualified immunity." ECF No. 40, p. 14 (quoting *Diggles v. Surratt*, No. 4:23-CV-78, 2023 WL 6963666, at *7 (S.D. Tex. Oct. 20, 2023)); *Severin v. Parish of Jefferson*, 357 Fed. App'x 601, 605 (5th Cir. 2009) (court employee who acts under the explicit instructions of a judge falls within the judge's judicial immunity). Yan does not allege that Grimaldi did not act according to her judge's explicit instructions. ECF No. 9, *passim*. *See Diggles,* 2023 WL 6963666, at *7 (coordinator entitled to quasi-judicial immunity for any actions that were explicitly required by judge). Therefore, Plaintiffs' claims against Grimaldi for monetary relief, asserted pursuant to 42 U.S.C. § 1983, are barred by quasi-judicial immunity. *See Diggles,* 2023 WL 6963666, at *7. *See also* ECF No. 40, p. 14.

### 2. Grimaldi is entitled to qualified immunity from Yan's claims for monetary damages.

Plaintiffs' claims against Grimaldi are further barred because Grimaldi is entitled to qualified immunity, the protection of which Grimaldi asserts herein. Public officials sued in their individual capacities are presumed to enjoy qualified immunity, which is immunity from the lawsuit itself, not merely from liability, and the issue should be decided in the earliest stage of litigation. *Hunter v. Bryan,* 502 U.S. 224, 227 (1991). Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

To determine a public official's entitlement to qualified immunity, the court must determine (1) whether a plaintiff has plausibly alleged a violation of a constitutional right, and if so (2) whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 244 (2009); *Anderson v. Creighton*, 483 U.S. 635, 637-41 (1987). "A constitutional right is clearly established for the purposes of section 1983 only if the law is clear enough such that 'a reasonable official would understand that what he is doing violates that right.'" *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir. 2010). "Unless existing precedent squarely governs the conduct at issue, an official will be entitled to qualified immunity." *Cope v. Cogdill*, 3 F.4th 198, 204 (5th Cir. 2021) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (*per curiam*)) (internal quotation marks omitted).

Yan has not met this demanding standard. First, Yan fails to plausibly allege that Grimaldi violated Yan's constitutional rights simply by participating in the court operations that led to Yan's unsuccessful indigency determination. Grimaldi's actions in coordinating the Rule 145 hearings did not impinge on Yan's due process right or his right to equal protection of the law. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 221, 226-27 (5th Cir. 2012).

Second, Yan does not identify any existing precedent which would show that his rights under these particular circumstances were so clearly established that all officials in Grimaldi's position would know immediately that adhering to Rule 145 violated Yan's constitutional rights. *Cope,* 3 F.4th at 205 (citing *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020)). There appears to be no cases similar to Yan's purported injury. As such, Grimaldi is entitled to qualified immunity from Yan's constitutional claims. *Iqbal*, 566 U.S. at 678; *Cope,* 3 F.4th at 205; Fed. R. Civ. P. 12(b)(6).

### E.  Plaintiffs fail to state a claim upon which relief can be granted.

Yan's claims also should be dismissed because the Complaint fails to state a claim against Grimaldi upon which relief can be granted. Fed. R. Civ. P. 21(b)(6).

To avoid a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. "[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). *See also Twombly*, 550 U.S. at 555. The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

Yan claims that his interest in having his Affidavit of Indigency accepted pursuant to Rule 145 is a property right that is protected by due process. ECF No. 9, ¶¶ 3, 6, 7, 9. The Due Process Clause of the Fourteenth Amendment encompasses both substantive and procedural due process. *See Kovac v. Wray*, 363 F. Supp. 3d 721, 749, 756 (N.D. Tex. 2019).

Yan refers to Grimaldi's actions as constituting a pre-deprivation of Yan's right to *procedural* due process.[2] ECF No. 9, ¶¶ 3, 6, 11, 44. *See Bowlby*, 681 F.3d at 221 (elements of whether due process was sufficient); *see also Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). However, Yan does not adequately allege how he was deprived of his constitutional right to due process through the Rule 145 affidavit of indigency procedure. He only suggests that Grimaldi, as the Court Coordinator, improperly participated in a concerted effort to deprive Yan of his indigency determination. ECF No. 9, at ¶¶ 44, 68, 73-75, 80, 81(3), 85, 87, 174, 204(3), 206, 210, 213, 216, 218, 223, 242. However, nothing in Rule 145 prohibits Grimaldi from conducting her official duties to coordinate her court's activities. Tex. R. Civ. P. 145(f) (hearing requirements under rule). Therefore, Yan has not plausibly alleged that his due process right was denied, and Yan's claims against Grimaldi should be dismissed for failing to state a claim upon which relief can be granted. *Iqbal*, 566 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

To the extent that Yan invokes the equal protection clause of the Fourteenth Amendment, he fails to allege how he was discriminated against based on his race compared to someone else who was similarly situated. ECF No. 9, ¶¶ 11, 81, 208, 225(15). *See Bowlby*, 681 F.3d at 226-27. Yan alleges that Court Reporter Kirk Moss was treated differently than Yan, but, unlike Yan, Moss was invoking Rule 145 to challenge Yan's indigent status, which is permissible. Tex. R. Civ. P. 145(e)(1). Yan alleges no facts to establish that he and Moss were similarly situated. *See Bowlby*, 681 F.3d at 226-27. Yan makes no causal connection between his claims against Grimaldi and his equal protection claim, and Yan's claim based on the equal protection clause should be dismissed

---

[2] The Complaint also appears to allege a *substantive* due process claim. ECF No. 9, ¶ 160. *See Iqbal*, 566 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

for failure to state a claim upon which relief can be granted. *Bowlby*, 681 F.3rd at 227; *Iqbal*, 566 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

### F. *Pro se* plaintiffs are not entitled to attorney's fees.

Yan cannot recover attorneys' fees for contingent events, and the Court should dismiss this claim. ECF No. 9, at ¶ 244. *See Kay v. Ehrler*, 499 U.S. 432, 438 (1991); Fed. R. Civ. P. 12(b)(6).

### IV. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Lisa Grimaldi prays this Court to grant this motion and dismiss Plaintiffs' claims against him so that Plaintiffs take nothing by this suit,

Respectfully submitted,

*/s/ Katherine E. Owen*
**KATHERINE E. OWENS**
State Bar No. 24081683
**CRAIG M. PRICE**
State Bar No. 16284170
Assistant Criminal District Attorneys
PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
keowens@tarrantcountytx.go
cmprice@tarrantcountytx.gov

**ATTORNEYS FOR DEFENDANT LISA GRIMALDI**

## CERTIFICATE OF SERVICE

   I certify that a true and correct copy of the above and foregoing document was electronically served upon the following parties in accordance with the provisions of Rule 5, Fed. R. Civ. P., on February 24, 2025.

                 */s/ Katherine E. Owen*
                 Katherine E. Owens