IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SAMUEL RANDLES, *et al.*, § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> JIMMY BLACKLOCK, *et al.*, § <br> Defendant. § | Case No. 4:25-cv-01422-O-BP |

**BRIEF FOR CHIEF JUSTICE BLACKLOCK'S MOTION TO DISMISS**

TO THE HONORABLE REED O'CONNOR:

NOW COMES Defendant Jimmy Blacklock, Chief Justice of the Supreme Court of Texas ("Chief Justice Blacklock"), and files this Motion to Dismiss.

## I.
## INTRODUCTION

The magistrate judge has already recommended dismissal of this lawsuit in its entirety. (Doc. 40). This litigation is a fusion of multiple discreet lawsuits that have been combined to collaterally attack adverse state court orders in disparate family law cases across the State of Texas. (Doc. 9). Plaintiffs Samuel Randles, Kaitlan Ross, Patrick Tuter, and Conghua Yan ("Plaintiffs") filed this lawsuit against Chief Justice Blacklock, who is sued in *both individual and official capacites*. (Doc. 9, ¶ 20). Chief Justice "Blacklock is the Chief Justice of the Supreme Court of Texas." (Doc. 9, ¶ 20). Plaintiffs' claims are based solely on their communications to the Texas Office of Court Administration ("OCA") and dissatisfaction with the rules and procedures promulgated by the OCA (Doc. 9, ¶¶ 125-29, 137-140, 155, and 197), which is under the direction of Chief Justice Blacklock. *See* TEX. GOV'T CODE § 74.004. Despite no interaction with him, Plaintiffs claim that Chief Justice Blacklock violated their rights under the U.S. Constitution. (Doc 9, ¶¶ 159-223). Plaintiffs seek equitable relief from Chief Justice Blacklock. (Doc 9, ¶ 229).

Plaintiffs' suit against Chief Justice Blacklock must be dismissed because:

1. Plaintiffs lack standing to bring claims against Chief Justice Blacklock;

2. Plaintiffs' claims are Barred by Eleventh Amendment Immunity;

3. Plaintiffs' claims are Barred by Legislative Immunity;

4. Plaintiffs' claims are barred by the *Younger* abstention doctrine; and

5. Plaintiffs fail to state a claim upon which relief may be granted.

## II.
## STANDARD OF REVIEW

A complaint must be dismissed if the court lacks subject matter jurisdiction over the Plaintiffs' claim, FED. R. CIV. P. 12(b)(1), or if the Plaintiffs fails to state a claim upon which relief may be granted, FED. R. CIV. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as under rule 12(b)(6). *See Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). To avoid dismissal, a Plaintiffs must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the Plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

# III.
# ARGUMENT AND AUTHORITIES

**A.     Plaintiffs lack Standing to Bring This Lawsuit**

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Standing requires Plaintiffs to demonstrate they have suffered an "injury in fact," that is "fairly traceable" to the defendant's conduct, and that will "likely … be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

### 1. No Injury Traceable to the Conduct of Chief Justice Blacklock

As an initial matter, Plaintiffs do not present any "injury in fact" that is "fairly traceable" to alleged conduct of Chief Justice Blacklock. (Doc. 9). Indeed, they have not been "injured" in any way by the judicial decisions of any judge in this case, although they do not like those decisions. But here, no action of Chief Justice Blacklock has been suggested to have caused any injury to any Plaintiff.

### 2. No Redressability

Further, redressability of alleged injuries is not available against Chief Justice Blacklock. Plaintiff Yan is already aware that he lacks standing because of a lack of redress: "If Yan disagrees with a ruling over his ongoing disputes with his former wife, he can appeal any such ruling in state court. However, he does not have a remedy in federal court directly against a state judge for damages or injunctive relief." *Yan v. Texas*, No. 4:24-CV-579-O-BP, 2025 WL 726582, at *6 (N.D. Tex. Jan. 16, 2025), *report and recommendation adopted*, No. 4:24-CV-579-O-BP, 2025 WL 725267 (N.D. Tex. Mar. 6, 2025). Equitable relief is not available because no injunction or declaration would cure any alleged injury. Injunctive relief is inappropriate "because federal courts have no authority to direct state courts or their judicial officers in the performance of their

duties." *See LaBranche v. Becnel*, 559 F Fed. Appx. 290, 291 (5th Cir.2014). The Supreme Court reaffirmed, "If a state court errs in its rulings, too, the traditional remedy has been some form of appeal, including to this Court, not the entry of an *ex ante* injunction…an injunction against a state court" or its 'machinery' 'would be a violation of the whole scheme of our Government.' " *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021), citing *Ex parte Young*, 209 U.S. 123, 159–160, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Finally, Plaintiffs' claims all arise under 42 U.S.C. § 1983, as discussed *infra*, injunctive relief is unavailable by statute. Accordingly, Plaintiffs lack standing to bring claims against Chief Justice Blacklock.

**B.      Plaintiffs' Claims are barred by the Eleventh Amendment**

The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or its officials, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121 (1984). The magistrate judge recognized this and recommended dismissal on this basis. (Doc. 40, pp. 11-12).

**1.      Entitlement to Sovereign Immunity**

Chief Justice Blacklock is entitled to sovereign immunity because the Chief Justice of the Supreme Court of Texas is an official position created by the Texas Constitution. *See* TEX. CONST., ART. 5, § 2. As such, Chief Justice Blacklock is a state official entitled to Texas' sovereign immunity under the Eleventh Amendment.

**2.      Plaintiffs' Claims under 42 U.S.C. § 1983 are Barred By Sovereign Immunity**

Plaintiffs' federal constitutional claims are barred by the Eleventh Amendment. *See, e.g., Fox v. Mississippi*, 551 Fed. Appx. 772, 774–75 (5th Cir.2014) (per curiam) (holding, inter alia, that Eleventh Amendment barred claims under §§ 1983 and 1985 against state, district that was agency of state, and individuals sued in their official capacities). "Congress did not abrogate the

states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981, 1983, and 1985." *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F.Supp. 1022, 1030 (S.D.Tex.1996). Plaintiffs' retrospective equitable relief is similarly barred by sovereign immunity. *See Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 288 (5th Cir.2015).

### 3. No Applicable Exception to Sovereign Immunity

No exception to Texas' sovereign immunity is presented, because Plaintiffs have not alleged that Chief Justice Blacklock is involved in any ongoing constitutional violation of their rights. *See Anderson v. Valdez*, 913 F.3d 472, 479 (5th Cir. 2019). Half of the Plaintiffs had no interaction with Chief Justice Blacklock, and there are no specific allegations regarding any particular ongoing actions Plaintiffs suggest violate their rights. (Doc. 9). There is no "ongoing violation", and ongoing LITIGATION does not meet the legal standard. Any concern about the future is purely speculative, and prospective injunctive relief is not available to address a past injury or speculative future harm. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). Indeed, it is only Chief Justice Blacklock' past actions entering orders in the state court of which Plaintiffs complain. (Doc. 9). This is inadequate to present an exception to immunity under the Eleventh Amendment because "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

### C.   Legislative Immunity

Plaintiffs complain that chief Justice Blacklock, "did not implement statewide corrective directives or verification protocols" that Plaintiffs thought should be implemented. (Doc. 9, ¶ 137). Plaintiffs admit that "neither the Texas Rules of Judicial Administration nor any administrative directive issued by Defendant Blacklock requires written assignment orders to be

filed and docketed before a visiting judge exercises authority, notwithstanding the statutory notice-and-objection scheme in § 74.053." (Doc. 9, ¶ 140). Nevertheless, Plaintiffs suggest that Chief Justice Blacklock "has statutory authority", but apparently chose not to, issue such directives. (Doc. 9, ¶ 140).

Rule promulgation by the Supreme Court is a legislative act, and Plaintiff's claims against the Chief Justice Blacklock are barred by absolute legislative immunity. *See Supreme Court of Va. v. Consumers Union of the United States*, 446 U.S. 719, 734,(1980) (applying legislative immunity doctrine to state supreme court and its chief justice for their action in promulgating code of professional responsibility). "A defendant's actions are legislative and protected by legislative immunity if they reflect 'a discretionary, policymaking decision of general application, rather than an individualized decision based upon particular facts." *Weingarten Realty Invs. v. Silvia*, 376 F. App'x 408, 410 (5th Cir. 2010), citing *In re Perry,* 60 S.W.3d 857, 860 (Tex.2001); *see also Med Care Emergency Med. Servs., Inc. v. City of Pharr, Texas*, 762 F. Supp. 3d 587, 594 (S.D. Tex. 2025). Legislative immunity applies to injunctive and declaratory relief, not merely damages. *See Hays Cty. v. Hays Cty. Water Planning P'ship*, 69 S.W.3d 253, 259 (Tex. App.—Austin 2002) ("A private civil action, whether for an injunction or damages, creates a distraction and forces [legislators] to divert their time, energy, and attention from their legislative tasks to defend the litigation.") (citing *Supreme Court of Va.*, 446 U.S. at 733; *Eastland v. U.S. Servicemen's Fund,* 421 U.S. 491, 503 (1975)).

Plaintiffs' claims against Chief Justice Blacklock do not involve any particularized treatment of them as individuals, but only his alleged failure to promulgate Rules and policies in a manner of which they approve. Plaintiffs admit that this involves "statewide" directives or protocols (Doc. 9, ¶ 137), and as such, the claims are barred by legislative immunity.

To the extent that Plaintiffs might suggest that Chief Justice Blacklock made specific decisions in their cases with which they disagree, any claims arising from such allegations would be barred by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). The magistrate judge recognized this and recommended dismissal on this basis. (Doc. 40, pp. 12-15).

D.  **The *Younger* Abstention Doctrine**

Additionally, Plaintiffs' claims are barred by the *Younger* doctrine, which requires that a federal court abstain from enjoining a pending state court proceeding. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The Fifth Circuit has held that *Younger* requires federal courts to abstain where: (1) the dispute involves an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir. 1996). *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016).

The magistrate judge recognized this and recommended dismissal on this basis. (Doc. 40, pp. 9-10). Plaintiffs admit that their state court proceedings are ongoing. (Doc. 9, ¶¶ 16-19, describing their state court actions as "pending"). If any of the state court judgments might be appealable, "the *Younger* doctrine requires that federal courts abstain when a state proceeding is pending and the state appellate procedure has not been exhausted." *DeSpain v. Johnston*, 731 F.2d 1171, 1177–78 (5th Cir. 1984). For the second prong, it is unquestioned that Plaintiff's allegations against the members of the judiciary, involving allegedly unlawful acts committed by them, implicate important state interests as a matter of law. *See, e.g., Burgess v. Cox*, No. 4:14-CV-466-ALM-CAN, 2015 WL 5578310, at *7 (E.D. Tex. July 30, 2015), *report and recommendation adopted*, No. 4:14-CV-466, 2015 WL 5579866 (E.D. Tex. Sept. 21, 2015) ("Plaintiff's allegations

implicate important state interests, such as unlawful acts allegedly committed by its law enforcement officers, city officials, and judges"). Similarly, it is unquestioned that "family and child custody are important state interests as a matter of law." *Moore v. Sims*, 442 U.S. 415, 434 (1979) (recognizing that family and child custody matters satisfy the second prong of the *Younger* doctrine). Indeed, "[f]amily relations are a traditional area of state concern." *Id*. at 435; s*ee also Estate of Merkel v. Pollard*, 354 Fed. Appx. 88, 94 (5th Cir. 2009). Finally, as a matter of law, "Texas law is apparently as accommodating as the federal forum .... [A]bstention is appropriate unless state law *clearly bars the interposition of the constitutional claims*." *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) (emphasis added). This case meets each element of the *Younger* analysis, and as a result, unless Plaintiffs can demonstrate specific facts to fall within an exception, this Court is required to abstain from entertaining the lawsuit. Because Plaintiffs fail to do so, as a matter of law, Chief Justice Blacklock is entitled to dismissal of Plaintiffs' lawsuit in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1).

**E.      Plaintiffs Fails to State a Claim for Which Relief May Be Granted**

Plaintiffs have failed to state a claim against Chief Justice Blacklock. At most, Plaintiffs' allegations are purely conclusory and inadequate "to raise a right to relief above the speculative level" with respect to the State of Texas. *Twombly*, 550 U.S. at 570.

**1.    No Facts From Which the Court Could Infer Chief Justice Blacklock' Liability**

Plaintiffs allege no specific facts from which this Court could infer liability on the part of Chief Justice Blacklock under any legal theory. A judge presiding over court proceedings is not a Constitutional violation, but the inherent power and duties of courts. *See* GOV'T CODE § 21.001.

To the extent that Plaintiffs complain of Chief Justice Blacklock's policies depriving them of legal process, Plaintiffs admit that they were and are fully participating in the ongoing state

court proceedings. (Doc. 9). Dissatisfaction with state court rulings and failed efforts to change judges in order to obtain favorable rulings is not the basis for a federal court action.

Simply put, all of Plaintiffs' claims against Chief Justice Blacklock are purely conclusory assertions with no specific factual allegations to support them.

### 2. Plaintiffs' Equitable Relief is not Available

Plaintiffs "cannot obtain [any] requested [declaratory or injunctive] relief because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *LaBranche v. Becnel*, 559 Fed.Appx. at 291. Further, Plaintiffs bring their claims under 42 U.S.C. § 1983 (Doc. 9, pp. 49-68), that statute, in pertinent part, reads:

> except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, <u>injunctive relief shall not he granted unless a declaratory decree was violated or declaratory relief was unavailable</u>.

42 U.S.C. § 1983) (emphasis added). Plaintiffs have not demonstrated that a decree was violated or alleged facts to suggest that declaratory relief was unavailable. The magistrate judge recognized that Plaintiffs' claims should be dismissed on this basis. (Doc. 40, pp. 8 and 13). Accordingly, this Court cannot issue an injunction to resolve matters in state court.

### IV.
### CONCLUSION

This Court should dismiss Plaintiffs' claims against Chief Justice Blacklock. Jurisdictional barriers prohibit Plaintiffs' suit, Chief Justice Blacklock has sovereign immunity to Plaintiffs' claims, and Plaintiffs fail to state a claim on which relief may be granted.

WHEREFORE, Defendant Judge Jimmy Blacklock prays that Plaintiffs takes nothing by their suit.

Respectfully submitted,

KEN PAXTON

Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ *Scot M. Graydon*
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

*ATTORNEYS FOR DEFENDANT CHIEF JUSTICE JIMMY BLACKLOCK OF THE SUPREME COURT OF TEXAS*

## CERTIFICATE OF SERVICE

I certify that a copy of the above *Brief in Support of Chief Justice Blacklock's Motion to Dismiss* was served on the **5th day of March, 2026**, upon all parties who have entered an appearance, using the CM/ECF system and upon the following individual by Certified Mail, Return Receipt Requested and via regular mail:

Samuel Randles
5001 SH114E, Apt 1313,
Roanoke, TX 76262
randles.sam@gmail.com
*Via Certified Mail No*
*7020 1290 0000 7439 1906*

Patrick Wayne Tuter
430 Christi Ln.
Princeton, Texas 75407
patrick762soldier@hotmail.com
*Via Certified Mail No.*
*7020 1290 0000 7439 1920*

Kaitlan Ross
915 County Road 2719
Goldthwaite, Texas 76844
Kaitlan.ross33@gmail.com
*Via Certified Mail No*
*7020 1290 0000 7439 1913*

Conghua Yan
2140 E Southlake Blvd, Suite L-439,
Southlake, Texas 76092
arnold200@gmail.com
*Via Certified Mail No*
*7020 1290 0000 7439 1937*

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General